FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 12 PM 4: 56

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

**EUGENE LIGER, ET AL.**                    **CIVIL ACTION**

**VERSUS**                                   **NO. 05-1969**

**NEW ORLEANS HORNETS NBA LIMITED**          **SECTION "C" 5**
**PARTNERSHIP**

### DEFENDANT'S ANSWER AND DEFENSES TO
### PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT
### AND JURY TRIAL REQUEST AS AMENDED BY ITS
### FIRST AMENDED COLLECTIVE ACTION COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Defendant, New Orleans

Hornets NBA Limited Partnership, and submits the following Answer and Defenses to Plaintiffs'

Original Collective Action Complaint and Jury Trial Request as Amended by its First Amended

Collective Action Complaint.

### 1.

Defendant admits that this Court has jurisdiction of matters brought under 29 U.S.C. §

201 *et seq.,* but specifically denies liability to Plaintiffs and denies that this action may proceed

as a collective action under 29 U.S.C. § 216.

____ Fee_____
____ Process_____
__X__ Dktd_____
____ CtRmDep_____
____ Doc. No _____

Dockets.Justia.com

## 2A.

Defendant admits that Plaintiff, Eugene Liger, worked as an inside sales representative for Defendant, but denies the remaining allegations in Paragraph 2A of Plaintiffs' First Amended Collective Action Complaint for lack of sufficient information to justify a belief therein.

## 2B.

Defendant admits that Plaintiff, Anthony "Tony" Martin, worked in New Orleans, Louisiana, as an inside sales representative for Defendant, but denies the remaining allegations in Paragraph 2B of Plaintiffs' First Amended Collective Action Complaint for lack of sufficient information to justify a belief therein.

## 2C.

Defendant admits that Plaintiff, Adam Nash, worked as an inside sales representative and as a sales account executive for Defendant, but denies the remaining allegations in Paragraph 2C of Plaintiffs' First Amended Collective Action Complaint for lack of sufficient information to justify a belief therein.

## 2D.

Defendant admits that Plaintiff, Jessica Berry, worked as a group sales account executive for Defendant, but denies the remaining allegations in Paragraph 2D of Plaintiffs' First Amended Collective Action Complaint for lack of sufficient information to justify a belief therein.

## 2E.

Defendant admits that Plaintiff, Chris Carter, worked as a regional account executive for Defendant, but denies the remaining allegations in Paragraph 2E of Plaintiffs' First Amended Collective Action Complaint for lack of sufficient information to justify a belief therein.

**2F.**

Defendant admits that Plaintiff, Marcy Planer-Murray, worked as a regional sales executive for Defendant, but denies the remaining allegations in Paragraph 2F of Plaintiffs' First Amended Collective Action Complaint for lack of sufficient information to justify a belief therein.

**2G.**

Defendant admits that Plaintiff, Samuel Tobias Steinmetz, worked as a sales account executive for Defendant, but denies the remaining allegations in Paragraph 2G of Plaintiffs' First Amended Collective Action Complaint for lack of sufficient information to justify a belief therein.

**2H.**

Defendant admits that Plaintiff, Leslie Sumler, worked as a fan relations representative for Defendant, but denies the remaining allegations in Paragraph 2H of Plaintiffs' First Amended Collective Action Complaint for lack of sufficient information to justify a belief therein.

**2I.**

Defendant admits that Plaintiff, Chris Stant, worked as a sales account executive for Defendant, but denies the remaining allegations in Paragraph 2I of Plaintiffs' First Amended Collective Action Complaint for lack of sufficient information to justify a belief therein.

**3A.**

Defendant admits the allegations in Paragraph 3A of Plaintiffs' First Amended Collective Action Complaint, but denies liability to Plaintiffs and denies that this action can proceed on a collective basis.

**4.**

Defendant denies the allegations in Paragraph 4 of Plaintiffs' First Amended Collective Action Complaint.

**5.**

Defendant denies the allegations in paragraph 5 of Plaintiffs' First Amended Collective Action Complaint.

**6.**

Defendant denies the allegations in Paragraph 6 of Plaintiffs' First Amended Collective Action Complaint.

**7.**

Defendant denies the allegations in Paragraph 7 of Plaintiffs' First Amended Collective Action Complaint.

**8.**

Defendant denies the allegations in Paragraph 8 of Plaintiffs' First Amended Collective Action Complaint.

