FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 21 PM 3:43

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EUGENE LIGER, ET AL.** | CIVIL ACTION NO. 05-1969 |
| **VERSUS** | SECTION "C" |
| **NEW ORLEANS HORNETS NBA LIMITED PARTNERSHIP** | MAGISTRATE 05 |

**DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFFS' SECOND AMENDED COLLECTIVE ACTION COMPLAINT AND JURY TRIAL REQUEST**

**NOW INTO COURT,** through undersigned counsel, comes Defendant, New Orleans Hornets NBA Limited Partnership, and submits the following Answer and Defenses to Plaintiffs' Second Amended Collective Action Complaint and Jury Trial Request.

**1.**

**2.**

Defendant is not called on to admit or deny the allegations in Paragraph 2 of Plaintiffs' Second Amended Collective Action Complaint, but specifically denies liability to Plaintiffs and denies that this action may proceed as a collective action under 29 U.S.C. § 216.

{N1316452.1}   - 1 -

## II.

### 2J.

Defendant admits that Plaintiff, Ivan Hinson, worked in New Orleans, Louisiana, as a Sales Account Executive for Defendant, but denies the remaining allegations in Paragraph 2J of Plaintiffs' Second Amended Collective Action Complaint for lack of sufficient information to justify a belief therein.

### 2K.

Defendant admits that Plaintiff, Amy Nicole Smith, worked in New Orleans, Louisiana, as a Fan Relations employee for Defendant, but denies the remaining allegations in Paragraph 2K of Plaintiffs' Second Amended Collective Action Complaint for lack of sufficient information to justify a belief therein.

### 2L.

Defendant admits the allegation in Paragraph 2L of Plaintiffs' Second Amended Collective Action Complaint.

## III.

### 15.

Defendant denies the allegations in Paragraph 15 of Plaintiffs' Second Amended Collective Action Complaint and specifically denies that Plaintiffs are entitled to receive overtime compensation.

## IV.

### 30.

Defendant denies the allegations in Paragraph 30 of Plaintiffs' Second Amended Collective Action Complaint.

**<u>V.</u>**

**<u>51(a).</u>**

Defendant denies the allegations in Paragraph 51(a) of Plaintiffs' Second Amended Collective Action Complaint.

**<u>51(b).</u>**

Defendant denies the allegations in Paragraph 51(b) of Plaintiffs' Second Amended Collective Action Complaint.

**<u>51(c).</u>**

Defendant denies the allegations in Paragraph 51(c) of Plaintiffs' Second Amended Collective Action Complaint.

**<u>51(d).</u>**

Defendant denies the allegations in Paragraph 51(d) of Plaintiffs' Second Amended Collective Action Complaint.

**<u>51(e).</u>**

Defendant denies the allegations in Paragraph 51(e) of Plaintiffs' Second Amended Collective Action Complaint.

**<u>51(f).</u>**

Defendant denies the allegations in Paragraph 51(f) of Plaintiffs' Second Amended Collective Action Complaint.

**<u>51(g).</u>**

Defendant denies the allegations in Paragraph 51(g) of Plaintiffs' Second Amended Collective Action Complaint.

### 51(h).

Defendant denies the allegations in Paragraph 51(h) of Plaintiffs' Second Amended Collective Action Complaint.

### 51(i).

Defendant denies the allegations in Paragraph 51(i) of Plaintiffs' Second Amended Collective Action Complaint.

### 51(j).

Defendant denies the allegations in Paragraph 51(j) of Plaintiffs' Second Amended Collective Action Complaint.

### 51(k).

Defendant denies the allegations in Paragraph 51(k) of Plaintiffs' Second Amended Collective Action Complaint, except to admit that the Defendant's basketball team plays basketball.

### 51(l).

Defendant denies the allegations in Paragraph 51(l) of Plaintiffs' Second Amended Collective Action Complaint.

### VI.

### 52.

Defendant incorporates by reference all of its answers and defenses to Paragraphs 1-51(l) of Plaintiffs' First and Second Amended Collective Action Complaint as if copied herein.

### 53.

Defendant admits that Plaintiffs claim to bring this action on behalf of themselves and other opt-in Plaintiffs, and other allegedly similarly situated persons, but denies liability, denies

that this action may be maintained as a collective action under 29 U.S.C. § 216(b), and denies the remaining allegations in Paragraph 53 of Plaintiffs' Second Amended Collective Action Complaint.

## VII.

### 60.

Defendant is not called on to admit or deny the allegations in Paragraph 60 of Plaintiffs' Second Amended Collective Action Complaint, but out of an abundance of caution, Defendant denies that this action may proceed as a collective action.

## VIII.

### 62.

Defendant incorporates by reference all of its answers and defenses to Paragraphs 1-61 of Plaintiffs' First and Second Amended Collective Action Complaint as if copied herein.

### 63.

Defendant admits that Plaintiffs claim to bring this action on behalf of themselves and other allegedly similarly situated persons, but denies liability, denies that this action may be maintained as a collective action under 29 U.S.C. § 216(b), and denies the remaining allegations in Paragraph 63 of Plaintiffs' Second Amended Collective Action Complaint.

## IX.

### 67.

Defendant is not called on to admit or deny the allegations in Paragraph 67 of Plaintiffs' Second Amended Collective Action Complaint, but out of an abundance of caution, Defendant denies that this action may proceed as a collective action.

