litigation. This comment was repeated to me on several occasions.

_____
                                    CHRIS STANT

**SWORN TO AND SUBSCRIBED**

**BEFORE ME THIS** __25__ **DAY OF**

__July__, **2005.**

_____
NOTARY PUBLIC

LA BAR # 26226
DANIEL E. BURAS, JR

N0019888.WPD

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

EUGENE LIGER, ANTHONY "TONY"
MARTIN, ADAM NASH, JESSICA
BERRY, CHRIS CARTER, MARCY
PLANER MURRAY, SAMUEL TOBIAS
STEINMETZ, CHRIS STANT, and
LESLIE SUMLER

**Plaintiffs in a Collective Action**

VERSUS

NEW ORLEANS HORNETS NBA
LIMITED PARTNERSHIP

**Defendant**

CIVIL ACTION NO. 05-1969

SECTION C

MAGISTRATE 05

FILED:_____          _____
                                                    DEPUTY CLERK

## AFFIDAVIT OF PENNY MIDDLETON FOR
## ATTACHMENT TO EMERGENCY PROTECTIVE ORDER

STATE OF LOUISIANA

PARISH OF JEFFERSON

BEFORE ME, the undersigned notary, personally came and appeared:

### PENNY MIDDLETON

who after being duly sworn, did depose and state:

1.      I am a person of the full age of majority and reside in Metairie, Louisiana.

2.      I have personal knowledge of the facts and circumstances described herein.

3.      In December, 2003, I was hired by the New Orleans Hornets (hereinafter the "Hornets") to

        be the Director of Personnel/Payroll.

N0019872.WPD



4.   On or about April 29, 2005, I tendered my resignation as the Hornets' Director of Personnel/Payroll.

5.   My last day of employment with the Hornets was May 13, 2005.

6.   After I resigned from the Hornets, the acting Human Resources Director continued to use me as a resource for resolving and addressing personnel issues.

7.   Employees also continued to contact me regarding personnel issues.

8.   In June of 2005, I was advised by a current Hornets employee at the manager of fan relations, Marie Parenti, told her staff that this lawsuit was going very poorly for the plaintiffs and that fan relations employees were lucky that they had not joined the suit because it was about to be dismissed.

9.   This employee told me she wanted to join the suit, but that she feared for her job and was scared that she would be fired if her name was revealed.

PENNY MIDDLETON

**SWORN TO AND SUBSCRIBED BEFORE
ME, NOTARY, ON THIS 25** DAY OF
_July_ , **2005**

**DANIEL E. BURAS, JR.
LA BAR # 26226**

```
     *********************
***    TX REPORT    ***
     *********************


   TRANSMISSION OK

   TX/RX NO              1918
   RECIPIENT ADDRESS     7302##543#1659#5898306
   DESTINATION ID
   ST. TIME              07/22 16:45
   TIME USE              00'23
   PAGES SENT               1
   RESULT                OK
```



NILES / SALAS

# NILES, SALAS, BOURQUE & FONTANA, L.C.

ATTORNEYS AND COUNSELORS AT LAW

**DANIEL E. BURAS, JR.**
**(504) 310-8555**
DBURAS@NILESSALAS.COM

July 22, 2005

Jennifer Anderson, Esq. -*Via Fax 589-8414*
Jane Heidingsfelder, Esq. -*Via Fax-589-8306*
Jones, Walker, Waechter,
    Poitevent, Carrere & Denegre, L.L.P.
201 St. Charles Ave., 47th Floor
New Orleans, Louisiana 70170-5100

      Re:    New Orleans Hornets Litigation
             Our File No. 1659/543

Dear Counsel:

    My office recently learned that on or around May 29, 30, or 31, Mr. Paul Mott, president of the New Orleans Hornets, issued either a letter, memo, or email to many Hornets employees, including all sales employees, forbidding those employees from speaking with any employee who left the Hornets since March of 2005. Please produce a copy of this communication from Mr. Mott, as well as a list of recipients of this communication.

    Thank you very much for your cooperation in this matter.

                        Very truly yours,

                        Daniel E. Buras, Jr.



```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO                1917
RECIPIENT ADDRESS       7302#543#1659#5898414
DESTINATION ID
ST. TIME                07/22 16:44
TIME USE                00'23
PAGES SENT              1
RESULT                  OK
```



NILES / SALAS

# NILES, SALAS, BOURQUE & FONTANA, L.C.

### ATTORNEYS AND COUNSELORS AT LAW

**DANIEL E. BURAS, JR.**
**(504) 310-8555**
**DBURAS@NILESSALAS.COM**

July 22, 2005

Jennifer Anderson, Esq. -*Via Fax 589-8414*
Jane Heidingsfelder, Esq. -*Via Fax-589-8306*
Jones, Walker, Waechter,
    Poitevent, Carrere & Denegre, L.L.P.
201 St. Charles Ave., 47th Floor
New Orleans, Louisiana 70170-5100

      Re:    New Orleans Hornets Litigation
           Our File No. 1659/543

Dear Counsel:

     My office recently learned that on or around May 29, 30, or 31, Mr. Paul Mott, president of the New Orleans Hornets, issued either a letter, memo, or email to many Hornets employees, including all sales employees, forbidding those employees from speaking with any employee who left the Hornets since March of 2005. Please produce a copy of this communication from Mr. Mott, as well as a list of recipients of this communication.

     Thank you very much for your cooperation in this matter.

                         Very truly yours,

                         Daniel E. Buras, Jr.

# NILES, SALAS, BOURQUE & FONTANA, L.C.

ATTORNEYS AND COUNSELORS AT LAW

**DANIEL E. BURAS, JR.**
**(504) 310-8555**
**DBURAS@NILESSALAS.COM**

July 22, 2005

Jennifer Anderson, Esq. -*Via Fax 589-8414*
Jane Heidingsfelder, Esq. -*Via Fax-589-8306*
Jones, Walker, Waechter,
    Poitevent, Carrere & Denegre, L.L.P.
201 St. Charles Ave., 47th Floor
New Orleans, Louisiana  70170-5100

Re:    New Orleans Hornets Litigation
       Our File No. 1659/543

Dear Counsel:

My office recently learned that on or around May 29, 30, or 31, Mr. Paul Mott, president of the New Orleans Hornets, issued either a letter, memo, or email to many Hornets employees, including all sales employees, forbidding those employees from speaking with any employee who left the Hornets since March of 2005. Please produce a copy of this communication from Mr. Mott, as well as a list of recipients of this communication.

