UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EUGENE LIGER, ET AL.                    CIVIL ACTION NO. 05-1969

VERSUS                                  SECTION "C"

NEW ORLEANS HORNETS NBA LIMITED         MAGISTRATE 05
PARTNERSHIP

DEFENDANT'S OPPOSITION TO
MOTION TO CONDITIONALLY CERTIFY A COLLECTIVE ACTION
PURSUANT TO §216(b) OF THE FLSA AND TO
APPROVE A PROPOSED NOTIFICATION TO
ALL PUTATIVE COLLECTIVE ACTION MEMBERS

MAY IT PLEASE THE COURT:

I.   **Introduction**

Plaintiffs apparently hope their wild and outlandish allegations and rhetoric will lend some credibility to a motion presented on nothing more than false and inadmissible allegations, erroneous legal arguments, and unjustified legal demands. The Defendant, New Orleans Hornets NBA Limited Partnership ("Hornets"), which is an amusement and recreational enterprise and a retail sales establishment that is exempt from the requirements of the Fair Labor Standards Act ("FLSA"), submit this memorandum to expose Plaintiffs' misrepresentations and errors, and to provide admissible evidence and the proper legal standard upon which Court can appropriately dispose of this motion.

Specifically, the Hornets oppose Plaintiffs' motion on the following grounds:

A.   While the Hornets dispute that Plaintiffs have carried or can carry their burden for conditional certification of this action under §216(b), the Hornets reserve their right to challenge the certification of this action until after appropriate discovery has been conducted and when the Plaintiffs are subject to the full, more rigorous burden for maintaining certification;[1]

---

[1] Plaintiffs' counsel made no effort to contact Hornets' counsel before filing this motion to determine whether any of the matters at hand were, in fact, the subject of

{N1325515.1}

Fee_____
___ Process_____
X_ Dktd_____
_/_ CtRmDep_____
___ Doc. No _____

B.   Plaintiffs' proposed definition of the conditional collective action class of "all current and former employees . . . [who work or worked] more than 40 hours a week" must be rejected because it would include employees who (even if the Hornets were not an exempt organization) would be both exempt and non-exempt;[2]

C.   Plaintiffs' proposed alternative definition of the conditional collective action class based on any reference to their Exhibit M must also be rejected because Exhibit M was prepared by and represents the unqualified, erroneous, personal views of Penny Middleton, a former Hornets employee, and it was not prepared, authorized, or adopted "by the Hornets" as any representation of the views of the organization;

D.   Plaintiffs' proposed notice unfairly and impermissibly fails to include any presentation of the Hornets' position and defenses, unlike the treatment it gives to the Plaintiffs;

E.   Plaintiffs' proposed notice includes unfair and impermissible emphasis on anti-retaliation language, which emphasis previously has been disapproved of by this Court in *Camp v. The Progressive Corporation,* 2002 WL 31496661 (E.D.La. 2002) (attached); and,

F.   The proposed 120-day time period for filing consent forms is impermissibly long, and contrary to Plaintiffs' counsel's representations that they wish to move this case forward on an expeditious basis.

For these reasons and as explained in detail below, this Court should define a conditional

collective action class based on the allegedly non-exempt job classifications represented

by the Plaintiffs who have joined this lawsuit,[3] who worked more than 40 hours during

---

disagreement.

[2] Any proposed alternative definition that includes employees who did not work more than 40 hours in any workweek or who did receive overtime pay must be rejected as it would impermissibly include employees who would have no rights under the FLSA even if the Hornets were not an exempt organization.

[3] Fan Relations Representative, Sales Account Executive, Inside Sales Representative, Regional Sales Account Executive, Group Sales Account Executive, Receptionist, and Ticket Operations Assistant.

any workweek in the relevant time frame,[4] and who were not paid overtime. Additionally, the Court should permit the Hornets to include their position and defenses in the notice, and should prohibit any improper emphasis in the notice to avoid improperly suggesting any Court opinion on the merits of the case. Finally, the Court should shorten the proposed opt-in period from the 120 days proposed by Plaintiffs to 60 days in accordance with the legal authorities and because Plaintiffs have failed to provide any justification for such a lengthy opt-in period. Defendant has supplied a proposed alternative notice attached hereto as Exhibit 1 for the Court's convenience.

## II.    **Background**

The Hornets are a professional basketball organization operating seasonally for the amusement and recreation of their fans. The Hornets engage in the retail sales of tickets to the general public for the amusement and recreational sporting events they provide. The Plaintiffs, an assortment of current and former employees who work or worked in a variety of departments within the Hornets organization, filed this action under the Fair Labor Standards Act, alleging that they worked more than 40 hours during certain workweeks and that they are entitled to overtime as a result. The Hornets, a professional sports organization, denies Plaintiffs' allegations and maintains that it is not obligated to pay overtime to Plaintiffs because it is an exempt amusement and recreation establishment and an exempt retail sales establishment.

---

[4] While Plaintiffs have failed to present any competent evidence sufficient to justify the use of the three year statute of limitations period for notice purposes, the Hornets reserve their defense to the application of that period for a later time in this proceeding, recognizing that that the Hornets' exemption-based defenses to Plaintiffs' claims would make the statute of limitations issue moot and that Plaintiffs bear the risk of an unfavorably judgment and costs, at a minimum, in the event their claims are dismissed as untimely.

Despite the disparities in Plaintiffs' job duties for the Hornets, Plaintiffs allege that this action should be conditionally certified to proceed on a collective basis under § 216(b) and that a notice to potential collective action members should be approved by the Court for issuance by Plaintiffs' counsel. While the Plaintiffs' job duties are disparate in many respects and while they concede there was no policy at issue, both of which defeat certification at any stage, the Hornets reserve their right to decertify this case after appropriate discovery has been conducted for efficiency and to enable the Hornets to expedite resolution of its exemption-based defenses. However, the Hornets oppose the instant motion regarding conditional certification and notice in several respects as explained in detail below.

## III.    Law and Argument

### A.    Law Governing FLSA Collective Action Certification and Notice

The FLSA authorizes a collective cause of action for alleged wage and hour violations only by "one or more employees for and in behalf of himself or themselves and other employees **similarly situated**." 29 U.S.C. § 216(b) (emphasis added). The FLSA also provides that "[n]o  employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." Id.

Collective actions under § 216(b) are quite different than class actions under Federal Rule of Civil Procedure 23. *See La Chapelle v. Owens-Illinois, Inc.,* 513 F.2d 286, 289 (5th Cir. 1975); *Wyatt v. Pride Offshore, Inc.,* 1996 U.S. Dist. LEXIS 13335, 3 Wage & Hour Cas. 2d (BNA) 892 (E.D.La. 1996) (attached). The most significant difference is that a judgment in a Rule 23 class action is binding on all members of the

class unless they expressly "opt out" of the action, while a judgment in a § 216(b) collective action only binds those members who timely file a proper consent to "opt in" to the action. Thus, while it is obviously important that all potential members of a Rule 23 class receive notice of the pending action (so they can exercise their right to opt out if they desire so as not to be bound by the judgment), such notice is less important in § 216(b) collective actions as the potential members retain their legal rights regardless of the pendency, settlement, or judgment in the collective action. *Wyatt,* at *3; Fed. R. Civ. Proc. 23. Thus, the FLSA itself neither provides a procedure or method for certifying an action to proceed collectively under § 216(b), nor authorizes a notice to potential members of the pendency of or their ability to participate in a collective action.

