UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EUGENE LIGER, ET AL.** | **CIVIL ACTION NO. 05-1969** |
| **VERSUS** | **SECTION "C"** |
| **NEW ORLEANS HORNETS NBA LIMITED PARTNERSHIP** | **MAGISTRATE 05** |

### DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFFS' THIRD AMENDED COLLECTIVE ACTION COMPLAINT AND JURY TRIAL REQUEST

**NOW INTO COURT,** through undersigned counsel, comes Defendant, New Orleans Hornets NBA Limited Partnership, and submits the following Answer and Defenses to Plaintiffs' Third Amended Collective Action Complaint and Jury Trial Request.

I.

Defendant is not called on to admit or deny the allegations in Paragraph I of Plaintiffs' Third Amended Collective Action Complaint and Jury Trial Request.

{N1444843.1}    - 1 -

2.

Defendant is not called on to admit or deny the allegations in Paragraph 2 of Plaintiffs' Third Amended Collective Action Complaint and Jury Trial Request, but denies any alleged violations of law.

II.

Defendant is not called on to admit or deny the allegations in Paragraph II of Plaintiffs' Third Amended Collective Action Complaint and Jury Trial Request, but denies any alleged violations of law.

M.

Defendant admits that Plaintiff, Lynn Holmes, worked as a sales employee for the Hornets, but denies the remaining allegations in Paragraph II.M. of Plaintiffs' Third Amended Collective Action Complaint and Jury Trial Request for lack of sufficient information to justify a belief therein.

N.

Defendant admits that Plaintiff, Dan Karlsberg, worked as a sales employee for the Hornets, but denies the remaining allegations in Paragraph II.N. of Plaintiffs' Third Amended Collective Action Complaint and Jury Trial Request for lack of sufficient information to justify a belief therein.

O.

Defendant admits that Plaintiff, Ken Kliebert, worked as a sales employee for the Hornets, but denies the remaining allegations in Paragraph II.O. of Plaintiffs' Third

Amended Collective Action Complaint and Jury Trial Request for lack of sufficient information to justify a belief therein.

III.

Defendant is not called on to admit or deny the allegations in Paragraph III of Plaintiffs' Third Amended Collective Action Complaint and Jury Trial Request.

## COUNT VII

103.

Defendant incorporates by reference its prior answers and defenses in response to the allegations in Paragraphs 1-51 of Plaintiffs' Complaint and Jury Trial Request, as amended.

104.

Defendant admits that Plaintiffs claim to bring this action on behalf of themselves and other allegedly similarly situated person, but denies liability, denies that this action is proper for certification as a collective action under 29 U.S.C. § 216(b), and denies the remaining allegations and implications in Paragraph 104 of Plaintiffs' Third Amended Collective Action Complaint and Jury Trial Request.

105.

Defendant denies the allegations in Paragraph 105 of Plaintiffs' Third Amended Collective Action Complaint and Jury Trial Request.

106.

Defendant denies the allegations in Paragraph 106 of Plaintiffs' Third Amended Collective Action Complaint and Jury Trial Request.

107.

Defendant denies the allegations in Paragraph 107 of Plaintiffs' Third Amended Collective Action Complaint and Jury Trial Request.

108.

Defendant denies the allegations in Paragraph 108 of Plaintiffs' Third Amended Collective Action Complaint and Jury Trial Request.

109.

Defendant denies the allegations in Paragraph 109 of Plaintiffs' Third Amended Collective Action Complaint and Jury Trial Request.

110.

Defendant denies the allegations in Paragraph 110 of Plaintiffs' Third Amended Collective Action Complaint and Jury Trial Request.

## COUNT VIII

103.

Defendant incorporates by reference its prior answers and defenses in response to the allegations in Paragraphs 1-51 of Plaintiffs' Complaint and Jury Trial Request, as amended.

104.

Defendant is not called on to admit or deny the allegations in Paragraphs 104 of Plaintiff's Complaint and Jury Trial Request, as amended.

105.

Defendant denies the allegations in Paragraph 105 of Plaintiffs' Third Amended Collective Action Complaint and Jury Trial Request.

106.

Defendant denies the allegations in Paragraph 106 of Plaintiffs' Third Amended Collective Action Complaint and Jury Trial Request.

107.

Defendant denies the allegations in Paragraph 107 of Plaintiffs' Third Amended Collective Action Complaint and Jury Trial Request.

108.

Defendant denies the allegations in Paragraph 108 of Plaintiffs' Third Amended Collective Action Complaint and Jury Trial Request.

109.

