**united STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2006 JAN 20 PM 4:02
LORETTA G. WHYTE
CLERK

| | |
|---|---|
| **EUGENE LIGER, ET. AL** | **CIVIL ACTION NO. 05-1969** |
| Plaintiffs in a Collective Action | SECTION C |
| VERSUS | MAGISTRATE 05 |
| NEW ORLEANS HORNETS NBA LIMITED PARTNERSHIP | |
| Defendant | |

**REQUEST FOR EXPEDITED HEARING ON PLAINTIFFS' MOTION FOR COURT APPROVAL OF AMENDED NOTICE TO PROSPECTIVE CLASS MEMBERS AND AMENDED CONSENT TO JOIN**

**NOW INTO COURT**, through undersigned counsel, comes plaintiffs herein, Eugene Liger, et al., ("Collective Action Plaintiffs" or "Plaintiffs"), who respectfully move this Honorable Court to grant an expedited hearing and approve Plaintiffs' Motion for Court Approval of Amended Notice to Prospective Class Members and Amended Consent to Join. This Notice and Consent to Join will be mailed to putative class members in the Collective Action Complaint filed by Plaintiffs against Defendant, the New Orleans Hornets NBA Limited Partnership ("New Orleans Hornets" or "Hornets").

An expedited hearing is requested because further delays in the mailing of the notice may adversely affect the rights of prospective class members because the applicable statute of limitations continues to run on their claims.

Plaintiffs submit this motion and seek court approval of the attached Notice and Consent

to Join that will be mailed to prospective class members identified by the Hornets. The parties have agreed to extend the notice period to 150 days. Plaintiffs request that a date be selected for mailing of the Notice from which this 150 day time period will begin running.

In addition to the notice period, the Notice will be changed to include language from an Order issued by Magistrate Chasez regarding a Protective Order filed by Plaintiffs seeking protection from certain retaliatory threats made by several Hornets executives and managers. These threats were directed at prospective class members. On December 16, 2005, Magistrate Chasez issued an Order wherein the Court approved language that advised prospective plaintiffs that the Hornets were prohibited from engaging in certain retaliatory conduct. The Hornets failed to object to this Order in accordance with FRCP Rule 72(a), but refuse to be bound by this Order.

**WHEREFORE,** plaintiffs pray that leave of court be granted and that the attached Notice and Consent to Join are approved by the Court, with an identified date for mailing of the attached Notice and Consent to Join to prospective plaintiffs.

Respectfully submitted,

_____
**STEWART E. NILES, JR. (10004)**
**LAWRENCE J. CENTOLA (27402)**
NILES, BOURQUE & FONTANA, L.L.C.
909 Poydras Street, 35th Floor
New Orleans, Louisiana 70112
Telephone: (504) 310-8550
Facsimile: (504) 310-8595

ATTORNEYS FOR JESSICA BERRY

{N0023244.DOC}

**HOWARD DAIGLE (#4454)**
**DANIEL E. BURAS, JR. (#26226)**
**ELVIGE CASSARD RICHARDS (#19386)**
227 Highway 21
Madisonville, LA 70447
Tel: 985.871.0800
Fax: 985.871.0899

**ATTORNEYS FOR EUGENE LIGER, IVAN HINSON, ANTHONY MARTIN, ADAM NASH, CHRIS CARTER, MARCY PLANER-MURRAY, LYNN HOLMES, DAN KARLSBERG, CHRISTOPHER STANT, SAM STEINMETZ, AMY NICOLE SMITH, LESLIE SUMLER, LATOUSHA BROWN, AND KEN KLIEBERT**

**ALAN F. KANSAS (27725)**
Kansas & Kansas, L.L.C.
1743 Stumpf Blvd., Suite 200
Gretna, LA 70054-1330
**CO-COUNSEL FOR PLAINTIFF, SAMUEL TOBIAS STEINMETZ**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above has been sent to opposing counsel, by placing a copy of same in the U.S. mail, properly addressed, postage prepaid, this 20 day of January 2006.

