Liger et al v. New Orleans Hornets NBA Limited Partnership Doc. 58






**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| **EUGENE LIGER, ET. AL**<br>**Plaintiffs in a Collective Action**<br>**VERSUS**<br>**NEW ORLEANS HORNETS NBA LIMITED PARTNERSHIP**<br>**Defendant** | **CIVIL ACTION NO. 05-1969**<br>**SECTION C**<br>**MAGISTRATE 05** |
|---|---|

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR APPROVAL OF AMENDED NOTICE TO PROSEPECTIVE CLASS MEMBERS AND AMENDED CONSENT TO JOIN**

**NOW INTO COURT**, through undersigned counsel, come plaintiffs herein, Eugene Liger, et al., ("Collective Action Plaintiffs" or "Plaintiffs"), who file the instant Reply Memorandum in Support of Motion for Approval of Amended Notice to Prospective Class Members and Amended Consent to Join, as follows:

1. Defendant's objections to the Notice to Prospective Class Members, after approval of the language from this Court and from Magistrate Chasez, is yet another attempt by Defendant to delay the notice process so that the claims of the Prospective Class Members will prescribe.

2. Defendant concedes that the applicable time delays to object to a Magistrate's Order, found in Federal Rule of Civil Procedure 72, have expired.

3. Defendant argues that Federal Rule of Civil Procedure 60 allows the defendant to



___ Fee ___
___ Process ___
X Dktd ___
V CtRmDep ___
___ Doc. No ___

Dockets.Justia.com

"seek correction" of Magistrate Chasez's ruling. Federal Rule of Civil Procedure 60 "provides for relief only upon a showing of one of the following: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment is void, e.g. due to the court's lack of subject matter jurisdiction; (5) the judgment has been satisfied, released or discharged; or (6) any other reasons justifying relief." In re Ford Motor Co. Bronco II Product Liability Litigation, 1997 U.S. Dist. LEXIS 5732 (E.D.La 1997)(see Defendants Exhibit 2). Defendant has not made an adequate showing under Federal Rule of Civil Procedure 60 that would mandate a "correction" of the notice as approved by Magistrate Chasez. There has been no mistake, newly discovered evidence, fraud, etc. Defendant simply objects to Magistrate Chasez's ruling. The proper vehicle for such an objection is Federal Rule of Civil Procedure 72, which is now time barred.

4. Defendant proposes the addition of the following language: "…for the purpose of retaliating against such employee because of such communication." Defendant's proposed language could be confusing when read by some lawyers, and thus will be confusing when read by the lay Prospective Class Members. Hence, for the sake of clarity to the Prospective Class Members, the Defendant's proposed language should be rejected by this Court, as it was rejected by Magistrate Chasez.

Respectfully submitted,

**STEWART E. NILES, JR. (10004)**
**LAWRENCE J. CENTOLA (27402)**
NILES, BOURQUE & FONTANA, L.L.C.
909 Poydras Street, 35th Floor
New Orleans, Louisiana 70112
Telephone: (504) 310-8550
Facsimile: (504) 310-8595

ATTORNEYS FOR JESSICA BERRY

**HOWARD DAIGLE (#4454)**
**DANIEL E. BURAS, JR. (#26226)**
**ELVIGE CASSARD RICHARDS (#19386)**
227 Highway 21
Madisonville, LA 70447
Tel: 985.871.0800
Fax: 985.871.0899

**ATTORNEYS FOR EUGENE LIGER, IVAN HINSON, ANTHONY MARTIN, ADAM NASH, CHRIS CARTER, MARCY PLANER-MURRAY, LYNN HOLMES, DAN KARLSBERG, CHRISTOPHER STANT, SAM STEINMETZ, AMY NICOLE SMITH, LESLIE SUMLER, LATOUSHA BROWN, AND KEN KLIEBERT**

**ALAN F. KANSAS (27725)**
Kansas & Kansas, L.L.C.
1743 Stumpf Blvd., Suite 200
Gretna, LA 70054-1330
**CO-COUNSEL FOR PLAINTIFF, SAMUEL TOBIAS STEINMETZ**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above has been sent to opposing counsel, by placing a copy of same in the U.S. mail, properly addressed, postage prepaid, this 31 day of January 2006.