UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**EUGENE LIGER, ET AL**                                                     **CIVIL ACTION**

**VERSUS**                                                                   **NO. 05-1969**

**NEW ORLEANS HORNETS NBA**                                                  **SECTION "C"**
**LIMITED PARTNERSHIP**

## ORDER AND REASONS

Before this Court is Plaintiffs' Request for Expedited Hearing on Plaintiffs' Motion for Court Approval of Amended Notice to Prospective Class Members and Amended Consent to Join. On December 16, 2005, Magistrate Judge Chasez entered an Order stating that a paragraph in the Notice to Prospective Class Members should read as follows:

> No Retaliation Permitted.
>
> The Fair Labor Standards Act prohibits an employer from discharging you or taking any other adverse employment action against you for the purpose of retaliating against you because you elect to join this lawsuit.
>
> No adverse employment action will be taken against any current employee who communicates with any former employee of the New Orleans Hornets about issues in this litigation.

The Hornets did not appeal the order within ten days after being served with a copy of the

order, as is required under Federal Rule of Civil Procedure 72(a). According to the Motion before this Court, the Hornets notified Plaintiffs' counsel that they wished to change the language in the Notice that had already been approved by Magistrate Judge Chasez. (Rec. Doc. 54, Mem. in Supp. of Req. for Expedited Hr'g on Pl.'s Mot. for Ct. Approval of Am. Notice to Prospectiv Class Members and Am. Consent to Join at 7-8.) Because the parties were unable to agree on the disputed language, Plaintiffs filed this Motion asking this Court to approve the language in the notice. The Hornets filed a response, arguing that the language approved by Magistrate Judge Chasez is overbroad and asking this Court to authorize the use of different language in the Notice. The Hornets are claiming that, as written, an employee who commits some act worthy of an adverse employment action that has nothing to do with this lawsuit could argue that they are insulated from such adverse action if they ever at any time communicated with a former employee about the lawsuit. While this Court finds that such a scenario is unlikely, it agrees that the sentence could technically be interpreted in such a manner.

Thus, the Court finds that the language in the Notice should read as follows:

> No Retaliation Permitted.
>
> The Fair Labor Standards Act prohibits an employer from discharging you or taking any other adverse employment action against you for the purpose of retaliating against you because you elect to join this lawsuit.
>
> No adverse employment action will be taken against any current employee for communicating with any former employee of the New Orleans Hornets about issues in this litigation.

IT IS ORDERED that the Plaintiffs' Motion for Court Approval of Amended Notice to Prospective Class Members and Amended Consent to Join is PARTIALLY GRANTED AND PARTIALLY DENIED. Before mailing, the Plaintiffs must amend Section 7 of the Notice to mirror

-2-

the language above that is approved by this Court. No hearing will be held on this Motion.

New Orleans, Louisiana this 6th day of February, 2006.

                                              HELEN G. BERRIGAN
                                              U.S. DISTRICT JUDGE