```
                                        FILED
                                  U.S. DISTRICT COURT
                                 EASTERN DISTRICT OF LA

                                  2006 MAR 22  AM 7:33

                                    LORETTA G. WHYTE
                                         CLERK
```

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **EUGENE LIGER,** *ET AL.* | * | CIVIL ACTION NO. 05-1969 |
| | * | |
| **VERSUS** | * | SECTION "C" |
| | * | |
| **NEW ORLEANS HORNETS** | * | MAGISTRATE 05 |
| **NBA LIMITED PARTNERSHIP** | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * | * | |

## PROTECTIVE ORDER

To expedite the flow of discovery materials and facilitate the prompt resolution of disputes over confidentiality, pursuant to the Court's authority under Rule 26(c) and with the consent of the parties, as evidenced by the signature of counsel appearing below, it is hereby ORDERED:

1. <u>"Confidential" Documents, Information, or Tangible Items</u>. "Confidential" documents, information, or tangible items are those so designated by the producing party. A party disclosing or producing documents, information, or tangible items that it believes to be "Confidential" may designate the same as "Confidential," "Confidential Pursuant to Court Order," or by using some similar designation, or by designating in writing (by correspondence or otherwise) that some or all documents produced are "Confidential." A party shall make designation of "Confidential" only as to material which that party reasonably and in good faith

{N1461163.1}

believes is confidential and entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure. Any such designation shall be made at the time answers to interrogatories or answers to requests for production are served; or at the time that documents, information, or tangible items are furnished to a party conducting such discovery. If upon review any party believes that any documents, information, or tangible items designated by a designating party are not entitled to "Confidential" treatment under Rule 26(c) or other applicable rule of law as defined herein above, then the party may challenge such designation under the procedures set forth in paragraph 12 below.

2. <u>Scope of "Confidential" Designation.</u> The special treatment accorded the documents designated "Confidential" under this Order shall reach:

   (a) All documents, information, and tangible items designated "Confidential" under the terms of this Order;

   (b) All copies, abstracts, excerpts, analysis, summaries, or other written or recorded materials, in any form, that reflect or disclose the substance of same;

   (c) Any deposition transcript or exhibit, or portion thereof, that discusses same; and

   (d) Any portion of any discovery answer or response, affidavit, declaration, brief, or other paper filed with the Court, or as an exhibit to such paper, that discusses same.

3. <u>Restrictions on Disclosure of "Confidential" Documents, Information, and Tangible Items.</u> Except with written prior consent of all parties and except as provided elsewhere in this Order, all documents, information, and tangible items produced in this suit that

are designated "Confidential" shall be used solely for the preparation, discovery, and trial of this suit (including any appeals and retrials), and shall not be used for any other purpose, including business, governmental, commercial, or personal or in any other administrative, arbitral, or judicial proceedings or actions except as set forth in this Order or agreed in writing by all parties. Documents, information, and tangible items designated "Confidential" may not be disclosed to any person other than:

 (a) The parties to this litigation, Court personnel, and jurors who may be assigned to this matter;

 (b) Counsel for the parties to this litigation;

 (c) Secretaries, paralegals, assistants, and all other employees of such counsel who are assisting in the prosecution and/or defense of this litigation;

 (d) Actual or potential deposition or trial witnesses in this action, to the extent reasonably necessary to prepare the witnesses to testify concerning the litigation;

 (e) Outside consultants and experts retained for the purposes of assisting counsel and the parties in the prosecution and/or defense of this litigation;

 (f) Qualified persons recording testimony involving such documents, information, and tangible items such as necessary videographers and stenographers.

4. <u>Certification of Compliance.</u> Except for the persons identified in subparagraphs 3(a)-(c) of this Order, no person authorized under the terms of this Order to receive access to "Confidential" documents, information, and tangible items shall be granted access to them until such person has read this Order and agreed in writing to be bound by it pursuant to the

Declaration attached to the Order as Exhibit A. These Declarations (executed in the form attached as Exhibit A) shall be maintained by counsel for the parties.

