FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAY 15  PM 4: 02

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EUGENE LIGER, ET AL.** | **CIVIL ACTION NO. 05-1969** |
| **VERSUS** | **SECTION "C"** |
| **NEW ORLEANS HORNETS NBA LIMITED PARTNERSHIP** | **MAGISTRATE 05** |

### DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFFS' FOURTH AMENDED COLLECTIVE ACTION COMPLAINT AND JURY TRIAL REQUEST

**NOW INTO COURT,** through undersigned counsel, comes Defendant, New Orleans Hornets NBA Limited Partnership, and submits the following Answer and Defenses to Plaintiffs' Fourth Amended Collective Action Complaint and Jury Trial Request.

I.

2.

Defendant is not called on to admit or deny the allegations in Paragraph 2 of Plaintiffs' Fourth Amended Collective Action Complaint and Jury Trial Request, but denies any alleged violations of law.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

II.

Defendant is not called on to admit or deny the allegations in Paragraph II of Plaintiffs' Fourth Amended Collective Action Complaint and Jury Trial Request, but denies any alleged violations of law.

P.

Defendant admits that Plaintiff, Kevin Buchel, worked as a sales employee for the Hornets, but denies the remaining allegations in Paragraph II.P. of Plaintiffs' Fourth Amended Collective Action Complaint and Jury Trial Request for lack of sufficient information to justify a belief therein.

Defendant denies all alleged liability to and damages and other relief sought by Plaintiffs in their prayers for relief.

## DEFENSES

### FIRST DEFENSE

Plaintiffs and all others claimed to be members of the purported class fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs and all others claimed to be members of the purported class are exempt from the FLSA's overtime provisions, including but not limited to the recreation and amusement exemption and the retail sales exemption.

### THIRD DEFENSE

Plaintiffs and all others claimed to be members of the purported class lack standing to assert claims under the FLSA.

## FOURTH DEFENSE

This action may not be certified or maintained as a collective action because the requirements of 29 U.S.C. § 216 have not been and cannot be fulfilled.

## FIFTH DEFENSE

The claims of Plaintiffs and all others claimed to be members of the purported class are time-barred, in whole or in part, under the applicable statutes of limitation.

## SIXTH DEFENSE

Plaintiffs and all others claimed to be members of the purported class may be barred, in whole or in part, from recovery because they have made statements or taken actions that estop them from asserting their claims or that constitute waiver of their claims.

## SEVENTH DEFENSE

The claims of Plaintiffs and all others claimed to be members of the purported class may be barred by prior arbitration, settlement, payment, fraud, release, discharge of obligations, preemption, and/or the doctrines of collateral estoppel, *res judicata* and/or accord and satisfaction.

## EIGHTH DEFENSE

Defendant is not a covered employer or enterprise under the FLSA.

## NINTH DEFENSE

Defendant is exempt from the requirements of the FLSA under the retail sales exemption, amusement and recreational exemption, and/or otherwise under 29 U.S.C. § 213.

## TENTH DEFENSE

Plaintiffs and all others claimed to be members of the purported class fail to state facts sufficient to constitute a claim for recovery of attorney fees.

## ELEVENTH DEFENSE

Defendant denies liability, but alternatively asserts that it acted in good faith at all times and, thus, cannot be liable for liquidated damages. In the further alternative, Defendant denies it has committed any willful violations of the FLSA.

## TWELFTH DEFENSE

Defendant denies liability, but alternatively asserts that it is entitled to offset gratuitous and other pay provided to employees for non-compensable activities. In the further alternative, any work in excess of a 40-hour work week claimed by Plaintiffs or putative class members qualifies as *de minimis* and is non-compensable.

## THIRTEENTH DEFENSE

Defendant denies liability, but alternatively asserts that Plaintiffs were at all times classified and paid properly under the FLSA.

## FOURTEENTH DEFENSE

Defendant reserves the right to amend this Answer and Defenses to assert any additional affirmative defenses, including in particular those affirmative defenses set forth in Fed. R. Civ. P. 8(c), when and if, in the course of their investigation, discovery, or preparation for trial, it becomes appropriate to assert such affirmative defenses.

Respectfully submitted,

*Jennifer L. Anderson*
_____
SIDNEY F. LEWIS, V (Bar No. 17026)
JENNIFER L. ANDERSON, T.A. (Bar No. 23620)
JANE H. HEIDINGSFELDER (Bar No. 28604)
***Jones, Walker, Waechter, Poitevent,***
  ***Carrère & Denègre, L.L.P.***
201 St. Charles Avenue, 50th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8000
Telefax: (504) 582-8015
e-mail: slewis@joneswalker.com
e-mail: janderson@joneswalker.com
e-mail: jheidingsfelder@joneswalker.com
***COUNSEL FOR DEFENDANT,***
  ***NEW ORLEANS HORNETS NBA L.P.***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** a copy of the above and foregoing *Answer and Defenses to Plaintiffs' Fourth Amended Collective Action Complaint and Jury Trial Request* has been served on all counsel of record below by placing same in the United States mail, postage prepaid and properly addressed, this 15th day of May, 2006.

> Daniel E. Buras, Jr., Esq.
> Daigle Fisse, PLC
> 109 Northpark Boulevard - Suite 125
> Post Office Box 5350 [70434]
> Covington, Louisiana 70433
> Telefax: (985) 871-0899
>
> Stewart E. Niles, Jr., Esq.
> Niles, Bourque & Fontana LLC
> 909 Poydras Street - Suite 3500
> New Orleans, Louisiana 70112
> Telefax: (504) 310-8590

*/s/ Jennifer L. Anderson*