United States Department of Labor

Opinion Letter
Fair Labor Standards Act (FLSA)
WH-472
October 11, 1978

\*\*\*

   Your letter concerning the application of the Fair Labor Standards Act to the \*\*\* has been referred to this office for reply. It is your contention that the \*\*\*, Inc., which is in the business of operating a professional basketball team, is exempt from the minimum wage and overtime pay requirements of the Fair Labor Standards Act under section 13(a)(3) of that Act.

   Section 13(a)(3) exempts from the Act's monetary requirements "any employee employed by an establishment which is an amusement or recreational establishment, \* \* \* if (A) it does not operate for more than seven months in any calendar year, or (B) during the preceding calendar year, its average receipts for any six months of such year were not more than 33-1/3 per centum of its average receipts for the other six months \* \* \*".

   It is our understanding from information provided by our Area Office in \*\*\* that the \*\*\* play 41 home games during the course of the basketball season (not counting any playoff games) at \*\*\* Arena. The Arena is owned by the City of \*\*\* and the \*\*\* lease their administrative offices from the City and are located on the premises of the Arena. The Arena is used not only by the \*\*\*, but also it is used by the \*\*\* Hockey Club and for other purposes such as jazz and rock concerts and ice shows.

   It is evident that \*\*\* Arena is the amusement and recreational establishment and (if it were covered by the Fair Labor Standards Act) would be the establishment entitled to the exemption in section 13(a)(3) provided either of the two tests therein were met.

   It is also evident that the administrative offices of the \*\*\* comprise a separate establishment on the premises of the Arena, but it is not an establishment to which the general public has recourse for its amusement or recreation. The fact that the \*\*\* put on a basketball game 41 nights in the year on the Arena's playing floor does not make it synonymous with the Arena.

   Therefore, it is our opinion that the section 13(a)(3) exemption is not applicable to the employees of the \*\*\* in its administrative offices.

Sincerely,

Xavier M. Vela

Administrator

1978 WL 51434 (DOL WAGE-HOUR)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

