UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EUGENE LIGER, ET AL, | * | CIVIL ACTION NO. 05-1969 |
| Plaintiffs in a Collective Action | * | |
| | * | SECTION C |
| | * | |
| versus | * | MAGISTRATE 05 |
| | * | |
| NEW ORLEANS HORNETS NBA LIMITED | * | |
| PARTNERSHIP, | * | |
| Defendant | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS

1.     The positions held by Plaintiffs and the seventeen putative class members as to whom the notice period is still open are the following: Account Executives (sales); Executive Administrative Assistant; Fan Relations; Inside Sales; Corporate Sales Executive; Sponsorship Sales; Receptionist and Sales Assistant; Public Relations Intern; Video Coordinator; Ticket Sales Office Manager; Ticket Operations Assistant; Ticket Sales Assistant/Receptionist. Declaration of Elvige Cassard, attached as Exhibit A ("Ex. A").

2.     Each of the foregoing positions was based in an office in the Freeport-McMoran building, 1615 Poydras St., New Orleans, La. 70112-1254, in the New Orleans Arena, 1501 Girod Street, New Orleans, LA 70113, and/or in a separate regional sales office, such as in Houma, Gulfport, Baton Rouge, Mandeville, Mississippi Gulf Coast. Declaration of Chris Stant, attached as Exhibit B ("Ex. B").

- 1 -

3. Each was a business office. None of theses places was an office where the public would enter and find amusement or recreational activities. These offices maintained generally standard business hours and were staffed year-round. Ex. B.

4. These offices provided administrative and sales support and generally were considered to be part of the Hornets' business operations. Ex. B.

5. The Hornets' business office in the Arena was separate from the stadium where the Hornets' games were played. That business office functioned largely to promote group sales and season ticket sales and operated mainly on a telemarketing basis. It was not for selling individual tickets, which was a function outsourced to Ticketmaster. Ex. B.

6. The Hornets team, coaches and associated staff were generally considered as basketball operations and were housed at a separate facility on the Westbank. Practices were held there but games were not played there. Ex. B.

Respectfully submitted,

BY: _____
Howard Daigle (#4454)
Daniel E. Buras, Jr. (#26226) (T.A.)
Elvige Cassard Richards (#19386)
227 Highway 21
Madisonville, LA 70447
Telephone: 985.871.0800
Facsimile: 985.871.0899
**ATTORNEYS FOR EUGENE LIGER, IVAN HINSON, ANTHONY MARTIN, ADAM NASH, CHRIS CARTER, MARCY PLANER-MURRAY, LYNN HOLMES, DAN KARLSBERG, CHRISTOPHER STANT, SAM STEINMETZ, AMY NICOLE SMITH, LESLIE SUMLER, LATOUSHA BROWN, KEVIN BUCKEL AND KEN KLIEBERT**

>STEWART E. NILES, JR.
>LAWRENCE J. CENTOLA
>NILES, SALAS, BOURQUE &
>FONTANA, L.C.
>909 Poydras Street, 35th Floor
>New Orleans, Louisiana 70112
>Telephone (504) 310-8550
>Facsimile (504) 310-8595
>**ATTORNEYS FOR JESSICA BERRY**
>**AND KEVIN BUCKEL**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above Plaintiffs' Statement of Undisputed Material Facts has been sent to opposing counsel by placing a copy of same in the U.S. mail, properly addressed, postage prepaid, or by any other means authorized by law, this 24TH day of August 2006.

_____

E:\905\905-01 (Hornets OT)\Pleadings\Summary Judgment\MSJ - Partial, Amsmt-Recrtnl, Establshmt - Undisp Mat Facts.doc