Liger et al v. New Orleans Hornets NBA Limited Partnership                                                                    Doc. 76 Att. 3
Case 2:05-cv-01969-HGB-ALC   Document 76-4   Filed 09/05/2006   Page 1 of 2

Page 1

LEXSEE 2000 DOLWH LEXIS 5

[NO NUMBER IN ORIGINAL]

U.S. Department of Labor
Employment Standards Administration
Wage and Hour Division
Washington, D.C. 20210

*2000 DOLWH LEXIS 5*

May 23, 2000

**JUDGES:** Daniel F. Sweeney, Office of Enforcement Policy, Fair Labor Standards Team

**OPINION:**

[*1]
This is in response to your letter in which you request an opinion concerning the application of section 13(a)(3) of the Fair Labor Standards Act (FLSA) to employees employed at your client's organized sports summer camp.

You state that your client operates an organized summer sports camp for young people where training and instruction is offered in sports such as football, basketball, tennis, soccer and other similar activities. The camp operates during the summer months from early June through late August, and participants attend the camp for seven, fourteen, or twenty-eight days. The employees with whom your request is directed are as follows:

Counselors employed during the operating season supervise, teach, train and coach campers in various offered sports. Two counselors are assigned to each tent, hut, cabin or other living and sleeping quarters, and occupy those quarters with the campers. The counselors are employed under contract for a twenty-eight day period and are on duty 24 hours per day during the twenty-eight day period, except for approximately 72 hours of off-duty time.

Clerical and Office Employees employed full-time on an hourly and salary basis twelve [*2] months of the year.

Seasonal or Temporary Clerical Employees employed during the operating season or temporarily throughout the year on an hourly basis.

Construction and Maintenance Employees employed full-time on an hourly and salary basis twelve months a year.

Seasonal or Temporary Construction and Maintenance Employees employed during the operating season or temporarily throughout the year on an hourly basis.

Section 13(a)(3) of the FLSA provides a complete minimum wage and overtime pay exemption for "any employee employed by an establishment which is an amusement or recreational establishment, organized camp, or religious or non-profit educational conference center, if (A) it does not operate for more than seven months in any calendar year, or (B) during the preceding calendar year, its average receipts for any six months of such year were not more than 33 1/3 per centum of its average receipts for the other six months of such year . . . ."

In order to be exempt under section 13(a)(3), an employee must be employed by an establishment which is a distinct physical place of business that the general public frequents for its amusement or recreation, and the establishment [*3] must meet either the seasonal operations test contained in section 13(a)(3)(A) or the seasonal receipts test contained in Section 13(a)(3)(B) as discussed above. Based on the information you have submitted, it is our opinion that your client's organized summer sports camp would be such an "establishment" within the meaning of section 13(a)(3) of the FLSA.



Dockets.Justia.com

It is also our opinion that the counselors, the full-time clerical and office employees, and the seasonal or temporary clerical and office employees would come within the exemption.

Employees of a section 13(a)(3) exempt establishment who engage in construction or reconstruction work do not qualify for the section 13(a)(3) exemption in any workweek in which they are so engaged. Maintenance employees who engage in maintenance and repair work which is a routine, normal incident to the operation of the exempt summer camp would come within the exemption for the entire year. However, as noted above, those members of the maintenance crew who are engaged in constructing and reconstructing facilities (buildings, huts, cabins, parking lots, driveways, etc.) during the "operating" season as well as during the "off" season would not qualify [*4] for the section 13(a)(3) exemption in any workweek in which they are engaged in the construction or reconstruction activity. The section 13(a)(3) exemption is an "establishment" exemption and the Courts have consistently refused to extend the "establishment" exemption to employees of an establishment whose activities are not of the same character as those activities for which the establishment was created.

The FLSA does not make a distinction between temporary or permanent employees. If the exemption is applicable, all employees may be paid less than the statutory minimum wage and no premium overtime pay is required.

This opinion is based exclusively on the facts and circumstances described in your request and is given on the basis of your representation, explicit or implied, that you have provided a full and fair description of all the facts and circumstances which would be pertinent to our consideration of the question presented. Existence of any other factual or historical background not contained in your letter might require a different conclusion than the one expressed herein. This opinion is also provided on the basis that it is not sought on behalf of a client or firm that [*5] is under investigation by the Wage and Hour Division, or that is in litigation with respect to, or subject to the terms of any agreement or order applying, or requiring compliance with the provisions of the FLSA.

We trust that this information is responsive to your inquiry.

Sincerely,