UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EUGENE LIGER, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-1969** |
| **NEW ORLEANS HORNETS NBA LIMITED PARTNERSHIP** | **SECTION: "C"** |

### ORDER AND REASONS

Before this Court is a Motion for Partial Summary Judgment filed by Plaintiffs, Eugene Liger, et. al. ("Plaintiffs") (Rec. Doc. 74). Defendant, New Orleans Hornets NBA Limited Partnership ("Defendant" or "Hornets") opposes the motion. Oral arguments were heard on September 13, 2006. Having considered the memoranda and arguments of counsel, the record, and the applicable law, the Court finds that the Motion for Partial Summary Judgment is **DENIED**, because of a lack of factual development.

### I. BACKGROUND

Plaintiffs brought this action to recover overtime pay, which they claim the Hornets owed them under 29 U.S.C. § 201, et seq. Plaintiffs form a putative class of Hornets employees who worked in the "business enterprise" of the organization, specifically in sales and fan relations. The Hornets' business offices were in the Freeport-McMoran building, the New Orleans Arena, and/or separate regional sales offices in Houma, Gulfport, Baton Rouge, Mandeville and the

Mississippi Gulf Coast. Plaintiffs filed this Motion for Partial Summary Judgment, arguing that the Fair Labor Standard Act ("FLSA") amusement or recreational exemption, 29 U.S.C. § 213(a)(3), does not apply to them because they worked in the Hornets business offices, which are separate "enterprises" from the organization's amusement or recreational activities. Defendant opposes the motion.

## II. ANALYSIS

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 247-48, 255 S. Ct. 2505, 91 L.Ed.2d 202 (1986); see also, Taita Chem. Co. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." Reid v. State Farm Mut. Auto Ins. Co., 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." Engstrom v. First

Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).  In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations."  See, Hopper v. Frank, 16 F.3d 92 (5th Cir. 1994); Lujan v. Nat'l. Wildlife Fed'n., 497 U.S. 871, 871-73 (1990); Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).

In this motion for partial summary judgment, the Plaintiffs assert that the amusement or recreational exemption from overtime pay that is otherwise required by the FLSA does not apply to them.  They argue that they are employed in the Hornets' business offices and that these offices are separate establishments from the organization's amusement or recreational activities.  Accordingly, they claim that the exemption does not apply to them and that they are due overtime pay.

The Hornets, on the other hand, argue that the business offices are not separate establishments because they have a functional unity with the organization's amusement or recreational activities.  The Hornets also point to the common ownership and management scheme to the whole Hornets organization, including the business offices.  Furthermore, the Hornets argue that the sales and fan relation employees are intimately involved with the amusement or recreational activities.

Under the FLSA, the maximum workweek for an employee of an enterprise engaged in commerce is forty hours.  29 U.S.C. § 207(a)(1) (2006).  If an employee works longer, he must receive overtime compensation at a rate of at least one and one-half times his regular rate of pay.  Id.  However, there is an exemption to the overtime provision for enterprises engaged in seasonal amusement or recreational activities.  This exemption applies to employees who are employed

by an amusement or recreational establishment if it does not operate for more than seven (7) months in a calendar year or during the preceding calendar year, its average receipts for any six (6) months of such year were not more than thirty-three and one third (33 1/3) per cent of its average receipts for the other six (6) months of such year. 29 U.S.C. § 213(a)(3) (2006). The overtime protection is intended to apply to regular forty hour per week employees who occasionally have to work extra hours. On the other hand, the exemption applies to those employees who do not work forty hours per week year round, but rather only work part of they year, even though during a particular week they may work more than forty hours.

   The Hornets argue that they are an amusement or recreational establishment to which the exemption applies. The Hornets are an organization that is involved in the amusement or recreation of professional basketball games. Regardless of the actual length of the basketball season, the Hornets are clearly a year round operation. Therefore to qualify for the exemption, the Hornets must meet the average receipts test. Neither party addresses this test, but appear to assume that the Hornets qualify. Rather, Plaintiff's motion for partial summary judgment argues that they are not subject to the exemption because their work occurs at an "establishment" separate from the games themselves.

