UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| EUGENE LIGER, ET. AL<br><br>Plaintiffs in a Collective Action<br><br>VERSUS<br><br>NEW ORLEANS HORNETS NBA LIMITED PARTNERSHIP, GEORGE SHINN, SAM RUSSO, BARBARA BOOTH, KRISTY MCKEARN, AND BRENDAN DONOHUE<br><br>Defendant | CIVIL ACTION NO. 05-1969<br><br>SECTION C<br><br>MAGISTRATE 05 |
|---|---|

FILED:_____

_____
DEPUTY CLERK

### INTERVENTION PURSUANT TO FRCP 24 TO ASSERT STATUTORY LIEN FOR ATTORNEY'S FEES

NOW INTO COURT comes Niles, Bourque, & Fontana, L.L.C., formerly Niles, Salas, Bourque & Fontana, L.L.C., Plaintiffs in intervention, who files the instant Intervention in this suit for the purpose of asserting its statutory lien for attorney's fees and respectfully avers that:

1. Niles, Bourque, & Fontana, L.L.C. ("NBF") is a Louisiana Limited Liability Company that has its principal place of business in the Parish of Orleans, State of Louisiana.

2. The Courts have exclusive jurisdiction and constitutionally delegated power and control over the regulation of the practice of law and the assessment and/or division of attorney's fees among lawyers. *Leenert Farms, Inc. v. Rogers*, 421 So. 2d 216 (La. 1982) ("Although parties are permitted to contract with respect to attorney fees...., attorney fees

N0031269.WPD

are subject to review and control by the courts."); *Central Progressive Bank v. Bradley*, 502 So. 2d 1017 (La. 1987) (The prohibition against accepting a clearly excessive fee "cannot be abrogated by a law fixing the amount of attorney fees as a percentage of the amount to be collected."); *O'Rourke v. Cairns*, 95-3054 (La. 11/25/96), 683 So.2d 697; *Saucier v. Hayes Dairy Products, Inc.*, 373 So. 2d 102 (La. 1979); *Chittenden v. State Farm Mutual Automobile Insurance Company*, 2000-0414 (La. 5/15/01), 788 So. 2d 1140; La. C.C. Art. 7.

3. In April and May of 2005, NBF investigated the allegations of employees of the Defendants, the New Orleans Hornets NBA Limited Partnership ("New Orleans Hornets" or "Hornets"), George Shinn, Sam Russo, Barbara Booth, Kristy McKearn, and Brendan Donohue (collectively referred to as "Defendants"). The employees of the Defendants believed that the employees had legal grounds to file a lawsuit for Defendants' failure to pay overtime wages in violation of the Fair Labor Standards Act.

4. NBF conducted an extensive amount of meetings with the potential plaintiffs and conducted an extensive amount of research to verify whether or not the potential plaintiffs had viable claims.

5. In April and May of 2005, NBF signed Tort-Wage Claim Contracts of Employment with at least eight (8) Putative Class members (See Exhibit A, attached hereto).

6. On or about May 31, 2005, NBF filed this Collective Action lawsuit on behalf of at least eight (8) Putative Class members.

7. After signing Tort-Wage Claim Contracts of Employment with at least four (4) more

Putative Class members in May and June of 2005 (See Exhibit B, attached hereto), NBF added four (4) additional Putative Class members to Collective Action in June and July of 2005.

8. In November of 2005, NBF was substituted as counsel of record for all but one (1) of the Putative Class members.

9. The Tort-Wage Claim Contracts of Employment entered into between NBF and at least twelve (12) of the Putative Class members established a lien in favor of NBF on any settlement or judgment in the favor of the Putative Class members.

10. Pursuant La.R.S. 9:5001, NBF has a special privilege on any amount of settlement and/or judgment for the amount of its professional fees incurred in procuring the settlement and/or judgment. NBF's privilege ranks as a first privilege thereon.

11. To the extent that La. R.S. 37:218 applies to this case, NBF also has a similar privilege pursuant to that statute.

12. An attorney's fee privilege under La.R.S. 9:5001 does not require recordation, but merely that the claim be asserted prior to disbursement of any funds recovered pursuant to the judgment. Op. Atty. Gen. No. 95-274, Aug. 14, 1995.

13. This Court should proceed to award NBF reasonable attorney's fees for all the work it performed in this case on behalf of its clients, in accordance with the factors listed in Rule 1.5(a)(1) through (7) of the Rules of Professional Conduct.

**WHEREFORE**, Interveners, Niles, Bourque, & Fontana, L.L.C., pray that their Intervention be granted, and that the lien held by Niles, Bourque, & Fontana, L.L.C. be

N0031269.WPD

recognized by this Court and enforced by this Court.

Respectfully submitted,

_____
STEWART E. NILES, JR. (10004)
LAWRENCE J. CENTOLA (27402)
NILES, BOURQUE & FONTANA, L.C.
909 Poydras Street, 35th Floor
New Orleans, Louisiana 70112
Telephone (504) 310-8550
Facsimile (504) 310-8595
Attorneys for Plaintiffs

**PLEASE SERVE**

**DEFENDANTS**
the New Orleans Hornets NBA Limited Partnership, George Shinn, Sam Russo, Barbara Booth, Kristy McKearn, and Brendan Donohue
through their counsel of record,
Ms. Jennifer L. Anderson
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P.
201 St. Charles Ave., 47th Floor
New Orleans, LA 70170-5100

**PLAINTIFFS**
Eugene Liger, Anthony "Tony" Martin, Adam Nash, Chris Carter, Marcy Planer-Murray, Sam Steinmetz, Chris Stant, Leslie Sumler, Ivan Hinson, Amy Nicole Smith, and Latousha Brown, through their counsel of record
Elvige Cassard
Daigle Fisse
227 Highway Twenty One
Madisonville, LA 70447

N0031269.WPD