## TORT - WAGE CLAIM CONTRACT OF EMPLOYMENT

I, MARCY PLANER MURRAY, (hereafter referred to as "**CLIENT**"), hereby retain **DANIEL E. BURAS, JR.** and **NILES, SALAS, BOURQUE & FONTANA, L.C.** ("**NILES, SALAS**"), and such other attorneys as they may designate, as my/our sole and exclusive agent(s) and attorney(s) from May 11, 2005 forward, in connection with the alleged losses, lost wages, penalties, attorney fees and any and all other damages incurred as a result of or associated with a failure to pay overtime wages and other amounts owed pursuant to my employment with the New Orleans Hornets.

**CLIENT** hereby authorizes **DANIEL E. BURAS, JR.** and **NILES, SALAS** to file claims or lawsuits and otherwise to take such legal action as **DANIEL E. BURAS, JR.** and **NILES, SALAS** may deem proper to protect their/our interests in connection with such damages.

**CLIENT** hereby authorizes **DANIEL E. BURAS, JR.** and **NILES, SALAS** to incur on **CLIENT'S** behalf reasonable costs and expenses necessary to the prosecution of such claims or lawsuits, such as court costs, court reporter fees, expert witness fees, and acknowledges that **CLIENT** is responsible for the payment or repayment of such expenses, as may be requested from time to time, but not later than upon the conclusion of the case whether or not **CLIENT** recovers. **CLIENT** shall pay such costs and expenses in addition to any attorney fees which might be due **DANIEL E. BURAS, JR.** and **NILES, SALAS** upon the conclusion of the case.

For their services, **CLIENT** hereby agrees to pay to **DANIEL E. BURAS, JR.** and **NILES, SALAS**, and grant them a privilege for an undivided one-third (33- 1/3%) interest in any and all

N0017248.WPD                     Page 1 of 4



EXHIBIT

A

In Globo

Dockets.Justia.com

judgments or settlement sums, attorneys fees, money or value ("**AWARD**") which **CLIENT** might recover as a result of damages of any kind incurred as a result of any claims against the **New Orleans Hornets,** either by way of judgment or settlement. **CLIENT** acknowledge and agree that these legal fees shall be calculated upon the gross recovery <u>before</u> deducting costs and expenses of this litigation.  Any attorneys fees recovered by **CLIENT** shall be added to the total **AWARD** for the purpose of calculating **DANIEL E. BURAS, JR.** and **NILES, SALAS**'s undivided one-third (33 1/3) interest.  However, in the event, the attorneys fee award is greater than the amount **DANIEL E. BURAS, JR.** or **NILES, SALAS** would be paid by adding the attorneys fees recovered to the **AWARD,**   **DANIEL E. BURAS, JR.** or **NILES SALAS** would be entitled to elect to take the attorneys fees awarded by the Court or otherwise recovered instead of its undivided one-third (33 1/3) interest in the **AWARD** plus recovered attorneys fees.  For purposes of calculating an award of attorneys fees **CLIENT** agrees that, at present, **NILES SALAS** prevailing rates, for these types of claims, range from $200.00 to $450.00 per hour for attorneys  and $100.00 per hour for legal assistants.  These rates may change.

The rates to be charged at this time are as follows:

| A. | **Attorneys**: | Prevailing Rate for this matter: |
|---|---|---|
| | Stewart E. Niles, Jr. | $450.00 |
| | Camilo K. Salas, III | $300.00 |
| | Michelle A. Bourque | $300.00 |
| | Karen M. Fontana | $300.00 |
| | Daniel E. Buras, Jr. | $250.00 |
| | Lawrence J. Centola | $225.00 |
| | Bryan J. Knight | $200.00 |

N0017248.WPD                Page 2 of  4

B.    **Legal Assistants**            Prevailing Rate for this matter

| | |
|---|---|
| Cynthia Glancy, R.N. | $100.00 |
| Joy Morgan, R.N. | $100.00 |
| Linda Knudsen, R.N. | $100.00 |
| Emilio Arias | $100.00 |

**CLIENT** acknowledges and agrees that neither **CLIENT** nor **DANIEL E. BURAS, JR.** nor **NILES, SALAS,** shall settle, compromise or dismiss my claims without the written consent of the other. **CLIENT** acknowledges that **DANIEL E. BURAS, JR.** and **NILES, SALAS** have not agreed to pay any medical expenses or to lend or advance to **CLIENT** any money during the course of this representation, and **CLIENT** acknowledges that **DANIEL E. BURAS, JR.** or **NILES, SALAS'** refusal to pay medical expenses or to lend or advance money to them is not just and good cause to discharge them as their attorneys.

In the event that **CLIENT** discharges **DANIEL E. BURAS, JR.** and **NILES, SALAS** from their service for any reason, **CLIENT** shall nevertheless pay to **DANIEL E. BURAS, JR.** and **NILES, SALAS** from the proceeds of settlement or judgment such attorney fees and costs and expenses as might be due to them for legal services rendered pursuant to this contract. **CLIENT** further agrees that if they discharge **DANIEL E. BURAS, JR.** and **NILES, SALAS, CLIENT** shall repay **DANIEL E. BURAS, JR.** and **NILES, SALAS** all expenses or advances which they might have paid or personally incurred or guaranteed on their behalf. **CLIENT** acknowledges that to secure repayment of such expenses or advances, **DANIEL E. BURAS, JR.** and **NILES, SALAS** shall have a lien on the proceeds of any settlement or judgment in **CLIENT'S** favor, in addition to a lien for the payment of attorney fees for services rendered.

This Tort - Wage Claim Contract of Employment is not binding on **DANIEL E. BURAS, JR.** or **NILES, SALAS** unless signed by **STEWART E. NILES, JR,** as managing partner of **NILES, SALAS**.

This Tort Contract of Employment has been executed in accordance with LSA-R.S. 37:218, this ___16th___ day of MAY, 2005, in New Orleans, Louisiana.

_Marcy Planer Murray_

**MARCY PLANER MURRAY**


**STEWART E. NILES, JR.,** as managing partner of
**NILES, SALAS, BOURQUE & FONTANA, L.C.**
909 Poydras Street, Thirty-Fifth Floor
New Orleans, Louisiana 70112

## TORT - WAGE CLAIM CONTRACT OF EMPLOYMENT

I, **Tony Martin,** (hereafter referred to as "**CLIENT**"), hereby retain **DANIEL E. BURAS, JR.** and **NILES, SALAS, BOURQUE & FONTANA, L.C.** ("**NILES, SALAS**"), and such other attorneys as they may designate, as my/our sole and exclusive agent(s) and attorney(s) from May 11, 2005 forward, in connection with the alleged losses, lost wages, penalties, attorney fees and any and all other damages incurred as a result of or associated with a failure to pay overtime wages and other amounts owed pursuant to my employment with the New Orleans Hornets.

CLIENT hereby authorizes **DANIEL E. BURAS, JR.** and **NILES, SALAS** to file claims or lawsuits and otherwise to take such legal action as **DANIEL E. BURAS, JR.** and **NILES, SALAS** may deem proper to protect their/our interests in connection with such damages.

CLIENT hereby authorizes **DANIEL E. BURAS, JR.** and **NILES, SALAS** to incur on **CLIENT'S** behalf reasonable costs and expenses necessary to the prosecution of such claims or lawsuits, such as court costs, court reporter fees, expert witness fees, and acknowledges that **CLIENT** is responsible for the payment or repayment of such expenses, as may be requested from time to time, but not later than upon the conclusion of the case whether or not **CLIENT** recovers. **CLIENT** shall pay such costs and expenses in addition to any attorney fees which might be due **DANIEL E. BURAS, JR.** and **NILES, SALAS** upon the conclusion of the case.

For their services, **CLIENT** hereby agrees to pay to **DANIEL E. BURAS, JR.** and **NILES, SALAS**, and grant them a privilege for an undivided one-third (33- 1/3%) interest in any and all judgments or settlement sums, attorneys fees, money or value ("**AWARD**") which **CLIENT** might

N0017248.WPD                    Page 1 of 4

recover as a result of damages of any kind incurred as a result of any claims against the **New Orleans Hornets,** either by way of judgment or settlement. **CLIENT** acknowledge and agree that these legal fees shall be calculated upon the gross recovery <u>before</u> deducting costs and expenses of this litigation. Any attorneys fees recovered by **CLIENT** shall be added to the total **AWARD** for the purpose of calculating **DANIEL E. BURAS, JR.** and **NILES, SALAS**'s undivided one-third (33 1/3) interest. However, in the event, the attorneys fee award is greater than the amount **DANIEL E. BURAS, JR.** or **NILES, SALAS** would be paid by adding the attorneys fees recovered to the **AWARD, DANIEL E. BURAS, JR.** or **NILES SALAS** would be entitled to elect to take the attorneys fees awarded by the Court or otherwise recovered instead of its undivided one-third (33 1/3) interest in the **AWARD** plus recovered attorneys fees. For purposes of calculating an award of attorneys fees **CLIENT** agrees that, at present, **NILES SALAS** prevailing rates, for these types of claims, range from $200.00 to $450.00 per hour for attorneys and $100.00 per hour for legal assistants. These rates may change.

The rates to be charged at this time are as follows:

| A. | **Attorneys**: | Prevailing Rate for this matter: |
|---|---|---|
| | Stewart E. Niles, Jr. | $450.00 |
| | Camilo K. Salas, III | $300.00 |
| | Michelle A. Bourque | $300.00 |
| | Karen M. Fontana | $300.00 |
| | Daniel E. Buras, Jr. | $250.00 |
| | Lawrence J. Centola | $225.00 |
| | Bryan J. Knight | $200.00 |

N0017248.WPD                Page 2 of 4

B.    **Legal Assistants**                    Prevailing Rate for this matter

Cynthia Glancy, R.N.                    $100.00
Joy Morgan, R.N.                        $100.00
Linda Knudsen, R.N.                     $100.00
Emilio Arias                            $100.00

**CLIENT** acknowledges and agrees that neither **CLIENT** nor **DANIEL E. BURAS, JR.** nor **NILES, SALAS,** shall settle, compromise or dismiss my claims without the written consent of the other. **CLIENT** acknowledges that **DANIEL E. BURAS, JR.** and **NILES, SALAS** have not agreed to pay any medical expenses or to lend or advance to **CLIENT** any money during the course of this representation, and **CLIENT** acknowledges that **DANIEL E. BURAS, JR.** or **NILES, SALAS'** refusal to pay medical expenses or to lend or advance money to them is not just and good cause to discharge them as their attorneys.

In the event that **CLIENT** discharges **DANIEL E. BURAS, JR.** and **NILES, SALAS** from their service for any reason, **CLIENT** shall nevertheless pay to **DANIEL E. BURAS, JR.** and **NILES, SALAS** from the proceeds of settlement or judgment such attorney fees and costs and expenses as might be due to them for legal services rendered pursuant to this contract. **CLIENT** further agrees that if they discharge **DANIEL E. BURAS, JR.** and **NILES, SALAS, CLIENT** shall repay **DANIEL E. BURAS, JR.** and **NILES, SALAS** all expenses or advances which they might have paid or personally incurred or guaranteed on their behalf. **CLIENT** acknowledges that to secure repayment of such expenses or advances, **DANIEL E. BURAS, JR.** and **NILES, SALAS** shall have a lien on the proceeds of any settlement or judgment in **CLIENT'S** favor, in addition to a lien for the payment of attorney fees for services rendered.

N0017248.WPD                    Page 3 of 4

This Tort - Wage Claim Contract of Employment is not binding on **DANIEL E. BURAS, JR.** or **NILES, SALAS** unless signed by **STEWART E. NILES, JR,** as managing partner of **NILES, SALAS**.

This Tort Contract of Employment has been executed in accordance with LSA-R.S. 37:218, this _____ day of MAY, 2005, in New Orleans, Louisiana.

_____
**TONY MARTIN**


_____
**STEWART E. NILES, JR.,** as managing partner of
**NILES, SALAS, BOURQUE & FONTANA, L.C.**
909 Poydras Street, Thirty-Fifth Floor
New Orleans, Louisiana  70112

## TORT - WAGE CLAIM CONTRACT OF EMPLOYMENT

I, *Leslie G. Jumlins* (hereafter referred to as "CLIENT"), hereby retain **DANIEL E. BURAS, JR.** and **NILES, SALAS, BOURQUE & FONTANA, L.C.** ("**NILES, SALAS**"), and such other attorneys as they may designate, as my/our sole and exclusive agent(s) and attorney(s) from May 11, 2005 forward, in connection with the alleged losses, lost wages, penalties, attorney fees and any and all other damages incurred as a result of or associated with a failure to pay overtime wages and other amounts owed pursuant to my employment with the New Orleans Hornets.

CLIENT hereby authorizes **DANIEL E. BURAS, JR.** and **NILES, SALAS** to file claims or lawsuits and otherwise to take such legal action as **DANIEL E. BURAS, JR.** and **NILES, SALAS** may deem proper to protect their/our interests in connection with such damages.

CLIENT hereby authorizes **DANIEL E. BURAS, JR.** and **NILES, SALAS** to incur on **CLIENT'S** behalf reasonable costs and expenses necessary to the prosecution of such claims or lawsuits, such as court costs, court reporter fees, expert witness fees, and acknowledges that **CLIENT** is responsible for the payment or repayment of such expenses, as may be requested from time to time, but not later than upon the conclusion of the case whether or not **CLIENT** recovers. **CLIENT** shall pay such costs and expenses in addition to any attorney fees which might be due **DANIEL E. BURAS, JR.** and **NILES, SALAS** upon the conclusion of the case.

For their services, **CLIENT** hereby agrees to pay to **DANIEL E. BURAS, JR.** and **NILES, SALAS**, and grant them a privilege for an undivided one-third (33- 1/3%) interest in any and all judgments or settlement sums, attorneys fees, money or value ("**AWARD**") which **CLIENT** might recover as a result of damages of any kind incurred as a result of any claims against the **New Orleans Hornets,** either by way of judgment or settlement. **CLIENT** acknowledge and agree that these legal fees shall be calculated upon the gross recovery <u>before</u> deducting costs and expenses of this litigation. Any attorneys fees recovered by **CLIENT** shall be added to the total **AWARD** for the purpose of calculating **DANIEL E. BURAS, JR.** and **NILES, SALAS**'s undivided one-third (33 1/3) interest. However, in the event, the attorneys fee award is greater than the amount **DANIEL E. BURAS, JR.** or **NILES, SALAS** would be paid by adding the attorneys fees recovered to the **AWARD**,   **DANIEL E. BURAS, JR.** or **NILES SALAS** would be entitled to elect to take the

attorneys fees awarded by the Court or otherwise recovered instead of its undivided one-third (33 1/3) interest in the **AWARD** plus recovered attorneys fees.  For purposes of calculating an award of attorneys fees **CLIENT** agrees that, at present, **NILES SALAS** prevailing rates, for these types of claims, range from $200.00 to $450.00 per hour for attorneys  and $100.00 per hour for legal assistants.  These rates may change.

The rates to be charged at this time are as follows:

A.    **Attorneys**:                      Prevailing Rate for this matter:

| | |
|---|---|
| Stewart E. Niles, Jr. | $450.00 |
| Camilo K. Salas, III | $300.00 |
| Michelle A. Bourque | $300.00 |
| Karen M. Fontana | $300.00 |
| Daniel E. Buras, Jr. | $250.00 |
| Lawrence J. Centola | $225.00 |
| Bryan J. Knight | $200.00 |

B.    **Legal Assistants**                Prevailing Rate for this matter

| | |
|---|---|
| Cynthia Glancy, R.N. | $100.00 |
| Joy Morgan, R.N. | $100.00 |
| Linda Knudsen, R.N. | $100.00 |
| Emilio Arias | $100.00 |

**CLIENT** acknowledges and agrees that neither **CLIENT** nor **DANIEL E. BURAS, JR.** nor **NILES, SALAS**, shall settle, compromise or dismiss my claims without the written consent of the other.  **CLIENT** acknowledges that **DANIEL E. BURAS, JR.** and **NILES, SALAS** have not agreed to pay any medical expenses or to lend or advance to **CLIENT** any money during the course of this representation, and **CLIENT** acknowledges that **DANIEL E. BURAS, JR.** or **NILES, SALAS'** refusal to pay medical expenses or to lend or advance money to them is not just and good cause to discharge them as their attorneys.

In the event that **CLIENT** discharges **DANIEL E. BURAS, JR.** and **NILES, SALAS** from their service for any reason, **CLIENT** shall nevertheless pay to **DANIEL E. BURAS, JR.** and **NILES, SALAS** from the proceeds of settlement or judgment such attorney fees and costs and expenses as might be due to them for legal services rendered pursuant to this contract.  **CLIENT** further agrees that if they discharge **DANIEL E. BURAS, JR.** and **NILES, SALAS, CLIENT** shall repay **DANIEL E. BURAS, JR.** and **NILES, SALAS** all expenses or advances which they might have paid or personally incurred or guaranteed on their behalf.  **CLIENT** acknowledges that to

secure repayment of such expenses or advances, **DANIEL E. BURAS, JR.** and **NILES, SALAS** shall have a lien on the proceeds of any settlement or judgment in **CLIENT'S** favor, in addition to a lien for the payment of attorney fees for services rendered.

This Tort - Wage Claim Contract of Employment is not binding on **DANIEL E. BURAS, JR.** or **NILES, SALAS** unless signed by **STEWART E. NILES, JR,** as managing partner of **NILES, SALAS**.

This Tort Contract of Employment has been executed in accordance with LSA-R.S. 37:218, this _26_ day of MAY, 2005, in New Orleans, Louisiana.

**STEWART E. NILES, JR.,** as managing partner of
**NILES, SALAS, BOURQUE & FONTANA, L.C.**
909 Poydras Street, Thirty-Fifth Floor
New Orleans, Louisiana  70112

## TORT - WAGE CLAIM CONTRACT OF EMPLOYMENT

I,- IVAN Hinson, (hereafter referred to as "CLIENT"), hereby retain **DANIEL E. BURAS, JR.** and **NILES, SALAS, BOURQUE & FONTANA, L.C.** ("**NILES, SALAS**"), and such other attorneys as they may designate, as my/our sole and exclusive agent(s) and attorney(s) from May 11, 2005 forward, in connection with the alleged losses, lost wages, penalties, attorney fees and any and all other damages incurred as a result of or associated with a failure to pay overtime wages and other amounts owed pursuant to my employment with the New Orleans Hornets.

CLIENT hereby authorizes **DANIEL E. BURAS, JR.** and **NILES, SALAS** to file claims or lawsuits and otherwise to take such legal action as **DANIEL E. BURAS, JR.** and **NILES, SALAS** may deem proper to protect their/our interests in connection with such damages.

CLIENT hereby authorizes **DANIEL E. BURAS, JR.** and **NILES, SALAS** to incur on **CLIENT'S** behalf reasonable costs and expenses necessary to the prosecution of such claims or lawsuits, such as court costs, court reporter fees, expert witness fees, and acknowledges that **CLIENT** is responsible for the payment or repayment of such expenses, as may be requested from time to time, but not later than upon the conclusion of the case whether or not **CLIENT** recovers. **CLIENT** shall pay such costs and expenses in addition to any attorney fees which might be due **DANIEL E. BURAS, JR.** and **NILES, SALAS** upon the conclusion of the case.

For their services, **CLIENT** hereby agrees to pay to **DANIEL E. BURAS, JR.** and **NILES, SALAS**, and grant them a privilege for an undivided one-third (33- 1/3%) interest in any and all judgments or settlement sums, attorneys fees, money or value ("**AWARD**") which **CLIENT** might recover as a result of damages of any kind incurred as a result of any claims against the **New Orleans Hornets**, either by way of judgment or settlement. **CLIENT** acknowledge and agree that these legal fees shall be calculated upon the gross recovery before deducting costs and expenses of this litigation. Any attorneys fees recovered by **CLIENT** shall be added to the total **AWARD** for the purpose of calculating **DANIEL E. BURAS, JR.** and **NILES, SALAS**'s undivided one-third (33 1/3) interest. However, in the event, the attorneys fee award is greater than the amount **DANIEL E. BURAS, JR.** or **NILES, SALAS** would be paid by adding the attorneys fees recovered to the **AWARD**, **DANIEL E. BURAS, JR.** or **NILES SALAS** would be entitled to elect to take the

attorneys fees awarded by the Court or otherwise recovered instead of its undivided one-third (33 1/3) interest in the **AWARD** plus recovered attorneys fees. For purposes of calculating an award of attorneys fees **CLIENT** agrees that, at present, **NILES SALAS** prevailing rates, for these types of claims, range from $200.00 to $450.00 per hour for attorneys and $100.00 per hour for legal assistants. These rates may change.

The rates to be charged at this time are as follows:

| A. | **Attorneys**: | Prevailing Rate for this matter: |
|----|----------------|----------------------------------|
|    | Stewart E. Niles, Jr. | $450.00 |
|    | Camilo K. Salas, III | $300.00 |
|    | Michelle A. Bourque | $300.00 |
|    | Karen M. Fontana | $300.00 |
|    | Daniel E. Buras, Jr. | $250.00 |
|    | Lawrence J. Centola | $225.00 |
|    | Bryan J. Knight | $200.00 |

| B. | **Legal Assistants** | Prevailing Rate for this matter |
|----|----------------------|----------------------------------|
|    | Cynthia Glancy, R.N. | $100.00 |
|    | Joy Morgan, R.N. | $100.00 |
|    | Linda Knudsen, R.N. | $100.00 |
|    | Emilio Arias | $100.00 |

**CLIENT** acknowledges and agrees that neither **CLIENT** nor **DANIEL E. BURAS, JR.** nor **NILES, SALAS**, shall settle, compromise or dismiss my claims without the written consent of the other. **CLIENT** acknowledges that **DANIEL E. BURAS, JR.** and **NILES, SALAS** have not agreed to pay any medical expenses or to lend or advance to **CLIENT** any money during the course of this representation, and **CLIENT** acknowledges that **DANIEL E. BURAS, JR.** or **NILES, SALAS'** refusal to pay medical expenses or to lend or advance money to them is not just and good cause to discharge them as their attorneys.

In the event that **CLIENT** discharges **DANIEL E. BURAS, JR.** and **NILES, SALAS** from their service for any reason, **CLIENT** shall nevertheless pay to **DANIEL E. BURAS, JR.** and **NILES, SALAS** from the proceeds of settlement or judgment such attorney fees and costs and expenses as might be due to them for legal services rendered pursuant to this contract. **CLIENT** further agrees that if they discharge **DANIEL E. BURAS, JR.** and **NILES, SALAS, CLIENT** shall repay **DANIEL E. BURAS, JR.** and **NILES, SALAS** all expenses or advances which they might have paid or personally incurred or guaranteed on their behalf. **CLIENT** acknowledges that to

secure repayment of such expenses or advances, **DANIEL E. BURAS, JR.** and **NILES, SALAS** shall have a lien on the proceeds of any settlement or judgment in **CLIENT'S** favor, in addition to a lien for the payment of attorney fees for services rendered.

This Tort - Wage Claim Contract of Employment is not binding on **DANIEL E. BURAS, JR.** or **NILES, SALAS** unless signed by **STEWART E. NILES, JR,** as managing partner of **NILES, SALAS**.

This TORT -WAGE Contract of Employment has been executed in accordance with LSA-R.S. 37:218, this _____ day of JUNE, 2005, in New Orleans, Louisiana.

**STEWART E. NILES, JR.,** as managing partner of
**NILES, SALAS, BOURQUE & FONTANA, L.C.**
909 Poydras Street, Thirty-Fifth Floor
New Orleans, Louisiana  70112

## TORT - WAGE CLAIM CONTRACT OF EMPLOYMENT

I, **LATOUSHA BROWN,** (hereafter referred to as "**CLIENT**"), hereby retain **DANIEL E. BURAS, JR.** and **NILES, SALAS, BOURQUE & FONTANA, L.C.** ("**NILES, SALAS**"), and such other attorneys as they may designate, as my/our sole and exclusive agent(s) and attorney(s) from May 11, 2005 forward, in connection with the alleged losses, lost wages, penalties, attorney fees and any and all other damages incurred as a result of or associated with a failure to pay overtime wages and other amounts owed pursuant to my employment with the New Orleans Hornets.

**CLIENT** hereby authorizes **DANIEL E. BURAS, JR.** and **NILES, SALAS** to file claims or lawsuits and otherwise to take such legal action as **DANIEL E. BURAS, JR.** and **NILES, SALAS** may deem proper to protect their/our interests in connection with such damages.

**CLIENT** hereby authorizes **DANIEL E. BURAS, JR.** and **NILES, SALAS** to incur on **CLIENT'S** behalf reasonable costs and expenses necessary to the prosecution of such claims or lawsuits, such as court costs, court reporter fees, expert witness fees, and acknowledges that **CLIENT** is responsible for the payment or repayment of such expenses, as may be requested from time to time, but not later than upon the conclusion of the case whether or not **CLIENT** recovers. **CLIENT** shall pay such costs and expenses in addition to any attorney fees which might be due **DANIEL E. BURAS, JR.** and **NILES, SALAS** upon the conclusion of the case.

For their services, **CLIENT** hereby agrees to pay to **DANIEL E. BURAS, JR.** and **NILES, SALAS,** and grant them a privilege for an undivided one-third (33- 1/3%) interest in any and all judgments or settlement sums, attorneys fees, money or value ("**AWARD**") which **CLIENT** might recover as a result of damages of any kind incurred as a result of any claims against the **New Orleans Hornets,** either by way of judgment or settlement. **CLIENT** acknowledge and agree that these legal fees shall be calculated upon the gross recovery <u>before</u> deducting costs and expenses of this litigation. Any attorneys fees recovered by **CLIENT** shall be added to the total **AWARD** for the purpose of calculating **DANIEL E. BURAS, JR.** and **NILES, SALAS**'s undivided one-third (33 1/3) interest. However, in the event, the attorneys fee award is greater than the amount **DANIEL E. BURAS, JR.** or **NILES, SALAS** would be paid by adding the attorneys fees recovered to the **AWARD,** **DANIEL E. BURAS, JR.** or **NILES SALAS** would be entitled to elect to take the

attorneys fees awarded by the Court or otherwise recovered instead of its undivided one-third (33 1/3) interest in the **AWARD** plus recovered attorneys fees. For purposes of calculating an award of attorneys fees **CLIENT** agrees that, at present, **NILES SALAS** prevailing rates, for these types of claims, range from $200.00 to $450.00 per hour for attorneys and $100.00 per hour for legal assistants. These rates may change.

The rates to be charged at this time are as follows:

| A. | **Attorneys**: | Prevailing Rate for this matter: |
|----|----------------|----------------------------------|
|    | Stewart E. Niles, Jr. | $450.00 |
|    | Camilo K. Salas, III | $300.00 |
|    | Michelle A. Bourque | $300.00 |
|    | Karen M. Fontana | $300.00 |
|    | Daniel E. Buras, Jr. | $250.00 |
|    | Lawrence J. Centola | $225.00 |
|    | Bryan J. Knight | $200.00 |

| B. | **Legal Assistants** | Prevailing Rate for this matter |
|----|----------------------|---------------------------------|
|    | Cynthia Glancy, R.N. | $100.00 |
|    | Joy Morgan, R.N. | $100.00 |
|    | Linda Knudsen, R.N. | $100.00 |
|    | Emilio Arias | $100.00 |

**CLIENT** acknowledges and agrees that neither **CLIENT** nor **DANIEL E. BURAS, JR.** nor **NILES, SALAS,** shall settle, compromise or dismiss my claims without the written consent of the other. **CLIENT** acknowledges that **DANIEL E. BURAS, JR.** and **NILES, SALAS** have not agreed to pay any medical expenses or to lend or advance to **CLIENT** any money during the course of this representation, and **CLIENT** acknowledges that **DANIEL E. BURAS, JR.** or **NILES, SALAS'** refusal to pay medical expenses or to lend or advance money to them is not just and good cause to discharge them as their attorneys.

In the event that **CLIENT** discharges **DANIEL E. BURAS, JR.** and **NILES, SALAS** from their service for any reason, **CLIENT** shall nevertheless pay to **DANIEL E. BURAS, JR.** and **NILES, SALAS** from the proceeds of settlement or judgment such attorney fees and costs and expenses as might be due to them for legal services rendered pursuant to this contract. **CLIENT** further agrees that if they discharge **DANIEL E. BURAS, JR.** and **NILES, SALAS, CLIENT** shall repay **DANIEL E. BURAS, JR.** and **NILES, SALAS** all expenses or advances which they might have paid or personally incurred or guaranteed on their behalf. **CLIENT** acknowledges that to

secure repayment of such expenses or advances, **DANIEL E. BURAS, JR.** and **NILES, SALAS**

shall have a lien on the proceeds of any settlement or judgment in **CLIENT'S** favor, in addition to

a lien for the payment of attorney fees for services rendered.

This Tort - FLSA Contract of Employment is not binding on **DANIEL E. BURAS, JR.** or

**NILES, SALAS** unless signed by **STEWART E. NILES, JR,** as managing partner of **NILES,**

**SALAS**.

This Tort Contract of Employment has been executed in accordance with LSA-R.S. 37:218,

this 26 day of MAY, 2005, in New Orleans, Louisiana.

_____
LATOUSHA BROWN


_____
**STEWART E. NILES, JR.,** as managing partner of
**NILES, SALAS, BOURQUE & FONTANA, L.C.**
909 Poydras Street, Thirty-Fifth Floor
New Orleans, Louisiana 70112

## TORT - WAGE CLAIM CONTRACT OF EMPLOYMENT

I, **EUGENE LIGER** (hereafter referred to as "**CLIENT**"), hereby retain **DANIEL E. BURAS, JR.** and **NILES, SALAS, BOURQUE & FONTANA, L.C.** ("**NILES, SALAS**"), and such other attorneys as they may designate, as my/our sole and exclusive agent(s) and attorney(s) from May 19, 2005 forward, in connection with the alleged losses, lost wages, penalties, attorney fees and any and all other damages incurred as a result of or associated with a failure to pay overtime wages and other amounts owed pursuant to my employment with the New Orleans Hornets.

CLIENT hereby authorizes **DANIEL E. BURAS, JR.** and **NILES, SALAS** to file claims or lawsuits and otherwise to take such legal action as **DANIEL E. BURAS, JR.** and **NILES, SALAS** may deem proper to protect their/our interests in connection with such damages.

CLIENT hereby authorizes **DANIEL E. BURAS, JR.** and **NILES, SALAS** to incur on **CLIENT'S** behalf reasonable costs and expenses necessary to the prosecution of such claims or lawsuits, such as court costs, court reporter fees, expert witness fees, and acknowledges that **CLIENT** is responsible for the payment or repayment of such expenses, as may be requested from time to time, but not later than upon the conclusion of the case whether or not **CLIENT** recovers. **CLIENT** shall pay such costs and expenses in addition to any attorney fees which might be due **DANIEL E. BURAS, JR.** and **NILES, SALAS** upon the conclusion of the case.

For their services, **CLIENT** hereby agrees to pay to **DANIEL E. BURAS, JR.** and **NILES, SALAS**, and grant them a privilege for an undivided one-third (33- 1/3%) interest in any and all judgments or settlement sums, attorneys fees, money or value ("**AWARD**") which **CLIENT** might recover as a result of damages of any kind incurred as a result of any claims against the **New Orleans Hornets**, either by way of judgment or settlement. **CLIENT** acknowledge and agree that these legal fees shall be calculated upon the gross recovery before deducting costs and expenses of this litigation. Any attorneys fees recovered by **CLIENT** shall be added to the total **AWARD** for the purpose of calculating **DANIEL E. BURAS, JR.** and **NILES, SALAS**'s undivided one-third (33 1/3) interest. However, in the event, the attorneys fee award is greater than the amount **DANIEL E. BURAS, JR.** or **NILES, SALAS** would be paid by adding the attorneys fees recovered to the **AWARD**, **DANIEL E. BURAS, JR.** or **NILES SALAS** would be entitled to elect to take the

attorneys fees awarded by the Court or otherwise recovered instead of its undivided one-third (33 1/3) interest in the **AWARD** plus recovered attorneys fees. For purposes of calculating an award of attorneys fees **CLIENT** agrees that, at present, **NILES SALAS** prevailing rates, for these types of claims, range from $200.00 to $450.00 per hour for attorneys and $100.00 per hour for legal assistants. These rates may change.

The rates to be charged at this time are as follows:

| A. | **Attorneys**: | Prevailing Rate for this matter: |
|---|---|---|
| | Stewart E. Niles, Jr. | $450.00 |
| | Camilo K. Salas, III | $300.00 |
| | Michelle A. Bourque | $300.00 |
| | Karen M. Fontana | $300.00 |
| | Daniel E. Buras, Jr. | $250.00 |
| | Lawrence J. Centola | $225.00 |
| | Bryan J. Knight | $200.00 |

| B. | **Legal Assistants** | Prevailing Rate for this matter |
|---|---|---|
| | Cynthia Glancy, R.N. | $100.00 |
| | Joy Morgan, R.N. | $100.00 |
| | Linda Knudsen, R.N. | $100.00 |
| | Emilio Arias | $100.00 |

**CLIENT** acknowledges and agrees that neither **CLIENT** nor **DANIEL E. BURAS, JR.** nor **NILES, SALAS**, shall settle, compromise or dismiss my claims without the written consent of the other. **CLIENT** acknowledges that **DANIEL E. BURAS, JR.** and **NILES, SALAS** have not agreed to pay any medical expenses or to lend or advance to **CLIENT** any money during the course of this representation, and **CLIENT** acknowledges that **DANIEL E. BURAS, JR.** or **NILES, SALAS'** refusal to pay medical expenses or to lend or advance money to them is not just and good cause to discharge them as their attorneys.

In the event that **CLIENT** discharges **DANIEL E. BURAS, JR.** and **NILES, SALAS** from their service for any reason, **CLIENT** shall nevertheless pay to **DANIEL E. BURAS, JR.** and **NILES, SALAS** from the proceeds of settlement or judgment such attorney fees and costs and expenses as might be due to them for legal services rendered pursuant to this contract. **CLIENT** further agrees that if they discharge **DANIEL E. BURAS, JR.** and **NILES, SALAS, CLIENT** shall repay **DANIEL E. BURAS, JR.** and **NILES, SALAS** all expenses or advances which they might have paid or personally incurred or guaranteed on their behalf. **CLIENT** acknowledges that to

secure repayment of such expenses or advances, **DANIEL E. BURAS, JR.** and **NILES, SALAS** shall have a lien on the proceeds of any settlement or judgment in **CLIENT'S** favor, in addition to a lien for the payment of attorney fees for services rendered.

This Contract of Employment is not binding on **DANIEL E. BURAS, JR.** or **NILES, SALAS** unless signed by **STEWART E. NILES, JR**, as managing partner of **NILES, SALAS**.

This Tort Contract of Employment has been executed in accordance with LSA-R.S. 37:218, this _____ day of MAY, 2005, in New Orleans, Louisiana.

**EUGENE LIGER**
**3911 Hessmer Avenue, Apt. 114**
**Metairie, LA 70002**

**STEWART E. NILES, JR.**, as managing partner of
**NILES, SALAS, BOURQUE & FONTANA, L.C.**
909 Poydras Street, Thirty-Fifth Floor
New Orleans, Louisiana 70112

## TORT - WAGE CLAIM CONTRACT OF EMPLOYMENT

I, **CHRISTOPHER CARTER**, (hereafter referred to as "**CLIENT**"), hereby retain **DANIEL E. BURAS, JR.** and **NILES, SALAS, BOURQUE & FONTANA, L.C.** ("**NILES, SALAS**"), and such other attorneys as they may designate, as my/our sole and exclusive agent(s) and attorney(s) from May 11, 2005 forward, in connection with the alleged losses, lost wages, penalties, attorney fees and any and all other damages incurred as a result of or associated with a failure to pay overtime wages and other amounts owed pursuant to my employment with the New Orleans Hornets.

**CLIENT** hereby authorizes **DANIEL E. BURAS, JR.** and **NILES, SALAS** to file claims or lawsuits and otherwise to take such legal action as **DANIEL E. BURAS, JR.** and **NILES, SALAS** may deem proper to protect their/our interests in connection with such damages.

**CLIENT** hereby authorizes **DANIEL E. BURAS, JR.** and **NILES, SALAS** to incur on **CLIENT'S** behalf reasonable costs and expenses necessary to the prosecution of such claims or lawsuits, such as court costs, court reporter fees, expert witness fees, and acknowledges that **CLIENT** is responsible for the payment or repayment of such expenses, as may be requested from time to time, but not later than upon the conclusion of the case whether or not **CLIENT** recovers. **CLIENT** shall pay such costs and expenses in addition to any attorney fees which might be due **DANIEL E. BURAS, JR.** and **NILES, SALAS** upon the conclusion of the case.

For their services, **CLIENT** hereby agrees to pay to **DANIEL E. BURAS, JR.** and **NILES, SALAS**, and grant them a privilege for an undivided one-third (33- 1/3%) interest in any and all judgments or settlement sums, attorneys fees, money or value ("**AWARD**") which **CLIENT** might recover as a result of damages of any kind incurred as a result of any claims against the **New Orleans Hornets,** either by way of judgment or settlement. **CLIENT** acknowledge and agree that these legal fees shall be calculated upon the gross recovery <u>before</u> deducting costs and expenses of this litigation. Any attorneys fees recovered by **CLIENT** shall be added to the total **AWARD** for the purpose of calculating **DANIEL E. BURAS, JR.** and **NILES, SALAS's** undivided one-third (33 1/3) interest. However, in the event, the attorneys fee award is greater than the amount **DANIEL E. BURAS, JR.** or **NILES, SALAS** would be paid by adding the attorneys fees recovered to the **AWARD,**   **DANIEL E. BURAS, JR.** or **NILES SALAS** would be entitled to elect to take the

attorneys fees awarded by the Court or otherwise recovered instead of its undivided one-third (33 1/3) interest in the **AWARD** plus recovered attorneys fees. For purposes of calculating an award of attorneys fees **CLIENT** agrees that, at present, **NILES SALAS** prevailing rates, for these types of claims, range from $200.00 to $450.00 per hour for attorneys and $100.00 per hour for legal assistants. These rates may change.

The rates to be charged at this time are as follows:

| A. | **Attorneys**: | Prevailing Rate for this matter: |
|---|---|---|
| | Stewart E. Niles, Jr. | $450.00 |
| | Camilo K. Salas, III | $300.00 |
| | Michelle A. Bourque | $300.00 |
| | Karen M. Fontana | $300.00 |
| | Daniel E. Buras, Jr. | $250.00 |
| | Lawrence J. Centola | $225.00 |
| | Bryan J. Knight | $200.00 |

| B. | **Legal Assistants** | Prevailing Rate for this matter |
|---|---|---|
| | Cynthia Glancy, R.N. | $100.00 |
| | Joy Morgan, R.N. | $100.00 |
| | Linda Knudsen, R.N. | $100.00 |
| | Emilio Arias | $100.00 |

**CLIENT** acknowledges and agrees that neither **CLIENT** nor **DANIEL E. BURAS, JR.** nor **NILES, SALAS,** shall settle, compromise or dismiss my claims without the written consent of the other. **CLIENT** acknowledges that **DANIEL E. BURAS, JR.** and **NILES, SALAS** have not agreed to pay any medical expenses or to lend or advance to **CLIENT** any money during the course of this representation, and **CLIENT** acknowledges that **DANIEL E. BURAS, JR.** or **NILES, SALAS'** refusal to pay medical expenses or to lend or advance money to them is not just and good cause to discharge them as their attorneys.

In the event that **CLIENT** discharges **DANIEL E. BURAS, JR.** and **NILES, SALAS** from their service for any reason, **CLIENT** shall nevertheless pay to **DANIEL E. BURAS, JR.** and **NILES, SALAS** from the proceeds of settlement or judgment such attorney fees and costs and expenses as might be due to them for legal services rendered pursuant to this contract. **CLIENT** further agrees that if they discharge **DANIEL E. BURAS, JR.** and **NILES, SALAS, CLIENT** shall repay **DANIEL E. BURAS, JR.** and **NILES, SALAS** all expenses or advances which they might have paid or personally incurred or guaranteed on their behalf. **CLIENT** acknowledges that to

secure repayment of such expenses or advances, **DANIEL E. BURAS, JR.** and **NILES, SALAS** shall have a lien on the proceeds of any settlement or judgment in **CLIENT'S** favor, in addition to a lien for the payment of attorney fees for services rendered.

This Tort - Wage Claim Contract of Employment is not binding on **DANIEL E. BURAS, JR.** or **NILES, SALAS** unless signed by **STEWART E. NILES, JR,** as managing partner of **NILES, SALAS**.

This Tort Contract of Employment has been executed in accordance with LSA-R.S. 37:218, this _____ day of MAY, 2005, in New Orleans, Louisiana.

**CHRISTOPHER CARTER**

**STEWART E. NILES, JR.,** as managing partner of
**NILES, SALAS, BOURQUE & FONTANA, L.C.**
909 Poydras Street, Thirty-Fifth Floor
New Orleans, Louisiana 70112

## TORT - WAGE CLAIM CONTRACT OF EMPLOYMENT

I, **CHRISTOPHER STANT** (hereafter referred to as "**CLIENT**"), hereby retain **DANIEL E. BURAS, JR.** and **NILES, SALAS, BOURQUE & FONTANA, L.C.** ("**NILES, SALAS**"), and such other attorneys as they may designate, as my/our sole and exclusive agent(s) and attorney(s) from May 11, 2005 forward, in connection with the alleged losses, lost wages, penalties, attorney fees and any and all other damages incurred as a result of or associated with a failure to pay overtime wages and other amounts owed pursuant to my employment with the New Orleans Hornets.

**CLIENT** hereby authorizes **DANIEL E. BURAS, JR.** and **NILES, SALAS** to file claims or lawsuits and otherwise to take such legal action as **DANIEL E. BURAS, JR.** and **NILES, SALAS** may deem proper to protect their/our interests in connection with such damages.

**CLIENT** hereby authorizes **DANIEL E. BURAS, JR.** and **NILES, SALAS** to incur on **CLIENT'S** behalf reasonable costs and expenses necessary to the prosecution of such claims or lawsuits, such as court costs, court reporter fees, expert witness fees, and acknowledges that **CLIENT** is responsible for the payment or repayment of such expenses, as may be requested from time to time, but not later than upon the conclusion of the case whether or not **CLIENT** recovers. **CLIENT** shall pay such costs and expenses in addition to any attorney fees which might be due **DANIEL E. BURAS, JR.** and **NILES, SALAS** upon the conclusion of the case.

For their services, **CLIENT** hereby agrees to pay to **DANIEL E. BURAS, JR.** and **NILES, SALAS**, and grant them a privilege for an undivided one-third (33- 1/3%) interest in any and all judgments or settlement sums, attorneys fees, money or value ("**AWARD**") which **CLIENT** might recover as a result of damages of any kind incurred as a result of any claims against the **New Orleans Hornets**, either by way of judgment or settlement. **CLIENT** acknowledge and agree that these legal fees shall be calculated upon the gross recovery before deducting costs and expenses of this litigation. Any attorneys fees recovered by **CLIENT** shall be added to the total **AWARD** for the purpose of calculating **DANIEL E. BURAS, JR.** and **NILES, SALAS**'s undivided one-third (33 1/3) interest. However, in the event, the attorneys fee award is greater than the amount **DANIEL E. BURAS, JR.** or **NILES, SALAS** would be paid by adding the attorneys fees recovered to the **AWARD**, **DANIEL E. BURAS, JR.** or **NILES SALAS** would be entitled to elect to take the

attorneys fees awarded by the Court or otherwise recovered instead of its undivided one-third (33 1/3) interest in the **AWARD** plus recovered attorneys fees. For purposes of calculating an award of attorneys fees **CLIENT** agrees that, at present, **NILES SALAS** prevailing rates, for these types of claims, range from $200.00 to $450.00 per hour for attorneys and $100.00 per hour for legal assistants. These rates may change.

The rates to be charged at this time are as follows:

| A. | **Attorneys**: | Prevailing Rate for this matter: |
|---|---|---|
| | Stewart E. Niles, Jr. | $450.00 |
| | Camilo K. Salas, III | $300.00 |
| | Michelle A. Bourque | $300.00 |
| | Karen M. Fontana | $300.00 |
| | Daniel E. Buras, Jr. | $250.00 |
| | Lawrence J. Centola | $225.00 |
| | Bryan J. Knight | $200.00 |

| B. | **Legal Assistants** | Prevailing Rate for this matter |
|---|---|---|
| | Cynthia Glancy, R.N. | $100.00 |
| | Joy Morgan, R.N. | $100.00 |
| | Linda Knudsen, R.N. | $100.00 |
| | Emilio Arias | $100.00 |

**CLIENT** acknowledges and agrees that neither **CLIENT** nor **DANIEL E. BURAS, JR.** nor **NILES, SALAS,** shall settle, compromise or dismiss my claims without the written consent of the other. **CLIENT** acknowledges that **DANIEL E. BURAS, JR.** and **NILES, SALAS** have not agreed to pay any medical expenses or to lend or advance to **CLIENT** any money during the course of this representation, and **CLIENT** acknowledges that **DANIEL E. BURAS, JR.** or **NILES, SALAS'** refusal to pay medical expenses or to lend or advance money to them is not just and good cause to discharge them as their attorneys.

In the event that **CLIENT** discharges **DANIEL E. BURAS, JR.** and **NILES, SALAS** from their service for any reason, **CLIENT** shall nevertheless pay to **DANIEL E. BURAS, JR.** and **NILES, SALAS** from the proceeds of settlement or judgment such attorney fees and costs and expenses as might be due to them for legal services rendered pursuant to this contract. **CLIENT** further agrees that if they discharge **DANIEL E. BURAS, JR.** and **NILES, SALAS, CLIENT** shall repay **DANIEL E. BURAS, JR.** and **NILES, SALAS** all expenses or advances which they might have paid or personally incurred or guaranteed on their behalf. **CLIENT** acknowledges that to

secure repayment of such expenses or advances, **DANIEL E. BURAS, JR.** and **NILES, SALAS**

shall have a lien on the proceeds of any settlement or judgment in **CLIENT'S** favor, in addition to

a lien for the payment of attorney fees for services rendered.

This Tort - FLSA Contract of Employment is not binding on **DANIEL E. BURAS, JR.** or

**NILES, SALAS** unless signed by **STEWART E. NILES, JR,**  as managing partner of **NILES,**

**SALAS.**

This Tort Contract of Employment has been executed in accordance with LSA-R.S. 37:218,

this 2/6 day of MAY, 2005, in New Orleans, Louisiana.

_____
                    **CHRISTOPHER STANT**


_____
**STEWART E. NILES, JR.,** as managing partner of
**NILES, SALAS, BOURQUE & FONTANA, L.C.**
909 Poydras Street, Thirty-Fifth Floor
New Orleans, Louisiana  70112

## TORT - WAGE CLAIM CONTRACT OF EMPLOYMENT

I, **DAN KARLSBERG,** (hereafter referred to as "CLIENT"), hereby retain **DANIEL E. BURAS, JR.** and **NILES, SALAS, BOURQUE & FONTANA, L.C.** ("NILES, SALAS"), and such other attorneys as they may designate, as my/our sole and exclusive agent(s) and attorney(s) from ___8/26/05___ forward, in connection with the alleged losses, lost wages, penalties, attorney fees and any and all other damages incurred as a result of or associated with a failure to pay overtime wages and other amounts owed pursuant to my employment with the New Orleans Hornets.

CLIENT hereby authorizes **DANIEL E. BURAS, JR.** and **NILES, SALAS** to file claims or lawsuits and otherwise to take such legal action as **DANIEL E. BURAS, JR.** and **NILES, SALAS** may deem proper to protect their/our interests in connection with such damages.

CLIENT hereby authorizes **DANIEL E. BURAS, JR.** and **NILES, SALAS** to incur on **CLIENT'S** behalf reasonable costs and expenses necessary to the prosecution of such claims or lawsuits, such as court costs, court reporter fees, expert witness fees, and acknowledges that **CLIENT** is responsible for the payment or repayment of such expenses, as may be requested from time to time, but not later than upon the conclusion of the case whether or not **CLIENT** recovers. **CLIENT** shall pay such costs and expenses in addition to any attorney fees which might be due **DANIEL E. BURAS, JR.** and **NILES, SALAS** upon the conclusion of the case.

For their services, **CLIENT** hereby agrees to pay to **DANIEL E. BURAS, JR.** and **NILES, SALAS,** and grant them a privilege for an undivided one-third (33- 1/3%) interest in any and all judgments or settlement sums, attorneys fees, money or value ("**AWARD**") which **CLIENT** might recover as a result of damages of any kind incurred as a result of any claims against the **New Orleans Hornets,** either by way of judgment or settlement. **CLIENT** acknowledge and agree that these legal fees shall be calculated upon the gross recovery before deducting costs and expenses of this litigation. Any attorneys fees recovered by **CLIENT** shall be added to the total **AWARD** for the purpose of calculating **DANIEL E. BURAS, JR.** and **NILES, SALAS**'s undivided one-third (33 1/3) interest. However, in the event, the attorneys fee award is greater than the amount **DANIEL E. BURAS, JR.** or **NILES, SALAS** would be paid by adding the attorneys fees recovered to the **AWARD,    DANIEL E. BURAS, JR.** or **NILES SALAS** would be entitled to elect to take the

attorneys fees awarded by the Court or otherwise recovered instead of its undivided one-third (33 1/3) interest in the **AWARD** plus recovered attorneys fees. For purposes of calculating an award of attorneys fees **CLIENT** agrees that, at present, **NILES SALAS** prevailing rates, for these types of claims, range from $200.00 to $450.00 per hour for attorneys  and $100.00 per hour for legal assistants. These rates may change.

The rates to be charged at this time are as follows:

| A. | **Attorneys**: | Prevailing Rate for this matter: |
|---|---|---|
| | Stewart E. Niles, Jr. | $450.00 |
| | Camilo K. Salas, III | $300.00 |
| | Michelle A. Bourque | $300.00 |
| | Karen M. Fontana | $300.00 |
| | Daniel E. Buras, Jr. | $250.00 |
| | Lawrence J. Centola | $225.00 |
| | Bryan J. Knight | $200.00 |

| B. | **Legal Assistants** | Prevailing Rate for this matter |
|---|---|---|
| | Cynthia Glancy, R.N. | $100.00 |
| | Joy Morgan, R.N. | $100.00 |
| | Linda Knudsen, R.N. | $100.00 |
| | Emilio Arias | $100.00 |

**CLIENT** acknowledges and agrees that neither **CLIENT** nor **DANIEL E. BURAS, JR.** nor **NILES, SALAS,** shall settle, compromise or dismiss my claims without the written consent of the other. **CLIENT** acknowledges that **DANIEL E. BURAS, JR.** and **NILES, SALAS** have not agreed to pay any medical expenses or to lend or advance to **CLIENT** any money during the course of this representation, and **CLIENT** acknowledges that **DANIEL E. BURAS, JR.** or **NILES, SALAS'** refusal to pay medical expenses or to lend or advance money to them is not just and good cause to discharge them as their attorneys.

In the event that **CLIENT** discharges **DANIEL E. BURAS, JR.** and **NILES, SALAS** from their service for any reason, **CLIENT** shall nevertheless pay to **DANIEL E. BURAS, JR.** and **NILES, SALAS** from the proceeds of settlement or judgment such attorney fees and costs and expenses as might be due to them for legal services rendered pursuant to this contract. **CLIENT** further agrees that if they discharge **DANIEL E. BURAS, JR.** and **NILES, SALAS, CLIENT** shall repay **DANIEL E. BURAS, JR.** and **NILES, SALAS** all expenses or advances which they might have paid or personally incurred or guaranteed on their behalf. **CLIENT** acknowledges that to

secure repayment of such expenses or advances, **DANIEL E. BURAS, JR.** and **NILES, SALAS** shall have a lien on the proceeds of any settlement or judgment in **CLIENT'S** favor, in addition to a lien for the payment of attorney fees for services rendered.

This Tort - FLSA Contract of Employment is not binding on **DANIEL E. BURAS, JR.** or **NILES, SALAS** unless signed by **STEWART E. NILES, JR,** as managing partner of **NILES, SALAS.**

This Tort Contract of Employment has been executed in accordance with LSA-R.S. 37:218, this 26 day of AUGUST, 2005, in _____

_____
DAN KARLSBERG

_____
**STEWART E. NILES, JR.,** as managing partner of
**NILES, SALAS, BOURQUE & FONTANA, L.C.**
909 Poydras Street, Thirty-Fifth Floor
New Orleans, Louisiana 70112

## TORT - WAGE CLAIM CONTRACT OF EMPLOYMENT

I, **ADAM NASH**, (hereafter referred to as "**CLIENT**"), hereby retain **DANIEL E. BURAS, JR.** and **NILES, SALAS, BOURQUE & FONTANA, L.C.** ("**NILES, SALAS**"), and such other attorneys as they may designate, as my/our sole and exclusive agent(s) and attorney(s) from May 11, 2005 forward, in connection with the alleged losses, lost wages, penalties, attorney fees and any and all other damages incurred as a result of or associated with a failure to pay overtime wages and other amounts owed pursuant to my employment with the New Orleans Hornets.

**CLIENT** hereby authorizes **DANIEL E. BURAS, JR.** and **NILES, SALAS** to file claims or lawsuits and otherwise to take such legal action as **DANIEL E. BURAS, JR.** and **NILES, SALAS** may deem proper to protect their/our interests in connection with such damages.

**CLIENT** hereby authorizes **DANIEL E. BURAS, JR.** and **NILES, SALAS** to incur on **CLIENT'S** behalf reasonable costs and expenses necessary to the prosecution of such claims or lawsuits, such as court costs, court reporter fees, expert witness fees, and acknowledges that **CLIENT** is responsible for the payment or repayment of such expenses, as may be requested from time to time, but not later than upon the conclusion of the case whether or not **CLIENT** recovers. **CLIENT** shall pay such costs and expenses in addition to any attorney fees which might be due **DANIEL E. BURAS, JR.** and **NILES, SALAS** upon the conclusion of the case.

For their services, **CLIENT** hereby agrees to pay to **DANIEL E. BURAS, JR.** and **NILES, SALAS**, and grant them a privilege for an undivided one-third (33- 1/3%) interest in any and all judgments or settlement sums, attorneys fees, money or value ("**AWARD**") which **CLIENT** might recover as a result of damages of any kind incurred as a result of any

However, in the event, the attorneys fee award is greater than the amount **DANIEL E. BURAS, JR.** or **NILES, SALAS** would be paid by adding the attorneys fees recovered to the **AWARD**, **DANIEL E. BURAS, JR.** or **NILES SALAS** would be entitled to elect to take the attorneys fees awarded by the Court or otherwise recovered instead of its undivided one-third (33 1/3) interest in the **AWARD** plus recovered attorneys fees. For purposes of calculating an award of attorneys fees **CLIENT** agrees that, at present, **NILES SALAS** prevailing rates, for these types of claims, range from $200.00 to $450.00 per hour for attorneys and $100.00 per hour for legal assistants. These rates may change.

The rates to be charged at this time are as follows:

A.  **Attorneys:**                      Prevailing Rate for this matter:

|   |   |
|---|---|
| Stewart E. Niles, Jr. | $450.00 |
| Camilo K. Salas, III | $300.00 |
| Michelle A. Bourque | $300.00 |
| Karen M. Fontana | $300.00 |
| Daniel E. Buras, Jr. | $250.00 |
| Lawrence J. Centola | $225.00 |
| Bryan J. Knight | $200.00 |

B.  **Legal Assistants**               Prevailing Rate for this matter

|   |   |
|---|---|
| Cynthia Glancy, R.N. | $100.00 |
| Joy Morgan, R.N. | $100.00 |
| Linda Knudsen, R.N. | $100.00 |
| Emilio Arias | $100.00 |

**CLIENT** acknowledges and agrees that neither **CLIENT** nor **DANIEL E. BURAS, JR.** nor **NILES, SALAS**, shall settle, compromise or dismiss my claims without the written consent of the other. **CLIENT** acknowledges that **DANIEL E. BURAS, JR.** and **NILES, SALAS** have not agreed to pay any medical expenses or to lend or advance to **CLIENT** any money during the course of this representation, and **CLIENT** acknowledges that **DANIEL E. BURAS, JR.** or **NILES, SALAS'** refusal to pay medical expenses or to lend or

this contract. **CLIENT** further agrees that if they discharge **DANIEL E. BURAS, JR.** and **NILES, SALAS, CLIENT** shall repay **DANIEL E. BURAS, JR.** and **NILES, SALAS** all expenses or advances which they might have paid or personally incurred or guaranteed on their behalf. **CLIENT** acknowledges that to secure repayment of such expenses or advances, **DANIEL E. BURAS, JR.** and **NILES, SALAS** shall have a lien on the proceeds of any settlement or judgment in **CLIENT'S** favor, in addition to a lien for the payment of attorney fees for services rendered.

This Tort - Wage Claim Contract of Employment is not binding on **DANIEL E. BURAS, JR.** or **NILES, SALAS** unless signed by **STEWART E. NILES, JR,** as managing partner of **NILES, SALAS.**

This TORT -WAGE Contract of Employment has been executed in accordance with LSA-R.S. 37:218, this 26th day of MAY, 2005, in New Orleans, Louisiana.

_____
**ADAM NASH**


_____
**STEWART E. NILES, JR.,** as managing partner
of **NILES, SALAS, BOURQUE & FONTANA,
L.C.**
909 Poydras Street, Thirty-Fifth Floor
New Orleans, Louisiana 70112


N0017805.WPD                    page 3 of 4

# TORT - WAGE CLAIM CONTRACT OF EMPLOYMENT

I, **SAMUEL TOBIAS STEINMETZ**, (hereafter referred to as "**CLIENT**"), hereby retain **DANIEL E. BURAS, JR.** and **NILES, SALAS, BOURQUE & FONTANA, L.C.** ("**NILES, SALAS**"), and such other attorneys as they may designate, as my/our sole and exclusive agent(s) and attorney(s) from May 11, 2005 forward, in connection with the alleged losses, lost wages, penalties, attorney fees and any and all other damages incurred as a result of or associated with a failure to pay overtime wages and other amounts owed pursuant to my employment with the New Orleans Hornets.

**CLIENT** hereby authorizes **DANIEL E. BURAS, JR.** and **NILES, SALAS** to file claims or lawsuits and otherwise to take such legal action as **DANIEL E. BURAS, JR.** and **NILES, SALAS** may deem proper to protect their/our interests in connection with such damages.

**CLIENT** hereby authorizes **DANIEL E. BURAS, JR.** and **NILES, SALAS** to incur on **CLIENT'S** behalf reasonable costs and expenses necessary to the prosecution of such claims or lawsuits, such as court costs, court reporter fees, expert witness fees, and acknowledges that **CLIENT** is responsible for the payment or repayment of such expenses, as may be requested from time to time, but not later than upon the conclusion of the case whether or not **CLIENT** recovers. **CLIENT** shall pay such costs and expenses in addition to any attorney fees which might be due **DANIEL E. BURAS, JR.** and **NILES, SALAS** upon the conclusion of the case.

For their services, **CLIENT** hereby agrees to pay to **DANIEL E. BURAS, JR.** and **NILES, SALAS**, and grant them a privilege for an undivided one-third (33- 1/3%) interest in any and all judgments or settlement sums, attorneys fees, money or value ("**AWARD**") which **CLIENT** might recover as a result of damages of any kind incurred as a result of any claims against the New Orleans Hornets, either by way of judgment or settlement. **CLIENT** acknowledge and agree that these legal fees shall be calculated upon the gross recovery <u>before</u> deducting costs and expenses of this litigation. Any attorneys fees recovered by **CLIENT** shall be added to the total **AWARD** for the purpose of calculating **DANIEL E. BURAS, JR.** and **NILES, SALAS's** undivided one-third (33 1/3) interest. However, in the event, the attorneys fee award is greater than the amount **DANIEL E. BURAS, JR.** or **NILES, SALAS** would be paid by adding the attorneys fees recovered to the **AWARD**, **DANIEL E. BURAS, JR.** or **NILES SALAS** would be entitled to elect to take the attorneys fees awarded by the Court or otherwise recovered instead of its undivided one-third (33

1/3) interest in the **AWARD** plus recovered attorneys fees. For purposes of calculating an award of attorneys fees **CLIENT** agrees that, at present, **NILES SALAS** prevailing rates, for these types of claims, range from $200.00 to $450.00 per hour for attorneys and $100.00 per hour for legal assistants. These rates may change.

The rates to be charged at this time are as follows:

A.   **Attorneys:**                          Prevailing Rate for this matter:

| | |
|---|---|
| Stewart E. Niles, Jr. | $450.00 |
| Camilo K. Salas, III | $300.00 |
| Michelle A. Bourque | $300.00 |
| Karen M. Fontana | $300.00 |
| Daniel E. Buras, Jr. | $250.00 |
| Lawrence J. Centola | $225.00 |
| Bryan J. Knight | $200.00 |

B.   **Legal Assistants**                     Prevailing Rate for this matter

| | |
|---|---|
| Cynthia Glancy, R.N. | $100.00 |
| Joy Morgan, R.N. | $100.00 |
| Linda Knudsen, R.N. | $100.00 |
| Emilio Arias | $100.00 |

**CLIENT** acknowledges and agrees that neither **CLIENT** nor **DANIEL E. BURAS, JR.** nor **NILES, SALAS**, shall settle, compromise or dismiss my claims without the written consent of the other. **CLIENT** acknowledges that **DANIEL E. BURAS, JR.** and **NILES, SALAS** have not agreed to pay any medical expenses or to lend or advance to **CLIENT** any money during the course of this representation, and **CLIENT** acknowledges that **DANIEL E. BURAS, JR.** or **NILES, SALAS'** refusal to pay medical expenses or to lend or advance money to them is not just and good cause to discharge them as their attorneys.

In the event that **CLIENT** discharges **DANIEL E. BURAS, JR.** and **NILES, SALAS** from their service for any reason, **CLIENT** shall nevertheless pay to **DANIEL E. BURAS, JR.** and **NILES, SALAS** from the proceeds of settlement or judgment such attorney fees and costs and expenses as might be due to them for legal services rendered pursuant to this contract. **CLIENT** further agrees that if they discharge **DANIEL E. BURAS, JR.** and **NILES, SALAS, CLIENT** shall repay **DANIEL E. BURAS, JR.** and **NILES, SALAS** all expenses or advances which they might have paid or personally incurred or guaranteed on their behalf. **CLIENT** acknowledges that to secure repayment of such expenses or advances, **DANIEL E. BURAS, JR.** and **NILES, SALAS** shall have a lien on the proceeds of any settlement or judgment in **CLIENT'S** favor, in addition to a lien for the payment of attorney fees for services rendered.

This Tort - Wage Claim Contract of Employment is not binding on **DANIEL E. BURAS,**

**JR.** or **NILES, SALAS** unless signed by **STEWART E. NILES, JR,** as managing partner of

**NILES, SALAS.**

This TORT -WAGE Contract of Employment has been executed in accordance with LSA-

R.S. 37:218, this _____ day of MAY, 2005, in New Orleans, Louisiana.

_____
**SAMUEL TOBIAS STEINMETZ**


_____
**STEWART E. NILES, JR.,** as managing partner of
**NILES, SALAS, BOURQUE & FONTANA, L.C.**
909 Poydras Street, Thirty-Fifth Floor
New Orleans, Louisiana  70112

## TORT - WAGE CLAIM CONTRACT OF EMPLOYMENT

I, **Amy Smith**, (hereafter referred to as "**CLIENT**"), hereby retain **DANIEL E. BURAS, JR.** and **NILES, SALAS, BOURQUE & FONTANA, L.C.** ("**NILES, SALAS**") and such other attorneys as they may designate, as my/our sole and exclusive agent(s) and attorney(s) from May 11, 2005 forward, in connection with the alleged losses, lost wages, penalties, attorney fees and any and all other damages incurred as a result of or associated with a failure to pay overtime wages and other amounts owed pursuant to my employment with the New Orleans Hornets.

**CLIENT** hereby authorizes **DANIEL E. BURAS, JR.** and **NILES, SALAS** to file claims or lawsuits and otherwise to take such legal action as **DANIEL E. BURAS, JR.** and **NILES, SALAS** may deem proper to protect their/our interests in connection with such damages.

**CLIENT** hereby authorizes **DANIEL E. BURAS, JR.** and **NILES, SALAS** to incur on **CLIENT'S** behalf reasonable costs and expenses necessary to the prosecution of such claims or lawsuits, such as court costs, court reporter fees, expert witness fees, and acknowledges that **CLIENT** is responsible for the payment or repayment of such expenses, as may be requested from time to time, but not later than upon the conclusion of the case whether or not **CLIENT** recovers. **CLIENT** shall pay such costs and expenses in addition to any attorney fees which might be due **DANIEL E. BURAS, JR.** and **NILES, SALAS** upon the conclusion of the case.

For their services, **CLIENT** hereby agrees to pay to **DANIEL E. BURAS, JR.** and **NILES, SALAS**, and grant them a privilege for an undivided one-third (33- 1/3%) interest in any and all judgments or settlement sums, attorneys fees, money or value ("**AWARD**") which **CLIENT** might recover as a result of damages of any kind incurred as a result of any claims against the **New Orleans Hornets**, either by way of judgment or settlement. **CLIENT** acknowledges and agrees that these legal fees shall be calculated upon the gross recovery before deducting costs and expenses of this litigation. Any attorneys fees recovered by **CLIENT** shall be added to the total **AWARD** for the purpose of calculating **DANIEL E. BURAS, JR.** and **NILES, SALAS**'s undivided one-third (33 1/3) interest. However, in the event, the attorneys fee award is greater than the amount **DANIEL E. BURAS, JR.** or **NILES, SALAS** would be paid

by adding the attorneys fees recovered to the **AWARD**, **DANIEL E. BURAS, JR.** or **NILES SALAS** would be entitled to elect to take the attorneys fees awarded by the Court or otherwise recovered instead of its undivided one-third (33 1/3) interest in the **AWARD** plus recovered attorneys fees. For purposes of calculating an award of attorneys fees **CLIENT** agrees that, at present, **NILES SALAS** prevailing rates, for these types of claims, range from $200.00 to $450.00 per hour for attorneys and $100.00 per hour for legal assistants. These rates may change.

    The rates to be charged at this time are as follows:

| | | |
|---|---|---|
| A. | **Attorneys**: | Prevailing Rate for this matter: |
| | Stewart E. Niles, Jr. | $450.00 |
| | Camilo K. Salas, III | $300.00 |
| | Michelle A. Bourque | $300.00 |
| | Karen M. Fontana | $300.00 |
| | Daniel E. Buras, Jr. | $250.00 |
| | Lawrence J. Centola | $225.00 |
| | Bryan J. Knight | $200.00 |
| B. | **Legal Assistants** | Prevailing Rate for this matter |
| | Cynthia Glancy, R.N. | $100.00 |
| | Joy Morgan, R.N. | $100.00 |
| | Linda Knudsen, R.N. | $100.00 |
| | Emilio Arias | $100.00 |

    **CLIENT** acknowledges and agrees that neither **CLIENT** nor **DANIEL E. BURAS, JR.** nor **NILES, SALAS**, shall settle, compromise or dismiss my claims without the written consent of the other. **CLIENT** acknowledges that **DANIEL E. BURAS, JR.** and **NILES, SALAS** have not agreed to pay any medical expenses or to lend or advance to **CLIENT** any money during the course of this representation, and **CLIENT** acknowledges that **DANIEL E. BURAS, JR.** or **NILES, SALAS'** refusal to pay medical expenses or to lend or advance money to them is not just and good cause to discharge them as their attorneys.

In the event that **CLIENT** discharges **DANIEL E. BURAS, JR.** and **NILES, SALAS** from their service for any reason, **CLIENT** shall nevertheless pay to **DANIEL E. BURAS, JR.** and **NILES, SALAS** from the proceeds of settlement or judgment such attorney fees and costs and expenses as might be due to them for legal services rendered pursuant to this contract. **CLIENT** further agrees that if they discharge **DANIEL E. BURAS, JR.** and **NILES, SALAS**, **CLIENT** shall repay **DANIEL E. BURAS, JR.** and **NILES, SALAS** all expenses or advances which they might have paid or personally incurred or guaranteed on their behalf from the proceeds of settlement or judgment. **CLIENT** acknowledges that to secure repayment of such expenses or advances, **DANIEL E. BURAS, JR.** and **NILES, SALAS** shall have a lien on the proceeds of any settlement or judgment in **CLIENT'S** favor, in addition to a lien for the payment of attorney fees for services rendered.

This Tort - Wage Claim Contract of Employment is not binding on **DANIEL E. BURAS, JR.** or **NILES, SALAS** unless signed by **STEWART E. NILES, JR,** as managing partner of **NILES, SALAS.**

This Tort Contract of Employment has been executed in accordance with LSA-R.S. 37:218, this 24 day of ~~MAY~~ June, 2005, in New Orleans, Louisiana.

Amy Smith

**STEWART E. NILES, JR.**, as managing partner of **NILES, SALAS, BOURQUE & FONTANA, L.C.**
909 Poydras Street, Thirty-Fifth Floor
New Orleans, Louisiana 70112