**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **EUGENE LIGER, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-1969** |
| **NEW ORLEANS HORNETS NBA LIMITED PARTNERSHIP** | **SECTION "C" 5** |

**DEFENDANT'S FIRST SUPPLEMENTAL AND AMENDING RESPONSES TO
PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendant, New Orleans Hornets NBA Limited Partnership ("Hornets"), through undersigned counsel, submits the following supplemental and amending responses to Plaintiffs' Second Set of Request for Production of Documents.

**GENERAL OBJECTIONS**

Defendant objects to all of Plaintiffs' discovery requests in the following respects:

a.     To the extent they seek information outside the maximum potential statute of limitations that could apply to this action (three years);

b.     To the extent they seek information related to issues of alleged liability to or damages of employees who are non-Plaintiffs or who are outside any class definition that may be approved by the Court in this action; and,

c.     To the extent they seek information that protected by the attorney-client privilege and/or work product doctrine.

**OBJECTION TO EXCESSIVE NUMBER OF REQUESTS**

Thus far, Plaintiffs have propounded the following number of discovery requests, including subparts: 126 requests for admission, 160 Interrogatories, and 150 requests for

Dockets.Justia.com

production (including the 25 to which Defendant has already responded). This number of requests of a single party in an action of this nature is excessive. Defendant will consider a reasonable proposal to provide certain categories of discoverable information relative each current and new Plaintiff who may opt-in under any Court-approved procedure. However, Plaintiffs otherwise have already propounded a more than sufficient and reasonable number of discovery requests such that additional requests would constitute a harassing and abusive use of the discovery process. To the extent Defendant has responded, it has done so in the spirit of cooperation and with a reservation of all rights and objections based on the excessive number of discovery requests.

## REQUEST FOR PRODUCTION NO. 1:

Please produce copies of any exhibits that the Hornets will rely upon to support any defense to this litigation.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Discovery is ongoing and, thus, Defendant has not yet identified or determined all exhibits it will introduce or use in this case. However, Defendant anticipates that it may introduce or use any items or things produced in connection with its initial disclosures and in response to any discovery requests seeking information that supports Defendant's position.

## REQUEST FOR PRODUCTION NO. 2:

Please produce copies of all exhibits that may be offered, filed, or introduced into evidence by plaintiff at time of trial, during any deposition, or may be used during any hearing, including copies of all data used in the creation of any demonstrative exhibits.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendant does not know what exhibits plaintiff may offer, file, or introduce as stated in this request.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce copies any report prepared by any expert that may be offered, filed, or introduced into evidence by plaintiff at time of trial, during any deposition, or during any hearing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendant does not have any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce copies of any and all reports rendered by any experts or consultants to plaintiff regarding any issues in these proceedings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendant does not have any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce copies of all financial, revenue and/or ticket sales information provided to the National Basketball Association since 2002.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendant objects to request number 5 because it is overly broad and, as a result, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request to the extent it seeks information that is attorney-client privileged and/or protected work product.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce copies of any reports, memoranda, or other documents to or from the National Basketball Association mentioning, discussing, describing, or setting forth financial, revenue, and/or ticket sales information of the New Orleans Hornets since 2002.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendant objects to request number 6 because it is overly broad and, as a result, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request to the extent it seeks information that is attorney-client privileged and/or protected work product.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce copies of all supporting financial documentation used to prepare any financial, revenue, and/or ticket sales information provided to the national Basketball Association since 2002.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendant objects to request number 7 on the same grounds as stated above for request numbers 5 and 6, and because, as a result of its being overly broad, such request is harassing, oppressive, and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce copies of all financial, revenue, and/or ticket sales information and provided to the State of Louisiana since 2002.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendant objects to request number 8 because it is overly broad and, as a result, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce copies of all supporting financial documentation used to prepare any financial, revenue, and/or ticket sales information provided to the State of Louisiana since 2002.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendant objects to request number 9 on the same grounds as stated for request numbers 8 and 10, and because, as a result of their being overly broad, such requests are harassing, oppressive, and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce copies of any reports, memoranda, or other documents to or from the State of Louisiana mentioning, discussing, describing, or setting forth financial, revenue, and/or ticket sales information of the New Orleans Hornets since 2002.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendant objects to request number 10 because it is overly broad and, as a result, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 11:**

Please produce copies of all financial, revenue, and/or ticket sales information provided to the City of New Orleans since 2002.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendant objects to request number 11 because it is overly broad and, as a result, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 12:**

Please produce copies of all supporting financial documentation used to prepare any financial, revenue, and/or ticket sales information provided to the City of New Orleans since 2002.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendant objects to request number 12 on the same grounds as stated above for request numbers 8 and 10, and because, as a result of their being overly broad, such requests are harassing, oppressive, and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 13:**

Please produce copies of any reports, memoranda, or other documents to or from the City of New Orleans mentioning, discussing, describing, or setting forth financial, revenue, and/or ticket sales information of the New Orleans Hornets since 2002.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendant objects to request number 13 because it is overly broad and, as a result, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 14:**

Please produce a copy of any training manuals, brochures, or other documents explaining how Archtics works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendant does not have any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 15:**

Please produce copies of all Archtics Notes entered into the database by any Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendant objects to request number 15 because it is overly broad and, as a result, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request because, as a result of it being overly broad, such request is harassing, oppressive, and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 16:**

Please produce copies of all documents reflecting persons hired by the New Orleans Hornets since June of 2002 including the name of the respective positions worked by all identified employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendant objects to request number 16 because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks information in which non-Plaintiffs have a confidentiality and privacy interest.

**REQUEST FOR PRODUCTION NO. 17:**

Please produce a copy of Chris Zaber's commission reports from 2002 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendant objects to request number 17 because it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 18:**

Please produce a disk containing the contents of all documents on Penny Middleton's computer that we/are designated on her "P" drive.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Defendant objects to request number 18 because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks information in which non-Plaintiffs have a confidentiality and privacy interest.

**REQUEST FOR PRODUCTION NO. 19:**

Please produce copies of all documents distinguishing or otherwise identifying amounts paid to any Plaintiff resulting from commission sales.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Defendant has already produced documents responsive to this request in Plaintiffs' personnel files and payroll files.

**REQUEST FOR PRODUCTION NO. 20:**

Please produce copies of all documents and evidence that the Hornets will rely upon to substantiate all Defendants' claims or assertions of Defenses in its Answer to plaintiffs' amended petitions, including:

A.    The Hornets' claim that others who claim to be members of this "purported class" are exempt from the FLSA's overtime provisions, as is set forth in the Second Defense in the Hornets's Answer to Plaintiffs' Complaint.

B.    The Hornets' claims that any or all plaintiff is exempt from the FLSA's overtime provisions as is set forth in the Second Defense in the Hornets's Answer to Plaintiffs' Complaint.

C.    The Hornets claim that others who claim to be members of this "purported class" lack standing to assert claims under the FLSA as set forth in the Third Defense in the Hornets's Answer to Plaintiffs' Complaint.

D.    The Hornets' claim that any or all plaintiff lacks standing to assert claims under the FLSA as is set forth in the Third Defense in the Hornets's Answer to Plaintiffs' Complaint.

E.    The Hornets' claim that others who claim to be members of this "purported class" are time-barred, in whole or in part, under the applicable statute of limitations, as is set forth in the Fifth Defense in the Hornets's Answer to Plaintiffs' Complaint.

F.    The Hornets' claim that any or all plaintiff's claims are time-barred, in whole or in part, under the applicable statute of limitations as is set forth in the Fifth Defense in the Hornets's Answer to Plaintiffs' Complaint.

G.    The Hornets' claim that any or all plaintiff's claims "may be barred, in whole or in part, from recovery because they have made statements or taken actions that estop them from asserting their claims or that constitute waiver of their claims", as is set forth in the Sixth Defense in the Hornets's Answer to Plaintiffs' Complaint.

H.    The Hornets' claim that others who claim to be members of this "purported class" "may be barred, in whole or in part, from recovery because they have made statements or taken actions that estop them from asserting their claims or that constitute waiver of their claims", as is set forth in the Sixth Defense in the Hornets's Answer to Plaintiffs' Complaint.

I.    The Hornets' claim that others who claim to be members of this "purported class" "may be barred by prior arbitration, settlement, payment, fraud, release, discharge of obligations, preemption, and/or the doctrines of collateral estoppel, res judicata and/or accord and satisfaction", as is set forth in the Seventh Defense in the Hornets's Answer to Plaintiffs' Complaint.

J.    The Hornets' claim that any or all plaintiff's claims "may be barred by prior arbitration, settlement, payment fraud, release, discharge of obligations, preemption, and/or the doctrines of collateral estoppel, res judicata and/or accord and satisfaction", as is set forth in the Seventh Defense in the Hornets's Answer to Plaintiffs' Complaint.

K.    The Hornets' claim that "Defendant is not a covered employer or enterprise under the FLSA", as is set forth in the Eighth Defense in the Hornets's Answer to Plaintiffs' Complaint.

L.    The Hornets' claim that it is entitled to "offset gratuitous and other pay provided to employees for non-compensable activities", as is set forth in the Twelfth Defense in the Hornets's Answer to Plaintiffs' Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Discovery is ongoing and, thus, Defendant has not yet identified or determined all exhibits it will introduce or use in this case. However, Defendant anticipates that it may introduce or use any items or things produced in connection with its initial disclosures and in response to any discovery requests seeking information that supports Defendant's position. See also the documents attached as D1840 through D1861, monthly Consolidated Summary Income Statements, and D1862 through D1884, monthly reports of Operating Accounts.

**REQUEST FOR PRODUCTION NO. 21:**

For each month since 2002, please produce copies of:

A.    all sources of revenue received by the New Orleans Hornets for each month since 2002;

B.    the amount of revenue received from each revenue source for each month since 2002;

C.    the date of receipt for each source of revenue for each month since 2002;

D.    the amount, date of receipt, and source of revenue derived from home games played at the New Orleans Arena for each month since 2002;

E.    the amount, date of receipt, and source of revenue derived by the Hornets from each road game played away from the New Orleans Arena for each month since 2002;

F.    the amount, date of receipt, and source of sponsorship revenue received from each sponsor for each month since 2002;

G.      the amount, source, and date of receipt of television revenue received from any

source for each month since 2002;

H.      the amount, source, and date of receipt of radio broadcast revenue received from

any source for each month since 2002;

I.      the amount, source, and date of receipt of cable television revenue received from

any source for each month since 2002;

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Defendant objects to this request to the extent it seeks information that is neither relevant

nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without

waiving this objection, the attached documents, D1840 through D1861, monthly Consolidated

Summary Income Statements, and D1862 through D1884, monthly reports of Operating

Accounts, contain information responsive to this request.

**REQUEST FOR PRODUCTION NO. 22:**

Please produce copies of all documents identifying the amount of any revenue from the

State of Louisiana and/or the City of New Orleans received by the Hornets for each year since

2002, including the date of receipt of each payment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Defendant objects to request number 22 on the same grounds as stated for request

numbers 8 and 10, and because, as a result of their being overly broad, such requests are

harassing, oppressive, and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 23:**

Please produce copies of all documents identifying the amount of revenue generated for ticket sales for each month since 2002, including the date of receipt of each payment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Defendant objects to request number 23 because it is overly broad and, as a result, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request because, as a result of it being overly broad, it seeks information protected by attorney client privilege and/or the work product doctrines, and is harassing, oppressive, and unduly burdensome. Subject to and without waiving this objection, the attached documents, D1840 through D1861, monthly Consolidated Summary Income Statements, and D1862 through D1884, monthly reports of Operating Accounts, contain information responsive to this request.

**REQUEST FOR PRODUCTION NO. 24:**

Please produce copies of all documents identifying all of the different "establishments" as defined by the FLSA, that are operated by the Hornets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Defendant does not have any documents responsive to this request because it is a single establishment.

**REQUEST FOR PRODUCTION NO. 25:**

Please produce copies of all documents that the Hornets will rely upon when defining an "establishment" under the FLSA's recreational and amusement exemption.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Discovery is ongoing and, thus, Defendant has not yet identified or determined all exhibits it will introduce or use in this case. However, Defendant anticipates that it may introduce or use any items or things produced in connection with its initial disclosures and in response to any discovery requests seeking information that supports Defendant's position.

**REQUEST FOR PRODUCTION NO. 26:**

Please produce copies of all documents describing, discussing, or otherwise identifying all recreational and/or amusement activities open to the public that take place in the Hornet's business, administrative, ticket operations, or sales offices.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Defendant objects to request number 26 because it is overly broad and, as a result, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, Defendant has already produced documents responsive to this request in connection with its initial disclosures and in response to any discovery requests seeking information that supports Defendant's position.

**REQUEST FOR PRODUCTION NO. 27:**

Please produce copies of all documents describing, discussing, or otherwise identifying all recreational and/or amusement activities open to the public that take place in the Hornets' offices not located in the New Orleans Arena.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Defendant objects to request number 27 because it is overly broad and, as a result, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence. Subject to and without waiving this objection, Defendant has already produced documents responsive to this request in connection with its initial disclosures and in response to any discovery requests seeking information that supports Defendant's position.

**REQUEST FOR PRODUCTION NO. 28:**

Please produce copies of all documents describing, discussing, or otherwise identifying all retail functions and/or job duties of each plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Defendant objects to request number 28 because it is overly broad and, as a result, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and it is harassing, oppressive, and unduly burdensome. Subject to and without waiving this objection, Defendant has already produced documents responsive to this request in Plaintiffs' personnel files.

**REQUEST FOR PRODUCTION NO. 29:**

Please produce copies of all documents describing, discussing, or otherwise identifying all facts that the Hornets will rely upon to substantiate a claim that they are exempt from overtime law under the recreational or amusement exemption.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

See Defendant's response to request number 20.

**REQUEST FOR PRODUCTION NO. 30:**

Please produce copies of all documents describing, discussing, or otherwise identifying all facts that the Hornets will rely upon to substantiate their claim that the Hornets are exempt from overtime laws under the retail sales exemption.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

See Defendant's response to request number 20.

**REQUEST FOR PRODUCTION NO. 31:**

For each plaintiff, please produce copies of all documents describing, discussing, or otherwise identifying the representative compensation period used by the Hornets to calculate whether any Plaintiff is exempt under the sales commission exemption.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Defendant objects to request number 31 because it is overly broad and, as a result, may necessarily call for the production of protected attorney-client communications and/or work product information, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, Defendant does not have any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 32:**

Please produce copies of all documents describing, discussing, or otherwise identifying all facts and evidence supporting the fact that the Hornets are an establishment, 75% of whose annual dollar volume of sales of goods or services is not for resale and is recognized as retail sales or services in the particular industry.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

See Defendant's response to request number 20.

**REQUEST FOR PRODUCTION NO. 33:**

Please produce copies of all documents describing, discussing, or otherwise identifying all goods or services sold or offered by the Hornets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Defendant objects to request number 33 because it is overly broad and, as a result, may necessarily call for the production of protected attorney-client communications and/or work product information, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, is harassing, oppressive, and unduly burdensome, and/or seeks information in which non-Plaintiffs have a confidentiality and privacy interest. Subject to and without waiving this objection, Defendant has already produced documents responsive to this request in connection with its initial disclosures and in response to any discovery requests seeking information that supports Defendant's position.

**REQUEST FOR PRODUCTION NO. 34:**

Please produce copies of all documents describing, discussing, or otherwise identifying all revenue generated by goods or services sold or offered by the Hornets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

See Defendant's response to request number 21.

**REQUEST FOR PRODUCTION NO. 35:**

For each quarter that the draw system of payment was implemented by the Hornets, please produce copies of all documents describing, discussing, or otherwise identifying all employees who received additional commission payments above the draw amount.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Defendant objects to request numbers 35 because it is overly broad and, as a result, may necessarily call for the production of protected attorney-client communications and/or work product information, seeks information that is neither relevant nor reasonably calculated to lead

to the discovery of admissible evidence, is harassing, oppressive, and unduly burdensome, and/or seeks information in which non-Plaintiffs have a confidentiality and privacy interest. Subject to and without waiving this objection, Defendant has already produced documents responsive to this request in Plaintiffs' personnel files and payroll files.

## REQUEST FOR PRODUCTION NO. 36:

Please produce copies of all documents describing, discussing, or otherwise identifying all facts explaining why the Hornets failed to maintain records of hours worked by non-exempt employees.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 36:

Defendant objects to request number 36 because it is overly broad and, as a result, may necessarily call for the production of protected attorney-client communications and/or work product information. Subject to and without waiving this objection, Defendant refers to its responses to Plaintiffs' discovery requests regarding the exemptions Defendant has asserted in defense to Plaintiffs' claims (i.e., response to request number 20).

## REQUEST FOR PRODUCTION NO. 37:

Please produce copies of all documents describing, discussing, or otherwise identifying the person or persons who made the offer of employment to the inside sales employees hired by the Hornets from Game Face, Inc.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 37:

Defendant objects to request number 37 because it is overly broad and, as a result, may necessarily call for the production of protected attorney-client communications and/or work product information, seeks information that is neither relevant nor reasonably calculated to lead

to the discovery of admissible evidence, is harassing, oppressive, and unduly burdensome, and/or seeks information in which non-Plaintiffs have a confidentiality and privacy interest.

**REQUEST FOR PRODUCTION NO. 38:**

Please produce a copy of all Archtics Notes entries for each plaintiff for the entire period of employment of each Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Defendant objects to request number 38 because it is overly broad and, as a result, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request because, as a result of it being overly broad, such request is harassing, oppressive, and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 39:**

Please produce a copy of each commission report prepared for or on behalf of each plaintiff during the entire period of employment of each plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Defendant objects to request number 39 to the extent it seeks information beyond the temporal scope of discoverable information.  Subject to and without waiving this objection, Defendant has already produced documents reflecting commissions for Plaintiffs in their personnel files and payroll files.

**REQUEST FOR PRODUCTION NO. 40:**

Please produce copies of all e-mails, memoranda, correspondence, notes, or other documents sent by or prepared by any of the following current or former Hornets personnel regarding overtime compensation or comp time:

A. Tim McDougall

B. Brendan Donohue

C. Kristy McKearn

D. Barbara Booth

E. Sam Russo

F. George Shinn

G. Marie Parenti

H. Chris Zaber

I. Mark Mouton

J. Joe Andrade

K. Penny Middleton

L. Bill Robinson;

M. Dave Burke

N. John Lee

O. Barbara Booth

P. Ray Woolridge

Q. George Shinn

## RESPONSE TO REQUEST FOR PRODUCTION NO. 40:

Defendant objects to request number 40 because it is overly broad and, as a result, may necessarily call for the production of protected attorney-client communications and/or work product information, and because it seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence to the extent it seeks information about alleged "comp time."

**REQUEST FOR PRODUCTION NO. 41:**

Please produce a copy of all records maintained by Defendant supporting any claim that any Plaintiff is not similarly situated to other non-exempt employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Defendant does not have any non-exempt employees and, thus, does not have any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 42:**

Please produce all documents reflecting the identity of the sales representatives who received sales commissions made by the following ticket purchasers:

      A.      Tony Fourtune;

      B.      Ruth Leblanc;

      C.      Abby Gallier;

      D.      Forrest Callais;

      E.      Don Washington;

      F.      Ann Vives;

      G.      Pamlab LLC;

      H.      Mississippi Community Development Corp.;

      I.      Anthony Thomas;

      J.      South Pike ROTC;

      K.      Major Rayburn;

L.      Cliff Stouts;

M.      Troy Keller;

N.      Stephanie Hebert;

O.      Korndeffer;

P.      Ashley Perry;

Q.      John Finkbinder;

R.      Thomas Brahney;

S.      Janice Savage;

T.      Giselle Orticke;

U.      Two unidentified customers who purchased $1,998.00 in tickets apiece prior to
        Sam Steinmetz' departure from the Hornets;

V.      John Ramsey;

W.      Brad Smith;

X.      Bonnie Rabe;

Y.      Jacob Kansa (3 year contract);

Z.      Orthodontic Centers of America (3 year contract);

AA.     Robert "Bobby" Patrick (3 year contract);

BB.     Jim Moriarty and/or YES productions (3 year contract).

## RESPONSE TO REQUEST FOR PRODUCTION NO. 42:

Defendant objects to request numbers 42 because it is overly broad and, as a result, may

necessarily call for the production of protected attorney-client communications and/or work

product information, seeks information that is neither relevant nor reasonably calculated to lead

to the discovery of admissible evidence, is harassing, oppressive, and unduly burdensome, and/or seeks information in which non-Plaintiffs have a confidentiality and privacy interest. Subject to and without waiving this objection, the attached documents D1583 through D1670, Customer Account Information and Change Journals, contain information responsive to this request. See also documents previously produced reflecting commissions paid to Plaintiffs.

**REQUEST FOR PRODUCTION NO. 43:**

Please produce copies of all document related to or discussing the terms and conditions of the Hornets' Toys for Tots fund raising campaign, including:

A.    the Hornets' authority to conduct a fund raising campaign;

B.    the delivery of tickets and/or cash donations received by the Hornets;

C.    all e-mails from Brendan Donohue or Chris Zaber regarding the Hornets' Toys for Tots fund raising campaign;

D.    the sales pitch recommended to Hornets sales employees by the Hornets in e-mails sent by Brendan Donohue and/or Chris Zaber and/or other Hornets managers or executives regarding the Toys for Tots fund raising campaign;

E.    all persons who contributed money through the Hornets' "Toys for Tots" fund raising campaign;

F.    the commission policies practices, contracts, agreements and/or controls and restrictions used by the Hornets related to ticket sales caused by donations to the Hornets' Toys for Tots fund raising campaign, and identify any documents setting forth the commission policies;

G.    copies of all Archtics reports reflecting commissions paid to Plaintiffs related to Toys for Tots.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Defendant objects to request number 43 because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 44:**

Please produce copies of all documents related to or discussing the commission policies practices, contracts, agreements and/or controls and restrictions used by the Hornets related to ticket sales of the Hornets' Pepsi Four Pack ad campaign.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Defendant objects to request number 44 because it is overly broad and, as a result, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 45:**

Please produce copies of all documents related to or discussing any e-mails sent by any Hornets sales manager, director, executive, or employee to the Director of Ticket Operations (including Dave Felson, among others) requesting that there be a change made to the designated account representative on any Archtics account, including any e-mails and documents attached thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Defendant objects to request number 45 because it is overly broad and, as a result, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 46:**

Please produce copies of all communications or documents between the Hornets and any representative, executive or employee of the National Basketball Association regarding overtime pay for employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Defendant objects to request number 46 because it is overly broad and, thus, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information that is attorney-client privileged and/or protected work product.

**REQUEST FOR PRODUCTION NO. 47:**

Please produce copies of all communications or documents between the Hornets and any representative, executive or employee of the National Basketball Association regarding policies and procedures for payment of premium seat commissions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Defendant objects to request number 47 because it is overly broad and, thus, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information that is attorney-client privileged or protected work product.

**REQUEST FOR PRODUCTION NO. 48:**

Please produce of all communications or documents made by Chris Zaber to any representative, executive, or employee of the National Basketball Association regarding group seat sales.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Defendant objects to request number 48 because it is overly broad and, thus, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information that is attorney-client privileged and/or protected work product.

**REQUEST FOR PRODUCTION NO. 49:**

Please produce copies of all minutes of any meeting discussing overtime compensation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Defendant objects to request number 49 because it is overly broad and, as a result, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks protected attorney-client communications and/or work product information. Subject to and without waiving this objection, Defendant does not have any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 50:**

Please produce copies of any and all documents describing, discussing, or setting forth Hornet [sic] job descriptions for each category of employees since 2002, including any changes in job descriptions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Defendant objects to request number 50 because it is overly broad and, as a result, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks protected attorney-client communications and/or work product information. Subject to and without waiving this objection, any discoverable documents responsive to this request have already been produced to Plaintiffs in their personnel files and job descriptions.

**REQUEST FOR PRODUCTION NO. 51:**

Please produce copies of any and all documents describing, discussing, or setting forth Hornet [sic] policies, procedures, practices and/or controls in place to track the overtime worked by non-exempt employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Defendant does not have any non-exempt employees, and, thus, does not have any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 52:**

Please produce copies of any and all documents describing, discussing, or containing communications regarding the Hornets' policies, procedures, and practices regarding the manipulation or alteration of the identities of account representatives in Archtics.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Defendant objects to request number 52 because it is overly broad and, as a result, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks protected attorney-client communications and/or

work product information. Subject to and without waiving this objection, Defendant does not have any documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 53:

Please produce copies of any and all documents describing, discussing, or containing communications regarding the Hornets' policies, procedures, and practices for tracking sales of commissioned salesmen.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 53:

Defendant objects to request number 53 because it is overly broad and, as a result, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks protected attorney-client communications and/or work product information. Subject to and without waiving this objection, Defendant does not have any documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 54:

Please produce copies of any and all documents describing, discussing, or containing communications regarding the Hornets' policies, procedures, and practices for paying salespersons for accounts that are not paid in full at the time of their separation from Defendant.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 54:

Defendant objects to request number 54 because it is overly broad and, as a result, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks protected attorney-client communications and/or work product information. Subject to and without waiving this objection, to the extent any

responsive documents exist, they would be located in Plaintiffs' personnel files and payroll files which have already been produced to Plaintiffs.

**REQUEST FOR PRODUCTION NO. 55:**

Please produce copies of any and all documents describing, discussing, or containing any requests for overtime compensation from any Hornets employee.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Defendant objects to request number 55 because it is overly broad and, as a result, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks protected attorney-client communications and/or work product information. Subject to and without waiving this objection, Defendant does not have any discoverable documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 56:**

Please produce copies of any and all documents supporting any "industry standard" arguments amongst NBA teams applicable to the retail sales exemption.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Defendant objects to request number 56 because it is overly broad and, thus, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information that is attorney-client privileged or protected work product. Subject to and without waiving this objection, discovery is ongoing and, thus, Defendant has not yet identified or determined all documents it will introduce or use in this case.

Respectfully submitted,

SIDNEY F. LEWIS, V (Bar No. 17026)
JENNIFER L. ANDERSON, T.A. (Bar No. 23620)
JANE H. HEIDINGSFELDER (Bar No. 28604)
*Jones, Walker, Waechter, Poitevent,*
    *Carrère & Denègre, L.L.P.*
201 St. Charles Avenue, 50th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8000
Telefax: (504) 582-8015
e-mail: slewis@joneswalker.com
e-mail: janderson@joneswalker.com
e-mail: jheidingsfelder@joneswalker.com
*COUNSEL FOR DEFENDANT,*
    *NEW ORLEANS HORNETS NBA L.P.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** a copy of the above and foregoing *Defendant's First Supplemental and Amending Responses to Plaintiffs' Second Set of Requests for Production of Documents* has been served on all counsel of record this 10th day of June, 2006, below by Federal Express and/or placing same in the United States mail, postage prepaid and properly addressed:

Daniel E. Buras, Jr.
Elvige Cassard Richards
Daigle Fisse and Kessenich, PLC
227 Highway 21
Madisonville, Louisiana 70447
Telefax:  (985) 871-0899

Stewart E. Niles, Jr.
Lawrence J. Centola
Niles, Bourque & Fontana LLC
909 Poydras Street - Suite 3500
New Orleans, Louisiana  70112
Telefax:  (504) 310-8590