## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**EUGENE LIGER, ET AL.**          **CIVIL ACTION**

**VERSUS**                    **NO. 05-1969**

**NEW ORLEANS HORNETS NBA LIMITED**    **SECTION "C" 5**
**PARTNERSHIP**

### DEFENDANT'S FIRST SUPPLEMENTAL AND AMENDING RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Defendant, New Orleans Hornets NBA Limited Partnership ("Hornets"), through undersigned counsel, submits the following supplemental and amending responses to Plaintiffs' First Set of Interrogatories.

### GENERAL OBJECTIONS

Defendant objects to all of Plaintiffs' discovery requests in the following respects:

     a.      To the extent they seek information outside the maximum potential statute of limitations that could apply to this action (three years);

     b.      To the extent they seek information related to issues of alleged liability to or damages of employees who are non-Plaintiffs or who are outside any putative collective action class definition that has been or may be approved by the Court in this action; and,

     c.      To the extent they seek information that protected by the attorney-client privilege and/or work product doctrine.

{N1511293.1}          - 1 -

EXH. 3

Dockets.Justia.com

## OBJECTION TO EXCESSIVE NUMBER OF REQUESTS

Thus far, Plaintiffs have propounded the following number of discovery requests, including subparts: 126 requests for admission, 160 Interrogatories, and 150 requests for production (including the 25 to which Defendant has already responded). This number of requests of a single party in an action of this nature is excessive. Defendant will consider a reasonable proposal to provide certain categories of discoverable information relative each current and new Plaintiff who may opt-in under any Court-approved procedure. However, Plaintiffs otherwise have already propounded a more than sufficient and reasonable number of discovery requests such that additional requests would constitute a harassing and abusive use of the discovery process. To the extent Defendant has responded, it has done so in the spirit of cooperation and with a reservation of all rights and objections based on the excessive number of discovery requests.

## INTERROGATORY NO. 1:

Please identify, by name, current address and telephone number, each and every person whom Defendant can identify as a fact witness to any discussions within the Hornets organization related to overtime compensation of employees, designation of employees as exempt or non-exempt, job duties, or other details, and provide a brief summary of the expected testimony of each such witness.

## RESPONSE TO INTERROGATORY NO. 1:

Defendant objects to interrogatory number 1 to the extent it seeks addresses and telephone numbers of current or former employees (except Plaintiffs), which constitutes information in which they have a confidentiality and privacy interest, and because all

communications to current managers, directors, executives, and employees with similar authority are required to be made through counsel of record for their employer, the Defendant. Defendant also objects to this request because it is overly broad, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant does not have knowledge of each and every discussion between or among employees within its organization, nor is it possible, reasonable, or required by the Federal Rules of Civil Procedure for Defendant to determine whether each and every current and former employee participated in any discussions on the broad topics described in this request (which do not even appear to be limited to the Defendant or its activities).

While Defendant does not have knowledge of each and every discussion between or among employees within its organization and does not know what Plaintiffs mean by "other details," Defendant expects that employees will discuss or have discussed their own job duties and compensation at some point during the course of their employment or application for employment, and that supervisors and managers also engage in similar discussions as needed during the course of its business. It is neither reasonable nor possible for Defendant to summarize the expected testimony of each such employee, supervisor, or manager about such discussions, particularly because such broad, unfocused testimony would not be relevant or reasonably calculated to lead to the discovery of admissible evidence in this action such that Defendant does not expect it.

## INTERROGATORY NO. 2:

Please identify each document, chart, diagram, log, book, treatise, tangible item or thing pertaining to any issue involved in this claim which Defendant may or will introduce into evidence or otherwise utilize at the time of trial, during any hearings, or in any deposition.

## RESPONSE TO INTERROGATORY NO. 2:

Defendant objects to interrogatory number 2 because it is overly broad and, as a result, may necessarily call for the production of protected attorney-client communications and/or work product information. Subject to and without waiving this objection, discovery is ongoing and, thus, Defendant has not yet identified or determined all facts and evidence it will introduce or use in this case. However, Defendant anticipates that it may introduce or use any items or things produced in connection with its initial disclosures and in response to any discovery request seeking information that supports Defendant's position.

## INTERROGATORY NO. 3:

Please identify all current and former employees of the New Orleans Hornets by name, last known address, and their current and/or former job titles.

## RESPONSE TO INTERROGATORY NO. 3:

Defendant objects to interrogatory number 3 because it is overly broad, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, constitutes an impermissible fishing expedition, and seeks information in which current or former employees (except Plaintiffs) have a confidentiality and privacy interest. Subject to and without waiving this objection, Defendant refers Plaintiff to the list of current and former employees, including their addresses, job title information, and employment status, produced on December 13, 2005, and as supplemented and amended thereafter, in connection with the notice procedure approved by the Court.

## INTERROGATORY NO. 4:

Please state the job dutie(s) of each named plaintiff while employed by the Hornets, distinguishing primary job duties from secondary duties, and the percentage of time spent

performing each of those duties. If the job description changed during the course of their employment, please state the dates of the relevant job description.

## RESPONSE TO INTERROGATORY NO. 4:

Defendant exercises its option under Federal Rule of Civil Procedure 33(d) to produce business records from which information responsive to this request can be derived or ascertained, specifically Plaintiffs' personnel files and job descriptions, which records already have been or will be produced or made available for inspection and/or copying at a mutually convenient time and location upon request.

## INTERROGATORY NO. 5:

Please state the job dutie(s) of each sales employee while employed by the Hornets, distinguishing primary job duties from secondary duties, and the percentage of time spent performing each of those duties. If the job description changed during the course of their employment, please state the dates of the relevant job description.

## RESPONSE TO INTERROGATORY NO. 5:

Defendant objects to interrogatory number 5 because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including the extent to which it seeks information related to issues of alleged liability to or damages of employees who are non-Plaintiffs or who are outside any putative collective action class definition that has been or may be approved by the Court in this action. Subject to and without waiving this objection, Defendant exercises its option under Federal Rule of Civil Procedure 33(d) to produce business records from which any information responsive to this request can be derived or ascertained, specifically Plaintiffs' personnel files

and job descriptions, which records already have been or will be produced or made available for inspection and/or copying at a mutually convenient time and location upon request.

## INTERROGATORY NO. 6:

From 2002 to the present, please identify all persons granted access or user rights sufficient to modify or alter the account representative name in Archtics.

## RESPONSE TO INTERROGATORY NO. 6:

Chris Bowles
Scott Brenneman
Latousha Brown
Brendan Donohue
Dave Felson
John Lakamp
Leslie Lefevre
Tim Spero
Chris Zaber

## INTERROGATORY NO. 7:

Please identify all policies, records, procedures, memoranda, e-mail, or other documents reflecting the Hornets' policies and procedures for tracking overtime hours worked by Hornets employees.

## RESPONSE TO INTERROGATORY NO. 7:

Defendant objects to this request to the extent it seeks information that is attorney-client privileged and/or protected work product. Subject to and without waiving this objection, Defendant exercises its option under Federal Rule of Civil Procedure 33(d) to produce business records from which any information responsive to this request can be derived or ascertained, specifically any time sheets or time records in Plaintiffs' personnel files, which records already have been or will be produced or made available for inspection and/or copying at a mutually convenient time and location upon request.

**INTERROGATORY NO. 8:**

For each week of their employment with the Hornets, please identify the number of overtime hours worked by each Hornet employee.

**RESPONSE TO INTERROGATORY NO. 8:**

Defendant objects to interrogatory number 8 because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including the extent to which it seeks information related to issues of alleged liability to or damages of employees who are non-Plaintiffs or who are outside any putative collective action class definition that has been or may be approved by the Court in this action. Subject to and without waiving this objection, Defendant exercises its option under Federal Rule of Civil Procedure 33(d) to produce business records from which any information responsive to this request can be derived or ascertained, specifically Plaintiffs' personnel and payroll files and documents relating to events schedules, which records already have been or will be produced or made available for inspection and/or copying at a mutually convenient time and location upon request.

**INTERROGATORY NO. 9:**

Please identify all persons declared to be "non-exempt" employees by the Hornets in the spreadsheet prepared by Hornets executives in August of 2004.

**RESPONSE TO INTERROGATORY NO. 9:**

The Hornets did not make any such declaration or prepare any such spreadsheet.

**INTERROGATORY NO. 10:**

Please describe the ownership structure of the New Orleans Hornets since 2002.

**RESPONSE TO INTERROGATORY NO. 10:**

Defendant objects to interrogatory number 10 because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 11:**

Did Plaintiffs sue the correct entity and/or person?

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiffs have sued their current and/or former employer and will have to determine for themselves whether Defendant is the entity they intended to or should have sued for the alleged violations at issue.

**INTERROGATORY NO. 12:**

For each of the following persons, please identify all facts and evidence that the Hornets will rely upon to substantiate the team's claim that the identified plaintiff is exempt from the FLSA's overtime provisions as is set forth in the Second Defense in the Hornets' Answer to Plaintiffs' Complaint:

    A.    Eugene Liger;

    B.    Tony Martin;

    C.    Adam Nash;

    D.    Jessica Berry;

    E.    Sam Steinmetz;

    F.    Chris Stant;

    G.    Ivan Hinson;

    H.    Leslie Sumler;

    I.    Amy Nicole Smith;

J.     Chris Carter;

K.     Marcy Planer Murray.

## RESPONSE TO INTERROGATORY NO. 12:

Discovery is ongoing and, thus, Defendant has not yet identified or determined all facts and evidence upon which it will rely to establish the applicable exemptions. However, Defendant anticipates that it may introduce or use any items or things produced in connection with its initial disclosures and in response to any discovery request seeking information that supports Defendant's exemptions, to which Defendant refers Plaintiffs under Federal Rule of Civil Procedure 33(d).

## INTERROGATORY NO. 13:

Please identify all facts and evidence that the Hornets will rely upon to substantiate the team's claim that others who claim to be members of this "purported class" are exempt from the FLSA's overtime provisions, as is set forth in the Second Defense in the Hornets's Answer to Plaintiffs' Complaint.

## RESPONSE TO INTERROGATORY NO. 13:

See response to Interrogatory No. 12.

## INTERROGATORY NO. 14:

Please identify the amount of revenue received from each revenue source for each month since 2002.

## RESPONSE TO INTERROGATORY NO. 14:

Defendant exercises its option under Federal Rule of Civil Procedure 33(d) and refers Plaintiff to the attached documents, D1840 through D1861, monthly Consolidated Summary

Income Statements, and D1862 through D1884, and monthly reports of Operating Accounts, which contain information responsive to this request.

**INTERROGATORY NO. 15:**

Please identify the amount and source of revenue derived on the date games were played at the New Orleans Arena for each month since 2002.

**RESPONSE TO INTERROGATORY NO. 15:**

Defendant exercises its option under Federal Rule of Civil Procedure 33(d) and refers Plaintiff to the attached documents, D1840 through D1861, monthly Consolidated Summary Income Statements, and D1862 through D1884, and monthly reports of Operating Accounts, which contain information responsive to this request.

**INTERROGATORY NO. 16:**

Please identify the amount and source of revenue derived by the Hornets on the days the Hornets played road games away from the New Orleans Arena for each month since 2002.

**RESPONSE TO INTERROGATORY NO. 16:**

Defendant exercises its option under Federal Rule of Civil Procedure 33(d) and refers Plaintiff to the attached documents, D1840 through D1861, monthly Consolidated Summary Income Statements, and D1862 through D1884, and monthly reports of Operating Accounts, which contain information responsive to this request.

**INTERROGATORY NO. 17:**

For each of the following persons, please identify all facts and evidence that the Hornets will rely upon to substantiate the team's claim that the identified plaintiff lacks standing to assert claims under the FLSA as is set forth in the Third Defense in the Hornets' Answer to Plaintiffs' Complaint:

A.    Eugene Liger;

B.    Tony Martin;

C.    Adam Nash;

D.    Jessica Berry;

E.    Sam Steinmetz;

F.    Chris Stant;

G.    Ivan Hinson;

H.    Leslie Sumler;

I.    Amy Nicole Smith;

J.    Chris Carter;

K.    Marcy Planer Murray.

## RESPONSE TO INTERROGATORY NO. 17:

Discovery is ongoing and, thus, Defendant has not yet identified or determined all facts and evidence upon which it will rely to establish the applicable exemptions. However, Defendant anticipates that it may introduce or use any items or things produced in connection with its initial disclosures and in response to any discovery request seeking information that supports Defendant's exemptions, to which Defendant refers Plaintiffs under Federal Rule of Civil Procedure 33(d).

## INTERROGATORY NO. 18:

For each of the following persons, please identify all facts and evidence that the Hornets will rely upon to substantiate the team's claim that the identified plaintiff's claims are time-barred, in whole or in part, under the applicable statute of limitations as is set forth in the Fifth Defense in the Hornets' Answer to Plaintiffs' Complaint:

A.    Eugene Liger;

B.    Tony Martin;

C.    Adam Nash;

D.    Jessica Berry;

E.    Sam Steinmetz;

F.    Chris Stant;

G.    Ivan Hinson;

H.    Leslie Sumler;

I.    Amy Nicole Smith;

J.    Chris Carter;

K.    Marcy Planer Murray.

## RESPONSE TO INTERROGATORY NO. 18:

Defendant will rely on the existence or absence in the record of any required consent to become a party plaintiff to this action as well as the applicable dates of Plaintiffs' employment with Defendant in the jobs at issue. With respect to the Plaintiffs' dates of employment in the jobs at issue, Defendant exercises its option under Federal Rule of Civil Procedure 33(d) to produce business records from which any information responsive to this request can be derived or ascertained, specifically Plaintiffs' personnel and payroll files, which records already have been or will be produced or made available for inspection and/or copying at a mutually convenient time and location upon request.

## INTERROGATORY NO. 19:

For each of the following persons, please identify all facts and evidence that the Hornets will rely upon to substantiate the team's claim that the identified plaintiff's claims "may be

barred, in whole or in part, from recovery because they have made statements or taken actions that estop them from asserting their claims or that constitute waiver of their claims", as is set forth in the Sixth Defense in the Hornets's Answer to Plaintiffs' Complaint:

    A.    Eugene Liger;

    B.    Tony Martin;

    C.    Adam Nash;

    D.    Jessica Berry;

    E.    Sam Steinmetz;

    F.    Chris Stant;

    G.    Ivan Hinson;

    H.    Leslie Sumler;

    I.    Amy Nicole Smith;

    J.    Chris Carter;

    K.    Marcy Planer Murray.

## RESPONSE TO INTERROGATORY NO. 19:

Discovery is ongoing and, thus, Defendant has not yet identified or determined all facts and evidence upon which it will rely to establish the applicable exemptions. However, Defendant anticipates that it may introduce or use any items or things produced in connection with its initial disclosures and in response to any discovery request seeking information that supports Defendant's exemptions, to which Defendant refers Plaintiffs under Federal Rule of Civil Procedure 33(d).

## INTERROGATORY NO. 20:

For each of the following persons, please identify all facts and evidence that the Hornets will rely upon to substantiate the team's claim that the identified plaintiff's claims "may be barred by prior arbitration, settlement, payment, fraud, release, discharge of obligations, preemption, and/or the doctrines of collateral estoppel, res judicata and/or accord and satisfaction", as is set forth in the Seventh Defense in the Hornets' Answer to Plaintiffs' Complaint:

A. Eugene Liger;

B. Tony Martin;

C. Adam Nash;

D. Jessica Berry;

E. Sam Steinmetz;

F. Chris Stant;

G. Ivan Hinson;

H. Leslie Sumler;

I. Amy Nicole Smith;

J. Chris Carter;

K. Marcy Planer Murray.

## RESPONSE TO INTERROGATORY NO. 20:

Discovery is ongoing and, thus, Defendant has not yet identified or determined all facts and evidence upon which it will rely to establish the applicable exemptions. However, Defendant anticipates that it may introduce or use any items or things produced in connection with its initial disclosures and in response to any discovery request seeking information that supports

Defendant's exemptions, to which Defendant refers Plaintiffs under Federal Rule of Civil Procedure 33(d).

## INTERROGATORY NO. 21:

Please identify all facts and evidence that the Hornets will rely upon to substantiate the team's claim that "Defendant is not a covered employer or enterprise under the FLSA", as is set forth in the Eighth Defense in the Hornets' Answer to Plaintiffs' Complaint.

## RESPONSE TO INTERROGATORY NO. 21:

Discovery is ongoing and, thus, Defendant has not yet identified or determined all facts and evidence upon which it will rely to establish the applicable exemptions. However, Defendant anticipates that it may introduce or use any items or things produced in connection with its initial disclosures and in response to any discovery request seeking information that supports Defendant's exemptions, to which Defendant refers Plaintiffs under Federal Rule of Civil Procedure 33(d).

## INTERROGATORY NO. 22:

For each of the following persons, please identify all facts and evidence that the Hornets will rely upon to substantiate the team's claim that it is entitled to "offset gratuitous and other pay provided to employees for non-compensable activities," as is set forth in the Twelfth Defense in the Hornets' Answer to Plaintiffs' Complaint:

A.     Eugene Liger;

B.     Tony Martin;

C.     Adam Nash;

D.     Jessica Berry;

E.     Sam Steinmetz;

F.    Chris Stant;

G.    Ivan Hinson;

H.    Leslie Sumler;

I.    Amy Nicole Smith;

J.    Chris Carter;

K.    Marcy Planer Murray.

## RESPONSE TO INTERROGATORY NO. 22:

Discovery is ongoing and, thus, Defendant has not yet identified or determined all facts and evidence upon which it will rely to establish the applicable exemptions. However, Defendant anticipates that it may introduce or use any items or things produced in connection with its initial disclosures and in response to any discovery request seeking information that supports Defendant's exemptions, to which Defendant refers Plaintiffs under Federal Rule of Civil Procedure 33(d).

## INTERROGATORY NO. 23:

Please identify and describe all facts that the Hornets will rely upon to substantiate a claim that they are exempt from overtime law under the recreational or amusement exemption.

## RESPONSE TO INTERROGATORY NO. 23:

Discovery is ongoing and, thus, Defendant has not yet identified or determined all facts and evidence upon which it will rely to establish the applicable exemptions. However, Defendant anticipates that it may introduce or use any items or things produced in connection with its initial disclosures and in response to any discovery request seeking information that supports Defendant's exemptions, to which Defendant refers Plaintiffs under Federal Rule of Civil Procedure 33(d).

{N1511293.1}

**INTERROGATORY NO. 24:**

Please identify and describe all facts that the Hornets will rely upon to substantiate their claim that the Hornets are exempt from overtime laws under the retail sales exemption.

**RESPONSE TO INTERROGATORY NO. 24:**

Discovery is ongoing and, thus, Defendant has not yet identified or determined all facts and evidence upon which it will rely to establish the applicable exemptions. However, Defendant anticipates that it may introduce or use any items or things produced in connection with its initial disclosures and in response to any discovery request seeking information that supports Defendant's exemptions, to which Defendant refers Plaintiffs under Federal Rule of Civil Procedure 33(d).

**INTERROGATORY NO. 25:**

For each plaintiff, please identify the representative compensation period used by the Hornets to calculate whether the employee qualified for the sales commission exemption.

**RESPONSE TO INTERROGATORY NO. 25:**

Defendant objects to this request as premature until such time as the opt-in period has expired.

**INTERROGATORY NO. 26:**

For each quarter that the draw system of payment was implemented by the Hornets, please identify all employees who received additional commission payments above the draw amount.

**RESPONSE TO INTERROGATORY NO. 26:**

Defendant objects to interrogatory number 26 because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence, including the extent to which it seeks information related to issues of alleged liability to or damages of employees who are non-Plaintiffs or who are outside any putative collective action class definition that has been or may be approved by the Court in this action. Subject to and without waiving this objection, any discoverable information regarding Plaintiffs that is responsive to this request, specifically Plaintiffs' personnel and payroll files, already has been or will be produced or made available for inspection and/or copying at a mutually convenient time and location upon request. Defendant refers Plaintiffs to such files under Federal Rule of Civil Procedure 33(d).

**INTERROGATORY NO. 27:**

Please identify each public event where the Hornets allowed or required its employees to attend, including the date of the event and the identities of any employees in attendance.

**RESPONSE TO INTERROGATORY NO. 27:**

Defendant objects to interrogatory number 27 because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including the extent to which it seeks information related to issues of alleged liability to or damages of employees who are non-Plaintiffs or who are outside any putative collective action class definition that has been or may be approved by the Court in this action. Subject to and without waiving this objection, Defendant exercises its option under Federal Rule of Civil Procedure 33(d) to produce business records from which any information responsive to this request can be derived or ascertained, specifically documents relating to events schedules, which records already have been or will be produced or made available for inspection and/or copying at a mutually convenient time and location upon request. Additionally, Plaintiffs have or have access to public information regarding Defendant's games and game schedules.

## INTERROGATORY NO. 28:

Please identify each marketing event where the Hornets allowed or required its employees to market Hornets' tickets, including the date of the event and the identities of any employees in attendance.

## RESPONSE TO INTERROGATORY NO. 28:

Defendant objects to interrogatory number 28 because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including the extent to which it seeks information related to issues of alleged liability to or damages of employees who are non-Plaintiffs or who are outside any putative collective action class definition that has been or may be approved by the Court in this action. Subject to and without waiving this objection, Defendant exercises its option under Federal Rule of Civil Procedure 33(d) to produce business records from which any information responsive to this request can be derived or ascertained, specifically documents relating to events schedules, which records already have been or will be produced or made available for inspection and/or copying at a mutually convenient time and location upon request.

## INTERROGATORY NO. 29:

Please identify the dates of each Select-A-Seat event for the Hornets since the team came to New Orleans.

## RESPONSE TO INTERROGATORY NO. 29:

Defendant exercises its option under Federal Rule of Civil Procedure 33(d) to produce business records from which any information responsive to this request can be derived or ascertained, which records already have been or will be produced or made available for inspection and/or copying at a mutually convenient time and location upon request. Subject to

and without waiving this objection, Defendant exercises its option under Federal Rule of Civil Procedure 33(d) to produce business records from which any information responsive to this request can be derived or ascertained, specifically documents relating to events schedules, which records already have been or will be produced or made available for inspection and/or copying at a mutually convenient time and location upon request.

## INTERROGATORY NO. 30:

Please identify and describe all facts explaining why the Hornets failed to maintain records of hours worked by non-exempt employees.

## RESPONSE TO INTERROGATORY NO. 30:

The Hornets did not have any non-exempt employees.

## INTERROGATORY NO. 31:

Please identify the person or persons who made the offer of employment to the inside sales employees hired by the Hornets from Game Face, Inc.

## RESPONSE TO INTERROGATORY NO. 31:

Defendant objects to interrogatory number 31 because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, David Burke and Brendan Donohue are the individuals responsive to this request.

## INTERROGATORY NO. 32:

Please explain the terms of employment offered to the following former Hornets' employees:

    A.    Eugene Liger;

    B.    Tony Martin;

C.    Adam Nash;

D.    Ivan Hinson;

E.    Dana St. Germain.

## RESPONSE TO INTERROGATORY NO. 32:

Defendant objects to interrogatory number 32 because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including the extent to which it seeks information related to issues of alleged liability to or damages of employees who are non-Plaintiffs or who are outside any putative collective action class definition that has been or may be approved by the Court in this action. Subject to and without waiving this objection, any discoverable documents responsive to this request would be located in Plaintiffs' personnel files, business records as to which Defendant exercises its option under Federal Rule of Civil Procedure 33(d) in response to this request.

## INTERROGATORY NO. 33:

Please identify all Archtics accounts by name for any account where any of the following current or former Hornets' employees made an entry in an Archtics Note.

A.    Eugene Liger;

B.    Tony Martin;

C.    Adam Nash;

D.    Jessica Berry;

E.    Sam Steinmetz;

F.    Chris Stant;

G.    Ivan Hinson;

H.    Leslie Sumler;

I.    Amy Nicole Smith;

J.    Chris Carter;

K.    Marcy Planer Murray.

## RESPONSE TO INTERROGATORY NO. 33:

Ticket sales account representatives customarily to make entries in the notes field in the Archtics program for accounts on which they work. Defendant exercises its option under the Federal Rule of Civil Procedure 33(d) to produce documents from which information responsive to this Interrogatory can be derived or ascertained, specifically, see the documents attached or previously produced as: D1078; D1084 through 1096; D1285 through D1286; D1298 through D1502; D1583 through D1670; D1634; and D1671 through D1768. These documents reflect the names for accounts on which Plaintiffs worked while employed by the Hornets.

## INTERROGATORY NO. 34:

Please identify all Archtics accounts by name for all accounts where any of the following current or former Hornets' employees were designated as account representative before the employee stopped working for the Hornets.

A.    Eugene Liger;

B.    Tony Martin;

C.    Adam Nash;

D.    Jessica Berry;

E.    Sam Steinmetz;

F.    Chris Stant;

G.    Ivan Hinson;

H.    Leslie Sumler;

I.    Amy Nicole Smith;

J.    Chris Carter;

K.    Marcy Planer Murray.

## RESPONSE TO INTERROGATORY NO. 34:

Defendant exercises its option under the Federal Rule of Civil Procedure 33(d) to produce documents from which information responsive to this Interrogatory can be derived or ascertained, specifically, see the documents attached or previously produced as: D1078; D1084 through 1096; D1285 through D1286; D1298 through D1502; D1583 through D1670; D1634; and D1671 through D1768. These documents reflect the names for accounts on which Plaintiffs worked while employed by the Hornets.

## INTERROGATORY NO. 35:

Please explain all facts and circumstances surrounding the Hornets' decision to grant Brendon Donahue and Chris Zaber with "super user" access rights to the Archtics data base system.

## RESPONSE TO INTERROGATORY NO. 35:

Brendan Donohue and Chris Zaber were granted such access for a limited period of time in the absence of certain ticket operations personnel based on their status as sales directors and significant experience with Archtics.

## INTERROGATORY NO. 36:

Please identify all policies, records, procedures, memoranda, e-mail, or other documents reflecting the Hornets' policies and procedures for altering the Archtics database after an employee stopped working for the Hornets.

{N1511293.1}                           - 23 -

**RESPONSE TO INTERROGATORY NO. 36:**

Defendant does not have any documents responsive to this request.

**INTERROGATORY NO. 37:**

Please identify all policies, records, procedures, memoranda, e-mail, or other documents reflecting the Hornets' policies and procedures for tracking commissions owned to former employees.

**RESPONSE TO INTERROGATORY NO. 37:**

Defendant does not have any documents responsive to this request.

**INTERROGATORY NO. 38:**

Please identify all policies, records, procedures, memoranda, e-mail, or other documents reflecting the Hornets' policies and procedures for tracking commissions owed to former employees after the Archtics computer database was altered.

**RESPONSE TO INTERROGATORY NO. 38:**

Defendant does not have any documents responsive to this request.

**INTERROGATORY NO. 39:**

Please identify all former sales employees who were paid sales commissions by the Hornets on accounts not paid in full on their last day of employment.

**RESPONSE TO INTERROGATORY NO. 39:**

Defendant objects to interrogatory number 39 because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including the extent to which it seeks information related to issues of alleged liability to or damages of employees who are non-Plaintiffs or who are outside any

putative collective action class definition that has been or may be approved by the Court in this action.

## INTERROGATORY NO. 40:

Please identify all witnesses with knowledge or information regarding the Hornets' policies and procedures as it pertains to the payment of commissions to sales employees of the Hornets.

## RESPONSE TO INTERROGATORY NO. 40:

Defendant objects to interrogatory number 40 because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, Defendant responds that many categories of employees have some knowledge or information responsive to this request, including any Plaintiff who worked for Defendant, and employees in human resources, payroll, sales, accounting, and managerial positions within the organization.

## INTERROGATORY NO. 41:

Please identify all Hornets directors, owners, employees, executives, managers and/or supervisors involved in decisions and/or discussions regarding whether to pay overtime to any Hornets employees since 2002.

## RESPONSE TO INTERROGATORY NO. 41:

Defendant incorporates by reference its objection and response to interrogatory number 1. Subject to and without waiving this objection, Defendant responds that the following current and former management personnel may have information responsive to this request: Barbara Booth, Sam Russo, Kristy McKearn, and Penny Middleton. Further, any employees who inquired about

overtime pay or completed time sheets or time records, such as Plaintiffs Leslie Sumler, Adam Nash, and/or Latousha Brown, may have information responsive to this request.

### INTERROGATORY NO. 42:

Please identify all Hornets directors, owners, employees, executives, managers and/or supervisors involved in decisions and/or discussions regarding the tracking of overtime by Hornets employees since 2002.

### RESPONSE TO INTERROGATORY NO. 42:

See response to Interrogatory No. 41.

### INTERROGATORY NO. 43:

Please identify all Hornets personnel who calculated, attempted to calculate, and/or determined the amount of commissions owed to and named plaintiff on accounts paid in full after their last day of employment with the Hornets.

### RESPONSE TO INTERROGATORY NO. 43:

This function has been performed and/or contributed to by different persons over time, including Barbara Booth, former Chief Financial Officer, sales directors, and various individuals in the accounting and payroll areas of the organization.

### INTERROGATORY NO. 44:

Please identify all Hornets employees who inquired about overtime compensation to the Hornets, including the date of any inquiry or complaint.

### RESPONSE TO INTERROGATORY NO. 44:

Defendant objects to interrogatory number 44 to the extent it seeks information related to issues of alleged liability to or damages of employees who are non-Plaintiffs or who are outside any putative collective action class definition that has been or may be approved by the Court in

this act. Subject to and without waiving this objection, Leslie Sumler made an inquiry in approximately July 2004 and Adam Nash made an inquiry in approximately September 2004.

## INTERROGATORY NO. 45:

Please identify all persons who prepared the overtime spreadsheet wherein the Hornets identified numerous employees as non-exempt personnel entitled to overtime compensation.

## RESPONSE TO INTERROGATORY NO. 45:

The Hornets did not identify any employees as non-exempt personnel or identify any personnel as being entitled to overtime compensation. If Plaintiffs are referring to the spreadsheet Bates numbered PLAINTIFFS000001, that spreadsheet was prepared by Penny Middleton and reflected her own personal opinions or views, not those of Defendant.

## INTERROGATORY NO. 46:

Since 2002, please identify all Hornets personnel who complained about not receiving the correct amount of commissions.

## RESPONSE TO INTERROGATORY NO. 46:

Defendant objects to interrogatory number 46 because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including the extent to which it seeks information related to issues of alleged liability to or damages of employees who are non-Plaintiffs or who are outside any putative collective action class definition that has been or may be approved by the Court in this action. Plaintiffs already are in possession of responsive information to the extent they contend they made any such complaint.

**INTERROGATORY NO. 47:**

Please identify the dates of all e-mails sent by any Hornets sales manager, director, executive, or employee to Dave Felson asking Dave Felson to change the designated account representative on any Archtics account.

**RESPONSE TO INTERROGATORY NO. 47:**

Defendant objects to interrogatory number 47 because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including the extent to which it seeks information related to issues of alleged liability to or damages of employees who are non-Plaintiffs or who are outside any putative collective action class definition that has been or may be approved by the Court in this action.

**INTERROGATORY NO. 48:**

Please identify all Hornets employees who have been paid overtime compensation since 2002.

**RESPONSE TO INTERROGATORY NO. 48:**

Defendant objects to interrogatory number 48 because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including the extent to which it seeks information related to issues of alleged liability to or damages of employees who are non-Plaintiffs or who are outside any putative collective action class definition that has been or may be approved by the Court in this action. Subject to and without waiving this objection, the identity of any Plaintiffs who received overtime compensation since 2002 would be reflected in their personnel and payroll files, which

Defendant already has produced and to which Defendant refers under Federal Rule of Civil Procedure 33(d).

## INTERROGATORY NO. 49:

Please identify who received commissions on tickets purchased by the following customers, including the amount of commissions and the date the commissions were paid.

- A.    Tony Fourtune;
- B.    Ruth Leblanc;
- C.    Abby Gallier;
- D.    Forrest Callais;
- E.    Don Washington;
- F.    Ann Vives;
- G.    Pamlab LLC;
- H.    Mississippi Community Development Corp.;
- I.    Anthony Thomas;
- J.    South Pike ROTC;
- K.    Major Rayburn;
- L.    Cliff Stouts;
- M.    Troy Keller;
- N.    Stephanie Hebert;
- O.    Korndeffer;
- P.    Ashley Perry;
- Q.    John Finkbinder;
- R.    Thomas Brahney;
- S.    Janice Savage;

T.    Giselle Orticke;

U.    Two unidentified customers who purchased $1,998.00 in tickets apiece prior to Sam Steinmetz' departure from the Hornets;

V.    John Ramsey;

W.    Brad Smith;

X.    Bonnie Rabe;

Y.    Jacob Kansa (3 year contract);

Z.    Orthodontic Centers of America (3 year contract);

AA.   Robert "Bobby" Patrick (3 year contract);

BB.   Jim Moriarty and/or YES productions (3 year contract).

## RESPONSE TO INTERROGATORY NO. 49:

Defendant objects to interrogatory number 49 because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including the extent to which it seeks information related to issues of alleged liability to or damages of employees who are non-Plaintiffs or who are outside any putative collective action class definition that has been or may be approved by the Court in this action. Subject to and without waiving this objection, see documents attached as D1583 through D1670, Customer Account Information and Change Journals reports from Archtics, to which Defendant refers under Federal Rule of Civil Procedure 33(d).

Respectfully submitted,

SIDNEY F. LEWIS, V (Bar No. 17026)
JENNIFER L. ANDERSON, T.A. (Bar No. 23620)
JANE H. HEIDINGSFELDER (Bar No. 28604)
*Jones, Walker, Waechter, Poitevent,*
*Carrère & Denègre, L.L.P.*
201 St. Charles Avenue, 50th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8000
Telefax: (504) 582-8015
e-mail: slewis@joneswalker.com
e-mail: janderson@joneswalker.com
e-mail: jheidingsfelder@joneswalker.com
*COUNSEL FOR DEFENDANT,*
*NEW ORLEANS HORNETS NBA L.P.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing *Defendant's First Supplemental and Amending Responses to Plaintiffs' First Set of Interrogatories* has been served on all counsel of record this 10th day of June, 2006, by Federal Express and/or placing same in the United States mail, postage prepaid upon:

Howard Daigle
Daniel E. Buras, Jr.
Elvige Cassard Richards
Daigle Fisse and Kessenich, PLC
227 Highway 21
Madisonville, Louisiana 70447
Telefax: (985) 871-0899

Stewart E. Niles, Jr.
Lawrence J. Centola
Niles, Bourque & Fontana LLC
909 Poydras Street - Suite 3500
New Orleans, Louisiana 70112
Telefax: (504) 310-8590

{N1511293.1}                                    - 31 -