

# DAIGLE FISSE & KESSENICH

ELVIGE CASSARD

PLEASE REPLY TO:

P.O. Box 5350
Covington, LA 70434-5350
985.871.0800  phone
985.871.0899  fax
ecassard@daiglefisse.com

12 June 2007

**VIA E-MAIL(janderson@joneswalker.com) & U.S. MAIL**

Ms. Jennifer Anderson
Jones Walker
201 St. Charles Ave., 51st Floor
New Orleans, LA 70170-5100

RE: Hornets Litigation

Dear Jennifer:

In response to your June 7, 2007 e-mail requesting assistance in locating outstanding follow-up requests regarding discovery from Plaintiffs, which I asked that you review and respond to, please see the attached. I find disingenuous your statement that you could not locate any of the attached, and your associated request for assistance.

Please consider tomorrow's telephone conference as additionally including discussion of the attached.

Sincerely,

Elvige Cassard

EC/spk/enclosure
cc:  Mr. Stewart E. Niles, Jr. (w/enc.)(via email & U.S. mail)
     Mr. Brian Knight (w/enc.) (via email & U.S. mail)
     Mr. Howard Daigle, Jr. (w/encl.)
905-01/letters/Anderson, J. 07-06-12

DAIGLE FISSE & KESSENICH, A PROFESSIONAL LAW CORPORATION · COUNSELLORS AT LAW AND ADMIRALTY
NEW ORLEANS · BATON ROUGE · COVINGTON

Exh. 4

Dockets.Justia.com

Hornets Litigation

## Elvige Cassard

**From:** Anderson, Jennifer [janderson@joneswalker.com]
**Sent:** Thursday, June 07, 2007 4:10 PM
**To:** Elvige Cassard
**Cc:** Dodds, Tonja; Heidingsfelder, Jane; bknight@nileslawfirm.com
**Subject:** Hornets Litigation

Elvige:

I am writing in response to your letter dated May 25, 2007, requesting my new contact information and inquiring about my response to your "outstanding follow-up requests" regarding discovery. Below is my new contact information, which has been updated with the court and was updated on our firm's website the date of my relocation. I would like to respond regarding the discovery matter, but have not been able to identify any outstanding follow-up requests regarding discovery. I would greatly appreciate your help in identifying any prior communications you are referring to and I will promptly respond. Thanks,

Jennifer

**PLEASE NOTE THAT MY CONTACT INFORMATION HAS CHANGED.**

Jennifer L. Anderson
JONES WALKER
Labor and Employment Law Practice Group
janderson@joneswalker.com
Direct Dial: (225) 248-2040
Direct Fax: (225) 248-3040
Four United Plaza
8555 United Plaza Blvd.
Baton Rouge, LA 70809-7000

*Assistant: Tonja Dodds*
*Direct Dial: (225) 248-3417*

www.joneswalker.com

6/11/2007



# DAIGLE FISSE & KESSENICH

ELVIGE CASSARD

PLEASE REPLY TO:

P.O. Box 5350
Covington, LA 70434-5350
985.871.0800 phone
985.871.0899 fax
ecassard@daiglefisse.com

7 November 2006

Ms. Jennifer Anderson
Jones Walker
201 St. Charles Ave., 51st Floor
New Orleans, LA 70170-5100

RE: Eugene Liger, et al v. New Orleans Hornets NBA Limited Partnership
USDC, EDLA, C.A. No. 05-1969 (5)
DFK 905-01

RE: Ivan Hinson, et al vs. New Orleans Hornets NBA Limited Partnership – Civil District Court, Orleans Parish
Case #05-10068, Div. "L"
DFK #905-02

RE: Eugene Liger, et al vs. New Orleans Hornets NBA Limited Partnership – Civil District Court, Orleans Parish
Case #05-10069, Div. "L"
DFK #905-03

Dear Jennifer:

In connection with employees that may have received two notices, please be advised that any duplication was inadvertent and likely resulted from the post-Katrina disruptions in tracking down new addresses, etc. Please communicate the same to those individuals with our apologies for any inconvenience.

Meanwhile we continue to look forward to receiving answers to our outstanding requests.

Sincerely,

Elvige Cassard

FILE COPY

EC/spk
cc: Mr. Howard Daigle, Jr.
    Mr. Stewart E. Niles, Jr.
    Mr. Lawrence J. Centola, Jr.
F:\905\905-01 (Hornets OT)\Letters\Anderson, J.15 (06-11-07)

DAIGLE FISSE & KESSENICH, A PROFESSIONAL LAW CORPORATION • COUNSELLORS AT LAW AND ADMIRALTY
NEW ORLEANS • BATON ROUGE • COVINGTON



**DAIGLE FISSE & KESSENICH**

3 October 2006

PATRICK E. MOORE

PLEASE REPLY TO:

P.O. Box 5350
Covington, LA 70434-5350
985.871.0800   phone
985.871.0899   fax
pemoore@daiglefisse.com

*VIA E-MAIL (janderson@joneswalker.com)*
*& U.S. MAIL*

Ms. Jennifer Anderson
Jones Walker
201 St. Charles Ave., 51st Floor
New Orleans, LA 70170-5100

RE: Eugene Liger, et al v. New Orleans Hornets NBA
Limited Partnership
USDC, EDLA, C.A. No. 05-1969 (5)
DFK 905-01

Dear Jennifer:

As we discussed, in the absence of time records maintained by the Hornets, please provide the following information, to the extent available, to assist in evaluating the claims for settlement:

1. Please confirm that <u>all</u> personnel files have been produced on each plaintiff, including without limitation all payroll, benefits, sales, performance, disciplinary, attendance (including vacation, sick leave), job description, communications reimbursement, travel, entertainment, professional development, training, transfer, evaluation and reclassification records.[1]

2. Please provide all e-mails and any other documentation from, to or about a plaintiff.

3. Please provide all data reflecting (1) when any plaintiff turned on and/or turned off any company computer assigned to any plaintiff, and (2) the inclusive dates of such assignment.

---

[1] By way of example only, the personnel records of Amy Nicole Smith are incomplete, and virtually no payroll records have been produced for her, Ivan Hinson and Latousha Brown. Defendant indicated it would supplement but this has not been done to date. (The Hornets admitted it paid and tracked overtime hours for Brown – where is the paperwork?) Chris Stant's payroll record information is incomplete (nothing before the first quarter of 2004, nothing after the first quarter of 2005, some intervening periods are missing full information, no payroll register information after November 30, 2003 and intervening information missing; his earnings statement information is incomplete.) Also, please provide documents D1054-56, which were not included in your production to us. There has been virtually no or very little commission or sales reports or customer account information produced. D1419 was not copied in full.

DAIGLE FISSE AND KESSENICH, A PROFESSIONAL LAW CORPORATION • COUNSELLORS AT LAW AND ADMIRALTY
NEW ORLEANS • BATON ROUGE • COVINGTON

FILE COPY

Ms. Jennifer Anderson
3 October 2006
Page 2 of 2

4. Please provide all phone records of any phone at a plaintiff's work station during the period of the plaintiff's employment.

5. Please provide all reimbursement, expense, and travel records associated with any plaintiff (whether directly or indirectly).

6. Please provide all documentation reflecting job duties and/or work expectations of each of the plaintiffs, including any such documentation for a non-plaintiff occupying the same position.

7. Please provide any documentation, whether electronic or otherwise, directed to a supervisor of each plaintiff which reflects expectations, demands or goals affecting the plaintiff's job duties or expectations.

8. Please provide all job descriptions relating to plaintiffs' positions throughout the period from 2002 to 2005 as they may have changed.

9. As previously requested (via discovery and correspondence from last year) please provide a printout of all Archtics accounts where a plaintiff made an entry in Archtics Notes indicating a ticket sale or payment from a customer, along with a separate printout identifying all accounts for which a plaintiff received a commission payment, identifying the plaintiff.

10. As commission accounts were transferred away from one salesperson to another, often without any record, please provide all records from which we can determine what commissions were paid to whom for which customers and types of sales during the period 2002 – 2005 inclusive, regardless of whether the commissions were paid to a plaintiff. This will assist in identifying extra hours worked which may not otherwise be reflected.

11. Please provide the key identifying the specific event represented by the "Event" number in the "Seats Sold" materials (D1769 et seq.)

Thank you and I look forward to hearing from you,

Sincerely,

*Elvige*

Elvige Cassard

EC/spk
E:\905\905-01\Letters\Anderson, J.12 (06-10-03)

**Susanna Kerr**

From: Anderson, Jennifer [janderson@joneswalker.com]
To: Susanna Kerr
Sent: Tuesday, October 03, 2006 5:17 PM
Subject: Read: 905-01 Hornets - Correspondence dated 3 October 2006

Your message

To:    Anderson, Jennifer
Cc:    Elvige Cassard
Subject: 905-01 Hornets - Correspondence dated 3 October 2006
Sent:   Tue, 3 Oct 2006 16:48:42 -0500

was read on Tue, 3 Oct 2006 17:16:39 -0500

1

## Elvige Cassard

| | |
|---|---|
| From: | Elvige Cassard [ecassard@daiglefisse.com] |
| Sent: | Monday, July 24, 2006 10:51 AM |
| To: | 'Anderson, Jennifer' |
| Subject: | Hornets: Follow up re receipts conversation |
| Attachments: | Preliminary review of Financials (7.09 KB) |

Jennifer:
In reference to our conversation, the Requests for Production which asked for receipts, which were not produced, include Requests for Production No. 20-23 in the Plaintiffs' Second Set of Requests for Production of Documents.

Also, I attach the email we discussed regarding my concerns regarding financials and I specify that the produced documents in questions are D1840 – D1861 (monthly Consolidated Summary Income Statements) and D1862 – D1884 (monthly reports of Operating Accounts).

Thanks for looking into these issues,
Elvige

**Elvige Cassard**
**Daigle Fisse & Kessenich, PLC**
P.O. Box 5350
Covington, LA. 70434
Telephone: 985-871-0800
Cellphone: 504-577-9193
Facsimile: 985-871-0899
E-mail: ecassard@daiglefisse.com

NOTE: This e-mail message and all attachments transmitted with it may contain legally privileged and/or confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly PROHIBITED. If you have received this message in error, please notify the sender immediately and delete this message and all copies and backups thereof.

6/11/2007

| | |
|---|---|
| From: | Elvige Cassard [ecassard@daiglefisse.com] |
| Sent: | Wednesday, July 05, 2006 9:06 AM |
| To: | 'Anderson, Jennifer' |
| Cc: | 'Howard Daigle' |
| Subject: | Preliminary review of Financials |

Hi Jennifer: A cursory review of the financials provided by the Hornets shows that they are incomplete in at least the following — they do not cover the full relevant time period (beginning only in mid-2003, although information beginning with the calendar year 1999 is in question) and the entry for the month ended 9/30/03 on the consolidated income statement for the three months ending 9/30/04 (Bates stamp no. D 1854) is completely blank. Could you please provide correction or explanation of same?

Thanks so much and have a Happy and safe Independence Day,
Elvige

Elvige Cassard
Daigle Fisse & Kessenich, PLC
P.O. Box 5350
Covington, LA. 70434
Telephone: 985-871-0800
Cellphone: 504-577-9193
Facsimile: 985-871-0899
E-mail: ecassard@daiglefisse.com

NOTE: This e-mail message and all attachments transmitted with it may contain legally privileged and/or confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly PROHIBITED. If you have received this message in error, please notify the sender immediately and delete this message and all copies and backups thereof.

7/5/2006

## Elvige Cassard

| | |
|---|---|
| From: | Elvige Cassard [ecassard@daiglefisse.com] |
| Sent: | Friday, June 30, 2006 6:39 PM |
| To: | 'Anderson, Jennifer' |
| Cc: | 'Stewart'; lcentola@nileslawfirm.com; 'Howard Daigle' |
| Subject: | Letter Addressing Discovery Issues |
| Attachments: | Anderson, J 06-06-30 discovery.pdf |

Elvige Cassard
Daigle Fisse & Kessenich, PLC
P.O. Box 5350
Covington, LA. 70434
Telephone: 985-871-0800
Cellphone: 504-577-9193
Facsimile: 985-871-0899
E-mail: ecassard@daiglefisse.com

NOTE: This e-mail message and all attachments transmitted with it may contain legally privileged and/or confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly PROHIBITED. If you have received this message in error, please notify the sender immediately and delete this message and all copies and backups thereof.



# DAIGLE FISSE

30 June 2006

ELVIGE CASSARD

PLEASE REPLY TO:

P.O. Box 5350
Covington, LA 70434-5350
985.871.0800 *phone*
985.871.0899 *fax*
ecassard@daiglefisse.com

Via ~~Fax and US Mail~~ *email and US mail*

Ms. Jennifer Anderson
Jones Walker
201 St. Charles Ave., 51st Floor
New Orleans, LA 70170-5100

RE: Eugene Liger, et al v. New Orleans Hornets
NBA Limited Partnership
USDC, EDLA, C.A. No. 05-1969 "C"(5)
DFK 905-01, 905-02, 905-03

Dear Jennifer:

Consistent with our recent conversation, this letter addresses discovery responses provided by the Hornets to Plaintiffs in the referenced case. We appreciate the productions you have forwarded in recent weeks. This letter is limited in scope to the written responses to Requests for Production and Interrogatories, as a review of the documents provided has not been completed. Please call me to discuss any questions or areas of contention.

## GENERAL

Some of the discovery requests have been modified herein. Please advise me as soon as possible if you will require formal amendments. As to all discovery, please produce a privilege log.

Please identify every response as to which information or documents have been withheld based on the statute of limitations, the nature of the withheld information and the plaintiff(s) to which it relates, where applicable.

In connection with Defendant's general objection based on persons "who are outside any class definition that may be approved," please indicate whether there has been any information or document excluded based on this objection, where the excluded information or document relates to a person who has been in one of the categories identified by Judge Berrigan on 17 August 2005. If so, please identify each such instance and the specific grounds for the exclusion.

Now that a protective order has been issued please produce all information and documents previously withheld pending said issuance, to the extent not already done. Please specify every instance where information or materials previously withheld subject to an objection based on the absence of a protective order is <u>not</u> now produced (or will not be produced), and specify the grounds for continuing the withholding.

Ms. Jennifer Anderson
30 June 2006
Page 2 of 6

---

Please ensure that all discovery requests are updated to reflect Defendant's response or objection or other exclusion as it relates to any newly added plaintiffs, to the extent not already done. Please ensure that the complete personnel file and payroll file of every named plaintiff has been produced, as well as any other documents reflecting the dates and hours they worked and the nature, locus and compensation structure of their work. Defendant is reminded that discovery obligations are continuing for all purposes.

On 17 August 2005, Judge Berrigan requested identification of all "permutations" of the job categories included in the putative class. Please provide same.

## *SECOND SET OF PLAINTIFFS' REQUESTS FOR PRODUCTION*

Nos. 1-4 are continuing, as are all discovery requests, consistent with the procedural rules. Please correct the typo in Request for Production Nos. 2 and 3 by changing the word "plaintiff" to the word "defendant" and update the responses accordingly.

Nos. 5, 8 and 11 can be disregarded, as their substance is included in Nos. 6, 10 and 12, respectively; accordingly all documents to be produced in response to Nos. 5, 8 and 11 should appear in response to Nos. 6, 10 and 12. Please advise if the responses will not be so produced.

Nos. 6-7, 9-10, 12-13: Please produce. Plaintiffs clarify that all requests and Interrogatories seeking financial information from the Hornets since 2002 is hereby corrected to seek said information commencing with calendar year 1999.

No. 14: To the extent Defendant continues to represent that it has no documents responsive to this or any other request for production, please confirm that a good faith and reasonably diligent inquiry has been made that covers all potentially responsive documents in Defendant's possession, custody and control, which includes materials in any third party's possession or custody but regarding which Defendant has control.

No. 15: This request may be disregarded as it is covered by No. 38.

No. 16: Please provide all organizational charts, tables or lists reflecting any of the information requested in Interrogatory No. 3 as revised herein. There is no confidentiality or privacy interest in the requested materials.

No. 18: Please produce. The request clearly covers discoverable information, particularly given that Ms. Middleton drafted a list proposing which employees should receive overtime pay. It can be produced subject to the protective order, protecting any privacy or confidentiality concerns.

Ms. Jennifer Anderson
30 June 2006
Page 3 of 6

---

Nos. 19-21, 23-28, 33-36, 39, 42, 50, 54: Documents produced are to be reviewed.

No. 22: Please note that the word "and/or" should read "and." At issue are all receipts. The request is not overbroad. Please produce.

No. 29-30, 32: Defendant's answers are not responsive. Request No. 20 and its response do not segregate the issues addressed in Nos. 29, 30 and 32. Please identify the specific responsive documents applicable to each request.

No. 31: Please provide all documents reflecting the representative compensation period upon which the Hornets base their claim that the retail commission exemption applies. This request is for all documents which identify what is the representative period and for all documents which support the calculations relied upon by Defendant.

No. 37: The request should not be objectionable if revised to read as follows: Please produce copies of all documents reflecting which person(s) made the offer of employment to the inside sales employees hired by the Hornets from Game Face, Inc. Please respond as revised.

No. 38: Please produce. The request is not overbroad, particularly since entries were changed, and in that it will illuminate, *inter alia*, the nature, location and times of work performed by the plaintiffs.

No. 40: The objections are not well-grounded. Please produce.

No. 43-48: The requested material is clearly discoverable, *inter alia*, as reflecting campaigns, sales, part of sales/job function, credits for same, commission structure, retail argument, effect on hours worked, also relates to questions of good faith, willfulness, involvement of various personnel in decisions.

No. 51: Please review the response keeping in mind that all discovery requests are continuing, and revise as appropriate.

No. 52: Please confirm that there are no documents "containing communications regarding the Hornets' . . . practices regarding the . . . alteration of the identities of account representatives in Archtics." This would include documents containing directions to alter, confirmation of same, reflecting an alteration, etc.

No. 53: Please confirm that there are no documents containing communications regarding the Hornets' procedures or practices for tracking sales of commissioned sales persons. This would include, but not be limited to references to switching accounts, communications saying someone should receive credit or payment in connection with sales work done, etc.

No. 55: Please confirm that there are no non-privileged documents discussing any requests for overtime compensation.

No. 56: The answer given is not responsive: the request is not for documents Defendant will rely upon. Rather, it seeks documents "supporting" "arguments amongst NBA teams applicable to the retail sales exemption." Please produce.

Please add the following Request For Production No. 57: Please produce any and all documents which Defendant believes is relevant to this case, whether to Plaintiffs' claims or Defendant's defenses and whether supportive of or undermining either, and which has not been requested by Plaintiffs.

## *INTERROGATORIES*

No. 1: Plaintiffs are entitled to the identification of persons, including phone numbers where applicable, having responsive information, and Defendant is obligated to make a reasonably diligent, good faith inquiry to discover the requested information. There is no confidentiality or privacy interest in the current address and telephone number of current or former employees. In any event, that information can be produced subject to a protective order. Please respond.

No. 3: Please substitute the following for Interrogatory No. 3: Please explain the specific Hornets' organizational hierarchy beginning two years prior to its moving to New Orleans, extending continuously to the present: this includes identification of all positions, to whom did they report, including the names of the persons who filled all positions during the identified time period.

Nos. 4-5, 14-16, 27-34, 37-39, 46, 49: Documents produced are to be reviewed.

Nos. 7-8: The responses do not answer the questions. Please provide more specifics.

No. 9: The answer to Interrogatory No. 3 should be responsive.

Nos. 10-11: Please substitute the following for Interrogatory Nos. 10-11: Please explain the entire business structure of the Defendant organization and all of its affiliates beginning two years prior to its moving to New Orleans and extending continuously to the present: this includes the types and names of business entities involved (L.L.C., partnerships, etc.; affiliates, successors, etc.), their state or other location of creation, the names and titles of the owners throughout the stated period (with percentage equity, control and other rights of each) officers, directors and other principals and executive managers of each and the permutations of the foregoing to the present.

Ms. Jennifer Anderson
30 June 2006
Page 5 of 6

---

      Nos. 12-13: There are facts and evidence which Defendant currently knows it will rely upon. Please respond with that information. This inquiry, together with all others, is continuing.

      Nos. 17, 19, 20, 21, 22: See comment to Nos. 12 and 13. Moreover, the issues of standing, statutory coverage, offset and estoppel/waiver/release/discharge, etc. are separate questions from that of applicable exemptions. Defendant's answers are non-responsive. Please answer.

      Nos. 23-24: See comment to Nos. 12 and 13. Please answer.

      No. 25: Plaintiffs deny that this interrogatory is premature as to any named plaintiff, but agree to limit the request at this time to the plaintiffs named in the lawsuit before the first Notice went out. Please respond accordingly.

      Nos. 17, 26, 39: The questions are relevant, at a minimum, throughout, to the question of establishments and the retail commission exemption, and to determine the correct amounts on which overtime should have been calculated. Please answer.

      No. 36: Please confirm that Hornets have no record, e-mail or other documents reflecting any procedures for altering the Archtics database after an employee stopped working for the Hornets.

      No. 44: Please provide a complete answer to this Interrogatory, without limiting the response to named plaintiffs.

      No. 47: Plaintiffs are entitled to this information. Please answer.

      No. 48: Plaintiffs are entitled to a written response. Please answer.

      Please add the following Interrogatory No. 50: Please describe any and all documents and information, whether individually or as an identifiable group, which Defendant believes is relevant to this case, whether to Plaintiffs' claims or Defendant's defenses and whether supportive of or undermining either, and which has not been requested by Plaintiffs.

      If in doubt regarding the coverage contemplated by any discovery requests, please be guided by Plaintiffs' intention that the discovery requests include coverage of all non-privileged documents and information that will assist in determining the viability of our rejection of the Hornets' claimed defenses including the amusement/recreational exemption, retails sales exemption, non-liability of principals/owners, good faith, etc., and in calculating the damages available under the law in lawsuits such as this. Please note that all responsive documents and information should be specifically reflected either in the discovery responses or in the privilege log, such that Plaintiffs can tell whether anything has been withheld, and if so, what it is. If that

Ms. Jennifer Anderson
30 June 2006
Page 6 of 6

---

is not the case, please provide an explanation why not, adequately detailed for an assessment of whether it should be challenged.

Thank you and have a safe and Happy Fourth of July,

Sincerely,

Elvige

cc: Mr. Stewart Niles
    Mr. Larry Centola
    Mr. Howard Daigle

EC/spk
Anderson, J. 06-06-30 discovery




ELVIGE CASSARD

PLEASE REPLY TO:

P.O. Box 5350
Covington, LA 70434-5350
985.871.0800   phone
985.871.0899   fax
ecassard@daiglefisse.com

9 June 2006

*Via Facsimile (#504-589-8414) and U.S. Mail*
Ms. Jennifer Anderson
Jones Walker
201 St. Charles Ave., 51st Floor
New Orleans, LA 70170-5100

    Re:    Eugene Liger, et al v. New Orleans Hornets
            NBA Limited Partnership
            USDC, EDLA, C.A. No. 05-1969 "C"(5)
            DFK 905-01, 905-02, 905-03

Dear Jennifer:

        It was a pleasure meeting with you and Jane yesterday. Howard and I both appreciate greatly your expressed willingness to work cooperatively going forward to move this matter toward resolution.[1]

        As we discussed, with the Protective Order in place, you will be providing additional documents from the Hornets within the next few days. At the same time, I will be drafting for you a letter setting forth the specific concerns we have regarding the Hornets' discovery responses to date. I hope to have that correspondence to you by Friday. From that letter, you will identify any problem areas from the Hornets' perspective, and advise within the next ten days or so. We will try to resolve the outstanding issues in a telephone conference, and where we can't agree, we will seek assistance from the court.

        You are considering our request that the extended notice period until November, applicable to the seventeen putative class members specified in your 11 May 2006 letter,[2] be applied to *all* putative class members. This is in light of Niles' view of the chilling effect upon potential claimants of the flawed notice process which addressed some members of the group and not others. You recognize the time-sensitive nature of this issue and expect to get back to us with your response by the first of next week, although your initial reaction is negative.

---

[1] By copy of this letter we inform Stewart Niles and Larry Centola of our meeting and welcome their observations.
[2] Newly identified or corrected addresses

Ms. Jennifer Anderson
9 June 2006
Page -2-

      We agree with your proposed strategy of consolidating discovery among the two state cases and the federal case. Also, we will look at the Protective Order entered in the federal case to determine if we have any objections to its use in the state cases. If you think there are changes needed to the document for state court other than the caption, please advise.

      We understood you are willing to provide us with all documents the Hornets will rely upon to support its anticipated Motion for Summary Judgment on the amusement/recreational exemption and the retail sales exemption. We would certainly expect production of *all* relevant documentation and other discovery responses on those issues, including materials and information supportive of the plaintiffs' contrary position.

                                          Sincerely,

                                          Elvige Cassard

EC/ac

cc:   Mr. Stewart Niles (via facsimile)
       Mr. Larry Centola (via facsimile)
       Mr. Howard Daigle