

## DAIGLE FISSE & KESSENICH

ELVIGE CASSARD

PLEASE REPLY TO:

P.O. Box 5350
Covington, LA 70434-5350
985.871.0800  phone
985.871.0899  fax
ecassard@daiglefisse.com

13 July 2007

**VIA E-MAIL (janderson@joneswalker.com) & U.S. MAIL**

Ms. Jennifer Anderson
Jones Walker
8555 United Plaza Blvd.
Four United Plaza
Baton Rouge, LA 70809-7000

RE: Hornets Litigation – Plaintiffs' Requested Discovery

Dear Jennifer:

Among other items we discussed in our Rule 37.1E discovery teleconference over two weeks ago on June 27, 2007, the items referenced below are some regarding which I had expected to hear back from you by now. Please let me know their status.

The Hornets agreed to produce receipts as soon as they could be gathered, which you then anticipated would be done shortly. Significantly, you also agreed that we could review summaries in short order, possibly as an alternative, or at least as a preliminary to reviewing all of the receipts. You agreed to let us know as soon as possible what documentation exists so that we could determine if we can ask on a more limited basis for the information that we need. You made clear your agreement to provide all information relevant to establishing receipts, revenue and income.

On June 29, 2007, you stated that you expected to get back with me in about two days regarding whether the bank has additional information beyond what the Hornets have, in which case we can get that information from the bank. Despite the expectation that we would have heard something from you in this regard by now, we have not.

Other items that I expected to have seen from you by now include the representative compensation period to be using for the retail sales commission exemption, and the missing documents D1054 – 56.

I also understood that you expected to be able to determine shortly whether any organizational charts, or the equivalent, exist. While I appreciate your directing me to the Hornets' staff directory on the Internet, I could not find any information on past staffing, nor any indication of hire/promotion dates.[1]

---

[1] Also, while such data is helpful it does not carry the reliability I would hope for in answers to discovery.

DAIGLE FISSE & KESSENICH, A PROFESSIONAL LAW CORPORATION • COUNSELLORS AT LAW AND ADMIRALTY
NEW ORLEANS • BATON ROUGE • COVINGTON

EXH. 8



Ms. Jennifer Anderson
13 July 2007
Page 2 of 2

---

   I do recognize that you promised wholesale review and supplementation and completely updated discovery responses, which will take more time than the quick turnaround I had expected on the limited issues addressed herein, and that there are other items you expect to provide as soon as possible though not necessarily within the short timeframe addressed herein (*e.g.*, staffing levels).[2]

   Regarding Request for Production No. 38, please be advised that I am told that Archtics can generate a list of all activities and entries for any individual. It is the results of a function such as that, as to each Plaintiff, which is requested by this request. I gather this might be similar to what something like TABS (legal billing) can do: identify the parameters and the program will generate the requested information. All codes and keys necessary to interpret the data is of course part of all the requests (*e.g.*, the event code for Archtics).

   I am working on the items I agreed to, including formalizing certain requests, and hope to get all of those items to you soon. As we discussed, it is in both of our clients' interests to resolve as many of these matters as we can before bringing them to the court.

   Thank you for your cooperation.

                    Sincerely,

                    Elvige Cassard

EC/spk/
cc: Mr. Stewart E. Niles, Jr. (via email & U.S. mail)
  Mr. Brian Knight (via email & U.S. mail)
  Mr. Howard Daigle, Jr.
  Mr. Dan Buras
Anderson, J. 07-07-13 (follow up 37-1).doc

---

[2] It is my understanding that you contemplate having providing us responses, including the supplementation and any revised formal responses (with the Hornets' articulation of what is now being objected to and why), in adequate time to review them well before the early August hearing. Please correct me if I am mistaken.