

# DAIGLE FISSE & KESSENICH

ELVIGE CASSARD

PLEASE REPLY TO:

P.O. Box 5350
COVINGTON, LA 70434-5350
985.871.0800  phone
985.871.0899  fax
ecassard@daiglefisse.com

18 July 2007

**VIA E-MAIL (janderson@joneswalker.com) & U.S. MAIL**

Ms. Jennifer Anderson
Jones Walker
8555 United Plaza Blvd.
Four United Plaza
Baton Rouge, LA 70809-7000

RE:   Hornets Litigation – Plaintiffs' Requested Discovery

Dear Jennifer:

In accommodation to your request that I formalize the revisions to our outstanding discovery requests which resulted from our Rule 37.1E discovery teleconference, please find said revisions attached. As you recognize, there was no agreement or understanding that any formalization would remove the requests from the anticipated Motion to Compel, and out of an abundance of caution I have drafted the formalized revisions to so reflect.

I have heard nothing from you since those communications, despite your representations that various items would be forthcoming. Please provide all requested discovery as soon as possible.

Sincerely,

Elvige Cassard

EC/spk/enclosures
cc:  Mr. Stewart E. Niles, Jr. (via email & U.S. mail) (w/enc.)
     Mr. Brian Knight (via email & U.S. mail) (w/enc.)
     Mr. Howard Daigle, Jr. (w/o enc.)
     Mr. Dan Buras (w/enc.)
Anderson, J. 07-07-18 (Rev disc req).doc

DAIGLE FISSE & KESSENICH, A PROFESSIONAL LAW CORPORATION   •   COUNSELLORS AT LAW AND ADMIRALTY
NEW ORLEANS   •   BATON ROUGE   •   COVINGTON

EXH. 9

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EUGENE LIGER, ET AL, <br> Plaintiffs in a Collective Action | * <br> * <br> * <br> * | CIVIL ACTION NO. 05-1969 <br><br> SECTION C |
| versus | * <br> * | MAGISTRATE 05 |
| NEW ORLEANS HORNETS NBA LIMITED PARTNERSHIP, <br> Defendant | * <br> * <br> * <br> * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PLAINTIFFS' SUPPLEMENT TO SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

TO:  The New Orleans Hornets
Through its Counsel of Record
Jennifer Anderson
Jones Walker
8555 United Plaza Blvd.
Four United Plaza
Baton Rouge, LA 70809-7000

Counsel for the parties engaged in Rule 37.1E communications in connection with Plaintiffs' outstanding discovery requests to Defendant. In that process counsel for Defendant asked that certain changes made by Plaintiffs to the discovery requests, either in connection with the attempt at amicable resolution in the Rule 37.1E process, or in earlier attempts by Plaintiffs to obtain discovery responses from Defendant, be formally presented. Counsel for Plaintiffs agreed to accommodate that request.

- 1 -

This Supplement to the Plaintiffs' Second Set of Requests for Production of Documents and the accompanying Supplement to the Plaintiffs' First set of Interrogatories is that formalization. These supplements are not new discovery requests and are incorporated in and made a part of the original requests which they supplement. None of the requests are newly propounded herein: they have already been submitted to Defendant either in connection with the attempt at amicable resolution in the Rule 37.1E process, or in earlier attempts by Plaintiffs to obtain discovery responses from Defendant, or both.

## SUPPLEMENT TO SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**S-1.**   The below substitute the word "Defendant" for the word "plaintiff" in correction of a typographical error in the original requests:

2.   Please produce copies of any and all exhibits that may be offered, filed, or introduced into evidence by Defendant at time of trial, during any deposition, or may be used during any hearing, including copies of all data used in the creation of any demonstrative exhibits.

3.   Please produce copies of any report prepared by any expert that may be offered, filed, or introduced into evidence by Defendant at time of trial, during any deposition, or during any hearing.

**S-2.**   The below limits the demand for "all documents" in the original requests:

16.   Please produce copies of whatever documents are available which, when viewed as a whole, show all persons hired by the New Orleans Hornets since June of 2002, including the name of their respective positions and the names of the persons working in the positions since June of 2002.

**S-3.**     The following sentence limits Requests 26 and 27 in the original requests: For purposes of requests 26 and 27 below, "recreational and/or amusement activities open to the public" does not mean telephone or email communications, unless Defendant contends that "recreational and/or amusement activities open to the public" does include telephone or email communications.

26.     Please produce copies of all documents describing, discussing, or otherwise identifying all recreational and/or amusement activities open to the public that take place in the Hornet's business, administrative, ticket operations, or sales offices.

27.     Please produce copies of all documents describing, discussing, or otherwise identifying all recreational and/or amusement activities open to the public that take place in Hornets' offices not located in the New Orleans Arena.

**S-4.**     The below request from the original requests is now limited to the time frame from January 2001 to the present.

40.     Please produce copies of all e-mails, memoranda, correspondence, notes, or other documents sent by or prepared by any of the following current or former Hornets personnel regarding overtime compensation or comp time from January 2001 to the present:

A.     Tim McDougall

B.     Brendan Donohue

C.     Kristy McKearn

D.     Barbara Booth

E.     Sam Russo

F.     George Shinn

- 3 -

G.  Marie Parenti

H.  Chris Zaber

I.  Mark Mouton

J.  Joe Andrade

K.  Penny Middleton

L.  Bill Robinson;

M.  Dave Burke

N.  John Lee

O.  Barbara Booth

P.  Ray Woolridge

Q.  George Shinn

S-5.  As per letter of June 30, 2006, from counsel for Plaintiffs to counsel for Defendant:

Please add the following Request For Production No. 57:

57. Please produce any and all documents which Defendant believes is relevant to this case, whether to Plaintiffs' claims or Defendant's defenses and whether supportive of or undermining either, and which has not been requested by Plaintiffs.

S-6.  As per letter of October 3, 2006, from counsel for Plaintiffs to counsel for Defendant:

2.  Please provide all e-mails and any other documentation from, to or about a plaintiff.

3.  Please provide all data reflecting (1) when any plaintiff turned on and/or

- 4 -

turned off any company computer assigned to any plaintiff, and (2) the inclusive dates of such assignment.

4. Please provide all phone records of any phone at a plaintiff's work station during the period of the plaintiff's employment.

5. Please provide all reimbursement, expense, and travel records associated with any plaintiff (whether directly or indirectly).

6. Please provide all documentation reflecting job duties and/or work expectations of each of the plaintiffs, including any such documentation for a non-plaintiff occupying the same position.

7. Please provide any documentation, whether electronic or otherwise, directed to a supervisor of each plaintiff which reflects expectations, demands or goals affecting the plaintiff's job duties or expectations.

8. Please provide all job descriptions relating to plaintiffs' positions throughout the period from 2002 to 2005 as they may have changed.

9. As previously requested (via discovery and correspondence from last year) please provide a printout of all Archtics accounts where a plaintiff made an entry in Archtics Notes indicating a ticket sale or payment from a customer, along with a separate printout identifying all accounts for which a plaintiff received a commission payment, identifying the plaintiff.

10. As commission accounts were transferred away from one salesperson to another, often without any record, please provide all records from which we can determine what commissions were paid to whom for which customers

and types of sales during the period 2002 – 2005 inclusive, regardless of whether the commissions were paid to a plaintiff. This will assist in identifying extra hours worked which may not otherwise be reflected.

11. Please provide the key identifying the specific event represented by the "Event" number in the "Seats Sold" materials (D1769 et seq.)

Respectfully submitted,

BY: _____
HOWARD DAIGLE (#4454)
DANIEL E. BURAS, JR. (#26226) (T.A.)
ELVIGE CASSARD RICHARDS (#19386)
227 Highway 21
Madisonville, LA 70447
Telephone: 985.871.0800
Facsimile: 985.871.0899
**ATTORNEYS FOR EUGENE LIGER, IVAN HINSON, ANTHONY MARTIN, ADAM NASH, CHRIS CARTER, MARCY PLANER-MURRAY, LYNN HOLMES, DAN KARLSBERG, CHRISTOPHER STANT, SAM STEINMETZ, AMY NICOLE SMITH, LESLIE SUMLER, LATOUSHA BROWN, KEVIN BUCKEL AND KEN KLIEBERT**

STEWART E. NILES, JR.
BRYAN KNIGHT
NILES, BOURQUE & FONTANA, L.C.
909 Poydras Street, 35th Floor
New Orleans, Louisiana 70112
Telephone (504) 310-8550
Facsimile (504) 310-8595
**ATTORNEYS FOR JESSICA BERRY AND KEVIN BUCKEL**

## CERTIFICATE OF SERVICE

I certify that a copy of the above and foregoing has been served upon opposing counsel by placing same, postage pre-paid, properly addressed, in the United States mail this 18th day of July, 2007.

_____
ELVIGE CASSARD RICHARDS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EUGENE LIGER, ET AL, | * | CIVIL ACTION NO. 05-1969 |
| Plaintiffs in a Collective Action | * | |
| | * | SECTION C |
| | * | |
| versus | * | MAGISTRATE 05 |
| | * | |
| NEW ORLEANS HORNETS NBA LIMITED | * | |
| PARTNERSHIP, | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFFS' SUPPLEMENT TO FIRST SET OF INTERROGATORIES

TO:  The New Orleans Hornets
     Through its Counsel of Record
     Jennifer Anderson
     Jones Walker
     555 United Plaza Blvd.
     Four United Plaza
     Baton Rouge, LA 70809-7000

Counsel for the parties engaged in Rule 37.1E communications in connection with Plaintiffs' outstanding discovery requests to Defendant. In that process counsel for Defendant asked that certain changes made by Plaintiffs to the discovery requests, either in connection with the attempt at amicable resolution in the Rule 37.1E process, or in earlier attempts by Plaintiffs to obtain discovery responses from Defendant, be formally presented. Counsel for Plaintiffs agreed to accommodate that request.

This Supplement to the Plaintiffs' First set of Interrogatories and the accompanying

- 1 -

Supplement to the Plaintiffs' Second Set of Requests for Production of Documents is that formalization. These supplements are not new discovery requests and are incorporated in and made a part of the original requests which they supplement. None of the requests are newly propounded herein: they have already been submitted to Defendant either in connection with the attempt at amicable resolution in the Rule 37.1E process, or in earlier attempts by Plaintiffs to obtain discovery responses from Defendant, or both.

### SUPPLEMENT TO FIRST SET OF INTERROGATORIES

The below items S-1 through S-3 are as per letter of 30 June 2006 from counsel for Plaintiffs to Defendant's counsel and the recent Rule 37.1E communications.

**S-1.** No. 3: Please substitute the following for Interrogatory No. 3: Please explain the specific Hornets' organizational hierarchy beginning two years prior to its moving to New Orleans, extending continuously to the present: this includes identification of all positions, to whom did they report, including the names of the persons who filled all positions during the identified time period.

**S-2.** Please substitute the following for Interrogatory Nos. 10-11: Please explain the entire business structure of the Defendant organization and all of its affiliates beginning two years prior to its moving to New Orleans and extending continuously to the present: this includes the types and names of business entities involved (L.L.C., partnerships, etc.; affiliates, successors, etc.), their state or other location of creation, the names and titles of the owners throughout the stated period (with percentage equity, control and other rights of each) officers, directors and other principals and executive managers of each and the permutations of the foregoing to the present.

**S-3.** Please add the following Interrogatory No. 50: Please describe any and all documents and information, whether individually or as an identifiable group, which Defendant believes is relevant to

- 2 -

this case, whether to Plaintiffs' claims or Defendant's defenses and whether supportive of or undermining either, and which has not been requested by Plaintiffs.

**S-4.**     As per letter of October 23, 2006, by counsel for Plaintiffs to counsel for Defendant: We ask that you provide dates for all and titles or descriptions for the last three:

   a. Hornet Cheerleader Tryouts from 2002-2005;

   b. Trade Shows at Dome from 2002-2005

   c. The events or occasions for which a Hornets employee was asked to "volunteer" his or her time, including but not limited to telethons which Hornets employees worked, e.g., Chanel 12 telethon; and

   d. All Hornets-sponsored or Hornets-related special events of any kind (including but not limited to Special Event schedules)[1].

Respectfully submitted,

BY: _____
HOWARD DAIGLE(#4454)
DANIEL E. BURAS, JR. (#26226) (T.A.)
ELVIGE CASSARD RICHARDS (#19386)
227 Highway 21
Madisonville, LA 70447
Telephone: 985.871.0800
Facsimile: 985.871.0899
**ATTORNEYS FOR EUGENE LIGER, IVAN HINSON, ANTHONY MARTIN, ADAM NASH, CHRIS CARTER, MARCY PLANER-MURRAY, LYNN HOLMES, DAN KARLSBERG, CHRISTOPHER STANT, SAM STEINMETZ, AMY NICOLE SMITH, LESLIE SUMLER,**

---

[1] These events include but are not limited to receptions, news conferences, business-to-business networking events, kids bowling events, interactive events with Hugs the Hornet, locker room tours, Photo Nights, Chalk Talks, Buzz Fests, post-game concerts, Career Fairs, Dance events.

-3-

LATOUSHA BROWN, KEVIN BUCKEL AND KEN KLIEBERT

STEWART E. NILES, JR.
BRYAN KNIGHT
NILES, BOURQUE & FONTANA, L.C.
909 Poydras Street, 35th Floor
New Orleans, Louisiana 70112
Telephone (504) 310-8550
Facsimile (504) 310-8595
**ATTORNEYS FOR JESSICA BERRY AND KEVIN BUCKEL**

**Certificate of Service**

I certify that a copy of the above and foregoing has been served upon opposing counsel by placing same, postage pre-paid, properly addressed, in the United States mail this 18th day of July, 2007.

_____
ELVIGE CASSARD RICHARDS

F:\905\905-01 (Hornets OT)\Pleadings\DISCOVERY\Interrogs\HORNETS - OT - 1st Set Interrogatories Supplemented July 2007.doc

- 4 -