

## DAIGLE FISSE & KESSENICH

4 June 2007

ELVIGE CASSARD

PLEASE REPLY TO:

P.O. BOX 5350
COVINGTON, LA 70434-5350
985.871.0800   phone
985.871.0899   fax
ecassard@daiglefisse.com

Portland Trail Blazers, Inc.
Mr. Paul Allen, Owner
One Center Court, Suite 200
Portland, OR 97227

RE:    Subpoena Duces Tecum
Eugene Liger, et al vs. New Orleans Hornets NBA
Limited Partnership
USDC, EDLA, C.A. No. 05-1969 (5)
DFK 905-01

Ivan Hinson, et al vs. New Orleans Hornets NBA
Limited Partnership – Civil District Court, Orleans Parish
Case No. 05-10068, Div. "L"
DFK 905-02

Eugene Liger, et al vs. New Orleans Hornets NBA
Limited Partnership – Civil District Court, Orleans Parish
Case No. 05-10069, Div. "L"
DFK 905-03

Dear Sir/Madam:

This letter references the *subpoena duces tecum* issued against you in the referenced litigation on 25 May 2007.

Please note the following: Request No. 3, seeking documentation of overtime or comp time provided to certain employees, does not seek the underlying payroll records of each employee receiving overtime/comp time, beyond what is necessary to indicate the positions receiving overtime/comp time and the time period of the position's entitlement to same.

For example, a particular salesperson's payroll records reflecting his/her receipt of overtime are not requested, unless this is the only documentation reflecting that salespersons were paid overtime. In that case, the only payroll records requested are those showing the period of time during which the person was eligible for overtime (if nothing else, then the first and last overtime payments made would be responsive) and documentation reflecting the person's position.

Please contact me with any questions. Thank you.

Sincerely,

Elvige Cassard

cc:    Jennifer Anderson, Esq.
Stewart Niles, Esq

CERTIFIED MAIL 7006 3450 0003 6051 1289
RETURN RECEIPT REQUESTED

EXH.
A-37-a

DAIGLE FISSE & KESSENICH, A PROFESSIONAL LAW CORPORATION · COUNSELLORS AT LAW AND ADMIRALTY
NEW ORLEANS · BATON ROUGE · COVINGTON

Dockets.Justia.com



## DAIGLE FISSE & KESSENICH

25 May 2007

**ELVIGE CASSARD**

PLEASE REPLY TO:

P.O. Box 5350
COVINGTON, LA 70434-5350
985.871.0800   phone
985.871.0899   fax
ecassard@daiglefisse.com

Portland Trail Blazers, Inc.
Mr. Paul Allen, Owner
One Center Court, Suite 200
Portland, OR 97227

RE:   Subpoena Duces Tecum
     Eugene Liger, et al vs. New Orleans Hornets NBA
     Limited Partnership
     USDC, EDLA, C.A. No. 05-1969 (5)
     DFK 905-01

     Ivan Hinson, et al vs. New Orleans Hornets NBA
     Limited Partnership – Civil District Court, Orleans Parish
     Case No. 05-10068, Div. "L"
     DFK 905-02

     Eugene Liger, et al vs. New Orleans Hornets NBA
     Limited Partnership – Civil District Court, Orleans Parish
     Case No. 05-10069, Div. "L"
     DFK 905-03

Dear Sir/Madam:

     We represent the interests of plaintiffs in the referenced cases, brought by former employees (non-players) of the New Orleans Hornets basketball team claiming, inter alia, nonpayment of overtime wages mandated by the federal Fair Labor Standards Act ("FLSA"). As part of the background investigation of this claim, which the Hornets are defending in part by asserting a seasonal/recreational exemption under the FLSA, enclosed is a *subpoena duces tecum* requesting certain documents as described therein. Please note the return date of 15 June 2007, however, if the records are provided by that time, no appearance is necessary. In connection with your response, please complete the accompanying Declaration of Records Custodian. If there is a charge to obtain these records, please advise and our check will be forthcoming.

     Should you have any questions regarding this subpoena *duces tecum*, please do not hesitate to contact us. Thank you for your assistance and cooperation in this matter.

Very truly yours,

Elvige Cassard

/Enclosure
cc:  Jennifer Anderson, Esq. (with enclosure)
     Stewart Niles, Esq. (with enclosure)

CERTIFIED MAIL 7007 0710 0005 3315 6870
RETURN RECEIPT REQUESTED

EXH.
A-37-b

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

EUGENE LIGER, ET AL
   Plaintiffs in a Collection Action

**SUBPOENA IN A CIVIL CASE**

### V.

NEW ORLEANS HORNETS NBA
LIMITED PARTNERSHIP

CASE NUMBER: ¹ 05-1969 C-5

Eastern District of Louisiana

TO:   Portland Trail Blazers, Inc.
      Attention: Paul Allen
      Owner
      One Center Court, Suite 200
      Portland, OR  97227

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| Place of Testimony | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **SEE EXHIBIT "A" ATTACHED**

| PLACE | DATE AND TIME |
| --- | --- |
| **DAIGLE FISSE & KESSENICH, PLC** <br> **227 HIGHWAY TWENTY-ONE** <br> **MADISONVILLE, LA 70447** | **15 JUNE 2007** <br> **10:00 A.M.** |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) <br> Attorney for PLAINTIFFS | DATE <br> July 25, 2007 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

ELVIGE CASSARD, DAIGLE FISSE & KESSENICH, PLC 227 HIGHWAY 21, MADISONVILLE, LA 70447 TEL: 985.871.0800

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1]If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at anytime for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person

resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents , communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT A**
**SUBPOENA DUCES TECUM**
**REQUEST FOR DOCUMENTS**

Please see INSTRUCTIONS, DEFINITIONS AND CONSTRUCTION,
which follow the description below of requested documents.

Please provide:

1.    All documentation relating to whether or not and to what degree you have applied or currently are applying the amusement/recreational exemption to employees who are neither basketball players nor exempt under the executive, administrative or professional exemptions of the Fair Labor Standards Act ("FLSA"). The documents requested are those existing at any time from January 1, 2000 to the present.

This request covers, but is not limited to, indication of which positions have been considered for the exemption, under what circumstances, when it was considered and whether and when it was applied.

2.    All documentation relating to whether or not and to what degree you have applied, or currently are applying the retail sales exemption to persons who are neither basketball players nor exempt under the executive, administrative or professional exemptions of the FLSA. The documents requested are those existing at anytime from January 1, 2000 to the present.

This request covers, but is not limited to, indication of which positions have been considered for the exemption, under what circumstances, when it was considered and whether and when it was applied.

3.    All documentation relating to whether or not and to what degree you have provided, or currently are providing, overtime or compensatory time to employees who are neither basketball players nor exempt under the executive, administrative or professional exemptions of the FLSA. The documents requested are those existing at anytime from January 1, 2000 to the present.

This request covers, but is not limited to, indication of which positions have been considered for receiving overtime or compensatory time, whether overtime or compensatory time was considered, under what circumstances, when this was considered, whether and when either was provided, and which was provided.

4.    All documentation reviewed or generated by you or on your behalf at any time which refers to U.S. Department of Labor Opinion Letter No. WH-472, dated October 11, 1978.

**Instructions**

1.    In complying with this Subpoena, you are required to produce all responsive documents that are in your possession, custody, or control, whether held by you or your past or present agent, employee, or representative acting on your behalf. You are also required to produce documents that you have a legal right to obtain, that you have a right to copy, or to which you have access, as well as documents that you have placed in the temporary possession, custody, or control of any third party. No records, documents, data, or information called for by this request shall be destroyed, modified, removed, transferred, or otherwise made inaccessible to the requesting parties

2.    Any draft, preliminary version, modification, revision, or amendment of a document, and any version that otherwise differs in any respect, such as having marginalia, markings, other notations or attachments, or otherwise, shall be considered a separate document and shall also be furnished as responsive.

3.    In the event that any entity, organization or individual denoted in this subpoena has been, or is also known by any other name than that herein denoted, the subpoena shall be read also to include them under that alternative identification.

4.    Documents shall be produced as they are kept in the usual course of your business, including with any file labels, dividers, or other identifying markers with which they were associated when this subpoena was served, except that documents shall be produced in a format which is readily readable or readily convertible to a readable format through the use of programs or other modalities in common business use. Also identify to which paragraph from the subpoena such documents are responsive.

5.    Each form in which a document is produced must be capable of being copied in that form.

6.    It shall not be a basis for refusal to produce documents that any other person or entity also possesses non-identical or identical copies of the same document.

7.    If compliance with the subpoena cannot be made in full, compliance shall be made to the fullest extent possible and shall include an explanation of how the compliance is less than full and why fuller compliance is not possible.

8.    In the event that any document which you have reason to believe the requesting parties might regard as responsive is being withheld for any reason, provide the following information concerning such document:

a. the nature, source, and date of the document;

b. a description of the document's subject matter;

c. the name and address of each recipient of the original or a copy of the document, together with the date or approximate date when each recipient received the document;

d. the name and address of any other person to whom any of the contents of the document have been disclosed, the date such disclosure took place, and the means of such disclosure; and

e. the basis for withholding the document from requesting parties, including the nature of any privilege or rule of law relied upon, the identity of the person or persons asserting any such privilege or rule, and the legal basis for asserting the privilege or rule.

9.    In the event that any document which you have reason to believe the requesting party might regard as responsive is claimed to have been destroyed or to otherwise be no longer within your possession, custody, or control, provide the following information concerning such document:

a. the nature, source, and date of the document;

b. a description of the document's subject matter;

c. the name and address of each recipient of the original or a copy of the document, together with the date or approximate date when each recipient received the document;

d. the name and address of any other person to whom any of the contents of the document have been disclosed, the date such disclosure took place, and the means of such disclosure;

e. the date the document was destroyed, or ceased to be within your possession, custody, or control;

f. the person who ordered or authorized such destruction or removal from your possession, custody, or control;

g. the reason for the document's destruction or removal from your possession, custody, or control, and the policy and authority on which such destruction or removal was based; and

h. the custodian of the document on the date of such destruction or removal.

10.    If a date or other descriptive detail set forth in this subpoena referring to a document is inaccurate, but the actual date or other descriptive detail is known to you or is otherwise apparent from the context of the request, you should produce all documents which would be responsive as if the date or other descriptive detail were correct.

11.    This request is continuing in nature and applies to any newly-discovered information. Any document not produced because it has not been located or discovered by the return date shall be produced immediately upon location or discovery subsequent thereto.

## Definitions and Rules of Construction

As used anywhere in this subpoena or in the description of requested documents, instructions, definitions, or rules of construction thereto:

1.    The term "document" or "documentation" includes, without limitation, the full breadth of that term as it is used in the Federal Rules of Civil Procedure. It includes, as applicable, any memorialization, whether typed, written, recorded, printed or otherwise produced by hand, or produced by any electronic or digital process or otherwise. It includes, without limitation, agreements, contracts, letters or other correspondence, facsimile or email transmissions', telephone messages, logs or records, memoranda, notes, diaries, graphs, formulas, models, bulletins, computer printouts, transcripts, analyses, returns, summaries, accounts, estimates, projections, comparisons, messages, press releases, circulars, reviews, opinions, offers, studies, photographs, investigations, questionnaires, surveys, work sheets, statistical data, reports, notebooks, manuals, charts or other graphic matter, plans, journals, ledgers, bank records, financial statements, summaries, analyses, commentary, expense reports, books, instructions, financial reports, working papers, records notes, notices, confirmations, telegrams, teletypes, interoffice or intra office communications, cables, and minutes or notations or other records of any type of any conversation, interview, telephone call, meeting, conference, discussion, or other communication. It includes any transmittal slip, attachment, appendix, or other document referenced therein. It includes, without limitation, any information contained on audiotape, videotape, microfilm, or microfiche, as well as any electronically stored information that has been created using, or is otherwise maintained on, digital repositories or other electronic media including, but not limited to, personal computers, office workstations, laptops, hard drives, handheld devices (such as Palm, Trio or Blackberry), phones (office, mobile and/or home), removable electronic storage devices (such as CDs, DVDs and USB or thumb drives), shared network drives and servers (including email and/or file servers) and back-up tapes (or other disaster recovery/archiving media).

2.    The terms "and" and "or" shall be construed broadly and either conjunctively or disjunctively to bring within the scope of this subpoena any information which might otherwise be construed to be outside its scope. The singular includes the plural number, and vice versa, so that neither shall be construed as a limitation. The masculine, feminine, and neuter genders each include the others.

3.    The terms "person", "persons", and "anyone" includes, without limitation, natural persons, firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, or other legal, business or government entities, and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof.

4.    The terms "referring" and "relating," with respect to any given subject, shall be construed broadly to mean anything that constitutes, contains, embodies, reflects, identifies, concerns, states, refers to, deals with or is in any manner whatsoever pertinent to that subject.

5.    The terms "including" and "includes," with respect to any given subject, shall be construed broadly so that specification of any particular matter shall not be construed to exclude any documents that you have reason to believe the requesting parties might regard as responsive.

6.    The terms "you" and "your," as well as any references to the subpoenaed entity, include the entity to which this subpoena is addressed as well as any legal or natural person acting for it or on its behalf.

7.    "Hornets" means the Hornets basketball team and its associated business operation, including the New Orleans Hornets NBA Limited Partnership and its predecessor, the Charlotte Hornets NBA Limited Partnership, any other named entity by which the team and/or its associated business operation has been known, and any other person or entity acting for or on behalf of the team and/or its associated business operation.

## DECLARATION OF RECORDS CUSTODIAN

I, (print name)_____, present this
Declaration, which is based on my personal knowledge, as follows:

1.  I currently function as the custodian of the records requested in the attached Subpoena Duces Tecum, directed to (print name of entity to which subpoena is directed)
    _____

2.  A thorough and good faith search has been made for all documentation responsive to the attached Subpoena Duces Tecum.

3.  Attached hereto as Exhibit A is the complete record of all documentation in the possession, custody or control of the above-named entity which is responsive to the attached Subpoena Duces Tecum, except as may be otherwise indicated, all in accordance with the attached Subpoena Duces Tecum, including its instructions, definitions and rules of construction.

4.  Said record was made by, or made from information transmitted by, person(s) with personal knowledge of the acts, events, conditions, opinions, or diagnoses appearing in said record.

5.  The documents and data making up said record were made or entered at or near the time of the acts, events, conditions, opinions, or diagnoses reflected in said record.

6.  It is the regular practice of the above-named entity to make such a record.

7.  Said record has been kept in the course of a regularly conducted business activity.

8.  Electronically-generated portions of said record were generated by system(s) (*e.g.*, hardware and software) generally accepted in the field.

9.  Electronically-generated portions of said record were generated by system(s) in good working order at all relevant times.

10. Electronically-generated portions of said record were generated by system(s) operated by persons(s) possessing the knowledge and training for correct operation of same.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED this _____ day of _____, 2007.

Signed by: _____

 **DAIGLE FISSE & KESSENICH**

4 June 2007

ELVIGE CASSARD
———————————
PLEASE REPLY TO:

P.O. BOX 5350
COVINGTON, LA 70434-5350
985.871.0800   phone
985.871.0899   fax
ecassard@daiglefisse.com

Sacramento Kings
Mr. John Thomas, President
ARCO Arena – 1 Sports Parkway
Sacramento, CA  95834

RE:     Subpoena Duces Tecum
        Eugene Liger, et al vs. New Orleans Hornets NBA
        Limited Partnership
        USDC, EDLA, C.A. No. 05-1969 (5)
        DFK 905-01

        Ivan Hinson, et al vs. New Orleans Hornets NBA
        Limited Partnership – Civil District Court, Orleans Parish
        Case No. 05-10068, Div. "L"
        DFK 905-02

        Eugene Liger, et al vs. New Orleans Hornets NBA
        Limited Partnership – Civil District Court, Orleans Parish
        Case No. 05-10069, Div. "L"
        DFK 905-03

Dear Sir/Madam:

This letter references the *subpoena duces tecum* issued against you in the referenced litigation on 25 May 2007.

Please note the following:  Request No. 3, seeking documentation of overtime or comp time provided to certain employees, does not seek the underlying payroll records of each employee receiving overtime/comp time, beyond what is necessary to indicate the positions receiving overtime/comp time and the time period of the position's entitlement to same.

For example, a particular salesperson's payroll records reflecting his/her receipt of overtime are not requested, unless this is the only documentation reflecting that salespersons were paid overtime.  In that case, the only payroll records requested are those showing the period of time during which the person was eligible for overtime (if nothing else, then the first and last overtime payments made would be responsive) and documentation reflecting the person's position.

Please contact me with any questions.  Thank you.

Sincerely,

Elvige Cassard

cc:   Jennifer Anderson, Esq.
      Stewart Niles, Esq.

CERTIFIED MAIL 7006 3450 0003 6081 1296
RETURN RECEIPT REQUESTED

EXH.
A-38-a



**DAIGLE FISSE & KESSENICH**

25 May 2007

ELVIGE CASSARD

PLEASE REPLY TO:

P.O. BOX 5350
COVINGTON, LA 70434-5350
985.871.0800   phone
985.871.0899   fax
ecassard@daiglefisse.com

Sacramento Kings
Mr. John Thomas, President
ARCO Arena – 1 Sports Parkway
Sacramento, CA 95834

RE:   Subpoena Duces Tecum
Eugene Liger, et al vs. New Orleans Hornets NBA
Limited Partnership
USDC, EDLA, C.A. No. 05-1969 (5)
DFK 905-01

Ivan Hinson, et al vs. New Orleans Hornets NBA
Limited Partnership – Civil District Court, Orleans Parish
Case No. 05-10068, Div. "L"
DFK 905-02

Eugene Liger, et al vs. New Orleans Hornets NBA
Limited Partnership – Civil District Court, Orleans Parish
Case No. 05-10069, Div. "L"
DFK 905-03

Dear Sir/Madam:

We represent the interests of plaintiffs in the referenced cases, brought by former employees (non-players) of the New Orleans Hornets basketball team claiming, inter alia, nonpayment of overtime wages mandated by the federal Fair Labor Standards Act ("FLSA"). As part of the background investigation of this claim, which the Hornets are defending in part by asserting a seasonal/recreational exemption under the FLSA, enclosed is a *subpoena duces tecum* requesting certain documents as described therein. Please note the return date of 15 June 2007, however, if the records are provided by that time, no appearance is necessary. In connection with your response, please complete the accompanying Declaration of Records Custodian. If there is a charge to obtain these records, please advise and our check will be forthcoming.

Should you have any questions regarding this subpoena *duces tecum*, please do not hesitate to contact us. Thank you for your assistance and cooperation in this matter.

Very truly yours,

Elvige Cassard

/Enclosure
cc:   Jennifer Anderson, Esq. (with enclosure)
Stewart Niles, Esq. (with enclosure)

CERTIFIED MAIL 7007 0710 0005 3315 6887
RETURN RECEIPT REQUESTED

EXH.
A-38-b

AO 88 (Rev. 1/94) Subpoena in a Civil Case

### Issued by the
## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

EUGENE LIGER, ET AL
    Plaintiffs in a Collection Action

**SUBPOENA IN A CIVIL CASE**

### V.
NEW ORLEANS HORNETS NBA
LIMITED PARTNERSHIP

CASE NUMBER: ¹ 05-1969 C-5
**Eastern District of Louisiana**

TO:    Sacramento Kings
        Attention: John Thomas
        President
        ARCO Arena
        1 Sports Pkwy.
        Sacramento, CA 95834

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| Place of Testimony | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **SEE EXHIBIT "A" ATTACHED**

| PLACE | DATE AND TIME |
|---|---|
| **DAIGLE FISSE & KESSENICH, PLC** <br> **227 HIGHWAY TWENTY-ONE** <br> **MADISONVILLE, LA 70447** | **15 JUNE 2007** <br> **10:00 A.M.** |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)
Attorney for PLAINTIFFS

DATE
*May 25 2007*

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

ELVIGE CASSARD, DAIGLE FISSE & KESSENICH, PLC 227 HIGHWAY 21, MADISONVILLE, LA 70447 TEL: 985.871.0800

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)
[1]If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:
(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at anytime for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT A**
**SUBPOENA DUCES TECUM**
**REQUEST FOR DOCUMENTS**

Please see INSTRUCTIONS, DEFINITIONS AND CONSTRUCTION,
which follow the description below of requested documents.

Please provide:

1.      All documentation relating to whether or not and to what degree you have applied or currently are applying the amusement/recreational exemption to employees who are neither basketball players nor exempt under the executive, administrative or professional exemptions of the Fair Labor Standards Act ("FLSA"). The documents requested are those existing at any time from January 1, 2000 to the present.

This request covers, but is not limited to, indication of which positions have been considered for the exemption, under what circumstances, when it was considered and whether and when it was applied.

2.      All documentation relating to whether or not and to what degree you have applied, or currently are applying the retail sales exemption to persons who are neither basketball players nor exempt under the executive, administrative or professional exemptions of the FLSA. The documents requested are those existing at anytime from January 1, 2000 to the present.

This request covers, but is not limited to, indication of which positions have been considered for the exemption, under what circumstances, when it was considered and whether and when it was applied.

3.      All documentation relating to whether or not and to what degree you have provided, or currently are providing, overtime or compensatory time to employees who are neither basketball players nor exempt under the executive, administrative or professional exemptions of the FLSA. The documents requested are those existing at anytime from January 1, 2000 to the present.

This request covers, but is not limited to, indication of which positions have been considered for receiving overtime or compensatory time, whether overtime or compensatory time was considered, under what circumstances, when this was considered, whether and when either was provided, and which was provided.

4.      All documentation reviewed or generated by you or on your behalf at any time which refers to U.S. Department of Labor Opinion Letter No. WH-472, dated October 11, 1978.

**Instructions**

1.      In complying with this Subpoena, you are required to produce all responsive documents that are in your possession, custody, or control, whether held by you or your past or present agent, employee, or representative acting on your behalf. You are also required to produce documents that you have a legal right to obtain, that you have a right to copy, or to which you have access, as well as documents that you have placed in the temporary possession, custody, or control of any third party. No records, documents, data, or information called for by this request shall be destroyed, modified, removed, transferred, or otherwise made inaccessible to the requesting parties

2.      Any draft, preliminary version, modification, revision, or amendment of a document, and any version that otherwise differs in any respect, such as having marginalia, markings, other notations or attachments, or otherwise, shall be considered a separate document and shall also be furnished as responsive.

3.     In the event that any entity, organization or individual denoted in this subpoena has been, or is also known by any other name than that herein denoted, the subpoena shall be read also to include them under that alternative identification.

4.     Documents shall be produced as they are kept in the usual course of your business, including with any file labels, dividers, or other identifying markers with which they were associated when this subpoena was served, except that documents shall be produced in a format which is readily readable or readily convertible to a readable format through the use of programs or other modalities in common business use. Also identify to which paragraph from the subpoena such documents are responsive.

5.     Each form in which a document is produced must be capable of being copied in that form.

6.     It shall not be a basis for refusal to produce documents that any other person or entity also possesses non-identical or identical copies of the same document.

7.     If compliance with the subpoena cannot be made in full, compliance shall be made to the fullest extent possible and shall include an explanation of how the compliance is less than full and why fuller compliance is not possible.

8.     In the event that any document which you have reason to believe the requesting parties might regard as responsive is being withheld for any reason, provide the following information concerning such document:

　　　a. the nature, source, and date of the document;

　　　b. a description of the document's subject matter;

　　　c. the name and address of each recipient of the original or a copy of the document, together with the date or approximate date when each recipient received the document;

　　　d. the name and address of any other person to whom any of the contents of the document have been disclosed, the date such disclosure took place, and the means of such disclosure; and

　　　e. the basis for withholding the document from requesting parties, including the nature of any privilege or rule of law relied upon, the identity of the person or persons asserting any such privilege or rule, and the legal basis for asserting the privilege or rule.

9.     In the event that any document which you have reason to believe the requesting party might regard as responsive is claimed to have been destroyed or to otherwise be no longer within your possession, custody, or control, provide the following information concerning such document:

　　　a. the nature, source, and date of the document;

　　　b. a description of the document's subject matter;

　　　c. the name and address of each recipient of the original or a copy of the document, together with the date or approximate date when each recipient received the document;

　　　d. the name and address of any other person to whom any of the contents of the document have been disclosed, the date such disclosure took place, and the means of such disclosure;

　　　e. the date the document was destroyed, or ceased to be within your possession, custody, or control;

f. the person who ordered or authorized such destruction or removal from your possession, custody, or control;

g. the reason for the document's destruction or removal from your possession, custody, or control, and the policy and authority on which such destruction or removal was based; and

h. the custodian of the document on the date of such destruction or removal.

10.     If a date or other descriptive detail set forth in this subpoena referring to a document is inaccurate, but the actual date or other descriptive detail is known to you or is otherwise apparent from the context of the request, you should produce all documents which would be responsive as if the date or other descriptive detail were correct.

11.     This request is continuing in nature and applies to any newly-discovered information. Any document not produced because it has not been located or discovered by the return date shall be produced immediately upon location or discovery subsequent thereto.

## Definitions and Rules of Construction

As used anywhere in this subpoena or in the description of requested documents, instructions, definitions, or rules of construction thereto:

1.     The term "document" or "documentation" includes, without limitation, the full breadth of that term as it is used in the Federal Rules of Civil Procedure. It includes, as applicable, any memorialization, whether typed, written, recorded, printed or otherwise produced by hand, or produced by any electronic or digital process or otherwise. It includes, without limitation, agreements, contracts, letters or other correspondence, facsimile or email transmissions', telephone messages, logs or records, memoranda, notes, diaries, graphs, formulas, models, bulletins, computer printouts, transcripts, analyses, returns, summaries, accounts, estimates, projections, comparisons, messages, press releases, circulars, reviews, opinions, offers, studies, photographs, investigations, questionnaires, surveys, work sheets, statistical data, reports, notebooks, manuals, charts or other graphic matter, plans, journals, ledgers, bank records, financial statements, summaries, analyses, commentary, expense reports, books, instructions, financial reports, working papers, records notes, notices, confirmations, telegrams, teletypes, interoffice or intra office communications, cables, and minutes or notations or other records of any type of any conversation, interview, telephone call, meeting, conference, discussion, or other communication. It includes any transmittal slip, attachment, appendix, or other document referenced therein. It includes, without limitation, any information contained on audiotape, videotape, microfilm, or microfiche, as well as any electronically stored information that has been created using, or is otherwise maintained on, digital repositories or other electronic media including, but not limited to, personal computers, office workstations, laptops, hard drives, handheld devices (such as Palm, Trio or Blackberry), phones (office, mobile and/or home), removable electronic storage devices (such as CDs, DVDs and USB or thumb drives), shared network drives and servers (including email and/or file servers) and back-up tapes (or other disaster recovery/archiving media).

2.     The terms "and" and "or" shall be construed broadly and either conjunctively or disjunctively to bring within the scope of this subpoena any information which might otherwise be construed to be outside its scope. The singular includes the plural number, and vice versa, so that neither shall be construed as a limitation. The masculine, feminine, and neuter genders each include the others.

3.     The terms "person", "persons", and "anyone" includes, without limitation, natural persons, firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, or other legal, business or government entities, and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof.

4.     The terms "referring" and "relating," with respect to any given subject, shall be construed broadly to mean anything that constitutes, contains, embodies, reflects, identifies, concerns, states, refers to, deals with or is in any manner whatsoever pertinent to that subject.

5.     The terms "including" and "includes," with respect to any given subject, shall be construed broadly so that specification of any particular matter shall not be construed to exclude any documents that you have reason to believe the requesting parties might regard as responsive.

6.     The terms "you" and "your," as well as any references to the subpoenaed entity, include the entity to which this subpoena is addressed as well as any legal or natural person acting for it or on its behalf.

7.     "Hornets" means the Hornets basketball team and its associated business operation, including the New Orleans Hornets NBA Limited Partnership and its predecessor, the Charlotte Hornets NBA Limited Partnership, any other named entity by which the team and/or its associated business operation has been known, and any other person or entity acting for or on behalf of the team and/or its associated business operation.

## DECLARATION OF RECORDS CUSTODIAN

I, (print name)_____, present this
Declaration, which is based on my personal knowledge, as follows:

1.  I currently function as the custodian of the records requested in the attached
    Subpoena Duces Tecum, directed to (print name of entity to which subpoena is directed)
    _____.

2.  A thorough and good faith search has been made for all documentation responsive
    to the attached Subpoena Duces Tecum.

3.  Attached hereto as Exhibit A is the complete record of all documentation in the
    possession, custody or control of the above-named entity which is responsive to
    the attached Subpoena Duces Tecum, except as may be otherwise indicated, all in
    accordance with the attached Subpoena Duces Tecum, including its instructions,
    definitions and rules of construction.

4.  Said record was made by, or made from information transmitted by, person(s)
    with personal knowledge of the acts, events, conditions, opinions, or diagnoses
    appearing in said record.

5.  The documents and data making up said record were made or entered at or near
    the time of the acts, events, conditions, opinions, or diagnoses reflected in said
    record.

6.  It is the regular practice of the above-named entity to make such a record.

7.  Said record has been kept in the course of a regularly conducted business activity.

8.  Electronically-generated portions of said record were generated by system(s)
    (e.g., hardware and software) generally accepted in the field.

9.  Electronically-generated portions of said record were generated by system(s) in
    good working order at all relevant times.

10. Electronically-generated portions of said record were generated by system(s)
    operated by persons(s) possessing the knowledge and training for correct
    operation of same.

I declare under penalty of perjury under the laws of the United States of America
that the foregoing is true and correct.

EXECUTED this _____ day of _____, 2007.

Signed by: _____


# DAIGLE FISSE & KESSENICH

4 June 2007

ELVIGE CASSARD

PLEASE REPLY TO:

P.O. BOX 5350
COVINGTON, LA 70434-5350
985.871.0900   phone
985.871.0899   fax
ecassard@daiglefisse.com

San Antonio Spurs, LLC
Mr. Russ Bookbinder, Executive Vice President
1 AT&T Center Pkwy.
San Antonio, TX  78219

RE:  Subpoena Duces Tecum
     Eugene Liger, et al vs. New Orleans Hornets NBA
     Limited Partnership
     USDC, EDLA, C.A. No. 05-1969 (5)
     DFK 905-01

     Ivan Hinson, et al vs. New Orleans Hornets NBA
     Limited Partnership – Civil District Court, Orleans Parish
     Case No. 05-10068, Div. "L"
     DFK 905-02

     Eugene Liger, et al vs. New Orleans Hornets NBA
     Limited Partnership – Civil District Court, Orleans Parish
     Case No. 05-10069, Div. "L"
     DFK 905-03

Dear Sir/Madam:

This letter references the *subpoena duces tecum* issued against you in the referenced litigation on 25 May 2007.

Please note the following:  Request No. 3, seeking documentation of overtime or comp time provided to certain employees, does not seek the underlying payroll records of each employee receiving overtime/comp time, beyond what is necessary to indicate the positions receiving overtime/comp time and the time period of the position's entitlement to same.

For example, a particular salesperson's payroll records reflecting his/her receipt of overtime are not requested, unless this is the only documentation reflecting that salespersons were paid overtime.  In that case, the only payroll records requested are those showing the period of time during which the person was eligible for overtime (if nothing else, then the first and last overtime payments made would be responsive) and documentation reflecting the person's position.

Please contact me with any questions.  Thank you.

Sincerely,

Elvige Cassard

cc:  Jennifer Anderson, Esq.
     Stewart Niles, Esq.

CERTIFIED MAIL  7006 3450 0003 6051 1302
RETURN RECEIPT REQUESTED

DAIGLE FISSE & KESSENICH, A PROFESSIONAL LAW CORPORATION  ·  COUNSELLORS AT LAW AND ADMIRALTY
NEW ORLEANS  ·  BATON ROUGE  ·  COVINGTON

EXH.
A-39-a



DAIGLE FISSE
& KESSENICH

25 May 2007

ELVIGE CASSARD

PLEASE REPLY TO:

P.O. BOX 5350
COVINGTON, LA 70434-5350
985.871.0800    phone
985.871.0899    fax
ecassard@daiglefisse.com

San Antonio Spurs, LLC
Mr. Russ Bookbinder, Executive Vice President
1 AT&T Center Pkwy.
San Antonio, TX 78219

RE:    Subpoena Duces Tecum
Eugene Liger, et al vs. New Orleans Hornets NBA
Limited Partnership
USDC, EDLA, C.A. No. 05-1969 (5)
DFK 905-01

Ivan Hinson, et al vs. New Orleans Hornets NBA
Limited Partnership – Civil District Court, Orleans Parish
Case No. 05-10068, Div. "L"
DFK 905-02

Eugene Liger, et al vs. New Orleans Hornets NBA
Limited Partnership – Civil District Court, Orleans Parish
Case No. 05-10069, Div. "L"
DFK 905-03

Dear Sir/Madam:

We represent the interests of plaintiffs in the referenced cases, brought by former employees (non-players) of the New Orleans Hornets basketball team claiming, inter alia, nonpayment of overtime wages mandated by the federal Fair Labor Standards Act ("FLSA"). As part of the background investigation of this claim, which the Hornets are defending in part by asserting a seasonal/recreational exemption under the FLSA, enclosed is a *subpoena duces tecum* requesting certain documents as described therein. Please note the return date of 15 June 2007, however, if the records are provided by that time, no appearance is necessary. In connection with your response, please complete the accompanying Declaration of Records Custodian. If there is a charge to obtain these records, please advise and our check will be forthcoming.

Should you have any questions regarding this subpoena *duces tecum*, please do not hesitate to contact us. Thank you for your assistance and cooperation in this matter.

Very truly yours,

Elvige Cassard

/Enclosure
cc:    Jennifer Anderson, Esq. (with enclosure)
Stewart Niles, Esq. (with enclosure)

CERTIFIED MAIL 7007 0710 0005 3315 6894
RETURN RECEIPT REQUESTED

EXH.
A-39-b

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS

EUGENE LIGER, ET AL
   Plaintiffs in a Collection Action

### V.
NEW ORLEANS HORNETS NBA
LIMITED PARTNERSHIP

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: ' 05-1969 C-5

**Eastern District of Louisiana**

TO:   San Antonio Spurs, LLC
      Attention: Mr. Russ Bookbinder
      Executive Vice President Business Operations
      1 AT&T Center Pkwy.
      San Antonio, TX 78219

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| Place of Testimony | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **SEE EXHIBIT "A" ATTACHED**

| PLACE | DATE AND TIME |
|---|---|
| **DAIGLE FISSE & KESSENICH, PLC** | **15 JUNE 2007** |
| **227 HIGHWAY TWENTY-ONE** | **10:00 A.M.** |
| **MADISONVILLE, LA 70447** |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for PLAINTIFFS | May 25 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

ELVIGE CASSARD, DAIGLE FISSE & KESSENICH, PLC 227 HIGHWAY 21, MADISONVILLE, LA 70447 TEL: 985.871.0800

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

¹If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVER ON (PRINT NAME) | | MANNER OF SERVICE |
|---|---|---|

| SERVED BY (PRINT NAME) | | TITLE |
|---|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1.) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at anytime for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person

resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT A**
**SUBPOENA DUCES TECUM**
**REQUEST FOR DOCUMENTS**

Please see INSTRUCTIONS, DEFINITIONS AND CONSTRUCTION,
which follow the description below of requested documents.

Please provide:

1.    All documentation relating to whether or not and to what degree you have applied or currently are applying the amusement/recreational exemption to employees who are neither basketball players nor exempt under the executive, administrative or professional exemptions of the Fair Labor Standards Act ("FLSA"). The documents requested are those existing at any time from January 1, 2000 to the present.

This request covers, but is not limited to, indication of which positions have been considered for the exemption, under what circumstances, when it was considered and whether and when it was applied.

2.    All documentation relating to whether or not and to what degree you have applied, or currently are applying the retail sales exemption to persons who are neither basketball players nor exempt under the executive, administrative or professional exemptions of the FLSA. The documents requested are those existing at anytime from January 1, 2000 to the present.

This request covers, but is not limited to, indication of which positions have been considered for the exemption, under what circumstances, when it was considered and whether and when it was applied.

3.    All documentation relating to whether or not and to what degree you have provided, or currently are providing, overtime or compensatory time to employees who are neither basketball players nor exempt under the executive, administrative or professional exemptions of the FLSA. The documents requested are those existing at anytime from January 1, 2000 to the present.

This request covers, but is not limited to, indication of which positions have been considered for receiving overtime or compensatory time, whether overtime or compensatory time was considered, under what circumstances, when this was considered, whether and when either was provided, and which was provided.

4.    All documentation reviewed or generated by you or on your behalf at any time which refers to U.S. Department of Labor Opinion Letter No. WH-472, dated October 11, 1978.

**Instructions**

1.    In complying with this Subpoena, you are required to produce all responsive documents that are in your possession, custody, or control, whether held by you or your past or present agent, employee, or representative acting on your behalf. You are also required to produce documents that you have a legal right to obtain, that you have a right to copy, or to which you have access, as well as documents that you have placed in the temporary possession, custody, or control of any third party. No records, documents, data, or information called for by this request shall be destroyed, modified, removed, transferred, or otherwise made inaccessible to the requesting parties

2.    Any draft, preliminary version, modification, revision, or amendment of a document, and any version that otherwise differs in any respect, such as having marginalia, markings, other notations or attachments, or otherwise, shall be considered a separate document and shall also be furnished as responsive.

3.    In the event that any entity, organization or individual denoted in this subpoena has been, or is also known by any other name than that herein denoted, the subpoena shall be read also to include them under that alternative identification.

4.    Documents shall be produced as they are kept in the usual course of your business, including with any file labels, dividers, or other identifying markers with which they were associated when this subpoena was served, except that documents shall be produced in a format which is readily readable or readily convertible to a readable format through the use of programs or other modalities in common business use. Also identify to which paragraph from the subpoena such documents are responsive.

5.    Each form in which a document is produced must be capable of being copied in that form.

6.    It shall not be a basis for refusal to produce documents that any other person or entity also possesses non-identical or identical copies of the same document.

7.    If compliance with the subpoena cannot be made in full, compliance shall be made to the fullest extent possible and shall include an explanation of how the compliance is less than full and why fuller compliance is not possible.

8.    In the event that any document which you have reason to believe the requesting parties might regard as responsive is being withheld for any reason, provide the following information concerning such document:

    a. the nature, source, and date of the document;

    b. a description of the document's subject matter;

    c. the name and address of each recipient of the original or a copy of the document, together with the date or approximate date when each recipient received the document;

    d. the name and address of any other person to whom any of the contents of the document have been disclosed, the date such disclosure took place, and the means of such disclosure; and

    e. the basis for withholding the document from requesting parties, including the nature of any privilege or rule of law relied upon, the identity of the person or persons asserting any such privilege or rule, and the legal basis for asserting the privilege or rule.

9.    In the event that any document which you have reason to believe the requesting party might regard as responsive is claimed to have been destroyed or to otherwise be no longer within your possession, custody, or control, provide the following information concerning such document:

    a. the nature, source, and date of the document;

    b. a description of the document's subject matter;

    c. the name and address of each recipient of the original or a copy of the document, together with the date or approximate date when each recipient received the document;

    d. the name and address of any other person to whom any of the contents of the document have been disclosed, the date such disclosure took place, and the means of such disclosure;

    e. the date the document was destroyed, or ceased to be within your possession, custody, or control;

f. the person who ordered or authorized such destruction or removal from your possession, custody, or control;

g. the reason for the document's destruction or removal from your possession, custody, or control, and the policy and authority on which such destruction or removal was based; and

h. the custodian of the document on the date of such destruction or removal.

10.    If a date or other descriptive detail set forth in this subpoena referring to a document is inaccurate, but the actual date or other descriptive detail is known to you or is otherwise apparent from the context of the request, you should produce all documents which would be responsive as if the date or other descriptive detail were correct.

11.    This request is continuing in nature and applies to any newly-discovered information. Any document not produced because it has not been located or discovered by the return date shall be produced immediately upon location or discovery subsequent thereto.

## Definitions and Rules of Construction

As used anywhere in this subpoena or in the description of requested documents, instructions, definitions, or rules of construction thereto:

1.    The term "document" or "documentation" includes, without limitation, the full breadth of that term as it is used in the Federal Rules of Civil Procedure. It includes, as applicable, any memorialization, whether typed, written, recorded, printed or otherwise produced by hand, or produced by any electronic or digital process or otherwise. It includes, without limitation, agreements, contracts, letters or other correspondence, facsimile or email transmissions', telephone messages, logs or records, memoranda, notes, diaries, graphs, formulas, models, bulletins, computer printouts, transcripts, analyses, returns, summaries, accounts, estimates, projections, comparisons, messages, press releases, circulars, reviews, opinions, offers, studies, photographs, investigations, questionnaires, surveys, work sheets, statistical data, reports, notebooks, manuals, charts or other graphic matter, plans, journals, ledgers, bank records, financial statements, summaries, analyses, commentary, expense reports, books, instructions, financial reports, working papers, records notes, notices, confirmations, telegrams, teletypes, interoffice or intra office communications, cables, and minutes or notations or other records of any type of any conversation, interview, telephone call, meeting, conference, discussion, or other communication. It includes any transmittal slip, attachment, appendix, or other document referenced therein. It includes, without limitation, any information contained on audiotape, videotape, microfilm, or microfiche, as well as any electronically stored information that has been created using, or is otherwise maintained on, digital repositories or other electronic media including, but not limited to, personal computers, office workstations, laptops, hard drives, handheld devices (such as Palm, Trio or Blackberry), phones (office, mobile and/or home), removable electronic storage devices (such as CDs, DVDs and USB or thumb drives), shared network drives and servers (including email and/or file servers) and back-up tapes (or other disaster recovery/archiving media).

2.    The terms "and" and "or" shall be construed broadly and either conjunctively or disjunctively to bring within the scope of this subpoena any information which might otherwise be construed to be outside its scope. The singular includes the plural number, and vice versa, so that neither shall be construed as a limitation. The masculine, feminine, and neuter genders each include the others.

3.    The terms "person", "persons", and "anyone" includes, without limitation, natural persons, firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, or other legal, business or government entities, and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof.

4.     The terms "referring" and "relating," with respect to any given subject, shall be construed broadly to mean anything that constitutes, contains, embodies, reflects, identifies, concerns, states, refers to, deals with or is in any manner whatsoever pertinent to that subject.

5.     The terms "including" and "includes," with respect to any given subject, shall be construed broadly so that specification of any particular matter shall not be construed to exclude any documents that you have reason to believe the requesting parties might regard as responsive.

6.     The terms "you" and "your," as well as any references to the subpoenaed entity, include the entity to which this subpoena is addressed as well as any legal or natural person acting for it or on its behalf.

7.     "Hornets" means the Hornets basketball team and its associated business operation, including the New Orleans Hornets NBA Limited Partnership and its predecessor, the Charlotte Hornets NBA Limited Partnership, any other named entity by which the team and/or its associated business operation has been known, and any other person or entity acting for or on behalf of the team and/or its associated business operation.

## DECLARATION OF RECORDS CUSTODIAN

I, (print name)_____, present this
Declaration, which is based on my personal knowledge, as follows:

1.    I currently function as the custodian of the records requested in the attached
Subpoena Duces Tecum, directed to (print name of entity to which subpoena is directed)
_____.

2.    A thorough and good faith search has been made for all documentation responsive
to the attached Subpoena Duces Tecum.

3.    Attached hereto as Exhibit A is the complete record of all documentation in the
possession, custody or control of the above-named entity which is responsive to
the attached Subpoena Duces Tecum, except as may be otherwise indicated, all in
accordance with the attached Subpoena Duces Tecum, including its instructions,
definitions and rules of construction.

4.    Said record was made by, or made from information transmitted by, person(s)
with personal knowledge of the acts, events, conditions, opinions, or diagnoses
appearing in said record.

5.    The documents and data making up said record were made or entered at or near
the time of the acts, events, conditions, opinions, or diagnoses reflected in said
record.

6.    It is the regular practice of the above-named entity to make such a record.

7.    Said record has been kept in the course of a regularly conducted business activity.

8.    Electronically-generated portions of said record were generated by system(s)
(e.g., hardware and software) generally accepted in the field.

9.    Electronically-generated portions of said record were generated by system(s) in
good working order at all relevant times.

10.   Electronically-generated portions of said record were generated by system(s)
operated by persons(s) possessing the knowledge and training for correct
operation of same.

I declare under penalty of perjury under the laws of the United States of America
that the foregoing is true and correct.

EXECUTED this _____ day of _____, 2007.

Signed by: _____