

# DAIGLE FISSE & KESSENICH

ELVIGE CASSARD

PLEASE REPLY TO:

P.O. Box 5350
Covington, LA 70434-5350
985.871.0800 phone
985.871.0899 fax
ecassard@daiglefisse.com

27 July 2007

**VIA E-MAIL AND U.S. MAIL**

Ms. Jennifer Anderson
Jones Walker
8555 United Plaza Blvd.
Four United Plaza
Baton Rouge, LA 70809-7000

RE: Eugene Liger, et al. vs. New Orleans Hornets NBA Limited Partnership
USDC, ED LA, No. 05-1969 "C" (5)

Dear Jennifer:

I received and thank you for your e-mail last week offering an explanation for the continued nonproduction of promised discovery responses, and inviting me to call you if desired. I have not had a good opportunity to do so.

Although the continued delay is surprising given the length of time that the requests have been outstanding and your stated expectations of our receipt of at least some of the information, I expect that you will provide any additional information or explanation as it develops. It seems to be taking a long time to produce some of these records which are normally readily accessible in ongoing business operations; hopefully your client does not need to be reminded of the improprieties of evidence tampering.

In any event, please make every effort, as I had understood you to have committed to do, to provide the agreed upon discovery as soon as possible. In that regard, I provide the attached documentation, Discovery Responses Which The Hornets Agreed To Produce But Which Have Not Been Produced As Of This Writing, which was attached as Exhibit 11 to Plaintiffs' Motion To Compel. There is nothing new to add to the recitation. If it differs from your understanding, please let me know.

Sincerely,

Elvige Cassard

EC/spk/enclosure
cc: Mr. Stewart E. Niles, Jr. (via email & U.S. mail) (w/enc.)
    Mr. Brian Knight (via email & U.S. mail) (w/enc.)
    Mr. Howard Daigle, Jr. (w/o enc.)
    Mr. Dan Buras (w/enc.)
E:\905\905-01 (Hornets OT)\Letters\Anderson, J. 07-07-27.doc

DAIGLE FISSE & KESSENICH, A PROFESSIONAL LAW CORPORATION • COUNSELLORS AT LAW AND ADMIRALTY
NEW ORLEANS • BATON ROUGE • COVINGTON

EXH. 13

## EXHIBIT 11 TO PLAINTIFFS' MOTION TO COMPEL

### Discovery Responses Which The Hornets Agreed To Produce But Which Have Not Been Produced As Of This Writing

In the Rule 37.1 telephone conferences initiated by Plaintiffs in connection with their Motion to Compel, the Hornets agreed to make a complete review of all discovery requests and to provide full information consistent with the Federal Rules of Civil Procedure requirements. The Hornets agreed that this will include consideration of every element of each defense or claim that the Hornets have raised or intend to raise, and will include complete supplementation with previously unprovided information and/or documents. Also agreed was that the Hornets' revised discovery responses will include a clear articulation of what they are now objecting to producing, and why. A complete and appropriate privilege log of any withheld items should also be provided.

In the Rule 37.1 conference the Hornets asked the Plaintiffs to formalize certain discovery requests which Plaintiffs modified in the course of trying to obtain responses. Those formalized requests appear as Exhibit 9 to Plaintiffs' Motion to Compel. The referenced formalization was not for the purpose of removing and did not remove the discovery from the scope of the Motion to Compel, and it is Plaintiffs' understanding that the promised comprehensive review and supplementation includes those formalized items.

To the extent that any of the items described herein have not been produced by the time of the hearing, Plaintiffs seek an order compelling their production.

1

I.  **Initial Disclosures**

The foregoing applies to the Initial Disclosures as well. Plaintiffs understand this to mean that Defendant has agreed as described below.

A.1. Defendant agreed to provide a complete list of all persons "likely to have discoverable information that the disclosing party may use to support its claims or defenses."

A.2. For any such persons no longer employed by Defendant, and for persons not in a position such that they need to be contacted through counsel for Defendant, Defendant agreed to provide the address and telephone number most recently known to Defendant.

A.3. Defendant agreed to provide meaningful identification of the subjects of the information.

B.1. Defendant agreed to provide in full "a copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses."

II. **Plaintiffs' Second Set Of Requests For Production and First Set of Interrogatories**

The above-referenced review and supplementation promised by Defendant covered all of the Requests for Production and Interrogatories. This includes but is not limited to Requests for Production Nos. 20, 25-27, 29-33, 56, 57; Interrogatories 1, 2, 7, 12 (updated to include all Plaintiffs) -13, 17-24, 27-29 (including Supplemental Interrogatory S-4), 40, 41-42 (instead of answering the question on behalf of the organization, the Hornets simply refer the Plaintiffs to certain "former management personnel" who "may have information responsive"; it is the Hornets' obligation to

2

develop full responses to the extent that they can), 49, 50 (*see* Supplemental Interrogatory No. S-3). Other specific agreements include the below.

A.   <u>Correction Of A Typographical Error</u>

Defendant agreed to provide a complete response to the request below, revised to substitute the word "Defendant" for the word "plaintiff" in correction of a typographical error in the original requests:

> Request for Production No. 2:   Please produce copies of any and all exhibits that may be offered, filed, or introduced into evidence by Defendant at time of trial, during any deposition, or may be used during any hearing, including copies of all data used in the creation of any demonstrative exhibits. [*See also* S-1 of Supplement To Second Set Of Requests For Production Of Documents and accompanying correspondence, attached as Exhibit 9].

B..   <u>All Information Relevant To Establishing Receipts, Revenue And Income.</u>

The Hornets made clear their agreement to provide all information relevant to establishing receipts, revenue and income. This will include information that accounts for every receipt. The Hornets agreed to produce receipts as soon as they could be gathered, which on June 27, 2007 counsel for the Hornets stated would be done shortly. The Hornets also agreed to produce summaries promptly, possibly as an alternative, or at least as a preliminary to reviewing all of the receipts. The Hornets agreed to let Plaintiffs know as soon as possible what documentation exists so that Plaintiffs could determine if a more limited request for information would satisfy Plaintiffs' needs.

The Hornets objected to these requests as overbroad to the extent that they seek information or documentation which simply mentions, discusses or describes receipts,

revenue and income in a casual manner. Plaintiffs agreed to accept responses with a representation by the Hornets that they resulted from a search of all the sources which would ordinarily be the subject of a search or inquiry by the organization if it was seeking this information or documentation in the ordinary course of business.

On June 29, 2007, counsel for the Hornets stated that she expected to indicate in about two days whether the bank has additional information beyond what the Hornets have, in which case Plaintiffs could get that information from the bank. Despite the expectation that Plaintiffs would have heard something well before this writing, there has been no communication from the Hornets.

The following discovery requests are among those that will be answered, at least in part, if and when the Hornets fully produce the promised data: Requests for Production Nos. 5-13, 20-24, 34; Interrogatory Nos 14-16.

C.   <u>Archtics (An Electronic Program Used In Connection With Group Ticket Sales)</u>

Plaintiffs understand that the Hornets have agreed to provide all Archtics information relating to any Plaintiff, all to the extent not already done. Plaintiffs have communicated their belief that Archtics can generate a list of all activities and entries relating to any individual – where any individual makes a change or is referenced. (This is in addition to any Archtics information reflecting receipts, revenue and income, as discussed above.) It is understood that these responses will include all codes and keys necessary to interpret the data. While somewhat unclear, Plaintiffs understand that the Hornets have indicated that instructions, directions, orders, etc. to change accounts have been or will be provided to the extent they exist. It is Plaintiffs' understanding that all information relating to or reflecting the tracking of commissions will be either in the

Archtics materials, in individual personnel files/data, or else will be provided to the extent it exists elsewhere (The Hornets object to providing this information to the extent it is specific to non-Plaintiffs, as is addressed in the Motion to Compel.) Pertinent discovery includes but is not limited to Requests for Production Nos. 15, 38, 45, 53, Interrogatory Nos 33-34, 36-38, 47.

D.   Organizational, Staffing Charts

The Hornets agreed to produce (via either existing information or as an interrogatory response) information showing staffing levels, heierarchy (including lines of supervision), identifying what positions were filled for what periods of time and staffing levels of employees throughout the year, and reflecting persons hired by the New Orleans Hornets since June of 2002 including the name of their respective positions and the names of the persons working in those positions, and including the names and positions of upper management since 2001. Except for the hire dates, this information is apparently available for the current status on the website. As suggested by defendant, Plaintiffs checked the documents produced by Plaintiffs and did not locate a responsive document. Request for Production Nos. 16 *et al*; Interrogatory Nos. 3 (as revised, *see* Supplemental Interrogatories), 9, 16 (as revised, *see* Supplemental Interrogatories), 43.

E.   Middleton documents on P drive

The Hornets agreed to produce these documents or produce a privilege log. *See* Request for Production No. 18.

5

F. <u>Public Activities in Hornets Offices</u>

Plaintiffs have reworded and resubmitted this request. The Hornets have agreed to answer it as reworded. Request for Production Nos. 26-27 (as revised, *see* Supplemental Interrogatory No. S-3).

G. <u>Game Face Communications</u>

Game Face is a West Coast business that trains persons interested in working in sales in the sports industry. The Hornets hired some people from Game Face, including some of the Plaintiffs. Plaintiffs are requesting information reflecting who at the Hornets was in communication with Game Face or with the persons hired from Game Face. Plaintiffs seek this information for all employees hired since early 2002, not just Plaintiffs. The Hornets agree to provide this information regarding Plaintiffs. Pertinent discovery includes but is not limited to Request for Production No. 37, Interrogatory No. 31.

H. <u>Pepsi "4-Pack" campaign</u>

Plaintiffs ask for information specific to the Pepsi "4-Pack" campaign, for which some Plaintiffs complain they did not receive a commission. The Hornets agreed to see if there is any additional information responsive to Request for Production No. 44 beyond what is contained in each Plaintiffs' file concerning commission payments.

I. <u>Representative Period for Retail Exemption</u>

The Hornets agreed to provide this information. The pertinent discovery includes Interrogatory No. 25.

J.  Employees Receiving Certain Compensation

The Hornets agreed to provide, on a quarter by quarter basis, the names of employees, including non-plaintiffs, who received additional commission payments above the draw. The pertinent discovery includes Interrogatory No. 26.

K.  Employees Requesting Overtime

The Hornets agreed to provide the names and dates of any such inquiries or complaints for all persons in job categories listed in the notice. The pertinent discovery includes Interrogatory No. 44.

III. **Redacted Documents**

The Hornets contend that if certain documents came back to Plaintiffs reportedly unredacted, but in fact still appearing to be redacted, it may be because private information to certain customers was contained on that information. Plaintiffs should have access to addresses, although not to credit card numbers.

IV. **Other Missing Information**

D1054-56; *see* footnote 1 of E. Cassard letter dated October 3, 2006. Hornets' counsel will check on these missing documents.

Hornets' counsel will check on the other questions raised by footnote 1 of that letter. She will review all questions and supplement as appropriate all discovery responses.