

# NILES, SALAS, BOURQUE & FONTANA, L.C.

ATTORNEYS AND COUNSELORS AT LAW

**DANIEL E. BURAS, JR.**
(504) 310-8555
DBURAS@NILESSALAS.COM

July 11, 2005

**VIA FAX 589-8414**
Jennifer Anderson, Esq.
Jones, Walker, Waechter, Poitevent,
  Carrere & Denegre, L.L.P.
201 St. Charles Ave., 47th Floor
New Orleans, LA 70170-5100

Re:   New Orleans Hornets Litigation
      Our File No. 1659/543

Dear Jennifer:

Plaintiffs will file a rule 26 (f) report with the Court. Please review and provide me with any requested changes and/or additions no later than 3:00 p.m. this afternoon.

Rule 26(a) disclosures are due today.

The preliminary conference has been scheduled for July 21, 2005.

Please provide me with deposition dates for Chris Zaber, Brendan Donohue, Kristy McKearn, Steve Martin, Sam Russo, Patty Cox, J. L. Brooks, Paul Mott, the current Human Resources Director of the Hornets, and the current CFO for the Hornets. I am available to begin depositions August 10-31, 2005.

I look forward ti working with you to resolve these issues.

Very truly yours,

Daniel E. Buras, Jr.

DEB,JR./pac
Enclosure
cc:   Sid Lewis, Esq. **(Via Fax   589-8352)(w/enclosure)**
      Jane Heidingsfelder, Esq. **(Via Fax 589-8036)(w/enclosure)**

Thirty Fifth Floor / 909 Poydras Street / New Orleans, Louisiana 70112
Telephone 504-310-8550 / Fax 504-310-8595 / www.nilessalas.com

**EXHIBIT 15**

Dockets.Justia.com



# NILES, SALAS, BOURQUE & FONTANA, L.C.

ATTORNEYS AND COUNSELORS AT LAW

STEWART E. NILES, JR.
(504) 310-8551
sniles@nilessalas.com

August 16, 2005

Honorable Alma L. Chasez
United States District Court
Eastern District of Louisiana
501 Magazine Street
B347 Hale Boggs Federal Building
New Orleans, LA 70130

Re:  New Orleans Hornets Litigation
     2005-1969
     Our File No. 1659/543

Dear Judge Chasez:

Defendant has stated a position during conference with the Court, but defendant has later retrieved from these representations.

**I.   Defendant Continues to Assert Exemption Defenses to the Motion to Certify in Contravention of this Court's Order.**

The August 2, 2005 Minute Entry read:

> "It is the understanding of the Court that defense counsel will not claim at the hearing scheduled for August 17th before the District Judge, that defendant is exempt from the provisions of the FLSA, although this will be a defense at other stages of the proceedings."

However, in their Opposition to Motion to Certify Collective Action, defendant asserts the defense that it is exempt from the provisions of the FLSA on at least three occasions:

1. The Hornets are "an amusement and recreational enterprise and a retail sales establishment that is exempt from the requirements of the Fair Labor Standards Act ("FLSA")...." See Defendant's Opposition, page 1.

2. The Court "should permit the Hornets to include their position and defenses in the Notice..." See Defendants' Opposition, Page 2

3.  "The Hornets, A Professional Sports Organization, denies plaintiffs' allegations and maintains that it is <u>not obligated to pay overtime to plaintiffs because it is an exempt amusement and recreation establishment</u> and an <u>exempt retail sales establishment</u>." <u>See</u> Defendants' Opposition, Page 3.

4.  "The Hornets <u>deny plaintiffs' allegations</u> and maintain that they are an <u>amusement and recreation establishment</u> operating on a seasonal basis and, <u>therefore, are exempt</u> from the requirements of the Fair Labor Standards Act. The Hornets also maintain that they are a <u>retail sales establishment, which is also exempt</u> from the requirements of the Fair Labor Standards Act." <u>See</u> Defendant's Proposed Notice, attached as Exhibit " " to their Opposition.

In their Opposition to the Motion to Certify, defendant has not expressly stated that defendant has no opposition to conditional certification, reserving the right to urge de-certification at a later date (collectively "Reservation"). Instead, exemptions have been asserted as a <u>defense</u> to the Motion to Certify and an issue for Notice.

Prompted by the Hornets' disregard for the Hornets' representations of August 2, 2005, which were asserted to avoid producing discoverable documents, on August 12, 2005, a telephone conference was held with counsel for plaintiffs, counsel for defendant, and the Court. Again, defendant contended that the documents sought by plaintiff were not required, because defenses were <u>not</u> asserted. However, in the observed reservation, the Court could mistakenly refuse plaintiffs' request for certification and/or mistakenly include "defenses" in the Notice–without plaintiff having any of the relevant documents in possession of the Hornets.

On August 15, 2005, defendant sent a letter to the Court delineating its position to the Court. The letter, dated August 12, 2005, but received by plaintiffs on the morning of August 15, 2005, attempts "to reiterate or clarify", defendants' position regarding the Motion to Certify. Still, in the August 12, 2005 letter, <u>defendant asserts exemption defenses</u> to the Motion to Certify. Defendant disputes that plaintiffs have carried their burden to conditional certification, and states that the Court may raise its objections to conditional certification.

The August 12, 2005 letter from counsel for defendant continues to contravene its representations asserted to avoid producing discoverable documents. Thus, appropriate measures must be taken by the Court.

**II.    Defendant has failed to produce the Adequate and Necessary Documents in Contravention of the Court's August 2, 2005 Order.**

The August 2, 2005 Minute Entry addressed plaintiffs' Request for Production of Documents and mandated the following:

> The information sought in Items 24 and 28 shall be produced by Monday, August 8, 2005; all other items for which production has been ordered shall be produced before Friday, August 5, 2005. In addition, defendant has agreed that any documents which it will use at

the hearing scheduled before the District Judge on August 17, 2005 will be produced on or before Friday, August 5, 2005.

To date, the <u>only</u> documents produced by the defendant are the incomplete employment files of the plaintiffs. No policies or procedures were produced. Defendant has limited full disclosure and production by asserting that "this is not a document defendant will use at Hearing"–this effectively deprives plaintiff of discoverable documents.

Plaintiffs have requested the production of documents, and the Court ordered such production, that would support the plaintiffs' position argued in the Motion to Certify. Defendant refuses to disclose such documents. The defendant cannot be allowed to hide behind unsupported arguments and allegations in its opposition to the Motion to Certify and meanwhile refuse to disclose the documents that will rebut defendant's arguments and allegations. Hence, defendants should not only be precluded from asserting any exemption defenses at the hearing on the Motion to Certify Collective Action, but should also be restrained from arguing in support of its definition of the class as defendant failed to produce any documents that would: a) support its argument in favor of its class definition, and/or b) would allow plaintiffs to demonstrate the lack of foundation for the Hornets' class definition.

With best regards, I remain

Very truly yours,

Stewart E. Niles, Jr.

SENjr/pac

cc:   Jennifer Anderson, Esq.



DANIEL E. BURAS JR.

PLEASE REPLY TO:

P.O. Box 5350
COVINGTON, LA 70434-5350
985.871.0800    *phone*
985.871.0899    *fax*
dburas@daiglefisse.com

3 April 2006

**VIA FACSIMILE (504.589.8414)**
Ms. Jennifer Anderson
Jones Walker
201 St. Charles Ave., 51st Floor
New Orleans, LA 70170-5100

    Re:    Eugene Liger, et al v.
            New Orleans Hornets NBA
            Limited Partnership
            C.A. No. 05-1969 (5)
            DF# 905-01

Dear Jennifer:

    Please provide available dates for the 30(b)(6) deposition of the Hornets' corporate designee(s) <u>before 1 May 2006</u>. Enclosed please find a copy of the areas for discussion during the deposition.

                                Very truly yours,

                                Daniel E. Buras, Jr.

DEB,Jr./ma
Encl.
  cc:    Larry Centola
          **(VIA FACSIMILE: 504.310.8595)**