Liger et al v. New Orleans Hornets NBA Limited Partnership    Doc. 112 Att. 2
Case 2:05-cv-01969-HGB-ALC   Document 112-3   Filed 08/23/2007   Page 1 of 7
Case 2:05-cv-01969-HGB-ALC   Document 109   Filed 08/03/2007   Page 1 of 7

```
MINUTE ENTRY
CHASEZ, M.J.
AUGUST 3, 2007
```

                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

EUGENE LIGER, ET AL.                      CIVIL ACTION

VERSUS                                    NUMBER: 05-1969

NEW ORLEANS HORNETS NBA LIMITED           SECTION: "C"(5)
PARTNERSHIP


                         HEARING ON MOTION

APPEARANCES:   Jennifer Anderson, Jane Heidingsfelder, Dan Buras,
               Elvige Cassard, Bryan Knight, Martin Landrieu

MOTION:

(1)  Defendant's Motion for Protective Order, to Quash Records
     Subpoenas, and for Other Relief (Rec. doc. 91);
(2)  Plaintiffs' Motion to Compel (Rec. doc. 96).

    _____ :   Continued to

    _____ :   No Opposition

    1,2    :   Opposition

    _____ :   Local Rules 37.1E, 33.2, 36.1, 7.6E


MJSTAR(03:10)


EXHIBIT A

ORDERED

_____ : Dismissed as moot.

_____ : Dismissed for failure of counsel to appear.

_____ : Granted.

_____ : Denied.

__1,2__ : Other.

1: Plaintiffs are to forthwith provide defendant with a copy of the documents the two NBA teams furnished to them in response to their subpoenas. Returns on the other subpoenas are held in abeyance pending the taking of plaintiffs' depositions and the Rule 30(b)(6) deposition of defendant.

2: Plaintiffs' Second Set of Requests for Production of Documents to Defendant:

No. 1: to the extent that it has not already done so, defendant is to provide plaintiffs with a copy of those documents upon which it will rely to prove up its defenses with a continuing obligation to supplement that production as additional documents are identified.

Nos. 2-4: to the extent that it has already detemined what exhibits it may offer to be introduced at the trial of this matter, defendant is to produce. Otherwise the parties are to abide by the court-imposed deadlines for the filing of exhibit lists and the exchange of exhibits.

No. 5: if documents containing such information exist, defendant is to produce for the time period of 2002 until all of the plaintiffs' employment with defendant terminated.

No. 6: pretermitted in light of the Court's ruling on Request No. 5, supra.

2

No. 7:       at the R.30(b)(6) deposition of defendant, plaintiffs may inquire as to what supporting documentation exists, who prepares or compiles it, and how voluminous it is.

No. 8:       defendant is to produce.

Nos. 9-10:   same as the Court's ruling on Request No. 7, supra.

No. 11:      defendant is to produce.

Nos. 12-13:  same as the Court's ruling on Request No. 7, supra.

No. 14:      defendant's response is sufficient.

No. 15:      defendant is to produce.

No. 16:      denied; no longer relevant.

No. 17:      defendant is to produce subject to the terms of the protective order in place in this litigation.

No. 18:      defendant is to produce. Defendant is to identify via a privilege log any documents withheld on the basis of privilege or withheld as being personal or confidential in nature and related to non-parties.

No. 19:      defendant is to supplement its response to state that there are no additional responsive documents. If plaintiffs can prove otherwise through defendant's R.30(b)(6) deposition, they may file the appropriate motion.

No. 20:      defendants are to identify which specific documents are responsive to each of this Request's subparts.

No. 21:      to be explored at defendant's R. 30(b)(6) deposition. Defendant may tender a representative from its accounting firm for this purpose if it so chooses.

3

No. 22:     if the City and/or the State were paying defendant to remain in New Orleans, documentation related to such payments is to be provided.

No. 23:     denied.

No. 24:     defendant's response is sufficient.

Nos. 25-27:     to be handled in the same fashion as Request No. 7, supra.

No. 28:     defendant is to supplement its response to state that there were no written job descriptions that existed contemporaneously with plaintiffs' employment above and beyond what may have ben contained in the personnel files that were previously produced.

No. 29:     covered by Court's ruling on Request No. 20, supra.

No. 30:     to be handled in the same fashion as Request No. 7, supra.

No. 31:     defendant has indicated that it has no responsive documents. Plaintiffs may wish to confirm this at defendant's R.30(b)(6) deposition.

Nos. 32-34:     to be handled in the same fashion as Request No. 7, supra.

No. 35:     denied.

No. 36:     defendant's response is sufficient.

No. 37:     plaintiffs are to re-word and re-propound this Request.

No. 38:     defendant is to produce.

No. 39:     defendant's response is sufficient.

No. 40:     for the time period of 2002 to the date of suit, defendant is to produce or identify via a privilege log.

4

No. 41:   to be handled in the same fashion as Request No. 7, supra.

No. 42:   defendant is to supplement its response to produce any additional responsive information or notes. Plaintiffs are to forthwith delete any customers' credit card information.

No. 43:   defendant is to supplement its response to provide documents bearing upon how plaintiffs were compensated from Toys for Tots. Plaintiff may re-urge this Request if need be.

No. 44:   defendant's response is sufficient.

No. 45:   defendant is to supplement its response to state that all responsive documents have been produced.

Nos. 46-49:   defendant's responses are sufficient.

No. 50:   for the time period of 2002 to the present, defendant is to respond if other employees were performing functions that plaintiffs performed.

Nos. 51-56:   defendant's responses are sufficient.

Plaintiffs' First Set of Interrogatories to Defendant:

No. 1:   defendant is to supplement its answer to provide any additional responsive information.

Nos. 2-3:   defendant's answers are sufficient.

Nos. 4-5:   defendant is to answer.

Nos. 6-7:   defendant's answers are sufficient.

No. 8:   for plaintiffs and similarly situated employees for the time period prior to the time that suit was filed, defendant is to answer as to any overtime paid and

5

tracked.

No. 9:        defendant's answer is sufficient.

No. 10:       defendant is to supplement with charts of organization from 2002 until all of the plaintiffs' employment with defendant terminated.

No. 11:       defendant's answer is sufficient.

Nos. 12-13:   defendant is to answer.

No. 14:       to be explored at defendant's R.30(b)(6) deposition.

Nos. 15-16:   plaintiffs may re-urge after first exploring at defendant's R.30(b)(6) deposition.

No. 17:       denied at present.

Nos. 18-20:   defendant is to supplement its answers.

Nos. 21-25:   defendant is to answer.

No. 26:       defendant is to answer to provide the name and job title for each employee from 2002 until all of the plaintiffs' employment with defendant terminated.

No. 27:       defendant is to answer as to events where the Hornets required or expected the plaintiffs and similarly situated employees to attend.

No. 28:       to be answered in the same fashion as Interrogatory No. 27, *supra*.

No. 29:       defendant is to answer.

Nos. 30-32:   defendant's answers are sufficient.

No. 33:       defendant is to supplement its answer to provide Notes.

No. 34-38:    defendant's answers are sufficient.

6

No. 39:     defendant is to answer and is to continue its search for the Adreanna Johnson log.

No. 40:     to be explored at defendant's R.30(b)(6) deposition.

No. 41,42:  defendant's answers are sufficient.

No. 43:     if additional responsive information is available, defendant is to supplement as to anyone other than Booth.

Nos. 44, 45: defendant's answers are sufficient.

No. 45:     defendant is to answer as to plaintiffs and similarly situated employees.

No. 46:     defendant is to answer as to plaintiffs and similarly situated employees.

No. 47:     if it has not already done so, defendant is to answer to produce the change log.

No. 48:     defendant is to supplement its answer as to similarly situated employees.

No. 49:     defendant is to re-check the completeness of its answer and is to supplement accordingly.

The supplementation ordered above is to be provided within two (2) weeks. Plaintiffs' expert report deadline is hereby extended to September 15, 2007 with defendant's being extended to October 15, 2007. Any further extensions are to be sought via motion.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

7