UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EUGENE LIGER, ET AL, | * | CIVIL ACTION NO. 05-1969 |
| Plaintiffs in a Collective Action | * | |
| | * | SECTION C |
| | * | |
| versus | * | MAGISTRATE 05 |
| | * | |
| NEW ORLEANS HORNETS NBA LIMITED | * | |
| PARTNERSHIP, | * | |
| Defendant | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL**

MAY IT PLEASE THE COURT:

On 23 August 2007, despite two years of efforts to depose defense witnesses and complete a 30(b)(6) deposition, the Hornets notified Plaintiffs that no defense witnesses or 30(b)(6) witnesses would be produced at this time.

This matter was filed on May 27, 2005. The following chronology details correspondence confirming the Hornets' refusal to allow Plaintiffs to depose the Hornets' corporate representative or witnesses. This list is not exhaustive because it does not include Plaintiff's numerous e-mail requests, requests made in open court, or numerous telephone calls requesting depositions in this matter.

Plaintiffs' 30(b)(6) deposition request identifying areas of inquiry was first made by Plaintiffs in writing on June 24, 2005. See Exhibit A. Deposition dates for Chris Zaber, Brendan Donohue, Kristy McKearn, Steve Martin, Sam Russo, Patty Cox, Marie Parenti, J.L. Brooks, and Paul Mott were also requested.

The Hornets did not produce any witnesses for deposition.

Deposition dates for Chris Zaber, Brendan Donohue, Kristy McKearn, Steve Martin, Sam Russo, Patty Cox, J.L. Brooks, Paul Mott, the current Human Resources Director of the Hornets, and the current CFO for the Hornets were again requested on July 11, 2005. See Exhibit B.

Although all witnesses were employed by the Hornets at the time the request was made, no witnesses were produced for deposition.

At the August hearing with Magistrate Chasez, Plaintiffs asked the Hornets to produce a 30(b)(6) witness and the aforementioned witnesses for deposition. The Hornets again refused to produce any witnesses for deposition.

A 1442 deposition identifying areas of inquiry was forwarded to the Hornets on December 1, 2005 in a related state court matter. See Exhibit C-1 (correspondence).

The Hornets did not produce a corporate representative for deposition.

On December 26, 2005, the Hornets again requested deposition dates for the Hornets' 1442 representative and requested deposition dates for the following persons: George Shinn; Brendan Donohue; Chris Zaber; Adrianna Johnston; Sam Russo; Deanna Arteaga; Kristy McKearn; Barbara Booth; Dave Felson; John Lee; Tim McDougall; Tim Spero; Dave Burke; any owners, officers, and/or directors involved in the management of the New Orleans Hornets. See Exhibit C.

The Hornets did not produce a corporate representative or any other witness for deposition.

On 15 February 2006, Plaintiffs again requested the depositions of Brendan Donohue. See Exhibit E. The Hornets did not respond to this request.

2

A second 1442 deposition request including areas of inquiry was forwarded to the Hornets on March 22, 2006. See Exhibit E-1 (correspondence only).

Again, the Hornets did not produce a corporate representative for deposition.

On April 3, 2006, Plaintiffs again requested dates for the 30(b)(6) deposition of the Hornets. See Exhibit F (correspondence only).

Again, the Hornets did not produce a corporate representative for deposition.

Undersigned counsel was mobilized by the Navy effective 15 May 2006. Despite repeated efforts to obtain a 30(b)(6) deposition of the Hornets before this date, and in spite of notifications to the Hornets regarding the need for the expedited production of a 30(b)(6) representative, no witnesses were made available.

On June 27, 2007 a Rule 37.1 Conference was conducted to discuss the Hornets' failure to respond to Plaintiff discovery first propounded on August 3, 2005. On June 29, 2007, the Hornets advised Plaintiffs that they would provide supplemental discovery "in a few days." No discovery was provided until August 3, 2007 at the hearing with Magistrate Chasez, during which incomplete bank records and several documents that had already been produced by Plaintiffs were produced by the Hornets.

At the August 3, 2007 hearing, the Hornets advised the Court that a 30(b)(6) deposition should be taken in lieu of various discovery requests made by Plaintiffs. In reliance on the statements of Hornets' counsel, Magistrate Chasez incorporated a timely 30(b)(6) deposition in her Order. Neither the Court nor Plaintiffs contemplated that no 30(b)(6) representative would even be identified 3 weeks after the August 3, 2007 hearing.

On August 9, 2007, the Hornets reiterated their request for a 30(b)(6) deposition. See Exhibit G.

On August 14, 2007, Plaintiffs scheduled a discovery conference to discuss the Hornets refusal to produce any witnesses for deposition and to discuss the adverse effects that these delays were causing because of looming discovery and expert cutoffs. See Exhibits H, I.

After close of business on 15 August 2007, the Hornets notified Plaintiffs that they would not participate in the discovery conference because of a scheduling conflict and advised that they could not make a Rule 30(b)(6) witness available. In addition, the Hornets claimed in bad faith that this is the first time that they received notice of any corporate representative topics.

On August 16, 2007, Plaintiffs cited to the record above to the Hornets. See Exhibit J. Plaintiff counsel also advised the Hornets that the Hornets have stymied discovery and repeatedly refused to produce their employees, witnesses, or corporate representatives for deposition. In light of the looming expert and discovery cutoffs, Plaintiffs counsel requested that counsel for the Hornets contact him immediately to discuss outstanding deposition requests.

Again, the Hornets refused to respond.

Plaintiffs noticed the 30(b)(6) deposition of the Hornets for 29 August 2007 at the offices of defense counsel. Plaintiffs made repeated inquiries into the identity of the 30(b)(6) witness, whether one or multiple witnesses would be produced, and the topics upon which each witness would testify. See Exhibits K, L.

4

The Hornets did not respond until 23 August 2007. In their response, the Hornets stated that they would not produce a 30(b)(6) witness or any defense witnesses for deposition until all Plaintiffs had been deposed. See Exhibit M.

This is the second motion to compel that this Court must hear against the Hornets this month. There can be no more demonstrative example of a defendant who so clearly and obviously sabotaged the discovery in any case. Through the Hornets' own admission as is set forth in Exhibit M, their strategy in this case has been to delay the production of documents, use their own delays to delay the production of defense witnesses, and to place Plaintiffs in the untenable position of having no opportunity to depose the Hornets prior to expert and discovery deadlines. Exhibit M represents clear and unmistakable proof of this sanctionable strategy.

Accordingly, Plaintiffs request that this Court award Plaintiffs attorneys fees and costs associated with the original filing of this Motion.

Furthermore, Plaintiffs request that this Court modify the scheduling order as follows:

1)      Force the Hornets to produce a 30(b)(6) representative for deposition and to identify that party or parties immediately with leave for the Plaintiffs to continue the deposition as necessary to investigate any newly identified facts disclosed during the deposition.

2)      Revise the Scheduling order to permit Plaintiffs to provide expert reports related to damages by 21 September 2007.

3)      Revise the Scheduling order and require the Hornets to produce expert reports by 01 October 2007.

4) Revise the scheduling order to permit Plaintiffs to produce expert reports responsive to any affirmative defenses raised by the Hornets by 29 October 2007 and to reply to any expert reports produced by the Hornets related to damages.

5) Revise the Scheduling Order as it relates to Witness and Exhibit Lists.

6) Force the Hornets to produce all witnesses identified in their Rule 26 disclosures and supplemental disclosures for deposition, including those persons whose depositions have already been requested by the Plaintiffs, at the Hornets' expense before 30 September 2007.

7) Grant Plaintiffs leave of Court to amend their Petition by 14 September 2007 to add new parties or causes of action.

This Court cannot permit the Hornets to continue to abuse the discovery process. Immediate and consequential action must be taken to ensure that the rights and privileges of employees who have already been abused by the Hornets' decision to ignore federal and state overtime and wage law are not subjected to these abusive tactics a second time through the discovery process. Plaintiffs request that this Honorable Court forcefully and directly send a message to the Hornets that their sharp practices will no longer be tolerated.

Respectfully submitted,

BY:/s/ Daniel E. Buras, Jr.
HOWARD DAIGLE (#4454)
DANIEL E. BURAS, JR. (#26226) (T.A.)
ELVIGE CASSARD RICHARDS (#19386)
DAIGLE FISSE & KESSENICH, PLC
227 Highway 21
Madisonville, LA 70447
Telephone: 985.871.0800
Facsimile: 985.871.0899
**ATTORNEYS FOR PLAINTIFF**

STEWART E. NILES, JR. (#10004)
BRYAN J. KNIGHT (#28640)
NILES, BOURQUE & FONTANA, L.C.
909 Poydras Street, 35th Floor
New Orleans, Louisiana 70112
Telephone (504) 310-8550
Facsimile (504) 310-8595
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above motion as been sent to opposing counsel by placing a copy of same in the U.S. mail, properly addressed, postage prepaid, or by any other means authorized by law, this 23rd day of August 2007.

/s/ Daniel E. Buras, Jr.
DANIEL E. BURAS, JR.