

# JONES WALKER

Jane Heidingsfelder
Direct Dial 504-582-8306
Fax 504-589-8306
jheidingsfelder@joneswalker.com

August 23, 2007

**VIA EMAIL ONLY**
Daniel E. Buras, Esq.
Daigle Fisse, PLC
P. O. Box 5350
Covington, Louisiana 70434-5350

**VIA EMAIL ONLY**
Elvige Cassard, Esq.
Daigle Fisse, PLC
227 Highway 21
Madisonville, Louisiana 70447

**VIA EMAIL ONLY**
Bryan Knight, Esq.
Niles, Bourque & Fontana, LLC
909 Poydras Street - Suite 3500
New Orleans, Louisiana 70112

    RE:  *Eugene Liger, et al. v. New Orleans Hornets NBA L.P.*
           *USDC – E.D. of Louisiana – Civil Action No. 05-1969 "C" (5)*
           Our File No. 105190-00

Dear Counsel:

    I am in receipt of your letter dated August 21, 2007, relating to the Hornets' discovery responses of August 17, 2007. Your letter contains misrepresentations that require correction.

    You state that the discovery responses we provided in accordance with Magistrate Judge Chasez's August 3, 2007, Order were not timely because you did not receive them until after the close of business on Friday, August 17. Magistrate Judge Chasez's Order does not state that discovery responses must be provided before the close of business on August 17. Rather, the Order states that discovery responses are to be provided within two weeks.

    You state that the email forwarding our responses "expressly states" that Plaintiffs "must pick up the documents at [our] office." This is false. In fact, the email specifically states that "a copy of the documents is available in Jones Walker's New Orleans office and you may arrange to pick them up at your convenience, or they can be mailed to you."

JONES, WALKER, WAECHTER, POITEVENT, CARRÈRE & DENÈGRE L.L.P.
201 ST. CHARLES AVENUE · NEW ORLEANS, LOUISIANA 70170-5100 · 504-582-8000  FAX 504-582-8583  E-MAIL info@joneswalker.com · www.joneswalker.com
{N1700734.1}
BATON ROUGE    HOUSTON    LAFAYETTE    MIAMI    NEW ORLEANS    THE WOODLANDS    WASHINGTON, D.C.


EXHIBIT M

August 23, 2007
Page 2.

This is in compliance with Federal Rule of Civil Procedure 34 which states that the documents in response to requests for production must be made available for inspection or copying. Magistrate Judge Chasez's Order did not require Defendants to provide documents to Plaintiffs other than as required by the Federal Rules of Civil Procedure.

The email asked Plaintiffs to notify me as to your preferred method for obtaining the documents. On Monday, Plaintiffs' counsel, Bryan Knight, called and expressed that he would like to pick up a copy of the documents. I agreed to make an additional copy for him and have them available for him to pick up. Mr. Knight also requested that I mail a copy of the documents to you at your office. Mr. Knight picked up his copy of the documents on Tuesday, August 21, 2007, and a copy of the documents was mailed to you on Monday, August 20, 2007, in accordance with Mr. Knight's request. We never received any correspondence from you requesting to inspect the copy of the documents available in our office or requesting that a copy be provided to you at all. Your complaint about a gratuitous copy of documents sent to you as a courtesy (and which you never made any effort to review or make arrangements to obtain) is frivolous.

With respect to depositions, it would be unreasonable to expect that the Hornets would appear for their unilaterally noticed deposition in advance of the depositions of the Plaintiffs, who initiated this litigation and bear the burden of proof. Your suggestion that we have ignored your requests for depositions is absurd. Please refer to the Court's August 2, 2005, Minute Entry in which the Court stated that "depositions will be scheduled after all written discovery has been exchanged." Any delay in scheduling depositions has been caused by the Plaintiffs' relentless pursuit of over broad, duplicative, and irrelevant written discovery and their refusal to accept the sufficient responses already provided by the Hornets. Further, at Plaintiffs' request, the opt-in period in the federal court litigation was extended until July of 2006, making it impractical to proceed with discovery before all the parties had joined the lawsuit. Nonetheless, we noted in our May 8, 2006, letter to Ms. Cassard that we wished to schedule the Plaintiffs' depositions and remained willing to schedule other depositions in this litigation at mutually convenient times. Plaintiffs never offered any dates in response to this request and, again, this letter refutes your assertion that any request to schedule depositions has been ignored. Further, in our letter to you dated August 15, 2007, we again requested available dates for Plaintiffs' depositions. Again, Plaintiffs never responded. So, the facts are quite the opposite as you have attempted to misrepresent them in your letter.

We remain willing to schedule depositions of the Plaintiffs, to be followed by the corporate deposition of the Hornets and any witness depositions, at mutually convenient times. If you are willing to cooperate in scheduling discovery, please confirm that you

{N1700734.1}

August 23, 2007
Page 3.


will withdraw your unilateral corporate deposition notice and provide me with dates on which you and your clients are available for depositions and we will promptly respond. If you are not willing to do so, consider this letter a request for a discovery conference this week to discuss the scheduling issues above.

  Finally, Plaintiffs' corporate deposition notice is objectionable in certain respects, and Plaintiffs' request for Mr. Shinn's deposition in particular is improper (per our prior correspondence). I hope that we can work these issues out as well, and request a discovery conference for that purpose. Please let me know when you are available this week for a discovery conference on these issues. I will forward a separate letter to you addressing the issues with Plaintiffs' notice for the purpose of our conference.

           Sincerely,

           Jane Heidingsfelder

JHH/khg

cc: Stewart E. Niles, Jr., Esq. *(via email only)*

{N1700734.1}