

**DAIGLE FISSE**

DANIEL E. BURAS JR.

PLEASE REPLY TO:

P.O. Box 5350
COVINGTON, LA 70434-5350
985.871.0800    *phone*
985.871.0899    *fax*
dburas@daiglefisse.com

16 August 2007

*Via Facsimile and U.S. Mail*
Ms. Jennifer Anderson
Jones Walker
8555 United Plaza Blvd.
Four United Plaza
Baton Rouge, LA 70809-7000

*Via Facsimile and US Mail*
Ms. Jane Heidingsfelder
Jones Walker
201 St. Charles Avenue
New Orleans, LA 70170

Dear Jane and Jennifer:



This matter was filed on May 27, 2005. The following chronology details correspondence confirming the Hornets' refusal to allow Plaintiffs to depose the Hornets' corporate representative or witnesses. This list is not exhaustive because it does not include Plaintiff's numerous e-mail requests, requests made in open court, or numerous telephone calls requesting depositions in this matter.

The 30(b)(6) deposition request identifying areas of inquiry was first made by Plaintiffs in writing on June 24, 2005. Deposition dates for Chris Zaber, Brendan Donohue, Kristy McKearn, Steve Martin, Sam Russo, Patty Cox, Marie Parenti, J.L. Brooks, and Paul Mott were also requested. The Hornets did not produce any witnesses for deposition.

Deposition dates for Chris Zaber, Brendan Donohue, Kristy McKearn, Steve Martin, Sam Russo, Patty Cox, J.L. Brooks, Paul Mott, the current Human Resources Director of the Hornets, and the current CFO for the Hornets were again requested on July 11, 2005. All witnesses were employed by the Hornets at the time the request was made. No witnesses were produced for deposition.

Plaintiffs' discovery requests were sent to the Hornets on August 3, 2005. It is now August 16, 2007, and Plaintiffs still do not have complete responses to discovery.

A 1442 deposition identifying areas of inquiry was forwarded to the Hornets on November 14, 2005. The Hornets did not produce a corporate representative for deposition.

On December 26, 2005, the Hornets again requested deposition dates for the Hornets' 1442 representative and requested deposition dates for the following persons: George Shinn; Brendan Donohue; Chris Zaber; Adrianna Johnston; Sam Russo; Deanna Arteaga; Kristy McKearn; Barbara Booth; Dave Felson; John Lee; Tim McDougall; Tim Spero; Dave Burke; any owners, officers, and/or directors involved in the management of

EXHIBIT J

the New Orleans Hornets. The Hornets did not produce a corporate representative or any other witness for deposition.

A second 1442 deposition request including areas of inquiry was forwarded to the Hornets on March 22, 2006. The Hornets did not produce a corporate representative for deposition.

On April 3, 2006, Plaintiffs again requested dates for the 30(b)(6) deposition of the Hornets. Again, the Hornets did not produce a corporate representative for deposition.

On October 3, 2006, supplemental discovery responses were requested by Plaintiffs based on incomplete responses to earlier discovery requests. Complete responses have still not been provided.

On May 25, 2007, Plaintiffs again requested supplemental discovery responses to the discovery first propounded on August 3, 2005. Plaintiffs are still awaiting complete responses to discovery.

On June 27, 2007 a Rule 37.1 Conference was conducted to discuss the Hornets' failure to respond to Plaintiff discovery first propounded on August 3, 2005. On June 29, 2007, the Hornets advised Plaintiffs that they would provide supplemental discovery "in a few days." No discovery was provided until August 3, 2007 at the hearing with Magistrate Chasez, during which incomplete bank records and several documents that had already been produced by Plaintiffs were produced by the Hornets.

It is now August 16, 2007. Plaintiffs' expert reports are due on September 13, 2007. Exhibit and witness list cutoffs are September 14, 2007. The discovery cutoff is October 15, 2007. The clear and convincing evidence in this matter indicates that the Hornets have stymied discovery and repeatedly refused to produce their employees, witnesses, or corporate representatives for deposition.

The topics for the corporate representative's deposition have been known to the Hornets since June of 2005. The **Hornets** told Plaintiffs and Magistrate Chasez that most of the areas of inquiry in the written discovery requests were better suited to a 30(b)(6) deposition than to a discovery request. The only ruling that Magistrate Chasez made about the corporate representative deposition was to **add** items for discussion, not to eliminate any items for discussion. The Hornets have been aware of these new areas for inquiry since August 3, 2007.

Plaintiffs never agreed to waive their right to discovery in the state court actions. Counsel agreed with Magistrate Chasez not to **duplicate** discovery efforts in both the federal and state court cases and to allow discovery produced in the federal case to be used in both the federal and state cases. Plaintiffs will continue to abide by this agreement because it was designed to streamline the discovery process.

Additionally, the Hornets repeatedly advised Magistrate Chasez during the August 3 hearing that certain discovery requests were not at issue in **this** litigation, referring to the overtime claim. Certain rulings made by Magistrate Chasez did not take into account the claims and allegations raised by Plaintiffs in the state court cases. Both Plaintiffs, and presumably the Court, understood the Hornets as arguing that this was not the proper forum for raising those discovery requests.

Finally, Judge Berrigan's Preliminary Conference Order provides that there are "no special discovery limitations beyond those established by the Federal Rules, Local Rules of this Court, or the Plan . . ." Accordingly, Plaintiffs reserve the right to go beyond the seven hour deposition limit set forth in the Federal Rules since there is no time restriction in state court. Plaintiffs do not agree to be bound by the federal court's scheduling limitations in any state court action, although Plaintiffs will continue to follow Magistrate Chasez' instructions to streamline discovery by limiting duplication of efforts.

As to the deposition request of Mr. Shinn, upon information and belief, Mr. Shinn was intimately involved with the operation of the Hornets when the team was in Charlotte and New Orleans. We have requested his deposition since July of 2005 because he may be a material witness to this matter.

The Hornets failure to respond to multiple calls to discuss this matter or to participate in this morning's 9:00AM conference call has again exacerbated these discovery delays. The 30(b)(6) request was first made on June 24, 2005. The Hornets have not timely provided a corporate representative. **Plaintiffs hereby notify the Hornets that a 1442 and a 30(b)(6) deposition notice will be forwarded to the Hornets this afternoon setting the corporate representative(s) deposition to begin at 0900AM on 29 August 2007 at Jones Walker's offices in New Orleans.** If counsel cannot amicably work out a discovery schedule that meets the discovery needs of all parties, Plaintiffs will proceed with a deposition at this date, time, and location.

Plaintiffs have no intention of conducting two separate corporate depositions since the Hornets have agreed that one deposition can be used in both cases. However, Plaintiffs will seek redress in both state and federal court if there are any further delays in this matter.

I look forward to discussing this matter further.

Sincerely,

*Daniel E. Buras*

Daniel E. Buras

DEB/ral
cc:   Mr. Stewart E. Niles, Jr. (via facsimile)
      Mr. Brian Knight (via facsimile)

```
***********************
***   TX REPORT    ***
***********************

TRANSMISSION OK

TX/RX NO              2512
CONNECTION TEL                    5043108595
CONNECTION ID
ST. TIME              08/16 14:45
USAGE T               00'59
PGS. SENT             4
RESULT                OK
```



**COUNSELORS AT LAW**
**NEW ORLEANS * COVINGTON**

P. O. Box 5350
Covington, LA 70434-5350

Telephone: 985.871.0800
Facsimile: 985.871.0899

---

## *Facsimile Cover Sheet*

DATE:            16 August 2007

TO:              Stewart Niles
                  Brian Knight

**FACSIMILE:**     **504.310.8595**

FROM:           Daniel E. Buras, Jr.

RE:               Liger, et al. vs. N.O. Hornets
                  DF# 905-01

NUMBER OF PAGES:     4 (including cover sheet)

A confirmation copy of the enclosed documents ___XXX___ will/_____ will not be forwarded to you by ___XXX___ United States Mail, First Class/ _____ Overnight Delivery / __X XX___ E-mail.

```
***************************
***   MULTI TX/RX REPORT   ***
***************************

TX/RX NO              2511
PGS.                  4
TX/RX INCOMPLETE      -----
TRANSACTION OK        (1)  12252483040
                      (2)  5045898306
ERROR INFORMATION     -----
```



**COUNSELORS AT LAW**
**NEW ORLEANS * COVINGTON**

P. O. Box 5350
Covington, LA 70434-5350

Telephone: 985.871.0800
Facsimile: 985.871.0899

---

## *Facsimile Cover Sheet*

DATE:              16 August 2007

TO:                Jennifer Anderson
                   **225.248.3040**
                   Jane Heidingsfelder
                   **504.589.8306**

FROM:              Daniel E. Buras, Jr.

NUMBER OF PAGES:   4 (including cover sheet)


A confirmation copy of the enclosed documents __X__ will/_____ will not be forwarded to you.