UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EUGENE LIGER, ET AL.** | **CIVIL ACTION NO. 05-1969** |
| **VERSUS** | **SECTION "C"** |
| **NEW ORLEANS HORNETS NBA LIMITED PARTNERSHIP** | **MAGISTRATE 05** |

### DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTIONS TO COMPEL, FOR CONTEMPT, AND FOR SANCTIONS

**MAY IT PLEASE THE COURT:**

**I.      Introduction**

Plaintiffs have dragged out the written discovery process and resisted providing their own depositions long enough. Plaintiffs are using the discovery process to play games, and are wasting the time and resources of this Court, the Defendant, and counsel with needless discovery motions and hearings. This Court should no longer tolerate Plaintiffs' discovery abuse, should deny Plaintiffs' latest round unfounded[1] motions to compel, for contempt, and for sanctions, and should order the Plaintiffs to appear for their depositions within the next 30 days to avoid further delay. Defendant timely provided written discovery responses and documents pursuant to this Court's August 3, 2007, Minute Entry narrowing Plaintiffs' prior discovery requests, and there is no reason to further stall Plaintiffs' depositions or for more discovery motions.

---

[1] Plaintiffs' motions are replete with unsupported and conclusory assertions, devoid of any factual or legal basis, such as "the well documented history of the discovery delays caused by the Hornets," "[i]rreparable harm has been caused to Plaintiffs under the current Scheduling Order," and that Defendant has avoided "Court orders" and refused to "voluntarily participate in discovery." See Plaintiffs' Memorandum in Support of Motion for Expedited Hearing and Motion to Compel. It would be unproductive to address each such assertion in this memorandum,

{B0462705.1}

1

More disturbing are the blatant misrepresentations made by Plaintiffs' counsel to this Court, which bring disrespect to the legal profession and which further waste this Court's time and resources. Defendant respectfully requests that, in addition to denying Plaintiffs' motions, this Court admonish Plaintiffs' counsel for their misrepresentations to the Court and for their needless and wasteful discovery tactics, and warn them that further discovery abuse will result in sanctions, including an award of Defendant's attorney fees and costs incurred as a result of same.

II.     **Plaintiffs Misrepresent Defendant's August 23 Letter And Should Be Ordered To Provide Their Own Depositions And Cooperate In Scheduling Defendant's And Other Depositions**

Plaintiffs misrepresent to the Court that Defendant in an August 23 letter "unequivocally stated that they would not provide any defense witnesses or 30(b()6 witnesses until all Plaintiffs are deposed." See Plaintiffs' Motion to Compel. This is false. The August 23 letter, which was in response to Plaintiffs' unilateral notice of Defendant's 30(b)(6) deposition and Plaintiffs refusal to provide any dates for their own depositions, states that "it would be unreasonable to expect that the Hornets would appear for their unilaterally noticed deposition in advance of the depositions of the Plaintiffs, who initiated this litigation and bear the burden of proof." See Defendant's August 24, 2007, letter to Chief U.S. Magistrate Judge Alma L. Chasez and exhibits thereto, attached *in globo* as Exhibit 1. In fact, Defendant has cooperated with Plaintiffs to schedule and reschedule (at Plaintiffs' request) the deposition of a witness (and former executive of Defendant), Jack Capella, **which exposes Plaintiffs' false statements to the Court.** Plaintiffs have knowingly misrepresented the August 23 letter to the Court and have withheld the fact that

---

but Defendant calls the Court's attention to this flaw in Plaintiffs' pleadings, which makes them insufficient to support the action they request.

{B0462705.1}

2

Mr. Capella's deposition already has been scheduled to occur once in this lawsuit. Further, Plaintiffs asked Defendant for available dates to reschedule Mr. Capella's deposition and offered the date of August 29 and, when Defendant responded that August 29 was available for this single witness's deposition, Plaintiffs then unilaterally issued a 30(b)(6) notice (with more than 45 subject matter designations) for the Defendant's deposition to occur on that date. Apparently, Mr. Capella's deposition is not nearly as important to Plaintiffs as they have previously indicated, and these facts reveal that Plaintiffs (not Defendant) are refusing to cooperate in discovery.

While Defendant did not state that "all" Plaintiffs must provide their depositions before the Defendant's deposition (and made no reference to the sequencing of defense witness depositions), Plaintiffs' resistance to providing their depositions certainly raises suspicions about what they are trying to hide. There certainly is nothing unusual or unfair about requiring the sixteen Plaintiffs in this case (a strikingly small number for any collective or class proceeding) to appear for their depositions before the Defendant provides its deposition. The Defendant, which did not initiate this litigation, is entitled to discover the allegations against it directly from the Plaintiffs (not just through their attorneys in their pleadings) before being called upon to respond. At a minimum, a representative group of the Plaintiffs should appear for their depositions first.

Defendant has verbally requested dates for Plaintiffs' depositions during this litigation, and in May of 2006 and again in August of 2007, reiterated that request in writing. See Exhibit 1. **The Plaintiffs have never responded or provided any dates for their depositions,** and instead continue to insist that the Defendant appear for its deposition in advance. This is neither fair nor customary, and this Court already informed the parties during the August 2005 discovery hearing (before the opt-in period closed and before it was known how many individuals would become Plaintiffs in this lawsuit) that at least some of the Plaintiffs would be required to provide their

{B0462705.1}

3

depositions before the Defendant's deposition. Now that the opt-in period is closed and it is known that the number of Plaintiffs who elected to participate is small, Plaintiffs have no reason to resist providing their depositions before Defendant's deposition.

Additionally, Defendant has been and remains willing to cooperate in scheduling its own deposition and the depositions of witnesses. Undersigned counsel for Defendant expressly stated so at the August 3, 2007, discovery hearing before the Court. What Defendant opposes, however, are Plaintiffs' refusal to provide their own depositions and their unreasonable and unilateral noticing of the Defendant's deposition. The Court should, thus, admonish Plaintiffs for their unreasonable and unilateral discovery efforts, explained in more detail below, and should order them to cooperate in the scheduling of depositions.

Plaintiffs also misrepresent that Defendant has "refused to cooperate in the scheduling of a 30(b)(6) deposition and have produced no witnesses for deposition despite repeated requests to do so in a timely fashion." This is false. Shortly after this lawsuit was filed and in connection with the Plaintiffs' first round of discovery motions, the Court in its August 2, 2005, Minute Entry stated that depositions were to be scheduled **"after all written discovery has been exchanged."** Plaintiffs, by their choice, extended the opt-in period through July of 2006 (more than a year after the lawsuit was filed) and to date continue to pursue voluminous written discovery from the Defendant and non-parties. The Defendant has provided written discovery responses and documents and, notwithstanding the August 2, 2005, Minute Entry, has repeatedly communicated a willingness to cooperate in scheduling depositions and has requested available dates and times from Plaintiffs for their depositions. See Exhibit 1. Rather than cooperate, Plaintiffs have insisted that Defendant provide its deposition first, have refused to provide dates and times for their own depositions, and have **<u>unilaterally</u>** noticed the deposition of Defendant.

The undisputed facts refute Plaintiffs' assertions and, thus, Plaintiffs' motion to compel Defendant's deposition should be denied.

### III. Plaintiffs' Unreasonable And Unilateral Notice Of Defendant's 30(b)(6) Deposition Violated The Federal Rules Of Civil Procedure, And Their Motion To Compel Same Should Be Denied

While Defendant was in the process of preparing supplemental discovery responses per Plaintiffs' prior discovery motion and the Court's August 3 Minute Entry, on the afternoon of August 14, 2007, Plaintiffs demanded dates for a Louisiana Code of Civil Procedure 1442 deposition[2] of Defendant and for the depositions of **thirteen** specified and other **unspecified** individuals. See Exhibit 1. Plaintiffs also demanded that the dates be provided by the close of business **less than two days later**, on August 16, 2007. Plaintiffs' demand was not accompanied by nor did it refer to any subject matters as to which they wished to examine the Defendant. Plaintiffs stated a preferred date of **August 27** for the corporate deposition, **only thirteen days after their demand.** Plaintiffs also demanded that a discovery conference under the state court rules occur at 9:00 a.m. on August 16 if Defendant did not comply with their unreasonable demands. *Id.*

Defendant responded to Plaintiffs' demands, informing them that with respect to the request for depositions of the thirteen specific people, several of them no longer work for the Defendant and live outside the jurisdiction of the Court. Defendant explained that it would take more than two days to communicate with such individuals and provide available dates and

locations for their depositions. Defendant also noted that Plaintiffs requested dates for the deposition of an unspecified group of owners, officers and/or directors who are "involved in the management of the New Orleans Hornets." Defendant objected to this request, explaining that it is so over broad as to be unreasonable and beyond the scope of discovery permitted under Federal Rule of Civil Procedure 26. Finally, Defendant also noted, with respect to Plaintiffs' request for the individual deposition of the Defendant's owner, George Shinn, that Mr. Shinn has not in any way been connected with the wage and hour claims of the Plaintiffs in this case either by the allegations or discovery thus far. Defendant's written discovery responses identify the individuals involved in the wage and hour decisions at issue in this lawsuit, and Mr. Shinn is not one of them. Further, the Plaintiffs have not made any allegations in their complaint, discovery responses, or other pleadings regarding Mr. Shinn, which suggests that their effort to drag him into this lawsuit when he has absolutely no connection to the allegations is nothing more than an effort to use the discovery process to harass him.

Defendant also informed Plaintiffs that their demand for a corporate deposition, whether under Louisiana Code of Civil Procedure Article 1442 or Federal Rule of Civil Procedure 30(b)(6), was improper and unreasonable for several reasons, and therefore that a response was not possible. Any request for a corporate deposition requires a description, with reasonable particularity, of the matters on which examination is requested. One purpose of the requirement is to allow the corporate party a reasonable opportunity to identify the representative(s) who will be able to appear and testify as to those matters. At the discovery hearing on August 3, 2007, the

---

[2] Plaintiffs' demand for discovery in accordance with Louisiana rules is contrary to their prior agreement to consolidate discovery in the three overlapping state and federal court lawsuits in this lawsuit. It is unclear why Plaintiffs would attempt to circumvent the efforts of this Court to manage discovery of these overlapping issues, particularly after Plaintiffs through their own

Court denied Plaintiffs' motion to compel with respect to several requests pending a 30(b)(6) deposition, and explained that the information requested would be better ascertained through such a deposition than through the over broad discovery requests. At that hearing, Plaintiffs' counsel, Mr. Buras, stated that he would provide an updated Rule 30(b)(6) deposition request, with specific subject matters for examination, for Defendant's consideration and response. Plaintiffs did not include such a revised request with the August 14 email sent at 1:56 p.m. Rather, at 5:05 p.m. that day, while Defendant was in the process of responding to the 1:56 p.m. email, Plaintiffs faxed an updated 30(b)(6) request containing **45 different subject** matters, one of which incorporated the August 3, Minute Entry by reference and Plaintiffs' prior written discovery requests by reference, for examination.

     Defendant advised Plaintiffs that, even if the proposed subject matters were unobjectionable, less than 15 hours' notice provided after the close of business was insufficient to allow the Defendant to review more than 45 subject matters (which incorporate other subject matters by reference) and to designate any corporate representative(s) who could testify, much less determine their availability and location. Defendant also advised Plaintiffs that less than 15 hours was insufficient to allow Defendant to identify and inform Plaintiffs of any objections to the 30(b)(6) request and attempt to resolve them as required by the federal rules. Further, the timing of Plaintiffs' unreasonable demands and notice (in the final days of the two weeks provided for Defendant to supplement prior discovery responses) appears to have been calculated to harass the Defendant and interfere with its efforts to comply with the Court's August 3 Minute Entry.

---

repeated discovery motions and hearings have consumed a significant amount of this Court's time and resources.

{B0462705.1}

Defendant informed Plaintiffs that its counsel was not available at 9:00 a.m. on August 16, the time unilaterally chosen by Plaintiffs for a discovery conference in the absence of Defendant's agreement to their unreasonable demands. Defendant noted that, even if its counsel were available, they could not reasonably be prepared to participate in such conference for the reasons explained above. Finally, contrary to Plaintiffs' unfounded accusations, Defendant stated that it would review the Plaintiffs' request and respond within a reasonable time, but Plaintiffs have rejected that opportunity with another round of baseless discovery motions seeking, among other things, an order compelling Defendant's 30(b)(6) deposition.

## IV.   Defendant Complied With This Court's August 3 Minute Entry And The Federal Rules Of Civil Procedure

Perhaps the most absurd of Plaintiffs' misrepresentations is their assertion that Defendant failed to comply with the Court's August 3 Minute Entry, the purported basis of their motion for contempt and sanctions. Plaintiffs contend that the Court, in its August 3 Minute Entry, ordered the Defendant to "**deliver** all outstanding discovery to Plaintiffs no later than 17 August." [Emphasis added.] This language does not appear anywhere in the Minute Entry. Rather, the Minute Entry states that Defendant is to provide supplemental discovery responses "within two (2) weeks." Plaintiffs did not at any time request that the discovery responses be served or made available in any manner other than as required by the Federal Rules of Civil Procedure. Likewise, the Minute Entry does not specify any special method of service or production beyond that required by the Federal Rules of Civil Procedure. If Plaintiffs had a different desire, the time to address it was at the August 3 hearing, not after the response date. Likewise, had Plaintiffs wished to review documents on August 17 or at any other specific date and time thereafter, a simple telephone call would have sufficed. However, Plaintiffs did not make any such request at any time on or before August 17, and instead waited until August 23 to file motions to compel,

for contempt and sanctions, and for expedited hearing, all deficient for (among other reasons) their failure to comply with Rule 37.1.[3]

Plaintiffs sent approximately ten separate communications to Defendant from August 3 to August 17, the two weeks between the discovery hearing and response date. Plaintiffs' communications conveyed more written discovery requests to Defendant and a **unilateral** corporate deposition notice, among other things. Nowhere in any of Plaintiffs' communications is any reference to an expectation or request to review Defendant's document production on August 17, or that they be produced in a manner other than as required by the Federal Rules of Civil Procedure.

On August 17, Defendant's supplemental discovery responses were sent to Plaintiffs via email. The email transmission specifically stated that "a copy of the documents is available in Jones Walker's New Orleans office and you may arrange to pick them up at your convenience, or they can be mailed to you." The email also asked that Plaintiffs communicate their preference for reviewing or obtaining the documents. This was more than required by Federal Rule of Civil Procedure 34, which requires only that documents be made available for inspection or copying on or before the response date.

On August 20, Plaintiffs' counsel, Bryan Knight, requested a copy of the documents. Defendant made an additional courtesy copy of the documents (at no charge to Plaintiffs) and made them available for Mr. Knight immediately. *Mr. Knight also requested that a copy of the documents be mailed to his co-counsel, Mr. Buras, although the documents already were (as noted previously) available for inspection and copying in New Orleans.* A copy of the documents

---

[3] Defendant has agreed to proceed with the Court hearing on an expedited basis in spite of Plaintiffs' failure to comply with Rule 37.1 and asks that the Court take this failure in account and as an additional basis for admonishing Plaintiffs and denying their motions.

was mailed to Mr. Buras, per Mr. Knight's request, on August 20, and Mr. Knight picked up his copy of the documents on August 21. Importantly, Mr. Buras still has not made any request to review or obtain the documents in any specific manner or at any specific time other than as allowed by the Federal Rules of Civil Procedure, so he alone is responsible if the documents are not yet in his possession and has no legitimate complaint against Defendant or its counsel.

## VI.   Conclusion

If there has been any discovery violation or abuse, it clearly has not been at the hands of Defendant. Plaintiffs' misrepresentations and discovery conduct warrant admonishment, at a minimum, and their motions should be denied. Further, in order to prevent further abuse and delay by Plaintiffs, the Court should enter an order regarding the sequencing and timing of depositions and the scope of any deposition of Defendant.

Respectfully submitted,

**JONES, WALKER, WAECHTER, POITEVENT,
  CARRÈRE & DENÈGRE, L.L.P.**


/s/ Jennifer L. Anderson
JENNIFER L. ANDERSON, T.A. (Bar No. 23620)
Four United Plaza
8555 United Plaza Blvd.
Baton Rouge, LA 70809-7000
Telephone: (225) 248-2000
Facsimile: (225) 248-2010
E-mail: janderson@joneswalker.com

and

SIDNEY F. LEWIS, V (Bar No. 17026)
JANE H. HEIDINGSFELDER (Bar No. 28604)
201 St. Charles Avenue, 50th Floor
New Orleans, LA 70170-5100
Telephone: (504) 582-8000
Facsimile: (504) 582-8015
E-mail:  slewis@joneswalker.com
E-mail:  jheidingsfelder@joneswalker.com
***COUNSEL FOR DEFENDANT,
   NEW ORLEANS HORNETS NBA L.P.***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTIONS TO COMPEL, FOR CONTEMPT, AND FOR SANCTIONS has been served on all counsel of record below by the Court's EF/CMF system as a result of their registration for e-noticing and service via same:

Howard Daigle
Daniel E. Buras, Jr.
Elvige Cassard Richards
Daigle Fisse, PLC
227 Highway 21
Madisonville, LA 70447
Facsimile: (985) 871-0899

Stewart E. Niles, Jr.
Bryan J. Knight
Niles, Bourque & Fontana LLC
909 Poydras Street, Suite 3500
New Orleans, LA 70112
Facsimile: (504) 310-8590


/s/ Jennifer L. Anderson