
# JONES WALKER

Jennifer L. Anderson
Direct Dial 225-248-2040
Direct Fax (225) 248-3040
janderson@joneswalker.com

August 24, 2007

**VIA FACSIMILE AND U.S. MAIL**

Chief Magistrate Judge Alma L. Chasez
U.S. District Court, Eastern District of Louisiana
500 Poydras Street, Room B-347
New Orleans, LA 70130

      Re:   *Liger, et al. v. New Orleans Hornets NBA Limited Partnership*
            Civil Action 05-1969, U.S. District Court for the Eastern District of Louisiana
            Our File Number: 105190-00

Dear Magistrate Judge Chasez:

      I am compelled by the misrepresentations in Plaintiffs' letter faxed to the Court late yesterday to respond so that the Court is not misled. Plaintiffs failed to provide Defendant any prior notice of their letter, and due to their failure to comply with Local Rule 37.1, Defendant was not given a reasonable opportunity to try to resolve the matters addressed in the discovery motions attached to the letter. Defendant hopes for the Court's wisdom and intervention to avoid the further waste of time and resources caused by Plaintiffs' latest round of discovery motions.

      I.    **Defendant's Supplemental Discovery Responses**

      Plaintiffs stated in their letter that the Court, in its August 3 Minute Entry, ordered the Defendant to "deliver all outstanding discovery to Plaintiffs no later than 17 August." This language does not appear anywhere in the Minute Entry. Rather, the Minute Entry states that Defendant is to provide supplemental discovery responses "within two (2) weeks." Plaintiffs did not at any time request that the discovery responses be served or made available in any manner other than as required by the Federal Rules of Civil Procedure. Likewise, the Minute Entry does not specify any special method of service or production beyond that required by the Federal Rules of Civil Procedure. If Plaintiffs had a different desire, the time to address it was at the August 3 hearing, not after the response date. Likewise, had Plaintiffs wished to review documents on August 17 or at any other specific date and time thereafter, a simple telephone call would have sufficed. However, Plaintiffs did not make any such request at any time on or before August 17, and instead waited until yesterday, August 23, to file motions to compel, for contempt and sanctions, and for expedited hearing, all deficient for (among other reasons) their failure to comply with Rule 37.1.

{B0462342.1}   JONES, WALKER, WAECHTER, POITEVENT, CARRÈRE & DENÈGRE L.L.P.

8555 UNITED PLAZA BOULEVARD • BATON ROUGE, LOUISIANA 70809-7000 • 225-248-2000 • FAX 225-248-2010 • E-MAIL info@joneswalker.com • www.joneswalker.com

BATON ROUGE     HOUSTON     LAFAYETTE     MIAMI     NEW ORLEANS     WASHINGTON, D.C.

August 24, 2007
Page 2

  Plaintiffs sent approximately 10 separate communications to Defendant from August 3 to August 17, the two weeks between the discovery hearing and response date. Plaintiffs' communications conveyed more written discovery requests to Defendant and a *unilateral* corporate deposition notice, among other things. Nowhere in any of Plaintiffs' communications is any reference to an expectation or request to review Defendant's document production on August 17, or that they be produced in a manner other than as required by the Federal Rules of Civil Procedure.

  On August 17, Defendant's supplemental discovery responses were sent to Plaintiffs via email. The email transmission specifically stated that "a copy of the documents is available in Jones Walker's New Orleans office and you may arrange to pick them up at your convenience, or they can be mailed to you." The email also asked that Plaintiffs communicate their preference for reviewing or obtaining the documents. This was more than required by Federal Rule of Civil Procedure 34, which requires only that documents be made available for inspection or copying on or before the response date.

  On August 20, Plaintiffs' counsel, Bryan Knight, requested a copy of the documents. Defendant made an additional courtesy copy of the documents (at no charge to Plaintiffs) and made them available for Mr. Knight immediately. *Mr. Knight also requested that a copy of the documents be mailed to his co-counsel, Mr. Buras, although the documents already were (as noted previously) available for inspection and copying in New Orleans.* A copy of the documents was mailed to Mr. Buras, per Mr. Knight's request, on August 20, and Mr. Knight picked up his copy of the documents on August 21. Importantly, Mr. Buras still has not made any request to review or obtain the documents in any specific manner or at any specific time other than as allowed by the Federal Rules of Civil Procedure, so he alone is responsible if the documents are not yet in his possession and has no legitimate complaint against Defendant or its counsel.

**II.** **The Parties' Depositions**

  Plaintiffs' letter to the Court states that Defendant, in a letter dated August 23, indicated that "no corporate representative or defense witness would be produced" for a 30(b)(6) deposition. Attached as "Exhibit 1" is Defendant's August 23 letter, which makes no such statement. Plaintiffs' counsel fails to disclose to the Court that the August 23 letter responded to Plaintiffs' *unilateral* notice of Defendant's corporate deposition under Rule 30(b)(6) and Louisiana Code of Civil Procedure article 1442 to occur Wednesday, August 29, and continue ostensibly to day to day thereafter. Contrary to Plaintiffs' assertion, the August 23 letter reflects a request that counsel cooperate to select mutually convenient dates and times for all parties' depositions, and reiterates the request for available dates for Plaintiffs' depositions (which request to date has been ignored). Plaintiffs also state that this alleged "refusal to produce witnesses for deposition violates both the substance and the content" of the August 3 Minute Entry. The Minute Entry contains no such order, but instead notes that certain information sought by Plaintiffs through written discovery requests should be pursued, at least initially, through a 30(b)(6) deposition. In fact, the discovery hearing that resulted in the Minute Entry addressed the parties' respective motions regarding written discovery, not depositions.

August 24, 2007
Page 3

Finally, Plaintiffs state that Defendant has "refused to cooperate in the scheduling of a 30(b)(6) deposition and have produced no witnesses for deposition despite repeated requests to do so in a timely fashion." This is false. Shortly after this lawsuit was filed and in connection with the Plaintiffs' first round of discovery motions, the Court in its August 2, 2005, Minute Entry stated that depositions were to be scheduled "after all written discovery has been exchanged." Plaintiffs, by their choice, extended the opt-in period through July of 2006 (more than a year after the lawsuit was filed) and to date continue to pursue voluminous written discovery from the Defendant and non-parties. The Defendant has provided written discovery responses and documents and, notwithstanding the August 2, 2005, Minute Entry, has repeatedly communicated a willingness to cooperate in scheduling depositions and has requested available dates and times from Plaintiffs for their depositions. See August 15, 2007, letter and May 8, 2006, letter attached as "Exhibit 2" and "Exhibit 3" respectively. Rather than cooperate, Plaintiffs have insisted that Defendant provide its deposition first, have refused to provide dates and times for their own depositions, and have *unilaterally* noticed the deposition of Defendant.

### III. Conclusion

The Plaintiffs are determined to create controversy where none exists. As the Court appropriately noted during the August 3 discovery hearing, Plaintiffs have taken the "bazooka" approach in written discovery and is attempting to "turn the nation on its head" with more than 40 records subpoenas to third parties across the country. Apparently, Plaintiffs intend to take the same approach in depositions. It is hoped that this Court will instruct Plaintiffs' counsel to cooperate by identifying *mutually convenient* dates for depositions of Plaintiffs, Defendant, and witnesses. Defendant's reasonable efforts to do so have been rejected to date.

If there has been a "pattern and practice" of discovery abuse, to use Plaintiffs' terminology, the record reflects that it has not been at the hands of Defendant or its counsel. The Plaintiffs propounded hundreds of written discovery requests, as this Court is aware after having reviewed only a fraction of them pursuant to Plaintiffs' prior discovery motions, and the Defendant has produced thousands of documents. Plaintiffs have filed relentless discovery motions throughout this case rather than focusing on reasonable, relevant discovery and cooperating to schedule and engage in depositions. Plaintiffs have attempted to make this wage and hour lawsuit, which involves only 16 Plaintiffs and a single New Orleans employer, a matter of national concern by issuing subpoenas to more than 40 non-parties across the country. It is clear, however, from Plaintiffs latest round of discovery motions, that they will not, without Court intervention, cooperate in making progress with discovery and that they will continue to claim that they are dissatisfied at every turn, no matter how many written discovery requests are answered or how many documents are produced by Defendant. In light of the Plaintiffs' unilateral deposition notice, it also is clear that their conduct during depositions will be more of the same, such that Defendant will be forced to involve the Court in advance to set parameters regarding the scope and scheduling of depositions.

To that end, in addition to an opposition to Plaintiffs' latest discovery motions, Defendant will file its own motion to quash the corporate deposition unilaterally noticed to occur Wednesday, August 29 (originally set aside for the deposition of a single witness, Jack Capella)

August 24, 2007
Page 4

and for a protective order to govern the scope and scheduling of depositions. Defendant, in its August 23 letter to Plaintiffs requested a Rule 37.1 discovery conference for this purpose, but has not received a response. Counsel for Defendant is amenable to resolving the pending and anticipated discovery motions on an expedited basis, and will provide the Court with available dates upon request for same.

   Thank you for your consideration and please do not hesitate to contact me if I can be of assistance.

                Very truly yours,

                *Jennifer L. Anderson*

                Jennifer L. Anderson

JLA/td
Attachments
cc: Howard Daigle (via facsimile)
   Daniel E. Buras, Jr. (via facsimile)
   Elvige Cassard Richards (via facsimile)
   Stewart E. Niles, Jr. (via facsimile)
   Bryan J. Knight (via facsimile)



# JONES WALKER

Jane Heidingsfelder
Direct Dial 504-582-8306
Fax 504-589-8306
jheidingsfelder@joneswalker.com

August 23, 2007

**VIA EMAIL ONLY**
Daniel E. Buras, Esq.
Daigle Fisse, PLC
P. O. Box 5350
Covington, Louisiana 70434-5350

**VIA EMAIL ONLY**
Elvige Cassard, Esq.
Daigle Fisse, PLC
227 Highway 21
Madisonville, Louisiana 70447

**VIA EMAIL ONLY**
Bryan Knight, Esq.
Niles, Bourque & Fontana, LLC
909 Poydras Street - Suite 3500
New Orleans, Louisiana 70112

> RE: *Eugene Liger, et al. v. New Orleans Hornets NBA L.P.*
> *USDC – E.D. of Louisiana – Civil Action No. 05-1969 "C" (5)*
> *Our File No. 105190-00*

Dear Counsel:

I am in receipt of your letter dated August 21, 2007, relating to the Hornets' discovery responses of August 17, 2007. Your letter contains misrepresentations that require correction.

You state that the discovery responses we provided in accordance with Magistrate Judge Chasez's August 3, 2007, Order were not timely because you did not receive them until after the close of business on Friday, August 17. Magistrate Judge Chasez's Order does not state that discovery responses must be provided before the close of business on August 17. Rather, the Order states that discovery responses are to be provided within two weeks.

You state that the email forwarding our responses "expressly states" that Plaintiffs "must pick up the documents at [our] office." This is false. In fact, the email specifically states that "a copy of the documents is available in Jones Walker's New Orleans office and you may arrange to pick them up at your convenience, or they can be mailed to you."

JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE L.L.P.

201 ST. CHARLES AVENUE • NEW ORLEANS, LOUISIANA 70170-5100 • 504-582-8000  FAX 504-582-8583 • E-MAIL info@joneswalker.com • www.joneswalker.com
{N1700734.1}
BATON ROUGE   HOUSTON   LAFAYETTE   MIAMI   NEW ORLEANS   THE WOODLANDS   WASHINGTON, D.C.



EXHIBIT 1

August 23, 2007
Page 2.

This is in compliance with Federal Rule of Civil Procedure 34 which states that the documents in response to requests for production must be made available for inspection or copying. Magistrate Judge Chasez's Order did not require Defendants to provide documents to Plaintiffs other than as required by the Federal Rules of Civil Procedure.

The email asked Plaintiffs to notify me as to your preferred method for obtaining the documents. On Monday, Plaintiffs' counsel, Bryan Knight, called and expressed that he would like to pick up a copy of the documents. I agreed to make an additional copy for him and have them available for him to pick up. Mr. Knight also requested that I mail a copy of the documents to you at your office. Mr. Knight picked up his copy of the documents on Tuesday, August 21, 2007, and a copy of the documents was mailed to you on Monday, August 20, 2007, in accordance with Mr. Knight's request. We never received any correspondence from you requesting to inspect the copy of the documents available in our office or requesting that a copy be provided to you at all. Your complaint about a gratuitous copy of documents sent to you as a courtesy (and which you never made any effort to review or make arrangements to obtain) is frivolous.

With respect to depositions, it would be unreasonable to expect that the Hornets would appear for their unilaterally noticed deposition in advance of the depositions of the Plaintiffs, who initiated this litigation and bear the burden of proof. Your suggestion that we have ignored your requests for depositions is absurd. Please refer to the Court's August 2, 2005, Minute Entry in which the Court stated that "depositions will be scheduled after all written discovery has been exchanged." Any delay in scheduling depositions has been caused by the Plaintiffs' relentless pursuit of over broad, duplicative, and irrelevant written discovery and their refusal to accept the sufficient responses already provided by the Hornets. Further, at Plaintiffs' request, the opt-in period in the federal court litigation was extended until July of 2006, making it impractical to proceed with discovery before all the parties had joined the lawsuit. Nonetheless, we noted in our May 8, 2006, letter to Ms. Cassard that we wished to schedule the Plaintiffs' depositions and remained willing to schedule other depositions in this litigation at mutually convenient times. Plaintiffs never offered any dates in response to this request and, again, this letter refutes your assertion that any request to schedule depositions has been ignored. Further, in our letter to you dated August 15, 2007, we again requested available dates for Plaintiffs' depositions. Again, Plaintiffs never responded. So, the facts are quite the opposite as you have attempted to misrepresent them in your letter.

We remain willing to schedule depositions of the Plaintiffs, to be followed by the corporate deposition of the Hornets and any witness depositions, at mutually convenient times. If you are willing to cooperate in scheduling discovery, please confirm that you

{N1700734.1}

August 23, 2007
Page 3.


will withdraw your unilateral corporate deposition notice and provide me with dates on which you and your clients are available for depositions and we will promptly respond. If you are not willing to do so, consider this letter a request for a discovery conference this week to discuss the scheduling issues above.

    Finally, Plaintiffs' corporate deposition notice is objectionable in certain respects, and Plaintiffs' request for Mr. Shinn's deposition in particular is improper (per our prior correspondence). I hope that we can work these issues out as well, and request a discovery conference for that purpose. Please let me know when you are available this week for a discovery conference on these issues. I will forward a separate letter to you addressing the issues with Plaintiffs' notice for the purpose of our conference.

                      Sincerely,

                      Jane Heidingsfelder

JHH/khg

cc:    Stewart E. Niles, Jr., Esq. *(via email only)*

{N1700734.1}



# JONES WALKER

Jane H. Heidingsfelder
Direct Dial 504-582-8306
Direct Fax 504-589-8306
jheidingsfelder@joneswalker.com

August 15, 2007

**Via E-mail**

Daniel E. Buras, Esq.
Daigle Fisse, PLC
227 Highway 21
Madisonville, Louisiana 70447

Re: *Eugene Liger, et al. v. New Orleans Hornets NBA L.P.*
USDC – E.D. of Louisiana – Civil Action No. 05-1969 "C" (5) and
*Eugene Liger, et al. v. New Orleans Hornets NBA L.P.*, Civil District
Court – Orleans Parish, LA – Case Nos. 05-10068 and 05-10069 "L"
Our File No. 105190-00

Dear Dan:

    I am writing in response to your email sent at 1:56 p.m. on August 14, 2007, requesting dates for a Louisiana Code of Civil Procedure 1442 deposition and for the depositions of thirteen specified and other unspecified individuals, and requesting that we provide this information by the close of business two days later, on August 16, 2007, or alternatively that we participate in a discovery conference at 9:00 a.m. that day. I do not understand why Plaintiffs are now requesting an Article 1442 deposition and alternatively a Rule 10.1 conference when the parties have agreed to consolidate the discovery in all three cases, which involve overlapping issues, in the federal court matter, and when discovery disputes about those issues are being addressed to the U.S. Magistrate Judge in the federal court matter. The parties have been working with Magistrate Judge Chasez to delineate the scope of discovery in connection with the pending motions (including motions filed by Plaintiffs in the federal court matter), yet it appears the Plaintiffs are trying to circumvent discovery in the federal court matter by now attempting to pursue discovery (that is the subject of Magistrate Judge Chasez's recent order) within the state court matters that fall outside her jurisdiction. Please confirm if Plaintiffs are now reneging on their agreement to consolidate discovery for all three cases in the federal court matter and, if so, why.

JONES, WALKER, WAECHTER, POITEVENT, CARRÈRE & DENÈGRE L.L.P.

201 ST. CHARLES AVENUE • NEW ORLEANS, LOUISIANA 70170-5100 • 504-582-8000 • FAX 504-582-8583 • E-MAIL info@joneswalker.com • www.joneswalker.com
BATON ROUGE    HOUSTON    LAFAYETTE    MIAMI    NEW ORLEANS    WASHINGTON, D.C.



EXHIBIT 2

August 15, 2007
Page 2

With respect to the request for depositions of thirteen specified people, as Plaintiffs are aware, several of them no longer work for the Hornets and live outside the jurisdiction of the courts. Thus, it will take more than two days to communicate with such individuals and provide you with their available dates and locations. You have also requested the dates for the depositions of an unspecified group of owners, officers and/or directors who are "involved in the management of the New Orleans Hornets." This request is so over broad that it is unreasonable and beyond the scope of discovery permitted under Rule 26. Finally, although you have requested the individual deposition of the Defendant's owner, Mr. Shinn, he has not in any way been connected with the wage and hour claims of the Plaintiffs in this case either by the allegations or discovery thus far, such that we must question the propriety of his deposition and whether it is being sought solely for the purpose of harassment. Please explain why Plaintiffs believe his testimony will be relevant and discoverable so that we may determine whether we need to address any discovery issues to the appropriate court.

Additionally, your request for a corporate deposition, whether under Louisiana Code of Civil Procedure Article 1442 or Federal Rule of Civil Procedure 30(b)(6), is improper and unreasonable for several reasons, and therefore we are unable to respond. Any request for a corporate deposition requires that Plaintiffs describe with reasonable particularity the matters on which examination is requested. One purpose of this requirement is to allow the corporate party a reasonable opportunity to identify the representative(s) who will be able to appear and testify as to those matters. At the hearing on August 3, 2007, Magistrate Judge Chasez denied Plaintiffs' motion to compel with respect to several requests pending a 30(b)(6) deposition. She explained that the information requested would be better ascertained through such a deposition than through the Plaintiffs' over broad discovery requests. It was our understanding from our conversations with you during the hearing that Plaintiffs would be providing a Rule 30(b)(6) deposition request. As of the time I began preparing this response to your August 14 email, such a request had not been received. However, at 5:05 p.m. today, via facsimile, you provided the Rule 30(b)(6) request you referred to at the hearing. Again, we do not understand why you have asked for both an Article 1442 deposition and a Rule 30(b)(6) deposition in these cases with overlapping issues, unless of course Plaintiffs are reneging on their agreement to consolidate discovery in the federal court matter for efficiency and to avoid needless expense. Please advise if Plaintiffs intend to pursue a corporate deposition in each of the three cases, or in more than just the federal court case, so that we can conduct a discovery conference to address the needless duplication of effort and expense.

With respect to this evening's Rule 30(b)(6) request, Plaintiffs have identified 45 subject matters for the corporate deposition, and additionally have incorporated by reference Magistrate Judge Chasez's order (which was not attached to the request), which

August 15, 2007
Page 3

order itself references many of Plaintiffs' discovery requests (which were not attached to the request). Obviously, it is unreasonable to expect that, even if the proposed subject matters were unobjectionable, less than 15 hours' notice provided after the close of business is sufficient to enable us to review more than 45 subject matters (which refer us to other documents not provided with the request) and to designate any corporate representative(s) who could testify, much less determine their availability and location for a deposition. Additionally, less than 15 hours is insufficient to allow us to identify and inform you of any objections to the Rule 30(b)(6) request's unnecessarily large number of, and over broad, subject matters and attempt to resolve them as required by the federal rules.

In any event, we are not available at 9:00 a.m. tomorrow to participate in a discovery conference regarding these matters (and could not reasonably be prepared to do so for the reasons noted above if we were available). However, we will review the Rule 30(b)(6) request we have just received and, depending upon your response to our questions above, will respond to your requests within a reasonable time.

As we have previously noted, we also would like to take the Plaintiffs' depositions and request a response regarding their availability for same as soon as possible. Needless to say, in light of the issues with and timing of your corporate deposition request(s) above, August 27 is not a reasonable date for a corporate deposition of the New Orleans Hornets and, in any event, we are not available on that date.

Finally, in response to your prior request regarding our availability for Mr. Capella's deposition, which Plaintiffs are rescheduling, of the dates you offered, August 29 is available. Please confirm if his deposition will be rescheduled on that date and the time and location if so.

Sincerely,

Jane H. Heidingsfelder

JHH/

cc:   Ms. Jennifer Anderson (via email)
      Ms. Elvige Cassard (via email)
      Mr. Brian Knight (via email)

# JONES WALKER

Jennifer L. Anderson
Direct Dial 504-582-8414
Fax 504-582-8015
janderson@joneswalker.com

May 8, 2006

<u>VIA TELEFAX NO. (985) 871-0899
AND U.S. MAIL</u>

Elvige Cassard, Esq.
Daigle Fisse, PLC
109 Northpark Blvd. – Suite 125
Covington, Louisiana 70433

    RE:   *Eugene Liger, et al. v. New Orleans Hornets NBA L.P.*
           *Civil District Court – Orleans Parish, LA - Case Nos. 05-10068 "L"*
             *and 05-10069 "L"*
           *USDC – E.D. of Louisiana – Civil Action No. 05-1969 "C" (5)*
           <u>*Our File No. 105190-00*</u>

Dear Elvige:

       This is in reference to Plaintiffs' requests for 1442 and 30(b)(6) depositions of the New Orleans Hornets in the referenced federal and state litigation. As I previously discussed with Mr. Buras, I was not available for depositions before May 1, 2006, due to several out-of-town trials and other conflicts, but remain willing to schedule the depositions at mutually convenient times.

       Because many of the Plaintiffs are the same in the federal and state litigation and because several of the issues are overlapping, I propose taking one deposition of each common party or witness (rather than one deposition in each case). I discussed this with Mr. Buras, who agreed that this approach is reasonable and efficient. As Mr. Buras is currently on leave, please let me know your availability so that we try to establish mutually convenient dates for depositions.

JONES, WALKER, WAECHTER, POITEVENT, CARRÈRE & DENÈGRE L.L.P.

201 ST. CHARLES AVENUE  NEW ORLEANS, LOUISIANA 70170-5100   504-582-8000   FAX 504-582-8583   E-MAIL info@joneswalker.com   www.jon
{N1490561.1}
BATON ROUGE   HOUSTON   LAFAYETTE   MIAMI   NEW ORLEANS   WASHINGTON, D.C.


EXHIBIT 3

May 8, 2006
Page 2 of 2.

    Finally as I also discussed with Mr. Buras, after reviewing the 1442 and 30(b)(6) notices, several topics designated by Plaintiffs are beyond the scope of discovery. I will send a separate letter outlining Defendant's objections to those topics to see if we can reach an agreement, which will then allow us to determine which corporate representatives will be designated in response to the notices.

    If you have any questions in the meantime, please do not hesitate to call.

                                Sincerely,

                                Jennifer L. Anderson

JLA/mjs

cc:    Lawrence J. Centola, Esq.

{N1490561.1}