**9.**

The allegations in Paragraph 9 of Plaintiffs' First Amended Collective Action Complaint constitute a legal conclusion which requires no response, but are denied out of an abundance of caution.

**10.**

Defendant denies the allegations in Paragraph 10 of Plaintiffs' First Amended Collective Action Complaint.

**11.**

Defendant denies the allegations in Paragraph 11 of Plaintiffs' First Amended Collective Action Complaint.

**12.**

Defendant denies the allegations in Paragraph 12 of Plaintiffs' First Amended Collective Action Complaint.

**13.**

Defendant denies the allegations in Paragraph 13 of Plaintiffs' First Amended Collective Action Complaint.

**14.**

The allegations in Paragraph 14 of Plaintiffs' First Amended Collective Action Complaint constitute a legal conclusion which requires no response, but are denied out of an abundance of caution.

**15.**

Defendant denies the allegations in Paragraph 15 of Plaintiffs' First Amended Collective Action Complaint.

**16.**

Defendant denies the allegations in Paragraph 16 of Plaintiffs' First Amended Collective Action Complaint.

**17.**

Defendant denies the allegations in Paragraph 17 of Plaintiffs' First Amended Collective Action Complaint.

**18.**

Defendant denies the allegations in Paragraph 18 of Plaintiffs' First Amended Collective Action Complaint.

**19.**

Defendant denies the allegations in Paragraph 19 of Plaintiffs' First Amended Collective Action Complaint.

**20.**

Defendant denies the allegations in Paragraph 20 of Plaintiffs' First Amended Collective Action Complaint.

**21.**

Defendant denies the allegations in Paragraph 21 of Plaintiffs' First Amended Collective Action Complaint.

**22.**

Defendant admits that certain employees attended a seminar that included the topic of wage and hour law in late 2004, but denies the remaining allegations in Paragraph 22 of Plaintiffs' First Amended Collective Action Complaint.

**23.**

Defendant denies the allegations in Paragraph 23 of Plaintiffs' First Amended Collective Action Complaint.

**24.**

Defendant denies the allegations in Paragraph 24 of Plaintiffs' First Amended Collective Action Complaint.

**25.**

Defendant denies the allegations in Paragraph 25 of Plaintiffs' First Amended Collective Action Complaint for lack of sufficient information to justify a belief therein.

**26.**

Defendant denies the allegations in Paragraph 26 of Plaintiffs' First Amended Collective Action Complaint.

**27.**

Defendant denies the allegations in Paragraph 27 of Plaintiffs' First Amended Collective Action Complaint.

**28.**

Defendant denies the allegations in Paragraph 28 of Plaintiffs' First Amended Collective Action Complaint.

**29.**

Defendant denies the allegations in Paragraph 29 of Plaintiffs' First Amended Collective Action Complaint.

**30.**

Defendant denies the allegations in Paragraph 30 of Plaintiffs' First Amended Collective Action Complaint.

**31.**

Defendant denies the allegations in Paragraph 31 of Plaintiffs' First Amended Collective Action Complaint.

**32.**

Defendant denies the allegations in Paragraph 32 of Plaintiffs' First Amended Collective Action Complaint.

**33.**

Defendant denies the allegations in Paragraph 33 of Plaintiffs' First Amended Collective Action Complaint.

**34.**

Defendant denies the allegations in Paragraph 34 of Plaintiffs' First Amended Collective Action Complaint.

**35.**

Defendant denies the allegations in Paragraph 35 of Plaintiffs' First Amended Collective Action Complaint.

**36.**

Defendant denies the allegations in Paragraph 36 of Plaintiffs' First Amended Collective Action Complaint.

**37.**

Defendant denies the allegations in Paragraph 37 of Plaintiffs' First Amended Collective Action Complaint.

**38.**

Defendant denies the allegations in Paragraph 38 of Plaintiffs' First Amended Collective Action Complaint.

**39.**

Defendant denies the allegations in Paragraph 39 of Plaintiffs' First Amended Collective Action Complaint.

**40.**

Defendant denies the allegations in Paragraph 40 of Plaintiffs' First Amended Collective Action Complaint.

**41.**

Defendant denies the allegations in Paragraph 41 of Plaintiffs' First Amended Collective Action Complaint.

**42.**

Defendant denies the allegations in Paragraph 42 of Plaintiffs' First Amended Collective Action Complaint.

**43.**

Defendant denies the allegations in Paragraph 43 of Plaintiffs' First Amended Collective Action Complaint.

**44.**

Defendant denies the allegations in Paragraph 44 of Plaintiffs' First Amended Collective Action Complaint.

**45.**

Defendant denies the allegations in Paragraph 45 of Plaintiffs' First Amended Collective Action Complaint.

**46.**

Defendant denies the allegations in Paragraph 46 of Plaintiffs' First Amended Collective Action Complaint.

**47.**

Defendant denies that Plaintiffs and Similarly Situated Employees have sought such immediate relief and denies that they are entitled to the relief sought as referenced in Paragraph 47 of Plaintiffs' First Amended Collective Action Complaint.

**48.**

Defendant denies the allegations in Paragraph 48 of Plaintiffs' First Amended Collective Action Complaint.

**49.**

Defendant denies the allegations in Paragraph 49 of Plaintiffs' First Amended Collective Action Complaint.

**50.**

Defendant denies the allegations in Paragraph 50 of Plaintiffs' First Amended Collective Action Complaint.

**51.**

Defendant denies the allegations in Paragraph 51 of Plaintiffs' First Amended Collective Action Complaint.

**52.**

Defendant incorporates by reference all of its answers and defenses to Paragraphs 1-51 of Plaintiffs' First Amended Collective Action Complaint as if copied herein.

**53.**

Defendant admits that Plaintiffs claim to bring this action on behalf of themselves and other allegedly similarly situated persons, but denies liability, denies that this action may be maintained as a collective action under 29 U.S.C. § 216(b), and denies the remaining allegations in Paragraph 53 of Plaintiffs' First Amended Collective Action Complaint.

**54.**

Defendant denies the allegations in Paragraph 54 of Plaintiffs' First Amended Collective Action Complaint.

**55.**

Defendant denies the allegations in Paragraph 55 of Plaintiffs' First Amended Collective Action Complaint.

**56.**

Defendant denies the allegations in Paragraph 56 of Plaintiffs' First Amended Collective Action Complaint.

**57.**

Defendant denies the allegations in Paragraph 57 of Plaintiffs' First Amended Collective Action Complaint.

**58.**

Defendant denies the allegations in Paragraph 58 of Plaintiffs' First Amended Collective Action Complaint.

**59.**

Defendant denies the allegations in Paragraph 59 of Plaintiffs' First Amended Collective Action Complaint.

**60.**

Defendant is not called upon to admit or deny the allegations in Paragraph 60 of Plaintiffs' First Amended Collective Action Complaint, but avers that this action cannot be maintained as a collective action under 29 U.S.C. § 216.

**61.**

Defendant denies the allegations in Paragraph 61 of Plaintiffs' First Amended Collective Action Complaint.

**62.**

Defendant incorporates by reference all of its answers and defenses to Paragraphs 1-51 of Plaintiffs' First Amended Collective Action Complaint as if copied herein.

**63.**

Defendant admits that Plaintiff claims to bring this action on behalf of herself and other allegedly similarly situated persons, but denies liability, denies that this action may be maintained as a collective action under 29 U.S.C. § 216(b), and denies the remaining allegations in Paragraph 63 of Plaintiffs' First Amended Collective Action Complaint.

**64.**

Defendant denies the allegations in Paragraph 64 of Plaintiffs' First Amended Collective Action Complaint.

**65.**

Defendant denies the allegations in Paragraph 65 of Plaintiffs' First Amended Collective Action Complaint.

**66.**

Defendant denies the allegations in Paragraph 66 of Plaintiffs' First Amended Collective Action Complaint.

**67.**

Defendant is not called upon to admit or deny the allegations in Paragraph 67 of Plaintiffs' First Amended Collective Action Complaint, but avers that this action cannot be maintained as a collective action under 29 U.S.C. § 216.

**68.**

Defendant denies the allegations in Paragraph 68 of Plaintiffs' First Amended Collective Action Complaint.

**69.**

Defendant incorporates by reference all of its answers and defenses to Paragraphs 1-51 of Plaintiffs' First Amended Collective Action Complaint as if copied herein.

**70.**

Defendant admits that Plaintiffs claim to bring this action on behalf of themselves and other allegedly similarly situated persons, but denies liability, denies that this action may be maintained as a collective action under 29 U.S.C. § 216(b), and denies the remaining allegations in Paragraph 70 of Plaintiffs' First Amended Collective Action Complaint.

**71.**

Defendant denies the allegations in Paragraph 71 of Plaintiffs' First Amended Collective Action Complaint.

**72.**

Defendant denies the allegations in Paragraph 72 of Plaintiffs' First Amended Collective Action Complaint.

**73.**

Defendant denies the allegations in Paragraph 73 of Plaintiffs' First Amended Collective Action Complaint.

**74.**

Defendant denies the allegations in Paragraph 74 of Plaintiffs' First Amended Collective Action Complaint.

**75.**

Defendant denies the allegations in Paragraph 75 of Plaintiffs' First Amended Collective Action Complaint.

**76.**

Defendant is not called on to admit or deny the allegations in Paragraph 76 of Plaintiffs' First Amended Collective Action Complaint, but specifically denies liability, denies that this action can be maintained as a collective action under 29 U.S.C. § 216, and denies that Plaintiffs or putative class members are entitled to any damages or relief.

**77.**

Defendant incorporates by reference all of its answers and defenses to Paragraphs 1-51 of Plaintiffs' First Amended Collective Action Complaint as if copied herein.

**78.**

Defendant admits that Plaintiffs claim to bring this action on behalf of themselves and other allegedly similarly situated persons, but denies liability, denies that this action may be maintained as a collective action under 29 U.S.C. § 216(b), and denies the remaining allegations in Paragraph 78 of Plaintiffs' First Amended Collective Action Complaint.

**79.**

Defendant denies the allegations in Paragraph 79 of Plaintiffs' First Amended Collective Action Complaint.

**80.**

Defendant denies the allegations in Paragraph 80 of Plaintiffs' First Amended Collective Action Complaint.

**81.**

Defendant denies the allegations in Paragraph 81 of Plaintiffs' First Amended Collective Action Complaint.

**82.**

Defendant denies the allegations in Paragraph 82 of Plaintiffs' First Amended Collective Action Complaint.

**83.**

Defendant denies the allegations in Paragraph 83 of Plaintiffs' First Amended Collective Action Complaint.

**84.**

Defendant denies the allegations in Paragraph 84 of Plaintiffs' First Amended Collective Action Complaint.

**85.**

Defendant incorporates by reference all of its answers and defenses to Paragraphs 1-51 of Plaintiffs' First Amended Collective Action Complaint as if copied herein.

**86.**

Defendant admits that Plaintiff claims to bring this action on behalf of herself and other allegedly similarly situated persons, but denies liability, denies that this action may be maintained as a collective action under 29 U.S.C. § 216(b), and denies the remaining allegations in Paragraph 86 of Plaintiffs' First Amended Collective Action Complaint.

**87.**

Defendant denies the allegations in Paragraph 87 of Plaintiffs' First Amended Collective Action Complaint.

**88.**

Defendant denies the allegations in Paragraph 88 of Plaintiffs' First Amended Collective Action Complaint.

**89.**

Defendant denies the allegations in Paragraph 89 of Plaintiffs' First Amended Collective Action Complaint.

**90.**

Defendant denies the allegations in Paragraph 90 of Plaintiffs' First Amended Collective Action Complaint.

**91.**

Defendant denies the allegations in Paragraph 91 of Plaintiffs' First Amended Collective Action Complaint.

**92.**

Defendant denies the allegations in Paragraph 92 of Plaintiffs' First Amended Collective Action Complaint.

**93.**

Defendant incorporates by reference all of its answers and defenses to Paragraphs 1-51 of Plaintiffs' First Amended Collective Action Complaint as if copied herein.

**94.**

Defendant admits that Plaintiffs claim to bring this action on behalf of themselves and other allegedly similarly situated persons, but denies liability, denies that this action may be maintained as a collective action under 29 U.S.C. § 216(b), and denies the remaining allegations in Paragraph 94 of Plaintiffs' First Amended Collective Action Complaint.

**95.**

Defendant denies the allegations in Paragraph 95 of Plaintiffs' First Amended Collective Action Complaint.

**96.**

Defendant denies the allegations in Paragraph 96 of Plaintiffs' First Amended Collective Action Complaint.

**97.**

Defendant denies the allegations in Paragraph 97 of Plaintiffs' First Amended Collective Action Complaint.

**98.**

Defendant denies the allegations in Paragraph 98 of Plaintiffs' First Amended Collective Action Complaint.

**99.**

Defendant denies the allegations in Paragraph 99 of Plaintiffs' First Amended Collective Action Complaint.

**100.**

Defendant denies the allegations in Paragraph 100 of Plaintiffs' First Amended Collective Action Complaint.

**101.**

Defendant denies the allegations in Paragraph 101 of Plaintiffs' First Amended Collective Action Complaint.

**102.**

Defendant denies all alleged liability to and damages and other relief sought by Plaintiffs in their prayer for relief.

## DEFENSES

### FIRST DEFENSE

Plaintiffs and all others claimed to be members of the purported class fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs and all others claimed to be members of the purported class are exempt from the FLSA's overtime provisions.

### THIRD DEFENSE

Plaintiffs and all others claimed to be members of the purported class lack standing to assert claims under the FLSA.

### FOURTH DEFENSE

This action may not be certified or maintained as a collective action because the requirements of 29 U.S.C. § 216 have not been and cannot be fulfilled.

### FIFTH DEFENSE

The claims of Plaintiffs and all others claimed to be members of the purported class are time-barred, in whole or in part, under the applicable statutes of limitation.

### SIXTH DEFENSE

Plaintiffs and all others claimed to be members of the purported class may be barred, in whole or in part, from recovery because they have made statements or taken actions that estop them from asserting their claims or that constitute waiver of their claims.

## SEVENTH DEFENSE

The claims of Plaintiffs and all others claimed to be members of the purported class may be barred by prior arbitration, settlement, payment, fraud, release, discharge of obligations, preemption, and/or the doctrines of collateral estoppel, *res judicata* and/or accord and satisfaction.

## EIGHTH DEFENSE

Defendant is not a covered employer or enterprise under the FLSA.

## NINTH DEFENSE

Defendant is exempt from the requirements of the FLSA under the retail sales exemption, amusement and recreational exemption, and/or otherwise under 29 U.S.C. § 213.

## TENTH DEFENSE

Plaintiffs and all others claimed to be members of the purported class fail to state facts sufficient to constitute a claim for recovery of attorney fees.

## ELEVENTH DEFENSE

Defendant denies liability, but alternatively asserts that it acted in good faith at all times and, thus, cannot be liable for liquidated damages. In the further alternative, Defendant denies it has committed any willful violations of the FLSA.

## TWELFTH DEFENSE

Defendant denies liability, but alternatively asserts that it is entitled to offset gratuitous and other pay provided to employees for non-compensable activities. In the further alternative, any work in excess of a 40-hour work week claimed by Plaintiffs or putative class members qualifies as *de minimis* and is non-compensable.

## THIRTEENTH DEFENSE

Defendant reserves the right to amend this Answer and Defenses to assert any additional affirmative defenses, including in particular those affirmative defenses set forth in Fed. R. Civ. P. 8(c), when and if, in the course of their investigation, discovery, or preparation for trial, it becomes appropriate to assert such affirmative defenses.

WHEREFORE, Defendant prays that after all due proceedings, this Court deny the Plaintiffs' claims for damages and other relief, and dismiss this lawsuit in a judgment in Defendant's favor, with prejudice and at Plaintiffs' sole expense, and awarding to Defendant all costs, attorney fees, and other relief to which it may be entitled.

Respectfully submitted,

SIDNEY F. LEWIS, V (Bar No. 17026)
JENNIFER L. ANDERSON, T.A. (Bar No. 23620)
JANE H. HEIDINGSFELDER (Bar No. 28604)
*Jones, Walker, Waechter, Poitevent,*
  *Carrère & Denègre, L.L.P.*
201 St. Charles Avenue, 50th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8000
Telefax: (504) 582-8015
e-mail: slewis@joneswalker.com
e-mail: janderson@joneswalker.com
e-mail: jheidingsfelder@joneswalker.com

*COUNSEL FOR DEFENDANT,*
   *NEW ORLEANS HORNETS NBA L.P.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** a copy of the above and foregoing *Answer and Defenses to Plaintiffs' Original Collective Action Complaint as Amended by its First Amended Collective Action Complaint* has been served on all counsel of record below by facsimile, and by placing same in the United States mail, postage prepaid and properly addressed, this 12th day of July, 2005.

Stewart E. Niles, Jr., Esq.<br>
Niles, Salas, Bourque & Fontana L.C.<br>
909 Poydras Street - Suite 3500<br>
New Orleans, Louisiana  70112<br>
Telefax:  (504) 310-8590

*Jennifer L. Anderson*