## X.

### 69.

Defendant incorporates by reference all of its answers and defenses to Paragraphs 1-68 of Plaintiffs' First and Second Amended Collective Action Complaint as if copied herein.

## XI.

### 77.

Defendant incorporates by reference all of its answers and defenses to Paragraphs 1-76 of Plaintiffs' First and Second Amended Collective Action Complaint as if copied herein.

## XII.

### 85.

Defendant incorporates by reference all of its answers and defenses to Paragraphs 1-84 of Plaintiffs' First and Second Amended Collective Action Complaint as if copied herein.

## XIII.

### 93.

Defendant incorporates by reference all of its answers and defenses to Paragraphs 1-92 of Plaintiffs' First and Second Amended Collective Action Complaint as if copied herein.

### 94.

Defendant admits that Plaintiffs claim to bring this action on behalf of themselves and other allegedly similarly situated persons, but denies liability, denies that this action may be maintained as a collective action under 29 U.S.C. § 216(b), and denies the remaining allegations in Paragraph 94 of Plaintiffs' Second Amended Collective Action Complaint.

**95.**

Defendant denies all alleged liability to and damages and other relief sought by Plaintiffs in their prayer for relief.

### DEFENSES

### FIRST DEFENSE

Plaintiffs and all others claimed to be members of the purported class fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs and all others claimed to be members of the purported class are exempt from the FLSA's overtime provisions.

### THIRD DEFENSE

Plaintiffs and all others claimed to be members of the purported class lack standing to assert claims under the FLSA.

### FOURTH DEFENSE

This action may not be certified or maintained as a collective action because the requirements of 29 U.S.C. § 216 have not been and cannot be fulfilled.

### FIFTH DEFENSE

The claims of Plaintiffs and all others claimed to be members of the purported class are time-barred, in whole or in part, under the applicable statutes of limitation.

## SIXTH DEFENSE

Plaintiffs and all others claimed to be members of the purported class may be barred, in whole or in part, from recovery because they have made statements or taken actions that estop them from asserting their claims or that constitute waiver of their claims.

## SEVENTH DEFENSE

The claims of Plaintiffs and all others claimed to be members of the purported class may be barred by prior arbitration, settlement, payment, fraud, release, discharge of obligations, preemption, and/or the doctrines of collateral estoppel, *res judicata* and/or accord and satisfaction.

## EIGHTH DEFENSE

Defendant is not a covered employer or enterprise under the FLSA.

## NINTH DEFENSE

Defendant is exempt from the requirements of the FLSA under the retail sales exemption, amusement and recreational exemption, and/or otherwise under 29 U.S.C. § 213.

## TENTH DEFENSE

Plaintiffs and all others claimed to be members of the purported class fail to state facts sufficient to constitute a claim for recovery of attorney fees.

## ELEVENTH DEFENSE

Defendant denies liability, but alternatively asserts that it acted in good faith at all times and, thus, cannot be liable for liquidated damages. In the further alternative, Defendant denies it has committed any willful violations of the FLSA.

**TWELFTH DEFENSE**

Defendant denies liability, but alternatively asserts that it is entitled to offset gratuitous and other pay provided to employees for non-compensable activities. In the further alternative, any work in excess of a 40-hour work week claimed by Plaintiffs or putative class members qualifies as *de minimis* and is non-compensable.

**THIRTEENTH DEFENSE**

Defendant reserves the right to amend this Answer and Defenses to assert any additional affirmative defenses, including in particular those affirmative defenses set forth in Fed. R. Civ. P. 8(c), when and if, in the course of their investigation, discovery, or preparation for trial, it becomes appropriate to assert such affirmative defenses.

WHEREFORE, Defendant prays that after all due proceedings, this Court deny the Plaintiffs' claims for damages and other relief, and dismiss this lawsuit in a judgment in Defendant's favor, with prejudice and at Plaintiffs' sole expense, and awarding to Defendant all costs, attorney fees, and other relief to which it may be entitled.

Respectfully submitted,

/s/ J. Heidingsfelder
SIDNEY F. LEWIS, V (Bar No. 17026)
JENNIFER L. ANDERSON, T.A. (Bar No. 23620)
JANE H. HEIDINGSFELDER (Bar No. 28604)
*Jones, Walker, Waechter, Poitevent,*
  *Carrère & Denègre, L.L.P.*
201 St. Charles Avenue, 50th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8000
Telefax: (504) 582-8015
e-mail: slewis@joneswalker.com
e-mail: janderson@joneswalker.com
e-mail: jheidingsfelder@joneswalker.com
*COUNSEL FOR DEFENDANT,*
  *NEW ORLEANS HORNETS NBA L.P.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** a copy of the above and foregoing *Answer and Defenses to Plaintiffs' Second Amended Collective Action Complaint and Jury Trial Request* has been served on all counsel of record below by facsimile, and by placing same in the United States mail, postage prepaid and properly addressed, this 21 day of July, 2005.

Stewart E. Niles, Jr., Esq.
Niles, Salas, Bourque & Fontana L.C.
909 Poydras Street - Suite 3500
New Orleans, Louisiana 70112
Telefax: (504) 310-8590


Alan F. Kansas, Esq.
Kansas & Kansas, L.L.C.
1743 Stumpf Blvd., Suite 200
Gretna, LA 70054-1330


*[signature]*

{N1316452.1}

- 10 -