Thank you very much for your cooperation in this matter.

Very truly yours,

Daniel E. Buras, Jr.

DEB,JR./pac

Westlaw.

1978 WL 51434                                            Page 1
1978 WL 51434 (DOL WAGE-HOUR)

Wage and Hour Division
United States Department of Labor

Opinion Letter
Fair Labor Standards Act (FLSA)
**WH-472**
October 11, 1978

***

Your letter concerning the application of the Fair Labor Standards Act to the ***
has been referred to this office for reply. It is your contention that the ***,
Inc., which is in the business of operating a professional basketball team, is
exempt from the minimum wage and overtime pay requirements of the Fair Labor
Standards Act under section 13(a)(3) of that Act.

Section 13(a)(3) exempts from the Act's monetary requirements "any employee
employed by an establishment which is an amusement or recreational establishment, *
* * if (A) it does not operate for more than seven months in any calendar year, or
(B) during the preceding calendar year, its average receipts for any six months of
such year were not more than 33-1/3 per centum of its average receipts for the
other six months * * *".

It is our understanding from information provided by our Area Office in *** that
the *** play 41 home games during the course of the basketball season (not counting
any playoff games) at *** Arena. The Arena is owned by the City of *** and the ***
lease their administrative offices from the City and are located on the premises of
the Arena. The Arena is used not only by the ***, but also it is used by the ***
Hockey Club and for other purposes such as jazz and rock concerts and ice shows.

It is evident that *** Arena is the amusement and recreational establishment and
(if it were covered by the Fair Labor Standards Act) would be the establishment
entitled to the exemption in section 13(a)(3) provided either of the two tests
therein were met.

It is also evident that the administrative offices of the *** comprise a separate
establishment on the premises of the Arena, but it is not an establishment to which
the general public has recourse for its amusement or recreation. The fact that the
*** put on a basketball game 41 nights in the year on the Arena's playing floor
does not make it synonymous with the Arena.

Therefore, it is our opinion that the section 13(a)(3) exemption is not
applicable to the employees of the *** in its administrative offices.

Sincerely,

Xavier M. Vela

Administrator

1978 WL 51434 (DOL WAGE-HOUR)

END OF DOCUMENT



©  2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

1978 WL 51434
1978 WL 51434 (DOL WAGE-HOUR)

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 2:05-cv-01969-HGB-ALC     Document 18-2     Filed 07/27/2005     Page 9 of 32

| Department Head | Job Description | Employees O.T. Status |
| --- | --- | --- |
| **Sam Russo** | | |
| Russo, Sam | Executive Vice President/Business Operations | X-Executive Exemption |
| Spero, Timothy Casey | Director of Technology | X-Executive Exemption |
| Bowles, Christopher J. | IT Support Specialist | X-Computer Exemption |
| Pierce, Ryan | IT Support Specialist | X-Computer Exemption |
| Dippel, Jessica | Director of Promotions & Special Events | X-Executive Exemption |
| Quintana, Cristobal | Special Events Coordinator | **NON-EXEMPT** |
| Richardson, Lyn Joshua | Director of Game Day Operations | X-Executive Exemption |
| Jason Quintero | Promotions and Events Asst | **NON-EXEMPT** |
| Williams, Andrea | Manager/Choreographer | Contracted |
| Felsen, David | Director of Ticket Operations | X- Executive Exempt |
| BeBout, Josua James | Ticket Operations Assistant | **NON-EXEMPT** |
| Brown, Latousha M. | Ticket Operations Assistant | **NON-EXEMPT** |
| Zerrillo, Michael E. | Mascot | Contracted |
| Wyatt, Sean | Mascot Assistant | **NON-EXEMPT** |
| | | |
| **Jack Capella** | | |
| Capella, Jack | Executive VP/Chief Operating Officer | X-Executive Exemption |
| Shubert, Phyllis | Assistant to Ray Wooldridge | X-Administrative Exemption |
| Silmon, Meredith | Assistant to George Shinn | X-Administrative Exemption |
| Fitzpatrick, Kristy | Assistant to Jack Capella | X-Administrative Exemption |
| MCGraw, Kevin P. | Chief Pilot | X-Executive Exemption |
| Cobb, James A. | Pilot | less than 40 hours |
| Maschio, Michael N. | Flight Engineer | less than 40 hours |
| O'Connor, Phyllis K. | Flight Attendant | less than 40 hours |
| Newton, Marcia Ann | Flight Attendant | less than 40 hours |
| Davis, Francis H. | Flight Attendant | less than 40 hours |
| | | |
| **Kristy McKearn** | | |
| Kristy McKearn | VP Corporate Affairs & Strategic Planning | X-Executive Exemption |
| Brenneman, Douglas Scott | Researcher | X-Administrative Exemption |
| | | |
| **John Lee** | | |
| Lee, John | Senior Vice President of Marketing/Sales | X-Executive Exemption |
| Rutherford, Jo Ann | Media Buyer | X-Administrative Exemption |
| Deese, Brian A. | Director of Creative | X-Creative Professional Exempt. |
| Coe, Edward III | Graphic Designer | X-Creative Professional Exempt. |
| Dupree, Christopher J. | Creative Services | X-Creative Professional Exempt. |
| J L Brooks | Mgr. Fan Development Program | X- Executive Exempt |
| Parenti, Marie | Director of Guest Services | X- Executive Exempt |
| Richard Johnson | Fan Development Representative | **NON-EXEMPT** |
| Sumler, Leslie J. | Senior Guest Relations Rep | **NON-EXEMPT** |
| Spruille, Freddie | Fan Development Representative | **NON-EXEMPT** |
| Donohue, Brendan | Director of Ticket Sales | X- Executive Exempt |
| Robinson, William | Ticket Sales Manager(Senior AE's +AE's) | X- Executive Exempt |
| Kreig, Louis | Senior Account Executive | **NON-EXEMPT** |
| Witmeyer, Richard L. | Senior Account Executive | **NON-EXEMPT** |
| Napoli, Melanie A. | Senior Account Executive | **NON-EXEMPT** |
| Kliebert, Ken | Account Executive | **NON-EXEMPT** |

PLAINTIFFS000001

| Department Head | Job Description | Employees O.T. Status |
|---|---|---|
| **John Lee Continued** | | |
| Vallejos, Julio | Account Executive | NON-EXEMPT |
| Carter, Cardell | Account Executive | NON-EXEMPT |
| Bryant, William | Account Executive | NON-EXEMPT |
| Stant, Chris | Account Executive | NON-EXEMPT |
| Steinmetz, Sam | Account Executive | NON-EXEMPT |
| Zuniga, Cristina | Office Mgr./Receptionist | NON-EXEMPT |
| Burke, David | Inside Ticket Sales Manager | X- Executive Exempt |
| Nash, Adam | Inside Ticket Sales Representative | NON-EXEMPT |
| Martin, Tony | Inside Ticket Sales Representative | NON-EXEMPT |
| Maxwell, Bryan | Inside Ticket Sales Representative | NON-EXEMPT |
| Miller, Robert | Inside Ticket Sales Representative | NON-EXEMPT |
| Tipton, Megan | Inside Ticket Sales Representative | NON-EXEMPT |
| Liger, Eugene | Inside Ticket Sales Representative | NON-EXEMPT |
| Drummond, Garrett | Inside Ticket Sales Representative | NON-EXEMPT |
| Chandler, Tyson | Inside Ticket Sales Representative | NON-EXEMPT |
| Carter, Chris | Regional Account Executive-MS | X-Outside Sales Exemption |
| Holmes, Lynn | Regional Account Executive-Baton Rouge | X-Outside Sales Exemption |
| Planer-Murray, Mandy | Regional Account Executive-Northshore | X-Outside Sales Exemption |
| Zaber, Christopher L. | Group Sales Manager | X- Executive Exempt |
| Berry, Jessica | Group Sales Executive | NON-EXEMPT |
| Granger, Chris | Group Sales Executive | NON-EXEMPT |
| Snider, Patricia Bryan | Group Sales Executive | NON-EXEMPT |
| DiPizzo, Frank | Group Sales Executive | NON-EXEMPT |
| | | |
| | | |
| **Todd Santino** | | |
| Santino, Anthony Todd | Vice President of Sponsorship Sales | X-Executive Exemption |
| Wyatt, Ward | Manager of Sponsorship Sales | X-Administrative Exempt |
| Hubbell, Nathan | Sponsorship Sales-Account Executive | NON-EXEMPT |
| Jones, Robert Chase | Sponsorship Services | NON-EXEMPT |
| Whitley, Stacy Lynn | Sponsor Services Coordinator | NON-EXEMPT |
| | | |
| **Harold Kaufman** | | |
| Kaufman, Harold | Vice President of Public Relations | X- Executive Exempt |
| Hall, Kenneth Scott | Assistant Director of Public Relations | X-Administrative Exempt |
| Fedders, Kurt T. | Public Relations Assistant | X-Administrative Exempt |
| Rogers, Dennis | Intern | NON-EXEMPT |
| | | |
| | | |
| **Lew Shuman** | | |
| Shuman, Lewis A. | Director of Broadcasting | X- Executive Exempt |
| McGregor, Gilbert | TV Commentator | X-Creative Professional Exempt |
| Harden, Bryan J. | Videographer/Editor | X-Creative Professional Exempt |
| Stewart, Tracey | Broadcast Coordinator | NON-EXEMPT |
| Vaillancourt, Gerald E. | Broadcaster | X-Creative Professional Exempt |
| Licht, Robert A. | Radio Play-by-Play | X-Creative Professional Exempt |
| | | |
| | | |
| **Steve Martin** | | |
| Martin, Steven B. | Senior VP of Communication & Public Affairs | X- Executive Exempt |
| Werdann, Suzanne C. | Vice President of Community Relations | X- Executive Exempt |
| Levine, Meredith | Community Relations Assistant | X-Administrative Exempt |
| Turner, Victor | Community Relations Assistant | X-Administrative Exempt |
| Thompson, Michael W. | Director of Public Relations | X-Administrative Exempt |

PLAINTIFFS000002

| Department Head | Job Description | Employees O.T. Status |
|---|---|---|
| | | |
| **Barbara Booth** | | |
| Booth, Barbara | Vice President of Finance | X- Executive Exempt |
| Yamamura, Frances | Senior Accountant | X-Administrative Exempt |
| Middleton, Penny | Director of Personnel/Payroll | X-Administrative Exempt |
| Johnson, Adrianna F. | Senior Accountant | X-Administrative Exempt |
| Arteaga, Deina | Staff Accountant | X-Administrative Exempt |
| Virgil, Sheryl Deneen | Accounts Payable Associate | X-Administrative Exempt |
| Ford, Shelly Montague | Receptionist | X-Administrative Exempt |
| Morrow, Shawn M. | Inter-office Courier | **NON-EXEMPT** |
| | | |
| | | |
| **Allan Bristow** | | |
| Scott, Byron | Head Coach | Contracted |
| Walker, Darrell | Assistant Coach | Contracted |
| Gattison, Kenny | Assistant Coach | Contracted |
| Cleamons, Jim | Assistant Coach | Contracted |
| Boff, Marc Harris | Strength & Conditioning | less than 40 hours |
| Manson, Jack | Strength & Core Conditioning | less than 40 hours |
| Kofler, Terry | Trainer | X-Creative Professional Exempt |
| Jovanovic, David S. | Equipment Manager | X-Administrative Exempt |
| Johnson, Kory F. | Assistant Equipment Manager | X-Administrative Exempt |
| Bass, Kip E. | College/Pro Scout | Contracted |
| Bass, Kelly E. | College Scout | Contracted |
| Werdann, Robert | College/Pro Scout | Contracted |
| Bass, Bob | Consultant | Contracted |
| Reed, Willis | VP of Basketball Operations | Contracted |
| Bristow, Allan | General Manager | Contracted |
| Bower, Jeff | Assistant General Manager | Contracted |
| LaCaze, JoAnn | Executive Assistant Basketball Operations | **NON-EXEMPT** |
| Hagen, Brian | Video Coordinator | **NON-EXEMPT** |
| Loomis, Andrew H. | Administrative Assistant Basketball Operations | **NON-EXEMPT** |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

PLAINTIFFS000003

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

EUGENE LIGER, ET AL

      **Plaintiffs in a Collective Action**

VERSUS

NEW ORLEANS HORNETS NBA
LIMITED PARTNERSHIP

      **Defendant**

CIVIL ACTION NO.  05-1969

SECTION C

MAGISTRATE 05

FILED:_____          _____
                                                 DEPUTY CLERK

## RULE 26(f) MEETING REPORT

On June 24, 2005, counsel for Plaintiffs and Defendant conducted a Rule 26(f) meeting in compliance with Rules of Court.

## REASONS FOR FILING RULE 26(f) MEETING REPORT

### Plaintiffs

Plaintiffs contend that this Rule 26(f) report is necessary because Defendants have unnecessarily delayed Rule 26(a) initial disclosure exchanges and delayed discovery, thereby adversely affecting the rights and remedies of Plaintiffs and similarly situated employees for the financial benefit of Defendant.  Defendant will benefit financially as the applicable statute of limitations expires on the overtime claims of prospective plaintiffs that Defendant has not identified.

Plaintiffs' position is the initial disclosure exchange is due, and that discovery must immediately begin. The rights of prospective class members who have not yet received notice of

N0017742.WPD



their right to participate in this collective action must be protected.  During the Rule 26(f) conference, Defendant proposed an exchange date of 10 days prior to the Preliminary Conference. Plaintiffs objected and requested an initial exchange on July 1, 2005.  Defendant objected and requested an exchange date on July 21, 2005.  Plaintiffs proposed an intermediate date of July 11, 2005. Counsel for the Defendant objected and insisted on a July 21, 2005 exchange.  However, considering the preliminary conference date of July 21, 2005, defendant's request to disclose 10 days prior to the Preliminary conference was acceptable, i.e., July 11, 2005.

### Defendant

This Rule 26(f) Report is not necessary under Local Rule 26.4E because the parties have agreed to exchange initial disclosures, although they do not agree as to the date of exchange. Plaintiffs are submitting this report for the improper purpose of making fallacious arguments and assertions about this case that are not the proper subject of a Rule 26(f) report. Nonetheless, to insure the Court receives a full and fair report on Rule 26(f) matters, Defendant has provided its position as to Rule 26(f) matters since Plaintiffs insist in filing this document with the Court over Defendant's objection. Finally, as explained below, and contrary to Plaintiffs' representations to the Court, July 11 is not the deadline for initial disclosures (indeed, Defendant does not have any such disclosures from Plaintiffs as of the time it provided its inserts for this report).  However, Defendant proposed and intends to comply with a July 21 date for providing its initial disclosures.

1.    STATE WHEN THE PARTIES CONFERRED AS REQUIRED BY RULE 26(F), AND IDENTIFY THE COUNSEL WHO CONFERRED.

On June 24, 2005, counsel for Plaintiffs and Defendant conducted a Rule 26(f) conference. Counsel for Plaintiffs were Stewart E. Niles, Jr., Daniel E. Buras, Jr., and Lawrence J. Centola, Jr.

Counsel for Defendant were Jennifer L. Anderson and Jane H. Heidingsfelder.

2.    **LIST THE CASES RELATED TO THIS ONE THAT ARE PENDING IN ANY STATE OR FEDERAL COURT WITH THE CASE NUMBER AND COURT.**

None.

3.    **BRIEFLY DESCRIBE WHAT THIS CASE IS ABOUT.**

**Plaintiffs**

Plaintiffs assert a collective action for overtime compensation on behalf of current and former employees and Sales Representatives of Defendant, filed pursuant to the Fair Labor Standards Act of 1938 ("FLSA") (29 U.S.C. §201 et seq).  Since 2002, the Hornets have ignored requirements to pay overtime to non-exempt employees. No Overtime exemptions apply to any plaintiff or similarly situated employee, and the Hornets are not an exempt employer. Plaintiffs seek overtime compensation, damages, liquidated damages, interest, attorneys fees and costs. Plaintiffs' well pled Complaint confirms that no FLSA exceptions are applicable, Department of Labor opinions are exactly on point and are favorable to Collective Action Plaintiffs. Overtime compensation calculations must include plaintiffs' salaries, benefits and commissions. Finally, Plaintiffs and similarly situated employees must be protected from existing threats of retaliation made by Defendant against current or former employees who join this collective action.

**Defendant**

Defendant, with a full reservation of all rights and defenses to be asserted in its responsive pleadings in accordance with applicable deadlines and rules, denies Plaintiffs' allegations and denies that this matter can proceed on a collective basis. More specifically, Defendant maintains that it is exempt as an enterprise from the requirements of the Fair Labor Standards Act ("FLSA") under, at

N0017742.WPD                                3

a minimum, the amusement and recreational enterprise exemption and the retail sales exemption. Defendant also maintains that the Plaintiffs, individually, are exempt from the overtime requirements of the FLSA and that some or all of the Plaintiffs did not work hours in excess of forty per workweek. Defendant also maintains that Plaintiffs are not similarly situated such that this action cannot proceed on a collective basis. Defendant denies allegations of retaliatory threats by Plaintiffs, all but one of whom were former employees of the Defendant at the time the original complaint was filed. Defendant further denies that any authority exists to support the relief referenced by Plaintiffs for such alleged retaliatory threats.

4.    **SPECIFY THE ALLEGATION OF FEDERAL JURISDICTION.**

This matter is brought pursuant to the Fair Labor Standards Act of 1938 ("FLSA") (29 U.S.C. §201 et seq).

5.    **NAME THE PARTIES WHO DISAGREE AND THE REASONS.**

Defendant maintains that it and the Plaintiffs are exempt under the FLSA, but agrees that this Court has jurisdiction to decide this FLSA dispute.

6.    **LIST ANTICIPATED ADDITIONAL PARTIES THAT SHOULD BE INCLUDED, WHEN THEY CAN BE ADDED, AND BY WHOM THEY ARE WANTED.**

**Plaintiffs**

Plaintiffs will file a Motion to Certify the Collective Action to seek court approval for the notification of other similarly situated employees entitled to overtime compensation from the Hornets. They must be added as quickly as possible because Defendants will benefit financially at Plaintiffs' expense for each day of delay.

**Defendant**

Defendant denies that the referenced motion merits expedited treatment.

7. **LIST ANTICIPATED INTERVENTIONS.**

N/A

8. **DESCRIBE CLASS-ACTION ISSUES.**

**Plaintiffs**

With complete disregard for the Fair Labor Standards Act, jurisprudence, and Department of Labor Opinions, Defendant refused to pay its employees overtime compensation since the team moved to New Orleans in 2002. Plaintiffs are non-exempt ticket sales and fan relations employees of Defendant who are entitled to receive overtime compensation. Plaintiffs will move to certify this collective action on behalf of all current and former sales and fan relations employees. Plaintiffs will also move to certify this collective action on behalf of all current and former employees of Defendant who worked in a job category classified as "non-exempt" by Defendant as is evidenced in Exhibit M attached to Plaintiffs' Second Amended Complaint and Jury Demand.

**Defendant**

Defendant denies Plaintiffs' allegations and liability to Plaintiffs, and maintains that Plaintiffs are not similarly situated and cannot satisfy the requirements for proceeding on a collective basis.

9. **STATE WHETHER EACH PARTY REPRESENTS THAT IT HAS MADE THE INITIAL DISCLOSURES REQUIRED BY RULE 26(A). IF NOT, DESCRIBE THE ARRANGEMENTS THAT HAVE BEEN MADE TO COMPLETE THE DISCLOSURES.**

**Plaintiffs**

Initial disclosures were due on July 11, 2005. Plaintiffs filed their Rule 26(a) initial disclosures and provided initial disclosure documents to Defendant on July 12, 2005 instead of July 11, 2005 because the Court was not open on July 11, 2005.

N0017742.WPD                                                5

Defendant has not provided initial disclosures and has unnecessarily delayed the discovery process.

### Defendant

Defendant's counsel has cooperated and acted reasonably in conferring regarding Rule 26(f) matters and attempting to reach sensible agreements regarding such matters, including initial disclosures. Plaintiffs' counsel has not reciprocated. Defendant has not received initial disclosures from Plaintiffs as of the time it provided its inserts for this report, and in fact, the deadline for initial disclosures is not July 11 because no such agreement was ever reached by the parties in this case.

The parties have agreed to exchange initial disclosures, but disagree as to the date of exchange. At the June 24 Rule 26(f) conference, Defendant's counsel proposed exchanging initial disclosures ten days before the preliminary conference, which at that time remained to be scheduled in accordance with the Civil Justice Expense and Delay Reduction Plan. Plaintiffs' counsel rejected this proposal and proposed July 1. Defendant's counsel proposed July 21 in response, which is ten days after the deadline for Defendant's responsive pleadings (it is noted that the Court closed on July 11 in anticipation of inclement weather, making the deadline for Defendant's responsive pleadings July 12). Plaintiffs' counsel also rejected this proposal.  Unable to reach an agreement, Defendant's counsel remains willing to and intends to provide its initial disclosures on July 21. After having rejected Defendant's counsel's original proposal, Plaintiffs' counsel changed their position on July 11 and asserted (on July 11) that initial disclosures were due on that date, even though Plaintiffs have yet to provide any initial disclosures. Defendant disagrees with this last-minute change of position.

N0017742.WPD

6

**10.** **DESCRIBE THE PROPOSED AGREED DISCOVERY PLAN, INCLUDING:**

    **A.**     **Responses to all the matters raised in Rule 26(f).**

    **Plaintiff**. There exists a maximum of three years for a collective action plaintiff to opt-in as a plaintiff in an overtime claim. The three year statute of limitations begins to expire on the claims of similarly situated class members in August of 2005. Defendant will benefit financially and to the detriment of plaintiffs that have already been harmed by Defendant from any further delays in the discovery process or through other steps taken by Defendant to delay these proceedings.

    Defendant alone has the contact information that may prevent similarly situated class members from losing their rights and benefits in this overtime litigation. Moreover, Defendant is required by law to maintain all documentation substantiating and/or tracking the overtime hours worked by plaintiffs and similarly situated employees. Finally, Defendant has admitted through documentation and verbal admissions that it owes Plaintiffs overtime compensation. Thus, Defendant must allow the discovery process to move forward.

    **Defendant**. Defendant has not made any admissions such as those represented by Plaintiffs. Further, both current and former employees have joined this action, demonstrating that potential plaintiffs feel free to opt into this action if they choose, contrary to Plaintiffs' representations. The propriety of certification as a collective action and the identity and number of potential opt-in plaintiffs has yet to be determined, making a decision regarding discovery and scheduling needs premature. Defendant submits that this Court should address scheduling after a determination of the issues/facts referenced above. Regardless of whether this action is certified to proceed collectively, Plaintiffs' proposed deadline of October 15 is unreasonable in light of the nature of this action in its current posture and the current number of Plaintiffs.

7

**B.**    <u>When and to whom the plaintiff anticipates it may send interrogatories.</u>

To avoid further delays caused by Defendant, Plaintiffs have made their Rule 26 initial disclosures and will send interrogatories to Defendant as soon as possible.

Plaintiffs requested agreement from Defendant to begin written discovery exchanges following the Rule 26(f) conference completed on June 24, 2005. Defendant objected and would not agree to any written discovery exchanges until the Rule 26(a) initial disclosure exchanges were due. Plaintiffs again explained the dangers of undue delay to the rights of prospective class members. Defendant again refused to waive the applicable statute of limitations. Again, since defendant agreed to disclose on the date Rule 26 initial disclosures 10 days before the preliminary conference, July 11, 2005, written discovery will be issued at that time. The parties could not reach agreement on this issue.

**C.**    <u>When and to whom the defendant anticipates it may send interrogatories.</u>

Defendant anticipates sending interrogatories to Plaintiffs upon the beginning of the discovery period in accordance with the Federal Rules of Civil Procedure. Plaintiffs face no such potential prejudice to their rights as this action has been publicized already in the media and both current and former employees have freely joined. Plaintiffs' efforts to expedite this process are, therefore, without merit.

**D.**    <u>Of whom and by when the plaintiff anticipates taking oral depositions.</u>

It is necessary for Plaintiffs to identify Defendant's employees so that similarly situated employees can be notified of this collective action before their rights are adversely affected by the statute of limitations. Plaintiff requested dates for a Rule 30(b)(6) deposition of Defendant during the Rule 26(f) conference. Plaintiffs also requested deposition dates of several individuals employed

by Defendant; Chris Zaber, Brendan Donohue, Kristy McKearn, Steve Martin, Sam Russo, Patty Cox, Marie Parenti, J.L. Brooks, and Paul Mott. Plaintiffs will also request to take the depositions of current and former managers and supervisors of Defendant, as well as former executives and the former owner of Defendant. Counsel for Defendant refused to provide dates, claiming that all Plaintiffs must be deposed before Defendant or any Defendant employee or representative is deposed. Plaintiffs complained about the deprivation of rights of prospective class members and sought to avoid undue hardship on potential class members since their rights would be adversely affected and/or deprived by unnecessary delays because of the applicable statute of limitations. To avoid undue prejudice, Plaintiffs requested, but Defendant refused, to waive the applicable statute of limitations.

     **E.**     **Of whom and by when the defendant anticipates taking oral depositions.**

Defendant anticipates taking the oral depositions of the Plaintiffs and witnesses after receiving full and complete responses from Plaintiffs to Defendant's written discovery requests. Defendant objects to Plaintiffs' suggestion that that Defendant and/or its employees submit to depositions before Plaintiffs provide written discovery responses or their depositions. Plaintiffs instituted this action and bear the burden of proof, and custom, fairness, and the interests of justice entitle Defendant to the Plaintiffs' discovery and depositions as to the allegations and claims against Defendant before it or its employees are required to respond with their depositions. Defendant has not refused to provide deposition dates, but rather disagreed with Plaintiffs' demands regarding the sequencing and attempt to expedite discovery unnecessarily.

**F.**    **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

**Plaintiffs**

Plaintiffs may utilize expert witnesses on any issue to which it may have the burden of proof, for example, to help quantify and otherwise support their claims and that may be necessary to defeat any defenses alleged by Defendant. No such expert have yet been retained. Plaintiffs will disclose any such witnesses if and when identified in accordance with any applicable rules and scheduling order.

**Defendant**

At this time, Defendant does not anticipate expert witnesses as to any issue on which it may have the burden of proof. Defendant will disclose any such witnesses if and when identified in accordance with any applicable rules and scheduling order.

**G.**    **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

**Plaintiffs**

Plaintiffs will take the deposition of any expert witness identified by Defendant within 45 days of the deadline for Defendant to identify experts.

**Defendant**

Defendant anticipates taking the deposition of any expert witnesses identified by the Plaintiffs within 45 days after the deadline for Plaintiffs to identify same.

**H.**    **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

See G above.

**11.** **IF THE PARTIES ARE NOT AGREED ON A PART OF THE DISCOVERY PLAN, DESCRIBE THE SEPARATE VIEWS AND PROPOSALS OF EACH PARTY.**

**Plaintiff.**

Plaintiff has proposed to file written discovery and to schedule depositions regarding all witnesses and/or information which bears upon any issue or fact related to Plaintiffs' burden of proof or any defense raised by Defendant. Plaintiffs anticipate interrogatories, requests for admissions, and requests for production of documents. Additionally, Plaintiffs contemplate depositions of current and former Hornets employees in addition to those set forth in 10(D).

Threats of retaliation and delays that will financially benefit Defendant mandate an expedited discovery schedule and disclosure of the identities of prospective and similarly situated employees. As was previously discussed in section 10(A), the statute of limitations is expiring on the claims of prospective class members each day. Defendant is financially benefiting from continued delays in the discovery of this matter. Defendant alone has the contact information that may prevent similarly situated class members from losing their rights and benefits in this overtime litigation. It is imperative that Defendant identify prospective class members as soon as possible.

Moreover, not only will the statute of limitations adversely affect the rights of plaintiffs, but Defendant has also attempted to thwart Plaintiffs from opting into this collective action through threats of retaliation. Plaintiffs advised that the adverse effects of continued discovery delays and persistent threats of retaliation against current Hornets employees necessitated the filing of a Motion for Expedited Hearing on the Motion to Certify the Class, to Expedite Discovery Exchanges, to set depositions of Defendants, including a 30(b)(6) deposition, and a Protective Order to Compel

Defendant to Cease and Desist from Retaliatory Threats and Actions. Defense counsel suggested ordinary proceedings.

To limit the adverse affects that delayed identification of similarly situated employees will have on this litigation, Plaintiffs requested an October 15, 2005 discovery cutoff for the initial phase of discovery.

**Defendant.** Defendant disagrees with Plaintiffs' proposed plan, including Plaintiffs' proposed October 15, 2005, deadline for the completion of discovery. The propriety of certification as a collective action and the identity and number of potential opt-in plaintiffs has yet to be determined, making a determination of discovery and scheduling needs premature. However, regardless of whether this action is certified to proceed collectively, Plaintiffs' proposed deadline of October 15 is unreasonable in light of the nature of this action in its current posture and the current number of Plaintiffs. Defendant submits that this Court should address scheduling after a determination of the issues/facts referenced above. Further, given the publicity this action has already received and the fact that current and former employees have freely joined this action, Plaintiffs' representations regarding the need for expedited processes and the alleged potential prejudice to rights of potential plaintiffs lack merit.

12. **SPECIFY THE DISCOVERY BEYOND INITIAL DISCLOSURES THAT HAS BEEN UNDERTAKEN TO DATE.**

None

13. **STATE THE DATE THE PLANNED DISCOVERY CAN REASONABLY BE COMPLETED.**

**Plaintiffs.**

Following Defendant's immediate identification of all prospective class members, discovery should be completed by October 15, 2005, but not later than the ten month window suggested by Defendant.

**Defendant**

Plaintiffs incorrectly state that Defendant suggested a ten month window for the completion of discovery in this case. See Defendant's response to Numbers 10.A. and 11 above. As Defendant's counsel explained during the Rule 26(f) conference, the uncertainty as to the identity and number of plaintiffs and the status (ordinary or collective) of this action, and the absence of factual detail in the Plaintiffs' Complaint, makes a determination of the discovery needs of this case impractical and impossible at this time.

14.    **DESCRIBE THE POSSIBILITIES FOR A PROMPT SETTLEMENT OR RESOLUTION OF THE CASE THAT WERE DISCUSSED IN YOUR RULE 26(F) MEETING.**

**Plaintiff**. Defendant has not yet identified all prospective plaintiffs. Resolution of the claims of unidentified class members is not yet possible. Previous attempts to negotiate with Defendant have not been successful. Nevertheless, Plaintiffs will provide Defendant with a good faith settlement proposal on behalf of each named Plaintiff prior to the Preliminary Conference. In the very first telephone call to counsel for Defendant, Plaintiffs' counsel offered to meet with Defense counsel to discuss immediate settlement. Defense counsel refused to participate.

**Defendant**. Plaintiffs made no proposal or attempt to negotiate any resolution with Defendant thus far. Defendant will discharge its obligation to in good faith consider any proposals by Plaintiffs.

15.    **STATE WHETHER A JURY DEMAND HAS BEEN MADE AND IF IT WAS MADE ON TIME.**

Plaintiff demanded a jury trial in their Complaint.

16.    **SPECIFY THE NUMBER OF HOURS IT WILL TAKE TO PRESENT THE EVIDENCE IN THIS CASE.**

It is not possible at this time, pending a determination of the propriety of collective action

status and the number of Plaintiffs, to make this assessment.

17.    **LIST PENDING MOTIONS THAT COULD BE RULED ON AT THE INITIAL PRETRIAL AND SCHEDULING CONFERENCE.**

Plaintiffs' Motion for Leave to File Second Amended Complaint and Jury Trial Request.

18.    **LIST OTHER MOTIONS PENDING.**

None.

19.    **INDICATE OTHER MATTERS PECULIAR TO THIS CASE, INCLUDING DISCOVERY, THAT DESERVE THE SPECIAL ATTENTION OF THE COURT AT THE CONFERENCE.**

**Plaintiffs**

Of primary importance is the need for immediate disclosure of prospective class members

to avoid the expiration of any statute of limitations because of further delays created by Defendant.

Of equal importance is the continuing series of direct and indirect threats made by Defendant

to Plaintiffs and prospective plaintiffs. Plaintiffs advised Defendant that Defendant continues to

make threats of retaliation against current and former employees who seek to exercise their right to

join the Collective Action and collect overtime pay. Defendant's executives are spreading

misinformation. At least one manager has advised Defendant's employees that this Court ruled

adversely against Plaintiffs already. Other managers have contacted current plaintiffs through third

parties to express "concern" for their decision to join the suit. These actions have scared prospective

class members and have had the same effect as the original threats of retaliation identified in

Plaintiffs' complaint. Plaintiffs will seek a protective order and/or a cease and desist order as a result of their Defendant's continued action and will seek any and all equitable relief available, including a stay of any applicable statute of limitations because of Defendant's inappropriate conduct.

Moreover, Defendant has engaged in a series of actions that has modified and/or altered financial information necessary to calculate overtime payments owed to certain Plaintiffs. Plaintiffs demand assurances from Defense counsel that Defendant's Archtics computer systems and databases will not be further modified or altered by Defendant. Plaintiffs also demand assurances that all e-mail communications be retained and that Defendant take steps to prevent the destruction of electronic evidence that will prove Plaintiffs' claims.

Defendant requested a Protective Order before certain financial documents are produced. Plaintiffs agreed to work with defense counsel regarding the language and scope of any proposed Protective Order; however, Plaintiffs reserved the right to review the purpose of and definition of financial documentation. To date, Plaintiffs' counsel has not received a proposed draft of the Protective Order.

### **Defendant**

Plaintiffs have offered nothing more than generalized, fact-barren, and conclusory allegations of retaliatory threats and concerns over preservation of evidence. These vague allegations, and the proposed relief, lacks any basis in fact or law. As explained by Defendant above, both current and former employees have joined this action, which refutes Plaintiffs' alleged concerns. Further, this action has received more publicity than the notice Plaintiffs indicate they intend to seek, which undermines Plaintiffs' alleged need for expedited consideration of its yet-to-be filed motions for notice and protection. Defendant also has rights to be protected in this case, not the least of which

N0017742.WPD                                        15

is a full and fair opportunity to defend itself against Plaintiffs' illegitimate allegations. Further, the

interests of justice require that the Court be presented with a full and fair presentation of the parties'

positions and evidence so it can make informed decisions, which interests are not served by the

special treatment proposed by Plaintiffs.

Respectfully submitted,

STEWART E. NILES, JR. (10004)
DANIEL E. BURAS, JR. (26226)
LAWRENCE J. CENTOLA (27402)
NILES, SALAS, BOURQUE & FONTANA, L.C.
909 Poydras Street, 35th Floor
New Orleans, Louisiana 70112
Telephone (504) 310-8550
Facsimile (504) 310-8595
Attorneys for Plaintiffs

### Certificate of Service

I certify that a copy of the above and foregoing has been served upon
opposing counsel by placing same, postage pre-paid, properly addressed, in the
United States mail this 13th day of July, 2005.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EUGENE LIGER, ET AL. | CIVIL ACTION NO. 05-1969 |
| **Plaintiffs in a Collective Action** | SECTION C |
| VERSUS | MAGISTRATE 05 |
| NEW ORLEANS HORNETS NBA LIMITED PARTNERSHIP | |
| **Defendant** | |

FILED:_____    _____
                                                DEPUTY CLERK

## NOTICE TO ALL HORNETS EMPLOYEES

1.    **INTRODUCTION**.

The purpose of this Notice is to inform you that it has come to the Court's attention that

certain inaccurate statements and comments have been made by the New Orleans Hornets NBA

Limited Partnership regarding an overtime lawsuit that was filed by various current and former

Hornets employees.  The purpose of this Notice is to clarify some inconsistencies and to advise you

of your rights

2.    **DESCRIPTION OF THE LAWSUIT.**

In May 2005, former and current employees of the Hornets ("Plaintiffs") filed this lawsuit

in the United States District Court for the Eastern District of Louisiana, against the Hornets on behalf

of themselves and all other past and present employees of the Hornets alleging that Plaintiffs and

other "similarly situated" employees are owed unpaid overtime pursuant to the Fair labor Standards

N0019631.WPD                          1

Act. After the lawsuit was filed, other former and current employees joined the lawsuit as named Plaintiffs and have asserted the same claims.

The Plaintiffs allege that, since 2002, the Hornets willfully failed to track overtime hours worked, failed to properly calculate or pay overtime compensation for Plaintiffs and other similarly situated employees. Plaintiffs seek overtime pay and an equal amount of pay as liquidated damages, as well as prejudgment interest, attorneys' fees and costs. This lawsuit is currently in the early pretrial stage.

The Hornets deny Plaintiffs' allegations and maintain that its employees were not entitled to overtime compensation under the Fair Labor Standards Act because the Fair Labor Standards Act does not apply to The Hornets.

**3.      DEFINITION OF THE CLASS.**

The named Plaintiffs seek to sue on behalf of themselves and also on behalf of: All current and former employees of the Hornets at any time between August 2002 to present and who worked, at any time therein, over 40 hours per week without being paid time and half for the hours worked over 40 hours per week.

**4.      NO DECISION HAS BEEN MADE BY THE COURT REGARDING WHETHER THIS MATTER WILL BE ALLOWED TO PROCEED AS A CLASS ACTION. NO DISMISSAL MOTIONS HAVE BEEN FILED BY THE HORNETS.**

**5.      YOUR RIGHT TO COLLECT OVERTIME COMPENSATION IS NOT LIMITED TO THE TIME AFTER AUGUST OF 2004 TO THE PRESENT.**

Under Plaintiffs' theory of the case, employees may be able to recover overtime compensation for three years prior to the date a plaintiff joins this litigation. The Hornets deny that any overtime is compensable for any time period.

6.    **NO RETALIATION PERMITTED**.

**THE FAIR LABOR STANDARDS ACT PROHIBITS AN EMPLOYER FROM DISCHARGING YOU OR TAKING ANY OTHER ADVERSE EMPLOYMENT ACTION AGAINST YOU FOR THE PURPOSE OF RETALIATING AGAINST YOU BECAUSE YOU ELECT TO JOIN THIS LAWSUIT.**

1)    No employee who joins the overtime litigation currently pending against the Hornets will suffer any adverse employment consequences. Any statements or comments allegedly made by the Hornets threatening to terminate any employee who joins this litigation are expressly denied.

2)    No adverse employment action will be taken against any current employee who communicates with any former employee of the New Orleans Hornets.

3)    All statements made by the Hornets about the amount of damages potentially recoverable by plaintiffs in the overtime litigation should not have been made and were not authorized by the team. Any current employee who may join this litigation should consult with an attorney regarding the amount of damages potentially at issue.

4)    All statements made by the Hornets regarding adverse action allegedly taken by the Court against Plaintiffs' case were inaccurate. This matter is still in the early stages of litigation, and there has been no action taken by the Hornets seeking dismissal of Plaintiffs' claims.

5)    All statements made by any Hornets manager, supervisor, director, or executive about this litigation were not authorized by the team and should not have been made. All Hornets managers, supervisors, directors, and executives are hereby prohibited from

mentioning or discussing this overtime litigation with any employee.

THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA, HONORABLE HELEN G. BERRIGAN.  THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF THE PLAINTIFFS' CLAIMS OR OF DEFENDANTS' DEFENSES.

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EUGENE LIGER, ET AL. | CIVIL ACTION NO. 05-1969 |
| **Plaintiffs in a Collective Action** | SECTION C |
| VERSUS | MAGISTRATE 05 |
| NEW ORLEANS HORNETS NBA LIMITED PARTNERSHIP | |
| **Defendant** | |

FILED:_____          _____

                                                                    DEPUTY CLERK

*NoTICL*

~~ORDER~~

Considering the foregoing Motion for Protective Order;

*NoTiLL*
**IT IS HEREBY ORDERED** that this matter is set for hearing on 17th day of August, 2005. *AT 11:00*

**NEW ORLEANS, LOUISIANA**, this _____ day of _____, 2005.


                        _____
                        THE HONORABLE ALMA A. CHASEZ
                        CHIEF MAGISTRATE JUDGE, DIVISION 5
                        U.S. DISTRICT COURT FOR THE
                        EASTERN DISTRICT OF LOUISIANA

N0019631.WPD