The leading Fifth Circuit case on collective actions, *Mooney v. Aramco Services Co.*, 54 F.3d 1207 (5th Cir. Tex. 1995), discusses two general approaches used by the courts in addressing certification and notice issues—the first, a two-step approach involving an initial, conditional certification subject to later decertification, and the second, a four-factor approach based on considerations similar to those found in Rule 23. In granting the plaintiffs' initial motion for certification, the Court in *Mooney* followed the two-step approach based on the *Lusardi v. Xerox Corp* trilogy[5] without expressly adopting or approving of either approach for all FLSA actions. *Mooney,* 54 F.3d at 1216.

Plaintiffs in this motion seek initial, conditional certification under the approach used in *Mooney.* At this initial stage, Plaintiffs must satisfy two conditions: (1) the named representatives and the class members must be "similarly situated" and (2) the action

---

[5] *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D. N.J. 1987), *mandamus granted in part, appeal dismissed, Lusardi v. Lechner,* 855 F.2d 1062 (3d Cir.1988), *vacated in part, modified in part, and remanded, Lusardi v. Xerox Corp.*, 122 F.R.D. 463 (D. N.J. 1988), *aff'd in part, appeal dismissed, Lusardi v. Xerox Corp.*, 975 F.2d 964 (3d Cir. 1992).

must be based on some uniform policy or practice that applies generally to all the representatives and class members, not facts that are purely personal to each of them. *Wyatt,* at *4, citing *Heagney v. European Am. Bank,* 122 F.R.D. 125, 127 (E.D.N.Y. 1988) and *Burt v. Manville Sales Corp.,* 116 F.R.D. 276, 277 (D.Colo. 1987). At the very least, plaintiffs are required to show "**some identifiable factual nexus** which binds the named plaintiffs and potential class members together as victims of a particular alleged" violation. *Heagney,* 122 F.R.D. at 127 (emphasis added). If the Plaintiffs make this showing, "based only on the pleadings and any affidavits which have been submitted," the Court then can decide whether notice should be given to potential collective action members. *Mooney,* 54 F.3d at 1214. It is the Plaintiffs' burden to prove that they are similarly situated to one another and to the prospective opt-in plaintiffs they seek to represent. *Hipp v. Liberty Nat. Life Ins. Co.,* 252 F.3d 1208, 1217 (11th Cir. 2001); *cert. denied,* 534 U.S. 1127 (2002); *White v. Osmose, Inc.,* 204 F. Supp. 2d 1309, 1312 (M.D. Ala. 2002); *Harper v. Lovett's Buffet, Inc.,* 185 F.R.D. 358, 362 (M.D. Ala. 1999); *Bayles v. Am. Med. Response of Colo., Inc,* 950 F. Supp. 1053, 1067 (D.Colo. 1996)). Plaintiffs cannot rely on conclusory allegations of superficial similarity to carry this initial burden. While the initial determination of whether to certify the class is made "using a fairly lenient standard" that does not mean that Plaintiffs are automatically entitled to initial certification upon request. *Mooney,* 54 F.3d at 1214. "The court must be satisfied that there is a basis to conclude that <u>questions common to a potential group of plaintiffs would predominate a determination of the merits in this case</u>." *Torres v. CSK Auto, Inc.,* 2003 U.S. Dist. LEXIS 25092 (W.D. Tex. 2003)(emphasis added) (attached). Plaintiffs

cannot rely on non-specific or conclusory allegations to make this showing; there must be a factual basis to justify certification even at this stage of the proceedings. *Id.* at *8.

For example, *Reed v. Mobile County School Sys.* involved an attempt to certify a proposed class similar to the instant proposed class. 246 F. Supp. 2d 1227 (S.D.Ala. 2003). The plaintiffs sought initial certification "of all persons employed by the defendant in non-certified positions within the three years preceding the filing of the complaint who were not paid overtime compensation earned during that period." *Id.* at 1230. The court refused to grant the plaintiffs motion for initial class certification, holding that "the bare-bones complaint provides no information concerning any plaintiff's job title, school assignment, dates of employment, rate of pay or basis of the claim that overtime compensation is owed." *Id.* In rejecting the proposed class which is virtually identical to that proposed by Plaintiffs in the instant case, the court held:

> No broader class is possible in the FLSA context, and the Court rejects any suggestion that, as a matter of law, every non-exempt employee is necessarily similarly situated to every other non-exempt employee of the same employer. Were this proposition true, no evidence would ever be required to satisfy the similarly situated requirement in the FLSA context, yet the courts have made plain that such evidence is required.

*Id.* at 1231-32 (citing *Dybach v. Dept of Corrections*, 942 F.2d 1562, 1567 (11th Cir. 1991) (a plaintiff in an FLSA case must "proffer evidence" that other employees exist that are similarly situated); *Haynes v. Singer Co.*, 696 F.2d 884, 885, 887, n.1 (11th Cir. 1983) (the trial court properly declined to issue notice to a proposed class of "all past and present employees of Singer in the State of Florida" who worked overtime without overtime compensation, absent affirmative evidence that they were similarly situated); *Stone v. First Union Corp.*, 203 F.R.D. 532, 542 (S.D. Fla. 2001) (a showing that each

proposed class member in an ADEA case is age forty or over and suffered an adverse employment action is not sufficient to justify a collective action)).

In *Sheffield v. Orius Corp.*, a group of plaintiffs moved to certify a collective action under Section 216. 211 F.R.D. 411 (D.Or. 2002). The plaintiffs sought to certify a class consisting of "employees of defendant who worked in excess of 40 hours per week and were not paid at a rate of 1 1/2 times their regular rate of pay for those hours worked in excess of 40 hours per week." *Id.* at 412. They also sought relief for employees who were paid at a rate below the minimum wage. The proposed class included linemen, splicers, crew foremen, laborers and other equivalent positions. The district court refused to conditionally certify the class holding:

> The Magistrate Judge correctly noted that there are factual differences among the putative class members. The class members have been employed by different subsidiaries and affiliates of defendant Orius Corp. The class members held different job titles, enjoyed different payment structures (piece-rate, hourly, and salaried), and worked at nine different job sites. Thus, the dissimilarities among the putative class members extend to geography, work sites, and payment systems. . . . Plaintiffs have failed to offer sufficient evidence to establish that the putative class members were commonly affected by a uniform plan or scheme to deny workers overtime compensation and minimum wages.

211 F.R.D. at 413. The court went on to hold that **"a collective action certified on the facts presented thus far would be mired in particularized determinations of liability and damages, rather than collective consideration of common questions of law and fact."** *Id.* (emphasis added).

This initial certification based upon preliminary pleadings and any affidavits submitted by the parties is only conditional and is subject to later decertification under a more rigorous standard after discovery. Decertification is typically sought by motion of the defendant when "discovery is largely complete and the matter is ready for trial." *Id.*

At that stage, the court reevaluates whether the plaintiffs are "similarly situated," based on the greater information available to it at that time in the proceeding, such that their claims can be tried collectively. *Id.* At all times, the Plaintiffs bear the burden of establishing that they are "similarly situated" and the only difference between the first and second stage analyses is the amount of information available to the court to make its decision and the burden the Plaintiffs must satisfy. *Bonilla v. Las Vegas Cigar Co.,* 61 F. Supp. 2d 1129, 1139 n. 6 (D.Nev. 1999), citing *Harper v. Lovett's Buffet, Inc.,* 185 F.R.D. 358, 361 (M.D.Ala. 1999).

**B.    Plaintiffs' Proposed Class Definition, and Alternatives, are Overly Broad and, Thus, Would Constitute an Impermissible, Court-Approved Solicitation in Violation of the FLSA**

The most offending portion of Plaintiffs' motion and proposed notice is the proposed class definition. Plaintiffs are relying on decisions emanating from distinguishable cases. Plaintiffs suggest that this Court adopt an unworkable and impermissibly broad class definition as follows:

> All current and former employees of the Hornets at any time between August 2002 to present and who worked, at any time therein, over 40 hours per week without being paid time and half for the hours worked over 40 hours per week.

See Plaintiffs' Proposed Notice, Exhibit T to Plaintiffs' Motion to Conditionally Certify a Collective Action. Plaintiffs' proposed class definition bears a fatal flaw—namely, the fact that it is so overly broad it would include former executives, managers, supervisors, and professionals who, if it could be reasonably argued that the Hornets are not exempt from the FLSA, would never be classified as non-exempt or entitled to overtime (even under Plaintiffs' own allegations in this action). Plaintiffs alternative proposed class definitions offer no cure for this defect, each being equally broad and including

individuals who either could never be classified as non-exempt, never worked more than 40 hours in any workweek, or were never denied overtime pay.

In addition to these defects, Plaintiffs' proposed class definitions would expand this lawsuit to include potential plaintiffs well outside the job classifications, or positions, represented by the Plaintiffs at issue. The job classifications formerly or currently held by the Plaintiffs in this case, and that have been placed at issue by their allegations, are: Fan Relations Representative, Sales Account Executive, Inside Sales Representative, Regional Sales Account Executive, Group Sales Account Executive, Receptionist, and Ticket Operations Assistant. Adopting Plaintiffs' impermissibly broad class definition would be tantamount to a Court-ordered solicitation of claims from groups of potential plaintiffs from job classifications other than those held by Plaintiffs and, thus, who are not similarly situated to Plaintiffs. Additionally, to the extent none of those job classifications or the current or former employees who hold or have held those positions have been placed at issue in this case, any notice inviting them to participate would have the potential effect of expanding this lawsuit to include allegations, claims, and issues entirely different than those presented by the current Plaintiffs. In short, Plaintiffs cannot legitimately contend they are similarly situated to individuals outside their respective job classifications and, indeed, do not even pretend to offer facts about the duties and responsibilities of other potential job classifications.

For these reasons, the Court should adopt the Hornets' proposed class definition, which would include:

> All current and former employees of the Hornets between August 2002 and the present who held or hold the positions of : Fan Relations Representative, Sales Account Executive, Inside Sales Representative, Regional Sales Account Executive, Group Sales Account Executive,

Receptionist, and Ticket Operations Assistant, and who worked, at any time therein, more than 40 hours in any workweek without being paid one and one half times his or her regular hourly rate for each hour worked in excess of 40 in such workweek.

This proposed class would avoid the potential solicitation and prejudice issues set forth herein while also avoiding any unreasonable expansion of the parties and claims in this lawsuit.

**C.    Plaintiffs' Proposed Notice Unfairly Deprives Defendant of its Right to State its Position Regarding the Plaintiffs' Claims, Impermissibly Emphasizes Language Contrary to Jurisprudence, and Includes an Excessive Opt-In Period**

For the Court's convenience, the Hornets have attached hereto as Exhibit 1 an alternative to the Plaintiffs' notice that addresses the respects in which their notice is opposed herein. The attached notice corrects the unfairly, Plaintiff-slanted version that deprives the Defendant of its right to state its position regarding its defenses. The attached notice also corrects the Plaintiffs' impermissible emphasis on certain language, which emphasis has already previously been rejected by this Court. *Camp v. The Progressive Corporation*, 2002 WL 31496661 (E.D.La. 2002). The Court has an obligation in approving any notice to insure that it does not unfairly portray any particular party, that it is neutral, and that it is free from any suggestion that the Court has an opinion as to the merits of the claim. The defects in Plaintiffs' proposed notice are inconsistent with this Court's obligation and, thus, should be cured by adopting the Hornets' proposed notice.

Plaintiffs also propose an unreasonable 120-day period for potential plaintiffs to file consent forms to opt into this action. In *Burt v. Manville Sales Corp.*, 116 F.R.D. 276 (D.Co. 1987), the court limited the opt-in period to sixty (60) days, which it deemed a

{N1325515.1}

reasonable time for potential plaintiffs to opt-into the collective action lawsuit.  In *Crain v. Helmerich and Payne International Drilling Co.,* 1992 U.S. Dist. LEXIS 5367 (E.D. La. 1992), the court held that thirty (30) days was reasonable for potential plaintiffs to opt-into the collective action lawsuit.  In *Wertheim v. Arizona,* 1993 WL 603552 (D.Ariz.. 1993), the court held forty five (45) days to be a reasonable period of time for potential plaintiffs to opt-into the collective action lawsuit.

All of these cases were cited by Plaintiffs in their brief.  Plaintiffs have provided no reason why the period in this case should be so exceptionally long, particularly since their allegations have already been given extensive media coverage, locally and nationally, such that it cannot be genuinely disputed that they already have an advantage over other potential plaintiffs in other similar actions. Potential plaintiffs have had sufficient notice of the lawsuit and it is unreasonable to provide them an additional one hundred and twenty (120) days to opt-into the lawsuit after any Court-approved notice.

IV.    **Conclusion**

For the reasons set forth herein, the Court should reject the Plaintiffs' proposed class definition and notice based on the fatal defects described above, and approve the notice proposed by the Defendant, which reserves all defenses and rights to decertify this action after appropriate discovery, to limit the statute of limitations, and to challenge any Plaintiffs' untimely claims.

Respectfully submitted,

SIDNEY F. LEWIS, V (Bar No. 17026)
JENNIFER L. ANDERSON, T.A. (Bar No. 23620)
JANE H. HEIDINGSFELDER (Bar No. 28604)
*Jones, Walker, Waechter, Poitevent,*
   *Carrère & Denègre, L.L.P.*

201 St. Charles Avenue - 50th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8000
Telefax: (504) 582-8015
e-mail: slewis@joneswalker.com
e-mail: janderson@joneswalker.com
e-mail: jheidingsfelder@joneswalker.com
*COUNSEL FOR DEFENDANT,*
*NEW ORLEANS HORNETS NBA L.P.*

## CERTIFICATE OF SERVICE

I hereby certify a copy of the above and foregoing *Defendant's Opposition to Motion to Conditionally Certify a Collective Action Pursuant to § 216(b) of the FLSA and to Approve a Proposed Notification to All Putative Collective Action Members,* has been served on all counsel of record by facsimile, and by placing same in the United States mail, postage prepaid and properly addressed this 9th day of August, 2005 upon:

Stewart E. Niles, Jr., Esq.
Niles, Salas, Bourque & Fontana L.C.
909 Poydras Street - Suite 3500
New Orleans, Louisiana  70112
Telefax:  (504) 310-8590

Jennifer L. Anderson

Westlaw.

Not Reported in F.Supp.2d                                                                    Page 1

Not Reported in F.Supp.2d, 2002 WL 31496661, 8 Wage & Hour Cas.2d (BNA) 477
**(Cite as: Not Reported in F.Supp.2d)**

**H**
Not Reported in F.Supp.2d, 2002 WL 31496661, 8
Wage & Hour Cas.2d (BNA) 477
Briefs and Other Related Documents

United States District Court,E.D. Louisiana.
Kelly Marie **CAMP**
v.
THE **PROGRESSIVE CORPORATION** et al.
**No. Civ.A. 01-2680.**

Nov. 8, 2002.

*ORDER AND REASONS*

WILKINSON , Magistrate J.
*1 Plaintiff, Kelly Marie Camp, was formerly an
insurance claims representative employed by one of
the defendants. She filed this action, individually
and on behalf of those similarly situated, to recover
unpaid overtime wages and bonuses from
defendants under the Fair Labor Standards Act. 29
U.S.C. § 201 et seq. Camp also seeks a declaratory
judgment that defendants violated the Fair Labor
Standards Act by improperly classifying her and
other claims representatives as administrative
employees who are exempt from the overtime
provisions of the Act. First Amended Complaint,
Record Doc. No. 31. This matter was referred to the
undersigned magistrate judge for all proceedings
and entry of judgment in accordance with 28 U.S.C.
§ 636(c) upon written consent of all parties. Record
Doc. No. 45.

Pursuant to Section 216(b) of the Act and the Case
Management Order entered by the district judge
who previously presided over this case, Record
Doc. No. 14, Camp moved to certify a collective
class under the Act. Record Doc. No. 12. She
received leave to file a supplemental memorandum
in support of her motion. Record Doc. Nos. 26, 28.
Plaintiff requested and received leave to file her
supplemental memorandum under seal because it

contains exhibits that have been designated as
confidential pursuant to the protective order entered
in this action. Record Doc. No. 16.

Defendants, The Progressive Corporation,
Progressive Casualty Insurance Company,
Progressive Classic Insurance Company,
Progressive Halcyon Insurance Company,
Progressive Northern Insurance Company,
Progressive Northwestern Insurance Company,
Progressive Security Insurance Company and
Progressive Specialty Insurance Company
(collectively "Progressive") opposed the motion by
a written memorandum that was also filed under
seal. Record Doc. No. 37. FN1

> FN1. The protective order allows the
> parties to file pleadings, motions and
> exhibits under seal without first obtaining
> the court's permission. Record Doc. No.
> 23, protective order, ¶ 6. The protective
> order is amended as part of the instant
> order.

Camp received leave to file a reply memorandum,
Record Doc. No. 42, which was again filed under
seal. Record Doc. No. 44. Progressive received
leave to file a supplemental opposition
memorandum. Record Doc. Nos. 60, 61.

The court conducted oral argument on the motion
on September 24, 2002. Participating were Jonathan
Herman, Edward Castaing, Jr., Edward Lilly and
James Jacobs, representing plaintiff; and Ellis
Murov and Gregory Mersol, representing
defendants.

Having considered the record; the complaint, as
amended; the submissions and arguments of the
parties; and the applicable law, IT IS ORDERED
that plaintiff's motion to certify a collective class is
GRANTED, but only as follows, in that only "
conditional certification" as discussed below is

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                        Page 2

Not Reported in F.Supp.2d, 2002 WL 31496661, 8 Wage & Hour Cas.2d (BNA) 477
**(Cite as: Not Reported in F.Supp.2d)**

granted.

### I. *CONDITIONAL CERTIFICATION*

Camp contends that Progressive's failure to pay her for overtime work (and the additional bonuses that would have accumulated had she received more wages) violated Section 207(a)(1) of the Fair Labor Standards Act, which requires an employer to pay its employees overtime compensation for working more than 40 hours per week. The Act provides in relevant part:

*2 Except as otherwise provided in this section, no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

However, the Act exempts from the overtime provisions of Section 207(a)(1) "any employee employed in a bona fide executive, administrative, or professional capacity." *Id.* § 213(a)(1). Progressive argues that Camp and the other employees whom she seeks to represent in this action are exempt from Section 207(a)(1) because they are administrative employees. An employee is properly classified as administrative if her "primary duty consists of either the performance of office or nonmanual work directly related to management policies or general business operations of the employer or the employer's customers, ... where the performance of such primary duty includes work requiring the exercise of discretion and independent judgment." 29 C.F.R. § 541.214(a).

Section 216(b) of the Fair Labor Standards Act grants employees a collective cause of action to recover overtime compensation and liquidated damages against an employer who violates Section 207.

An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more

employees *for and in behalf of himself or themselves and other employees similarly situated.* No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b) (emphasis added).

In the instant motion, Camp seeks to certify a Section 216(b) class consisting of "all current and former salaried employees of Progressive Insurance Company, FN2 located in the 50 States, who are/were employed as claims representatives or otherwise performed claims adjusting services consistent with the policies, procedures, scripts, and manuals promulgated by Progressive Insurance Company and who did not receive overtime pay." Record Doc. No. 12, Motion to Certify a Collective Class, at p.2; Record Doc. No. 31, First Amended Complaint, ¶ 21. During the hearing on the motion, plaintiff's counsel stated that the time period of the proposed class is limited to three years before the filing of the instant complaint to the present.

> FN2. "Progressive Insurance Company" is defined by plaintiff as consisting of all of the defendants.

The parties requested and the then-presiding district judge approved a two-step, conditional certification process for a collective action under Section 216(b). Record Doc. No. 14, Case Management Order at p.2. That process has been approved by the Fifth Circuit in *Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1213-14 (5th Cir.1995). FN3

> FN3. *Mooney* was a collective action brought under the Age Discrimination in Employment Act, which incorporates Section 216(b) of the Fair Labor Standards Act. *Id.* (citing 29 U.S.C. § 626(b)). Thus, collective action cases brought under the Age Discrimination in Employment Act are persuasive when interpreting Section 216(b) of the Fair Labor Standards Act.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                    Page 3

Not Reported in F.Supp.2d, 2002 WL 31496661, 8 Wage & Hour Cas.2d (BNA) 477
(Cite as: Not Reported in F.Supp.2d)

Under this procedure, FN4 the court first determines whether the named plaintiff is "similarly situated" to the proposed class members, as required by Section 16(b) of the Fair Labor Standards Act. *Id.* at 1212. "Similarly situated" is not defined in the Act. The cases that have interpreted this section

> FN4. I employ this procedure with trepidation because I fear it may prove wasteful and inefficient. In my view, a more efficient approach would be the bifurcated process commonly used in class actions brought under Fed.R.Civ.P. 23, in which the parties engage in *full* discovery of the class issues before plaintiff moves for class certification, so that the court may make a single determination of the issue based upon a complete record. In the instant case, although the evidentiary record appears substantial, Camp may not have developed all relevant evidence because the burden to show that she is similarly situated is so lenient at the conditional certification stage and because she faces the time pressure of the statute of limitations for the rest of the class, which is not tolled by her filing of this action but is interrupted for each potential plaintiff only when he or she files a consent to opt in. 29 U.S.C. §§ 255(a) , 256(b). Despite my procedural misgivings, I will not alter it at this late date because the parties jointly requested and are now heavily invested in it, the previously presiding district judge ordered it and the Fifth Circuit has authorized its use. I consider this procedure the law of this case, and I will follow it.

*3 are remarkable in that they do not set out a definition of "similarly situated," but rather they define the requirement by virtue of the factors considered in the "similarly situated" analysis. In other words, this line of cases, by its nature, does not give a recognizable form to an ADEA representative class, but lends itself to ad hoc analysis on a *case-by-case basis.Id.* at 1213

(emphasis added). Thus,

> the trial court approaches the "similarly situated" inquiry via a two-step analysis. The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision-usually based only on the pleadings and any affidavits which have been submitted-whether notice of the action should be given to potential class members.
> Because the court has minimal evidence, this determination is made *using a fairly lenient standard, [FN8] and typically results in " conditional certification" of a representative class.* If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.
>> [FN8] *At the notice stage, courts appear to require nothing more than substantial allegations* that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination.
> *Id.* at 1213-14 & n. 8 (quotations and citations omitted) (emphasis added).

Under this lenient, two-step process, if conditional certification is granted, the defendant later may file a motion for decertification after more extensive discovery.

> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives-i.e. the original plaintiffs-proceed to trial on their individual claims.
> *Id.* at 1214.

The issue presented at this conditional certification stage is whether Camp is "similarly situated" to the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                 Page 4

Not Reported in F.Supp.2d, 2002 WL 31496661, 8 Wage & Hour Cas.2d (BNA) 477
**(Cite as: Not Reported in F.Supp.2d)**

class members whom she seeks to represent. Because the court's analysis is an ad hoc one, based on the facts of this particular case, other cases that have conditionally certified, declined to certify or decertified conditional classes are not extremely useful in determining whether she is "similarly situated" to other potential class members.

Some of the cases cited by Progressive in opposition to plaintiff's motion for conditional certification were either decided at the decertification stage or involved denials of motions to certify when extensive discovery had already been accomplished and the standard used for maintaining or granting certification was much stricter than the lenient standard employed at this conditional certification stage. *E.g., Moriskey v. Public Serv. Elec. & Gas Co.,* 111 F.Supp.2d 493 (D.N.J.2000) ; *Ray v. Motel 6 Operating, Ltd. Partnership,* No. 3-95-828, 1996 WL 938231 (D.Minn.1995) ; *Brooks v. BellSouth Telecomms., Inc.,* 164 F.R.D. 561 (N.D.Ala.1995) ; *Ulvin v. Northwestern Nat'l Life Ins. Co.,* 141 F.R.D. 130 (D.Minn.1991).

*4 The cases in which conditional certification has been granted or upheld are clear that the "similarly situated" standard at this stage is *lenient,* plaintiff's burden is not heavy, the evidence needed is minimal and the existence of some variations between potential claimants is *not* determinative of lack of similarity. *E.g., Hipp v. Liberty Nat'l Life Ins. Co.,* 252 F.3d 1208, 1217-19 (11th Cir.2001) ; *Mooney,* 54 F.3d at 1213-14; *White v. Osmose, Inc.,* 204 F.Supp.2d 1309, 1313-14 (M.D.Ala.2002) ; *Harper v. Lovett's Buffett,* 185 F.R.D. 358, 362-64 (M.D.Ala.1999) ; *Tucker v. Labor Leasing, Inc.,* 872 F.Supp. 941, 947-48 (M.D.Fla.1994) ; *Crain v. Helmerich & Payne Int'l Drilling Co.,* No. 92-0043, 1992 WL 91946, at *2-3 (E.D.La. Apr.16, 1992) (Feldman, J.); *see also Bradford v. Bed, Bath & Beyond,* 184 F.Supp.2d 1342, 1347 (N.D.Ga.2002) (refusing to decertify Section 216(b) class because " [p]laintiffs' job duties, while not identical, were very similar" and defendant's "store within a store" approach did not "result[ ] in many practical differences among the stores"); *Moss v. Crawford & Co.,* 201 F.R.D. 398, 400, 410 (W.D.Pa.2000) (refusing to decertify Section 216(b) class of

monitors, insurance adjusters and invoice reviewers despite defendant's arguments concerning differences in potential plaintiffs' job duties, geographic assignments and hourly billing rates).

Camp began working for Progressive as a non-exempt Claims Assistant in the New Orleans area. She became an exempt Claims Representative in early 1997 and became a Claims Representative II in February 1999. At the time her employment ceased in June 2001, her job title was Claims Specialist. Defendant's Exh. B, affidavit of Thomas N. Schmitt, Progressive's Human Resources Director of Claims, at p.4.

Based on the depositions of some of Progressive's corporate managers, supplemented by post-deposition affidavits from those same managers, Progressive argues that the proposed class covers numerous different job titles held by claims representatives in 50 states with extremely numerous different pay grades and allegedly very different job duties. However, considering the " lenient standard" for conditional certification and the "minimal evidence" necessary at this stage, I find that Camp is similarly situated to other claims representatives in all 50 states and that conditional certification is appropriate.

Camp has presented the bare minimum of evidence necessary to show that she is similarly situated to other potential claimants. She has presented no affidavits or deposition testimony from any class member, including herself, but relies exclusively on evidence discovered from Progressive and the fact allegations in her recently verified, First Amended Complaint. FN5 Needless to say, defendant's corporate representatives were unwilling to concede in their depositions that any claims representatives who had a different title than plaintiff or who worked in a different state, or even another part of the same state, performed the same duties, had the same job objectives or were paid the same salary. However, the legal standard is "similarly situated," not identically situated, *Hipp,* 252 F.3d at 1217; *Bradford,* 184 F.Supp.2d at 1347; *Moss,* 201 F.R.D. at 409; and plaintiff's burden at this state of the proceedings is lenient. Variations in title, salary and geographic location are merely factors to be

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                         Page 5

Not Reported in F.Supp.2d, 2002 WL 31496661, 8 Wage & Hour Cas.2d (BNA) 477
**(Cite as: Not Reported in F.Supp.2d)**

considered and are not dispositive.

> FN5. Although she filed her First Amended Complaint in July 2002, Camp just recently requested and received leave to file her verification. Record Doc. Nos. 68, 69.

**\*5** Fundamentally, "Claims Representatives adjust claims when claims are asserted by or against insureds under the policies" issued by Progressive. Defendant's Exh. A, affidavit of Brian Passell, Progressive's Claims President, at p.1. Plaintiff alleges in her verified, First Amended Complaint that the claims adjuster position involves opening a claim file, contacting all relevant parties, taking statements from claimants and witnesses, investigating the claim and extinguishing all exposures. "These duties were the Plaintiffs' primary duties and that for which they were hired." Record Doc. No. 31, First Amended Complaint, ¶ 28.

Progressive's Job Description Library confirms that an Associate Claims Representative, a Claims Representative I, Claims Representative II, Claims Specialist, Senior Claims Representative and Senior Claims Specialist all perform the same objectives with the same fundamental responsibilities of gathering information, investigating a claim, evaluating the damages and bringing the claim to resolution. Plaintiff's Exh. I, Progressive's Job Description Library. These duties and objectives persist throughout the job descriptions, regardless whether higher level representatives have more experience, may specialize in particular types of claims and are paid more than lower level representatives.

Marsha J. Conaway, Progressive's Manager of Corporate Compensation, testified that the job duties of employees within each job title were considered similar, regardless of location, for purposes of classifying those employees as administrative and exempt under Section 213(a)(1) of the Fair Labor Standards Act. Plaintiff's Exh. G, Conaway deposition at pp. 47-51. Although each employee's salary takes into account his or her

particular skills, experience and performance, each job title has a set salary range, adjusted for the cost of labor in each geographic region, that is determined by Conaway and her staff at the corporate level and disseminated to the regions. *Id.* at pp. 51-58. Schmitt, Progressive's Human Resources Director of Claims, also testified that it is "very possible" that the broad job objectives of all employees within a job title and a given state or from state to state could be similar. Plaintiff's Exh. F, Schmitt deposition at pp. 103-07. His subsequent affidavit, clarifying that each claims representative has individual job objectives, does not negate the existence of broadly based, nationwide job objectives.

Plaintiff alleges in her verified, First Amended Complaint that all claims adjusters are required to adhere to and follow numerous manuals, policies and procedures promulgated by Progressive's corporate management. Progressive has used during the relevant time period a nationwide, 60-page Claims Standards manual, which provides all regional offices with uniform, broad objectives, procedures and tools for investigating, evaluating and resolving claims. Regardless of local variations, this manual also supports a finding of similarities of job objectives and duties throughout the range of job titles and geographic locations of claims representatives.

**\*6** Based on the foregoing evidence, and applying the low standard of proof imposed by the two-step procedure for collective action certification previously adopted in this case, IT IS ORDERED that plaintiff's motion is GRANTED and that a collective class under Section 216(b) is *conditionally* certified, consisting of all current and former salaried employees of the Progressive family of insurance companies ("Progressive Insurance Company"), located in the 50 States, who are or were employed as claims representatives or otherwise performed claims adjusting services consistent with the policies, procedures, scripts and manuals promulgated by Progressive Insurance Company and who did not receive overtime pay within the two years preceding the date of entry of the instant order or within the three years preceding the date of entry of the instant order if the violation

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                    Page 6

Not Reported in F.Supp.2d, 2002 WL 31496661, 8 Wage & Hour Cas.2d (BNA) 477
**(Cite as: Not Reported in F.Supp.2d)**

was willful.

## II. *PLAINTIFF MAY GIVE NOTICE TO THE POTENTIAL CLASS*

Counsel for the parties met with the court on September 30, 2002 to discuss a proposed form of notice, which they provided to the court to the extent that they could agree on it (copies attached for filing in the record). Defendant, of course, does not agree that a class should be certified or that notice should be given at all, but has participated in the process of drafting a notice at the court's request and only in the event conditional certification were granted. Counsel are commended for their efforts at negotiating and agreeing on the majority of the proposed notice.

The parties disagree about the time period for which notice should be issued. The Fair Labor Standards Act incorporates the statute of limitations of the Portal-to-Portal Act, which provides that potential plaintiffs have two years within which to file a civil action for unpaid overtime compensation. 29 U.S.C. § 255(a). If defendant's violations were willful, that time period is extended to three years. *Id.* Camp seeks to notify potential class members that they may join this lawsuit if they have claims extending back three years from the date of entry of this order, on the theory (not yet proved) that defendant's conduct was willful. Progressive contends that its violations, if any, were not willful and that the notice period should therefore be limited to two years.

Progressive has not provided the court with any authority that plaintiff must demonstrate willfulness at this early stage. If Progressive believes that the prior, limited Department of Labor determinations cited in its memoranda conclusively establish that plaintiff cannot meet her burden of proving willfulness, it can move for decertification or summary judgment on its statute of limitations defense. *White,* 204 F.Supp.2d at 1318 n. 9. At this early stage, the court will require that potential plaintiffs be provided with as much information and leeway to opt in as possible, within the strictures of the applicable law. Accordingly, the court will

allow notice to be given to potential plaintiffs for claims of willful violations extending back three years from the date of entry of this order. FN6

> FN6. When a putative plaintiff opts in by filing a consent form, his action " commences" and interrupts the running of the statute of limitations. 29 U.S.C. § 256(b). A separate claim for a violation of the Fair Labor Standards Act accrues each time a non-exempt plaintiff receives a paycheck from defendant that does not include overtime pay. *Redman v. U.S. West Bus. Res., Inc.,* 153 F.3d 691, 695 (8th Cir.1998) ; *Knight v. Columbus,* 19 F.3d 579, 581 (11th Cir.1994) ; *Halferty v. Pulse Drug Co.,* 821 F.2d 261, 271 (5th Cir.1987). Thus, any putative plaintiff who has not yet filed a consent form in this court is apparently barred from making a claim for any Fair Labor Standards Act violations that occurred more than two years (or three if the violation was willful) before today's date.

*\*7 In the same vein of providing potential plaintiffs with as much information as possible to inform their choice whether to opt in to the class, the court approves inclusion in paragraph 2 of the draft notice of the "similarly situated" language and of the language proposed by Camp concerning any money due under defendant's "gainsharing" program. Because the court has certified a class consisting of claims "representatives," that is the appropriate word to use in paragraph 3 of the notice, rather than the word "adjusters."

In paragraph 5, the sentence concerning possible liability for costs must be included. In paragraph 6, the sentence concerning the passage of time and the barring effect of the statute of limitations must be included. Paragraph 7 must be written in ordinary type, not in all capital letters. In the unnumbered paragraph on page 6 of the draft notice, the correct name and title of this court are "Joseph C. Wilkinson, Jr., United States Magistrate Judge."

Finally, the parties ask the court to set a deadline of

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                          Page 7

Not Reported in F.Supp.2d, 2002 WL 31496661, 8 Wage & Hour Cas.2d (BNA) 477
**(Cite as: Not Reported in F.Supp.2d)**

between 60 and 120 days for plaintiffs to opt in to the class. Considering the upcoming holiday season, the court will set a deadline of 120 days from the date of entry of this order for plaintiffs to opt in to the collective action by filing their consent forms with this court.

### CONCLUSION

For the foregoing reasons, IT IS ORDERED that plaintiff's motion to certify a collective class is GRANTED and that a collective class is *conditionally* certified, consisting of all current and former salaried employees of the Progressive family of insurance companies ("Progressive Insurance Company"), located in the 50 States, who are or were employed as claims representatives or otherwise performed claims adjusting services consistent with the policies, procedures, scripts and manuals promulgated by Progressive Insurance Company and who did not receive overtime pay within the two years preceding the date of entry of the instant order or within the three years preceding the date of entry of the instant order if the violation was willful.

IT IS FURTHER ORDERED that Camp may notify potential plaintiffs using the form of notice approved by this court and that all plaintiffs must opt in by filing their consent forms with this court no later than 120 days from the date of entry of this order.

IT IS FURTHER ORDERED that the protective order entered in this action is MODIFIED so that all parties must seek leave of court before filing any pleading or document under seal. This court's record is presumptively a public record, and the Clerk of Court has limited storage space for maintaining documents under seal. Only truly confidential, proprietary, trade secret or other similar materials should be sealed in a public record. Thus, the court will not permit the wholesale filing under seal of pleadings, motion papers, depositions and exhibits that contain only limited amounts of truly confidential information. Counsel are instructed to try to "write around" confidential information in their memoranda and to

request sealing only of those parts of memoranda and exhibits that are truly confidential.

### *PLAINTIFFS' PROPOSED NOTICE*

**\*8** TO: ALL PRESENT AND FORMER SALARIED EMPLOYEES OF THE PROGRESSIVE FAMILY OF INSURANCE COMPANIES (*"PROGRESSIVE INSURANCE COMPANY"* ), LOCATED IN THE FIFTY STATES, WHO ARE/WERE EMPLOYED AS CLAIMS REPRESENTATIVES OR OTHERWISE PERFORMED CLAIMS ADJUSTING SERVICES CONSISTENT WITH THE POLICIES, PROCEDURES, SCRIPTS, AND MANUALS PROMULGATED BY *PROGRESSIVE INSURANCE COMPANY,* ~~WITHIN THE PAST THREE (3) YEARS~~ AT ANY TIME FROM OCTOBER 1, 1999 THROUGH THE PRESENT DATE.
   RE: Fair Labor Standards Act Lawsuit Filed Against *Progressive Insurance Company.*

### 1. INTRODUCTION.

The purpose of this Notice is to inform you of the existence of a collective action lawsuit in which you potentially are "similarly situated" to the named Plaintiff, to advise you of how your rights may be affected by this suit, and to instruct you on the procedure for participating in this suit, should you decide that it is appropriate and should you choose to do so.

### 2. DESCRIPTION OF THE LAWSUIT.

On August 31, 2001, Kelly Marie Camp brought this lawsuit against the *Progressive Insurance Company,* on behalf of herself and all other past and present salaried claims adjusters of the *Progressive Insurance Company,* in the United States District Court for the Eastern District of Louisiana, alleging that she and ~~they~~ others similarly situated are owed unpaid overtime under the Fair Labor Standards Act, plus any money due under the "gainsharing" program had overtime been

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                          Page 8

Not Reported in F.Supp.2d, 2002 WL 31496661, 8 Wage & Hour Cas.2d (BNA) 477
**(Cite as: Not Reported in F.Supp.2d)**

included as "eligible compensation."

The Plaintiff also alleges that *Progressive Insurance Company* willfully failed to properly compensate her and others similarly situated. Finally, the Plaintiff seeks an additional equal amount of overtime as liquidated damages, as well as prejudgment interest, attorneys' fees and costs. This lawsuit is currently in the early pretrial stage.

*Progressive Insurance Company* has denied Plaintiff's allegations and maintains that its claims representatives were properly compensated and maintains that it complied with the Fair Labor Standards Act. *Progressive Insurance Company* also maintains that it exercised good faith in its application of the Fair Labor Standards Act to its employees.

### 3. COMPOSITION OF THE CLASS.

The named plaintiff seeks to sue on behalf of herself and also on behalf of other salaried claims ~~adjusters~~ representatives with whom she is similarly situated. Specifically, the named Plaintiff seeks to sue on behalf of any and all salaried claims ~~adjusters~~ representatives who are or have been at any time within the past three (3) years employed at *Progressive Insurance Company* as a claims adjuster or otherwise perform claims adjusting services consistent with the policies, procedures, scripts, and manuals promulgated by *Progressive Insurance Company* within the past three (3) years. This action covers all claims adjusters employed by *Progressive Insurance Company* throughout the fifty States.

### 4. YOUR RIGHT TO PARTICIPATE IN THIS SUIT.

**\*9** If you fit the definition above, you may join this suit (that is, you may "opt in") by mailing the " Consent to Become Party Plaintiff" form to Plaintiff's counsel at the following address:
  Jonathan M. Herman, Esq.
  CRULL, CASTAING, LILLY & HERMAN
  601 Poydras Street, Suite 2323

Pan American Life Center
New Orleans, LA 70130
(504) 581-7700
(504) 581-5523, facsimile
www.progressiveovertimelawsuit.com
as soon as possible and in sufficient time to have Plaintiffs' counsel file it with the federal court on or before _____. If you fail to return the " Consent to Become Party Plaintiff" form to Plaintiffs' counsel in time for it to be filed with the federal court on or before the above deadline date, you may not be able to participate in this lawsuit.

If you file a "Consent to Become Party Plaintiff" form, your right to participate in this suit may depend upon a later decision by the District Court that you and the Plaintiffs are actually "similarly situated" in accordance with federal law.

### 5. EFFECT OF JOINING THIS SUIT.

If you choose to join in the suit, you will be bound by the Judgment, whether it is favorable or unfavorable. While this suit is proceeding, you may be required to respond to written questions, sit for depositions and/or testify in court.

The attorneys for the class plaintiffs are being paid on a contingency fee basis, which means that if there is no recovery, there will be no attorneys' fee. ~~The putative class could (not would) be liable for costs if there is no recovery.~~ If there is a recovery, the attorneys for the class will receive a part of any settlement obtained or money judgment entered in favor of all members of the class. By joining this lawsuit, you designate the class representative as your agent to make decisions on your behalf concerning the litigation, the method and manner of conducting this litigation, and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into by the representative Plaintiff will be binding on you if you join this lawsuit.

### 6. NO LEGAL EFFECT IN NOT JOINING THIS SUIT.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                        Page 9

Not Reported in F.Supp.2d, 2002 WL 31496661, 8 Wage & Hour Cas.2d (BNA) 477
**(Cite as: Not Reported in F.Supp.2d)**

If you choose not to join this suit, you will not be affected by any judgment or settlement rendered in this case, whether favorable or unfavorable to the class. If you choose not to join in this lawsuit, you are free to file your own lawsuit. However, because the passage of time may result in part of all of your claim being barred by the applicable statute of limitations, if you wish to participate in this lawsuit, it is important that you sign, date, and mail the attached consent form as soon as possible, but in any event, NO LATER THAN _____, 2002.

### 7. NO RETALIATION PERMITTED.

FEDERAL LAW PROHIBITS *PROGRESSIVE INSURANCE COMPANY* FROM DISCHARGING YOU OR IN ANY OTHER MANNER DISCRIMINATING AGAINST YOU BECAUSE YOU HAVE EXERCISED YOUR RIGHTS UNDER THE FAIR LABOR STANDARDS ACT.

### 8. YOUR LEGAL REPRESENTATION IF YOU JOIN.

**\*10** If you choose to join this suit, your interests will be represented by the named Plaintiff through her attorneys, as counsel for the class. Counsel for the class are:
  Jonathan M. Herman, Esq.
  CRULL, CASTAING, LILLY & HERMAN
  601 Poydras Street, Suite 2323
  Pan American Life Center
  New Orleans, LA 70130
  (504) 581-7700
  and
  James M. Jacobs, Esq.
  MURPHY, ROGERS & SLOSS
  701 Poydras Street
  One Shell Square, Suite 400
  New Orleans, LA 70139
  (504) 523-0400

### 9. COUNSEL FOR *PROGRESSIVE INSURANCE COMPANY*.

The attorneys for *Progressive Insurance Company* are:
  Ellis B. Murov, Esq.
  DEUTSCH, KERRIGAN & STILES, L.L.P.
  755 Magazine Street
  New Orleans, LA 70130
  and
  Gregory V. Mersol, Esq.
  BAKER & HOSTETLER, L.L.P.
  3200 National City Center
  1900 East Ninth Street
  Cleveland, OH 44114-3485

### 10. FURTHER INFORMATION.

Further information about this Notice, the deadline for filing a "Consent to Become Party Plaintiff," or questions concerning this lawsuit may be obtained by writing or telephoning Plaintiffs' counsel at the number and address stated above.

THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT, HONORABLE JOSEPH WILKINSON, JR., UNITED STATES MAGISTRATE JUDGE. THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF THE PLAINTIFF'S CLAIMS OR OF DEFENDANTS' DEFENSES.

### CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I represent to the Court that I meet the definition contained in paragraph three (3) of the "Notice" describing "Composition of the Class," and I hereby authorize the filing and prosecution of the above-styled Fair Labor Standards Act action in my name and on my behalf by the above representative Plaintiff and designate the class representative as my agent to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fee and costs, and all other matters pertaining to this lawsuit.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                  Page 10

Not Reported in F.Supp.2d, 2002 WL 31496661, 8 Wage & Hour Cas.2d (BNA) 477
**(Cite as: Not Reported in F.Supp.2d)**

I understand that, by filing this Consent, I will be
bound by the Judgment of the Court on all issues in
the case whether or not favorable to me.

Counsel Name, Address, and Signature
(if applicable)

_____

SIGNATURE (Sign Your Name)                    _____

_____
(Print Name)                                  _____

_____
(Street Address)                              _____

_____
(City, State, Zip)                            _____

_____
(Telephone Number)

PLEASE RETURN THIS FORM IN TIME FOR
FILING      WITH      THE      COURT      BY
_____, TO:
  Jonathan M. Herman
  CRULL, CASTAING, LILLY & HERMAN
  601 Poydras Street, Suite 2323
  Pan American Life Center
  New Orleans, LA 70130
  (504) 581-5523

### 1. INTRODUCTION.

The purpose of this Notice is to inform you of the
existence of a collective action lawsuit in which you
potentially are "similarly situated" to the named
Plaintiff, to advise you of how your rights may be
affected by this suit, and to instruct you on the
procedure for participating in this suit, should you
decide that it is appropriate and should you choose
to do so.

*DEFENDANTS' PROPOSED NOTICE*

### 2. DESCRIPTION OF THE LAWSUIT.

TO: ALL PRESENT AND FORMER SALARIED
EMPLOYEES OF THE PROGRESSIVE FAMILY
OF    INSURANCE    COMPANIES    ("
PROGRESSIVE    INSURANCE    COMPANY"),
LOCATED IN THE FIFTY STATES, WHO
ARE/WERE    EMPLOYED    AS    CLAIMS
REPRESENTATIVES    OR    OTHERWISE
PERFORMED CLAIMS ADJUSTING SERVICES
CONSISTENT    WITH    THE    POLICIES,
PROCEDURES,    SCRIPTS,    AND    MANUALS
PROMULGATED    BY    PROGRESSIVE
INSURANCE COMPANY, WITHIN THE PAST
THREE (3) YEARS.
  *11 RE: Fair Labor Standards Act Lawsuit Filed
Against Progressive Insurance Company.

On August 31, 2001, Kelly Marie Camp brought
this lawsuit against the Progressive Insurance
Company, on behalf of herself and all other past
and present salaried claims adjusters of the
Progressive Insurance Company, in the District
Court for the Eastern District of Louisiana, alleging
that she and they are owed unpaid overtime under
the Fair Labor Standards Act.

The Plaintiff also alleges that Progressive Insurance
Company willfully failed to properly compensate
her and others. Finally, the Plaintiff seeks an
additional equal amount of overtime as liquidated
damages, as well as prejudgment interest, attorneys'
fees and costs. This lawsuit is currently in the early
pretrial stage.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                    Page 11

Not Reported in F.Supp.2d, 2002 WL 31496661, 8 Wage & Hour Cas.2d (BNA) 477
**(Cite as: Not Reported in F.Supp.2d)**

Progressive Insurance Company has denied Plaintiff's allegations and maintains that its claims representatives were properly compensated and maintains that it complied with the Fair Labor Standards Act. Progressive Insurance Company also maintains that it exercised good faith in its application of the Fair Labor Standards Act to its employees.

### 3. COMPOSITION OF THE CLASS.

The named plaintiff seeks to sue on behalf of herself and also on behalf of other salaried claims adjusters with whom she is similarly situated. Specifically, the named Plaintiff seeks to sue on behalf of any and all salaried claims adjusters who are or have been at any time within the past three (3) years employed at Progressive Insurance Company as a claims adjuster or otherwise perform claims adjusting services consistent with the policies, procedures, scripts, and manuals promulgated by Progressive Insurance Company within the past three (3) years. This action covers all claims adjusters employed by Progressive Insurance Company throughout the fifty States.

### 4. YOUR RIGHT TO PARTICIPATE IN THIS SUIT.

If you fit the definition above, you may join this suit (that is, you may "opt in") by mailing the "Consent to Become Party Plaintiff" form to Plaintiff's counsel at the following address:
    Jonathan M. Herman, Esq.
    CRULL, CASTAING, LILLY & HERMAN
    601 Poydras Street, Suite 2323
    Pan American Life Center
    New Orleans, LA 70130
    (504) 581-7700
    (504) 581-5523, facsimile
    www.cclhlaw.com
as soon as possible and in sufficient time to have Plaintiffs' counsel file it with the federal court on or before _____. If you fail to return the "Consent to Become Party Plaintiff" form to Plaintiffs' counsel in time for it to be filed with the federal court on or before the above deadline date,

you may not be able to participate in this lawsuit.

**\*12** If you file a "Consent to Become Party Plaintiff " form, your right to participate in this suit may depend upon a later decision by the District Court that you and the Plaintiffs are actually "similarly situated" in accordance with federal law.

### 5. EFFECT OF JOINING THIS SUIT.

If you choose to join in the suit, you will be bound by the Judgment, whether it is favorable or unfavorable. While this suit is proceeding, you may be required to respond to written questions, sit for depositions and/or testify in court.

The attorneys for the class plaintiffs are being paid on a contingency fee basis, which means that if there is no recovery, there will be no attorneys' fee. The putative class could (not would) be liable for costs if there is no recovery. If there is a recovery, the attorneys for the class will receive a part of any settlement obtained or money judgment entered in favor of all members of the class. By joining this lawsuit, you designate the class representative as your agent to make decisions on your behalf concerning the litigation, the method and manner of conducting this litigation, and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into by the representative Plaintiff will be binding on you if you join this lawsuit.

### 6. NO LEGAL EFFECT IN NOT JOINING THIS SUIT.

If you choose not to join this suit, you will not be affected by any judgment or settlement rendered in this case, whether favorable or unfavorable to the class. If you choose not to join in this lawsuit, you are free to file your own lawsuit.

### 7. NO RETALIATION PERMITTED.

Federal law prohibits Progressive Insurance Company from discharging you or in any other

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                          Page 12

Not Reported in F.Supp.2d, 2002 WL 31496661, 8 Wage & Hour Cas.2d (BNA) 477
**(Cite as: Not Reported in F.Supp.2d)**

manner discriminating against you because you have exercised your rights under the Fair Labor Standards Act.

### 8. YOUR LEGAL REPRESENTATION IF YOU JOIN.

If you choose to join this suit, your interests will be represented by the named Plaintiff through her attorneys, as counsel for the class. Counsel for the class are:

Jonathan M. Herman, Esq.
CRULL, CASTAING, LILLY & HERMAN
601 Poydras Street, Suite 2323
Pan American Life Center
New Orleans, LA 70130
(504) 581-7700
and
James M. Jacobs, Esq.
MURPHY, ROGERS & SLOSS
701 Poydras Street
One Shell Square, Suite 400
New Orleans, LA 70139
(504) 523-0400

### 9. COUNSEL FOR PROGRESSIVE INSURANCE COMPANY.

The attorneys for Progressive Insurance Company are:

Ellis B. Murov, Esq.
DEUTSCH, KERRIGAN & STILES, L.L.P.
755 Magazine Street
New Orleans, LA 70130
and
Gregory V. Mersol, Esq.
BAKER & HOSTETLER, L.L.P.
3200 National City Center
1900 East Ninth Street
Cleveland, OH 44114-3485

### 10. FURTHER INFORMATION.

Further information about this Notice, the deadline for filing a "Consent to Become Party Plaintiff," or questions concerning this lawsuit may be obtained

by writing or telephoning Plaintiffs' counsel at the number and address stated above.

**\*13** THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT, HONORABLE JOSEPH J. WILKINSON, JR., UNITED STATES MAGISTRATE COURT JUDGE. THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF THE PLAINTIFF'S CLAIMS OR OF DEFENDANTS' DEFENSES.

### CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I represent to the Court that I meet the definition contained in paragraph three (3) of the "Notice" describing "Composition of the Class," and I hereby authorize the filing and prosecution of the above-styled Fair Labor Standards Act action in my name and on my behalf by the above representative Plaintiff and designate the class representative as my agent to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fee and costs, and all other matters pertaining to this lawsuit.

I understand that, by filing this Consent, I will be bound by the Judgment of the Court on all issues in the case whether or not favorable to me.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.