Defendant denies the allegations in Paragraph 109 of Plaintiffs' Third Amended Collective Action Complaint and Jury Trial Request.

110.

Defendant denies the allegations in Paragraph 110 of Plaintiffs' Third Amended Collective Action Complaint and Jury Trial Request.

111.

Defendant denies all alleged liability to and damages and other relief sought by Plaintiffs in their prayer for relief.

## DEFENSES

### FIRST DEFENSE

Plaintiffs and all others claimed to be members of the purported class fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs and all others claimed to be members of the purported class are exempt from the FLSA's overtime provisions.

### THIRD DEFENSE

Plaintiffs and all others claimed to be members of the purported class lack standing to assert claims under the FLSA.

### FOURTH DEFENSE

This action may not be certified or maintained as a collective action because the requirements of 29 U.S.C. § 216 have not been and cannot be fulfilled.

### FIFTH DEFENSE

The claims of Plaintiffs and all others claimed to be members of the purported class are time-barred, in whole or in part, under the applicable statutes of limitation.

### SIXTH DEFENSE

Plaintiffs and all others claimed to be members of the purported class may be barred, in whole or in part, from recovery because they have made statements or taken actions that estop them from asserting their claims or that constitute waiver of their claims.

### SEVENTH DEFENSE

The claims of Plaintiffs and all others claimed to be members of the purported class may be barred by prior arbitration, settlement, payment, fraud, release, discharge of obligations, preemption, and/or the doctrines of collateral estoppel, *res judicata* and/or accord and satisfaction.

### EIGHTH DEFENSE

Defendant is not a covered employer or enterprise under the FLSA.

### NINTH DEFENSE

Defendant is exempt from the requirements of the FLSA under the retail sales exemption, amusement and recreational exemption, and/or otherwise under 29 U.S.C. § 213.

### TENTH DEFENSE

Plaintiffs and all others claimed to be members of the purported class fail to state facts sufficient to constitute a claim for recovery of attorney fees.

## ELEVENTH DEFENSE

Defendant denies liability, but alternatively asserts that it acted in good faith at all times and, thus, cannot be liable for liquidated damages. In the further alternative, Defendant denies it has committed any willful violations of the FLSA.

## TWELFTH DEFENSE

Defendant denies liability, but alternatively asserts that it is entitled to offset gratuitous and other pay provided to employees for non-compensable activities. In the further alternative, any work in excess of a 40-hour work week claimed by Plaintiffs or putative class members qualifies as *de minimis* and is non-compensable.

## THIRTEENTH DEFENSE

Defendant denies liability, but alternatively asserts that Plaintiffs were at all times classified and paid properly under the FLSA.

## FOURTEENTH DEFENSE

Defendant reserves the right to amend this Answer and Defenses to assert any additional affirmative defenses, including in particular those affirmative defenses set forth in Fed. R. Civ. P. 8(c), when and if, in the course of their investigation, discovery, or preparation for trial, it becomes appropriate to assert such affirmative defenses.

Respectfully submitted,

*Jennifer L. Anderson* (signature)

SIDNEY F. LEWIS, V (Bar No. 17026)
JENNIFER L. ANDERSON, T.A. (Bar No. 23620)
JANE H. HEIDINGSFELDER (Bar No. 28604)
***Jones, Walker, Waechter, Poitevent,
 Carrère & Denègre, L.L.P.***
201 St. Charles Avenue, 50th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8000
Telefax: (504) 582-8015
e-mail: slewis@joneswalker.com
e-mail: janderson@joneswalker.com
e-mail: jheidingsfelder@joneswalker.com
**COUNSEL FOR DEFENDANT,
 NEW ORLEANS HORNETS NBA L.P.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** a copy of the above and foregoing *Answer and Defenses to Plaintiffs' Third Amended Collective Action Complaint and Jury Trial Request* has been served on all counsel of record below by placing same in the United States mail, postage prepaid and properly addressed, this 21st day of January, 2006.

Daniel E. Buras, Jr., Esq.
Daigle Fisse, PLC
109 Northpark Boulevard - Suite 125
Post Office Box 5350 [70434]
Covington, Louisiana 70433
Telefax: (985) 871-0899

Stewart E. Niles, Jr., Esq.
Niles, Bourque & Fontana LLC
909 Poydras Street - Suite 3500
New Orleans, Louisiana 70112
Telefax: (504) 310-8590

Alan F. Kansas, Esq.
The Law Office of Alan Kansas, PLLC
5531 Jackwood
Houston, Texas 77096
Telefax: (484) 210-5800

*Jennifer L. Anderson*