_____

{N0023244.DOC}

{N0023244.DOC}

# NITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| EUGENE LIGER, ET. AL | CIVIL ACTION NO. 05-1969 |
|---|---|
| Plaintiffs in a Collective Action | SECTION C |
| VERSUS | MAGISTRATE 05 |
| NEW ORLEANS HORNETS NBA LIMITED PARTNERSHIP | |
| Defendant | |

## ORDER

Considering the foregoing Request for Expedited Hearing on Plaintiffs' Motion For Court Approval of Amended Notice To Prospective Class Members and Amended Consent To Join;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Plaintiffs' Request for Expedited Hearing on Plaintiffs' Motion For Court Approval of Amended Notice To Prospective Class Members and Amended Consent To Join is hereby **GRANTED**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the form and content of the Notice to Prospective Class Members attached as Exhibit A to Plaintiffs' Motion For Court Approval of Amended Notice To Prospective Class Members and Amended Consent To Join is acceptable and shall be mailed to prospective plaintiffs by Plaintiffs counsel by _____, 2006;

{N0023244.DOC}

___ Fee_____
___ Process_____
_X_ Dktd_____
_V_ CtRmDep____
___ Doc. No____

{N0023244.DOC}

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the date the notice shall reflect as the last date a prospective class member can submit their consent to join will be 150 days from date of mailing, i.e., _____.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the form and content of the Consent to Join set forth in attached exhibit B to Plaintiffs' Motion For Court Approval of Amended Notice To Prospective Class Members and Amended Consent To Join is acceptable and may be mailed to prospective plaintiffs.

New Orleans, Louisiana, this _____ day of _____, 2006.

_____
THE HONORABLE HELEN G. BERRIGAN
JUDGE, DIVISION "C"
U.S. DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

{N0023244.DOC}

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| EUGENE LIGER, ET. AL | CIVIL ACTION NO. 05-1969 |
|---|---|
| Plaintiffs in a Collective Action | SECTION C |
| VERSUS | MAGISTRATE 05 |
| NEW ORLEANS HORNETS NBA LIMITED PARTNERSHIP | |
| Defendant | |

**MEMORANDUM IN SUPPORT OF REQUEST FOR EXPEDITED HEARING ON PLAINTIFFS' MOTION FOR COURT APPROVAL OF AMENDED NOTICE TO PROSPECTIVE CLASS MEMBERS AND AMENDED CONSENT TO JOIN**

**MAY IT PLEASE THE COURT**:

Plaintiffs are current and former employees of the New Orleans Hornets who are entitled to unpaid overtime compensation under the Fair Labor Standards Act. Plaintiffs seek approval of the Notice to be sent to prospective class members. The changes were necessitated by Hurricane Katrina and an Order issued by Magistrate Chasez regarding a Protective Order filed by Plaintiffs.

A request for expedited Hearing is necessitated because the rights of prospective plaintiffs could be adversely affected by continued delays of this matter. Because this is a collective action, the prescriptive period may not toll for prospective class members until those individuals expressly elect to join the litigation. Any further delays may cause prospective plaintiffs to lose their right to collect wages and overtime compensation that are due and owing from the Hornets.

{N0023244.DOC}

Moreover, this matter has already been before this Court in August of 2005 when the Court certified for notification purposes all current and former employees working in nineteen (19) separate employee categories. The Court set a deadline requiring the Hornets to produce the identities of all prospective class members by August 29, 2005, which effectively was September, 2005. A Notice was approved during this hearing, along with a Consent to Join form that would be mailed to prospective class members.

On the same day that Judge Berrigan approved Plaintiffs' class for notification purposes, Magistrate Chasez conducted a Hearing regarding a Protective Order filed by Plaintiffs to address threats of retaliation made by the Hornets against persons who were likely to be members of the prospective class. Plaintiffs presented evidence demonstrating that a Hornets executive told one current plaintiff that any current employee who joined the overtime litigation would not be "current" for long. Other overt and direct threats were documented in Plaintiffs' Protective Order, including one that discouraged any current employees from contacting any plaintiff. Through the Protective Order, Plaintiffs requested that any Notice sent to prospective plaintiffs include additional language that expressly addressed certain of the threats made by the Hornets. Magistrate Chasez took the matter under advisement, and no decision was rendered prior to August 29, 2005.

Hurricane Katrina hit on August 29, 2005 and the Notice period, the mailing of the Notice to prospective plaintiffs, and all deadlines were stayed by the Court.

Following Katrina, the Notice to prospective plaintiffs needed to be modified. The parties were able to agree that the proposed notice period should be extended from 90 to 150 days. The parties agreed to make administrative changes regarding the identities of class counsel in the

Notice. The parties also agreed to remove the social security information of prospective Plaintiffs from the Consent to Join form for privacy purposes.

Issues related to Plaintiffs' proposed Protective Order were not resolved until December 16, 2005 during a conference call with Magistrate Chasez. During this conference call, Magistrate Chasez authorized Plaintiffs to include the following language into Section 7 of the Notice:

> **7.    NO RETALIATION PERMITTED.**
>
> The Fair Labor Standards Act prohibits an employer from discharging you or taking any other adverse employment action against you for the purpose of retaliating against you because you have exercised your rights under that law.
>
> No adverse employment action will be taken against any current employee who communicates with any former employee of the New Orleans Hornets about this lawsuit.

Counsel for the Hornets requested language specifying that the communications must be about this lawsuit. Magistrate Chasez complied with the Hornets' request. On December 20, 2005, Magistrate Chasez issued an Order requiring the approved language set forth above.

On January 18, 2006, the Hornets notified Plaintiffs' counsel that they wished to change the language in the Notice that had already been approved by Magistrate Chasez. The Hornets do not dispute that the language set forth in Plaintiffs' proposed Notice tracks the exact language approved by Magistrate Chasez. Because even Defendants agree that the Notice submitted by Plaintiffs is correct, and tracks the language approved by the Court, it should be approved.

The Hornet's refusal to accept the Notice language already approved by Magistrate Chasez violates the Rules of Civil Procedure. In fact, Defendant's objection to the inclusion of

the Section 7 language prohibiting retaliation are expressly prohibited by FRCP Rule 72(a) because they are untimely. FRCP Rule 72(a) provides:

> (a) **Nondispositive Matters.** A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. <u>**Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made**</u>. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

FRCP Rule 72(a). Pursuant to the express language of FRCP Rule 72(a), the Hornets had 10 days from December 20, 1995 to object to the language of this Order. To date, the Hornets have not filed or served objections to Magistrate Chasez' Order. It is well beyond the 10 day time period set forth in Rule 72(a). Accordingly, attempts by the Hornets to ignore Rule 72(a) by modifying Magistrate Chasez' language in the Notice are now prohibited.

Plaintiffs request that the Court approve Plaintiffs' Notice, including the language approved by Magistrate Chasez. Plaintiffs also request that the Court set a date for the mailing of the Notices and Consent to Join from which the 150 day notice period will begin to run.

To avoid further delays of this matter that might ultimately affect prescription and the rights of prospective plaintiffs who have not yet been notified, Plaintiffs request an expedited hearing to address approval of the Notice.

Respectfully submitted,

_____
STEWART E. NILES, JR. (10004)
LAWRENCE J. CENTOLA (27402)
NILES, BOURQUE & FONTANA, L.L.C.
909 Poydras Street, 35th Floor
New Orleans, Louisiana 70112
Telephone: (504) 310-8550
Facsimile: (504) 310-8595

ATTORNEYS FOR JESSICA BERRY

{N0023244.DOC}9

{N0023244.DOC}10

**HOWARD DAIGLE (#4454)**
**DANIEL E. BURAS, JR. (#26226)**
**ELVIGE CASSARD RICHARDS (#19386)**
227 Highway 21
Madisonville, LA 70447
Tel: 985.871.0800
Fax: 985.871.0899

**ATTORNEYS FOR EUGENE LIGER, IVAN HINSON, ANTHONY MARTIN, ADAM NASH, CHRIS CARTER, MARCY PLANER-MURRAY, LYNN HOLMES, DAN KARLSBERG, CHRISTOPHER STANT, SAM STEINMETZ, AMY NICOLE SMITH, LESLIE SUMLER, LATOUSHA BROWN, AND KEN KLIEBERT**


**ALAN F. KANSAS (27725)**
Kansas & Kansas, L.L.C.
1743 Stumpf Blvd., Suite 200
Gretna, LA 70054-1330
**CO-COUNSEL FOR PLAINTIFF, SAMUEL TOBIAS STEINMETZ**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EUGENE LIGER, ET AL.** | **CIVIL ACTION NO. 05-1969** |
| **Plaintiffs in a Collective Action** | **SECTION C** |
| **VERSUS** | **MAGISTRATE 05** |
| **NEW ORLEANS HORNETS NBA LIMITED PARTNERSHIP** | |
| **Defendant** | |

### NOTICE

To: All current and former employees of The New Orleans Hornets NBA Limited Partnership ("Hornets") who worked for the Hornets at any time between August 2002 to present and, at any time therein, worked over 40 hours per week without being paid time and half for the hours worked over 40 hours per week, as described more specifically in Section 3 of this Notice:

Re: Fair Labor Standards Act Lawsuit Filed Against the New Orleans Hornets NBA Limited Partnership

1. **INTRODUCTION.**

   The purpose of this Notice is to inform you of the existence of a collective action lawsuit in which you potentially are "similarly situated" to the named Plaintiffs, to advise you of how your rights may be affected by this lawsuit, and to instruct you on the procedure for participating in this lawsuit, if you fit the definition of the class described in Section 3 of this Notice, should you decide that it is appropriate and should you choose to do so.

2. **DESCRIPTION OF THE LAWSUIT.**

   In May 2005, former and current employees of the Hornets brought this lawsuit against the Hornets on behalf of themselves and all other past and present employees of the Hornets in the United States District Court for the Eastern District of Louisiana, alleging that they and other similarly situated former and current employees are owed unpaid overtime under the Fair Labor Standards Act. After the lawsuit was filed, other current and former employees joined the lawsuit as named Plaintiffs and have asserted the same claims.

   The Plaintiffs allege that the Hornets willfully failed to properly calculate overtime for themselves and other similarly situated former and current employees. The Plaintiffs seek overtime

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

pay and an equal amount of pay as liquidated damages, as well as prejudgment interest, attorneys' fees and costs. This lawsuit is currently in the early pretrial stage.

The Hornets deny Plaintiffs' allegations and maintain that all employees were compensated in compliance with the Fair Labor Standards Act.

**3.   DEFINITION OF THE CLASS.**

The named Plaintiffs seek to sue on behalf of themselves and also on behalf of:

All current and former employees of the Hornets who worked in any of the following categories or job classifications at any time between August 2002 to present and who worked, at any time therein, more than 40 hours per week without being paid time and half for all hours worked over 40 hours per week;

1. Special Events Coordinator;
2. Promotions and Events Assistant;
3. Ticket Operations Assistants;
4. Mascot Assistants;
5. Fan Development Representatives and/or Fan Relations Representatives;
6. Senior Guest Relations Representatives;
7. Senior Account Executives;
8. Account Executives and/or Sales Associates;
9. Receptionists;
10. Inside Ticket Sales Representatives and/or Marketing Representatives;
11. Group Sales Executives;
12. Sponsorship Sales Account Executive;
13. Sponsorship Services;
14. Sponsor Services Coordinator;
15. Public Relations Intern;
16. Inter-Office Courier;
17. Executive Assistant Basketball Operations;
18. Video Coordinator; and
19. Administrative Assistant Basketball Operations.

**4.   YOUR RIGHT TO PARTICIPATE IN THIS SUIT.**

If you fit the definition above, you may join this suit (that is, you may "opt in") by mailing the attached "Plaintiff Consent Form" to Plaintiffs' counsel at either of the following addresses:

Niles, Bourque & Fontana, L.L.C.  
909 Poydras Street, Thirty-Fifth Floor  
New Orleans, Louisiana 70112

DAIGLE FISSE, PLC  
P.O. Box 5350  
Covington, LA 70434-5350

as soon as possible and in sufficient time to have Plaintiffs' counsel file it with the federal court on or before _____. If you fail to return the "Consent to Become Party Plaintiff" form to Plaintiffs' counsel in sufficient time to have it filed by the date above, you may not be able to participate in this lawsuit.

If you file a "Plaintiff Consent Form," your right to participate in this lawsuit may depend upon a later decision by the District Court that you and the Plaintiffs are actually "similarly situated" in accordance with federal law.

5.  **EFFECT OF JOINING THIS SUIT.**

If you choose to join in the suit, you will be bound by the Judgment, whether it is favorable or unfavorable. While this suit is proceeding, you may be required to respond to written questions, sit for depositions and/or testify in court.

The attorneys for the class Plaintiffs are being paid on a contingency fee basis, which means that if there is no recovery, there will be no attorneys' fee. Your interest will be represented by the named Plaintiffs through their attorneys as counsel for the class. The class could (not would) be liable for costs if there is no recovery. If there is a recovery, the attorneys for the class will receive a part of any settlement obtained or money judgment entered in favor of all members of the class. By joining this lawsuit, you designate the named Plaintiffs as your agent to make decisions on your behalf concerning the litigation, the method and manner of conducting this litigation, and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into by the named Plaintiffs will be binding on you if you join this lawsuit.

6.  **LEGAL EFFECT OF NOT JOINING THIS SUIT.**

If you choose not to join this suit, you will not be affected by any judgment or settlement rendered in this case, whether favorable or unfavorable to the class. If you choose not to join in this lawsuit, you are free to file your own lawsuit. However, because the passage of time may result in part or all of your claim being barred by the applicable statute of limitations, if you wish to participate in this lawsuit, it is important that you sign, date, and mail the attached consent form in sufficient time to have it filed by the date above in Section 4.

7.  **NO RETALIATION PERMITTED.**

The Fair Labor Standards Act prohibits an employer from discharging you or taking any other adverse employment action against you for the purpose of retaliating against you because you have exercised your rights under that law.

No adverse employment action will be taken against any current employee who communicates with any former employee of the New Orleans Hornets about this lawsuit.

8. **YOUR LEGAL REPRESENTATION IF YOU JOIN.**

If you choose to join this lawsuit, your interest will be represented by the named Plaintiffs through their attorneys, as counsel for the class. Counsel for the class are:

> DAIGLE FISSE, PLC
>
> Howard Daigle (LA Bar # 4454)
> Daniel E. Buras, Jr. (LA Bar # 26226)
> Elvige Cassard Richards (LA BAR # 19386)
> 227 Highway 21
> Madisonville, LA 70447
> Telephone:  985.871.0800
> Facsimile:  985.871.0899
>
> Mailing address:
> P.O. Box 5350
> Covington, LA 70434-5350

and

> NILES, BOURQUE & FONTANA, L.L.C.
>
> Stewart E. Niles, Jr. (#10004)
> Lawrence Centola, III (#27402)
> 909 Poydras St., Suite 3500
> New Orleans, LA 70112
> Telephone:  504-310-8550
> Facsimile:  504-310-8595

9. **FURTHER INFORMATION.**

Further information about this Notice, the deadline for filing a "Plaintiff Consent Form," or questions concerning this lawsuit may be obtained by writing or telephoning Plaintiffs' counsel at the numbers and addresses stated above.

THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA, HONORABLE HELEN G. BERRIGAN. THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF THE PLAINTIFFS' CLAIMS OR OF DEFENDANT'S DEFENSES.

4

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EUGENE LIGER, ET AL.** | **CIVIL ACTION NO. 05-1969** |
| Plaintiffs in a Collective Action | SECTION C |
| VERSUS | MAGISTRATE 05 |
| NEW ORLEANS HORNETS NBA LIMITED PARTNERSHIP | |
| Defendant | |

PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against the New Orleans Hornets as a Plaintiff and assert claims against the New Orleans Hornets for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

_____
Signature                                          Date

_____
Print Name

_____
Address (with apartment number if applicable)

_____
City, State, Zip Code

_____
Home Telephone Number

_____
Work Telephone Number

_____
Cell Phone Number

_____
E-Mail Address

{N0023246.DOC}

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No _____

Fax to:	DAIGLE FISSE, PLC
	Attn: Daniel E. Buras, Jr.
	Facsimile (985) 871-0800

	Or

	Niles, Bourque & Fontana, L.L.C.
	Attn: Lawrence J. Centola, III
	Facsimile (504) 310-8595


Or Mail to:	DAIGLE FISSE, PLC
	Attn: Daniel E. Buras, Jr.
	P.O. Box 5350
	Covington, LA  70434-5350

OR

	Niles, Bourque & Fontana, L.L.C.
	Attn: Lawrence J. Centola, III
	909 Poydras Street, Suite 3500
	New Orleans, LA 70112
	(504) 310-8556

{N0023246.DOC}