5. <u>Use of "Confidential" Documents, Information, Tangible Items at Depositions</u>. Any "Confidential" documents, information, or tangible items marked as deposition exhibits shall be sealed separately from the remainder of the deposition transcript and exhibits. When a party uses or refers to "Confidential" documents, information, or tangible items at a deposition, at the request of the party asserting confidentiality the portion of the deposition transcript that relates to such documents, information, or tangible items shall be stamped "Confidential" and sealed separately from the remainder of the transcript, and shall be treated as "Confidential" under the provisions of the Order.

6. <u>Designating Portions of the Deposition Transcripts Confidential</u>. Any party may within fifteen (15) days after receiving a deposition transcript, designate portions of the transcript, or exhibits to it, as "Confidential" under this Order. Confidential deposition testimony or exhibits may be designated by stamping the exhibits "Confidential," or by underlining the portions of the pages that are confidential and stamping such pages "Confidential." Until expiration of the 15-day period, the entire deposition transcript, and all exhibits to it, will be treated as "Confidential" under the provisions of this Order. If no party timely designates testimony or exhibits from deposition as being "Confidential," none of the deposition testimony or exhibits will be treated as "Confidential." If a timely "Confidential" designation is made, the confidential portions and exhibits shall be sealed separately from the portions and exhibits not so marked, and shall be treated as "Confidential" under the provisions of this Order subject to the right of any party to challenge such designation under paragraph 12 of this Order.

7. <u>Use of "Confidential" Documents, Information, and Tangible Items in Papers Filed with the Court.</u> Documents, information, or tangible items designated "Confidential" may be discussed or referred to in pleadings, motions, affidavits, briefs, or other papers filed with the Court, or attached as exhibits to them, provided that such "Confidential" documents, information, or tangible items filed with the Court are stamped "Confidential" and are separately filed in accordance with the following procedure:

If any party desires that Confidential documents, information, or tangible items be filed with the Court, that party shall give opposing counsel fifteen (15) days advance written notice. Thereafter, any party objecting to said filing may file a motion requesting that the documents, information, or tangible items be filed under seal and shall submit the documents at issue to the assigned Judge in chambers. The Court will review the documents, information, or tangible items *in camera* in order to determine if they meet the applicable standard for ordering them sealed. In the event the Court determines that the documents may not be sealed, they will be returned to the party filing the motion. If the documents, information, or tangible items are sealed, they will be maintained by the Clerk under seal for thirty (30) days after the final conclusion of this litigation, including all appeals, at which time they may be unsealed unless the designating party requests their return prior to that time. In that event, the documents, information, or tangible items will be returned to that party.

8. <u>Use of "Confidential" Documents, Information, and Tangible Items in Court.</u> Documents, information, or tangible items designated "Confidential," and all information in them or derived from them, may be used or offered into evidence at any Court hearing or at the trial of this litigation, provided that when using or offering "Confidential" documents, information, or tangible items in Court, counsel for the party using or offering the "Confidential"

documents shall take all reasonable steps to insure against the disclosure of the "Confidential" documents to persons not qualified to receive or view such documents, information, or tangible items under this Order.

9. <u>Return and Disposal of "Confidential" Documents, Information, and Tangible Items</u>. The provisions of this Order shall continue to apply to all "Confidential" documents, information, and tangible items after this litigation has been finally concluded. Upon final conclusion of this litigation, including all appeals, the parties shall return all "Confidential" documents, information, and tangible items to the producing party. Alternatively, the parties and/or any producing party may agree in writing on appropriate methods of maintenance, destruction, or other disposal of same.

10. <u>No Admissions</u>. Nothing contained in this Order, nor any action taken in compliance with it, shall operate as an admission by any party that particular documents, information, or tangible items are, or are not, confidential; are, or are not, admissible into evidence for any purpose; and are, or are not, subject to inclusion in any "administrative record" filed in this cause.

11. <u>Interim Protection</u>. "Confidential" documents, information, and tangible items produced by any party in response to discovery requests served after the filing of this lawsuit and prior to the entry of this Order by the Court shall be subject to the provisions of this Order to the same extent as if this Order has been entered by the Court, unless the Court directs otherwise.

12. <u>Procedures for Challenging "Confidential" Designation</u>. If upon review any party believes that any documents, information, or tangible items designated by a party are not "Confidential," then the party may challenge the designation by notifying the designating party within thirty (30) days of receipt of the document, information, or tangible item. The written

notice must specifically identify the challenged documents, information, or tangible items by bates numbered page(s) where available, and must specify in writing the reasons for asserting that each document, information, or tangible item is not "Confidential." The designating party must then seek a protective order from the Court for such documents, information, or tangible items. Failure to file a Motion for Protective Order within fifteen (15) days of receiving the notification of a party's challenge to the designation shall cause such documents, information, or tangible items to be excluded from the provisions of this Order. Nothing in this Order changes the burdens of proof or evidentiary requirements that apply by law to a party filing a Motion for Protective Order. The filing of a Motion for Protective Order by the designating party within the time limit set forth shall preserve the designation of said documents, information, or tangible items until a ruling by this Court on the Motion for Protective Order and thereafter if and as the Court may specify in its ruling.

13. Prior to submitting to this Court disputes regarding confidentiality of documents, the parties shall confer and shall report to this Court the outcome of the conference. Nothing in this Order limits or restricts any party's right to pursue any protection or relief available under applicable law.

New Orleans, Louisiana, this 21st day of March, 2006.

_____
JUDGE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **EUGENE LIGER, *ET AL.*** | * | **CIVIL ACTION NO. 05-1969** |
| | * | |
| **VERSUS** | * | **SECTION "C"** |
| | * | |
| **NEW ORLEANS HORNETS** | * | **MAGISTRATE 05** |
| **NBA LIMITED PARTNERSHIP** | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * | * | |

## DECLARATION

I, _____, having been informed that perjury is a crime punishable by law, declare as follows:

1. I have read and understand the contents of the PROTECTIVE ORDER entered by the Court in this matter.

2. I am a qualified person as described in Section 3(a)-(f) of the PROTECTIVE ORDER. I have executed this Declaration and have agreed to observe the conditions provided in the PROTECTIVE ORDER prior to any disclosure to me of any document, information, or tangible item designated as Confidential under the PROTECTIVE ORDER.

**EXHIBIT "A" TO PROTECTIVE ORDER**

3.   I expressly agree that:

(a)   I have read and shall be fully bound by the terms of the PROTECTIVE ORDER;

(b)   All documents, information, and tangible items that are disclosed to me under the PROTECTIVE ORDER shall be maintained in strict confidence, and I shall not disclose or use the original or any copy of, or the substance of, any documents, information, or items provided to me except in accordance with the PROTECTIVE ORDER;

(c)   I shall not make, or cause to be made, any copy of such documents, information, or tangible items in any form, except in accordance with the PROTECTIVE ORDER;

(d)   I shall not use or refer to any document, information, or tangible item or substance of same so designated other than in connection with this litigation and in accordance with the PROTECTIVE ORDER; and

(e)   I shall, upon notification that this litigation has terminated, return any copies of documents, information, and tangible items to counsel for the producing party at such counsel's expense, and I shall destroy any notes or memoranda I have that concerns same.

4.   I do and shall subject myself to the continuing personal jurisdiction of the above-captioned Court, wherever I shall be found, for purposes of enforcement of the PROTECTIVE ORDER.

I declare under penalty of perjury that the foregoing is true and correct and agree to be bound by the PROTECTIVE ORDER and terms set forth herein.

Executed on: _____          _____
　　　　　　　　(Date)　　　　　　　　　　　　　　(Signature)

　　　　　　　　　　　　　　　　　　　Name: _____
　　　　　　　　　　　　　　　　　　　　　　　　(Print)

　　　　　　　　　　　　　　　　　　　Title: _____
　　　　　　　　　　　　　　　　　　　　　　　　(Print)

　　　　　　　　　　　　　　　　　　　Employer/
　　　　　　　　　　　　　　　　　　　Company: _____
　　　　　　　　　　　　　　　　　　　　　　　　(Print)