   The meaning of "establishment" is not defined in the FLSA. However, the Code of Federal Regulations provides that an "establishment" is a distinct physical place of business, not an entire business or enterprise. 29 C.F.R. §§ 779.23, 779.303. There may be separate establishments on the same premises, if they are physically and functionally separated from each other. 29 C.F.R. §§ 779.305. However, some Courts have held that the functionally separate standard also applies to purported "establishments" that are not on the same premises. See,

Mitchell v. T. F. Taylor Fertilizer Works, Inc., 233 F.2d 284 (5th Cir. 1956); Mitchell v. Gammill, 245 F. 2d 207 (5th Cir. 1957). Thus, these Courts hold that in order to be a separate establishment, there must be both physical and functional separation. However, other Courts hold that the functional separation requirement only applies to businesses that are on the same premises. See, McLaughlin v. Sales, Inc., 714 F. Supp. 920 (S.D. Ill. 1989).

If physical *and* functional separation is the proper test, the Hornets' business operations may not pass as separate establishments. Most of the business offices are physically separated from Arena, i.e. the place where the amusement or recreation occurs, but at least one office is located in the Arena. Regardless of their location, the Hornets' business operations appear to be functionally related to the amusement or recreation. The Plaintiffs were employed in the Hornets' sales and fan relations departments. Sales and fan relations are intimately related to the amusement or recreation of putting on professional basketball games. There cannot be any games if there are no fans buying tickets to attend them. Furthermore, the business operations share the same accounting system, hiring office and ownership as the amusement or recreational function. Therefore, the business operations, in which these employees worked, are functionally related to the amusement or recreation and are not separate business establishments. As a result, the exemption may apply to *all* of the Hornets' employees.[1]

On the other hand, if the proper test is simply physical separation, some of the Hornets' business operations appear to pass the test. As indicated above, there are Hornets business offices located outside of the Arena, which are thus separate establishments. For example, the Hornets' business operations are analogous to those of Yellowstone Park Lines, Inc., which the

---

[1] At oral argument, counsel for the Hornets appeared to take that position.

Court held were separate establishments.  Brennan v. Yellowstone Park Lines, Inc., 478 F. 2d 285 (10th Cir. 1973), cert denied, 414 U.S. 909 (1973).

However, the offices located in the Arena are in the same building as the amusement or recreation.  Therefore, evidence of separation is required to determine that it is a separate establishment.  Plaintiffs argue the business operations are separate, because the work is not done on the court floor where the games take place.  On the other hand, in their original petition, Plaintiffs allege that they had to work extra hours on game days and it is possible that fan relations employees had to be at the games.  If this is the case, then there is no physical separation and thus no separate establishment.

Plaintiffs also assert that the Department of Labor (DOL) has specifically said that the amusement or recreational exemption does not apply to employees of professional sports organizations who work in business operations.  For this proposition, plaintiffs cite a DOL letter which states that the business offices of the sports organization are a "separate establishment on the premises of the Arena." 1978 WL 51434 (DOL WH Opinion Letter, WH-472, Oct. 11, 1978)  Also, in another letter, the DOL said that employees in a central office performing central functions serving a golf course were not exempt under 29 U.S.C. § 213(a)(3).  DOL WH Opinion Letter No. 648, August 9, 1967.  Furthermore, at least one Court has made a distinction between a sports organization's office personnel and those employees who do not work independently of the games.  Adams v. Detroit Tigers, Inc., 961 F. Supp. 176, 178 (E.D. Mich. 1977). Accordingly, if these Plaintiffs did in fact work in business operations, independently of the games, then they perhaps should be considered part of separate business establishments. However, if their work was not independent of the games, then there is only one establishment,

which may fall under the amusement or recreation exemption.

Thus, there is insufficient factual development of whether or not the Hornets' business offices are separate establishments and whether or not the employees claiming that they are due overtime pay are intimately involved with the amusement or recreational aspects of the organization. It is unclear what their responsibilities were year round and what days or hours they worked, which is relevant when the underlying purpose of the statute and exemption are considered.

### III.  CONCLUSION

For the reasons stated above,

IT IS ORDERED that Plaintiff's Motion for Partial Summary Judgment is **DENIED**.

New Orleans, Louisiana, this 4th day of October, 2006.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE