# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**EUGENE LIGER, ET AL.**                    **CIVIL ACTION NO.  05-1969**

**VERSUS**                                  **SECTION "C"**

**NEW ORLEANS HORNETS NBA LIMITED**         **MAGISTRATE 05**
**PARTNERSHIP**

---

## DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR EXPEDITED HEARING AND PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR CONTEMPT AND SANCTIONS

---

**MAY IT PLEASE THE COURT:**

**I.        Introduction**

    The New Orleans Hornets NBA Limited Partnership ("Hornets") submits this memorandum in opposition to the Plaintiffs' request for an expedited hearing[1] on their

---

[1]  Plaintiffs filed their 26-page Supplemental Memorandum "demanding" the most draconian sanctions at 6:36 p.m. on September 5, 2007, the evening before the Hornets were scheduled to take three of the Plaintiffs' depositions. While the Hornets are confident that the Court in its reasoned judgment will recognize that the Plaintiffs' motion is facially defective for its lack of any factual or legal support, to the extent the Court intends to dignify the Plaintiffs' demands, the Hornets respectfully request a full and fair opportunity to brief the matter and be heard. Less than three business days, one of which was consumed with depositions in this case, is insufficient to be able to respond to the multitude of unmeritorious allegations in Plaintiffs' motion. While the Hornets' counsel have canceled other matters to make themselves available at 2:00 p.m. on Monday, September 10, at the Court's request and now submit this opposition within those time constraints, they respectfully submit that the short time is inadequate to address a request of this magnitude, now matter how unmeritorious.

Supplemental Memorandum in Support of Motion for Contempt and Sanctions ("Supplemental Memorandum"), and in opposition to their request for contempt and sanctions.

The Plaintiffs propounded admittedly over broad and otherwise improper discovery requests, which not surprisingly required the Hornets to assert objections. The ***Plaintiffs*** then ***waited for nearly two years*** to file a motion to compel challenging the sufficiency of the Hornets' objections. Plaintiffs have now acknowledged that their original requests were broadly drafted (not with the "reasonable particularity" required by Rule 34) and, in fact, have issued new, more specific, discovery requests, *all after the August 3 2007 hearing on the Hornets' motion to quash and Plaintiffs' motion to compel*. See Exhibit 1, August 9, 2007, letter from Dan Buras to Jennifer Anderson (conceding that financial information "**was broadly requested in Plaintiffs' prior discovery requests**" and that "**I have attached specific requests clarifying exactly what information is requested**"). The Plaintiffs were responsible for bringing the issue of their over broad requests to the Court for resolution, not the Hornets, and they are accountable for any delay in doing so or in attempting to fashion an appropriate request.

Because of this central fact, the Plaintiffs' motion and memorandum are unsupported by fact or law, and instead are based on nothing but rhetoric and hyperbole. Counsel for plaintiffs knows that the Court, in its August 3 Minute Entry, resolved the parties' dispute over Plaintiffs' over broad discovery requests, and defined more particularly the responsive information to be provided. Despite this context, counsel for plaintiffs ask this Court to impose the most draconian sanctions under the most innocuous set of circumstances based on reckless allegations of willful and bad faith discovery violations following the Hornets good faith discovery supplementation required by Rule 26(e), which would be sanctionable if not provided. To grant the Plaintiffs'

request under these circumstances would render meaningless Rule 26(e)'s requirement to supplement disclosures and responses with "additional or corrective information," and would turn every legitimate discovery supplementation into a sanctionable action. This is neither the letter nor the spirit of the law, and it is not warranted under the circumstances before the Court.

The Hornets have now produced 6,698 pages of records (and voluminous additional data in electronic form) spanning a period of seven years in response to hundreds of sweeping discovery requests in this wage and hour case filed on behalf of only 16 former sales employees. The Hornets have accomplished this production in spite of an unprecedented natural disaster that, only **two months** after this lawsuit was filed, caused the evacuation of the entire City of New Orleans, the closure of this Court for three months, the relocation of the Hornets' operation to Oklahoma, and now the relocation of its operation back to the City of New Orleans. In conjunction with its recent return to Louisiana during the summer of 2007, the Hornets also have relocated their offices. The disaster, evacuation, and relocation caused by the 2005 hurricane season naturally prompted turn-over in the organization as employees scattered for various personal reasons and were unable or unwilling to relocate with the organization. In fact, the accounting area has been comprised of all new personnel since shortly after the hurricanes of 2005 and has encountered new personnel with each relocation. These circumstances, which have contributed to the difficulty in locating much of the financial information sought by Plaintiffs, are not the nefarious workings of any party (as the Plaintiffs carelessly claim), but rather are the legitimate and innocuous result of the post-Katrina realities no doubt facing many businesses affected by the 2005 hurricane season and its aftermath.

The Hornets responded to the discovery requests as limited and required by the Court's August 3 2007 Minute Entry on August 17. After having done so, additional responsive documents were identified in a storage facility in connection with the Hornets' recent relocation in files that were believed to have been previously considered and/or searched. The files, which had been packed and moved by a separate moving company, were not organized or labeled accurately, so all of the files (approximately 70 boxes) in the storage facility were searched and/or re-searched in order to ensure that all responsive documents were obtained. The Hornets immediately informed Plaintiffs of the discovery and began gathering, labeling, and producing the documents in supplementation of their prior discovery responses, as is their duty under Rule 26(e). The volume of information recently produced is a mere fraction of the information previously produced by the Hornets in this litigation, and much of it represents the same information (or, subsets thereof) or type of information presented in a different format or version. Such a production is expressly contemplated and permitted by the rules, and is not a nefarious activity in derogation of a Court order or a willful or bad faith activity sanctionable under Rule 37, as Plaintiffs recklessly allege.

The discovery period in this case remains open, and is not set to close for yet another month and a half. There has been only one scheduling order entered in this case, and only one set of deadlines and trial date. Only now, nearly two years *after* propounding over broad discovery requests, *after* filing their recent motion to compel, and *after* this Court's August 3, 2007 Minute Entry, have the Plaintiffs finally decided to identify the documents they seek with the "reasonably particularity" required by Rule 34, as shown in Exhibit 1 hereto and by the references to more narrow categories or types of documents referenced in their Supplemental

Memorandum. The Plaintiffs did not inform the Hornets of any alleged prejudice by the timely supplementation, did not ask to delay depositions, deadlines, or trial, and did not even review the documents before filing their Supplemental Memorandum. Rather, they filed an ill-conceived "demand" for the death-penalty of discovery sanctions under the most innocuous of circumstances and without any evidence whatsoever of any willful or bad faith discovery delays or any disobedience of a Court order. The Plaintiffs' request must be denied.[2]

## II.    Rule 26(e) Expressly Contemplates and Requires That Parties Supplement Their Disclosures and Discovery Responses With Additional or Corrective Information

It is absurd for Plaintiffs to demand sanctions for the required supplementation of discovery, particularly without any evidence that the Hornets knew of, but willfully or in bad faith failed to produce, responsive information. The discovery rules expressly contemplate that parties will continue to discover additional and corrective information throughout litigation, and requires them to supplement their disclosures and discovery responses as information is discovered. Rule 26(e) expressly provides that parties are under:

> . . . a **duty to supplement or correct** the disclosures or response to include information thereafter acquired if ordered by the court or in the following circumstances:
>
> (1) A party is under a duty to supplement at appropriate intervals its disclosures under subdivision (a) **if the party learns that in some material respect the information disclosed is incomplete or incorrect** and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. . . .
>
> (2) A party is under a duty **seasonably to amend a prior response** to an

---

[2] The Hornets will not oppose a reasonable continuance of the time for Plaintiffs to take its 30(b)(6) deposition or any other deadline or date if approved by the Court in this case. However, although Plaintiffs suggest that such a continuance is necessary, they do not ask for one in their Supplemental Memorandum. The current scheduling order and trial date are the first settings in the case, so Plaintiffs cannot legitimately claim they would be prejudiced if they were in need of brief continuance of any deposition, deadline, or date in this case.

interrogatory, request for production, or request for admission **if the party learns that the response is in some material respect incomplete or incorrect** and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

F.R.C.P. 26(e)(1)-(2). This is exactly what has occurred in this case and it is absurd for the Plaintiffs to seek sanctions for activity expressly contemplated and required by the Federal Rules of Civil Procedure.

Further, the Plaintiffs allege that the Hornets have violated the Court's August 3 Minute Entry by making a supplemental document production in accordance with Rule 26(e). The Court's August 3 Minute Entry resulted from the Plaintiffs' motion to compel challenging the Hornets' objections to their over broad and otherwise improper discovery requests. The Court resolved the parties' dispute regarding the objections, and the Hornets supplemented their discovery responses accordingly on August 17. The Court did not in any way except the Hornets from the supplementation requirement of Rule 26(e) or state that the Hornets would not be given any further opportunity to participate in discovery in this case. ***In fact, had the Hornets failed to produce the recently discovered documents, they would have been subject to sanctions under Rule 37(c).*** F.R.C.P. 37(c)(1) ("[a] party that without substantial justification fails to . . . amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence . . . any witness or information not so disclosed" and "in lieu of this sanction, the court . . . may impose other appropriate sanctions").

The Plaintiffs have presented no evidence that the Hornets knew of the documents recently produced at the time they supplemented their responses on August 17 in accordance with the Court's Minute Entry, and they have no grounds for accusing the Hornets otherwise. The Hornets' good faith supplementation of their discovery responses is not grounds for

sanctions—it is required by the Federal Rules of Civil Procedure.

III.    **Plaintiffs Failed to Carry Their Heavy Burden of Proof Regarding the Grave Sanctions They Seek and Failed to Demonstrate Prejudice**

The Plaintiffs allege, again without any factual support, that the Hornets have made numerous "admissions" about discovery, including an alleged admission to disobeying Court orders. The Plaintiffs' allegations are unsupported nonsense. The time constraints under which the Hornets were required to submit their opposition and appear for a hearing do not permit a an itemized response to the Plaintiffs' Supplemental Memorandum, however, the Hornets expressly deny the admissions alleged by Plaintiffs and any disobedience of this Court's orders.

The Plaintiffs have not offered evidence of anything other than a legitimate, good faith supplementation of discovery as required by Rule 26(e), which is not a violation of any Court order. The absence of any violation of a Court order makes sanctions under Rule 37(b) improper, much less the severe sanctions of striking defenses and entering a default judgment as requested by Plaintiffs under these circumstances. Indeed, a default judgment is "the most severe in the spectrum of sanctions provided by statute or rule." *Wilson v. Volkswagen,* 561 F.2d 494, 503 (4th Cir. 1977), *cert. denied,* 434 U.S. 1020, (1978). It represents an infringement upon a party's right to a trial by jury under the Seventh Amendment, runs counter to the public policy of deciding cases on their merits, and works against the goal of providing each party its fair day in court. *Id.,* 503-04; *Societe Internationale v. Rogers,* 357 U.S. 197, 209, (1958). Such an extreme remedy cannot be entered absent a finding that a party acted willfully and in bad faith, that the moving party was prejudiced by the conduct, and that a lesser sanction would not serve to punish or deter such conduct. *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 643, (1976). The same is true with respect to the sanction of striking defenses, particularly affirmative

defenses. In fact, Rule 37(b) expressly acknowledges that the Court, even upon finding a failure to comply with an order, can find that such failure was substantially justified and that an award of expenses is unjust. F.R.C.P. 37(b).

To sanction a party for making a legitimate, prompt, good faith Rule 26(e) supplemental disclosure or discovery response would punish a party for compliance with the discovery rules and discourage future compliance. The circumstances before the Court are simply not those that could justify or that have ever justified an award of sanctions. Supplementation of discovery responses is a party's obligation and cannot be sanctioned. Plaintiffs have not presented any analogous legal authority to support their request. Certainly, the fact that the Hornets supplemented their disclosures and the timing of the supplementation undermines Plaintiffs' reckless allegations of willfulness or bad faith. If, as Plaintiffs' claim, the goal of the Hornets' Rule 26(e) supplementation was to delay the progress of this action or "ambush" Plaintiffs, providing the supplementation only two weeks after the last set of discovery responses, *before* the Hornets 30(b)(6) deposition, one and one half months before the close of discovery, and three months before trial certainly was not very effective. Plaintiffs have ample time to conduct discovery (even if they wish to delay the Hornets' deposition), and Plaintiffs have received the supplementation well in advance of the close of discovery and trial.

Plaintiffs cannot show prejudice, even if they wish to seek a continuance of deadlines and trial, as it would be the first such continuance and they cannot demonstrate any harm as a result. *Ford v. Fogarty Van Lines, Inc.,* 780 F.2d 1582, 1583 (11th Cir., 1986) (reversing dismissal of action where plaintiff's failure to file a timely pretrial order was not shown to have "prejudiced [the defendant] in such a manner as to require dismissal with prejudice"); *Wembly, Inc., v.*

*Diplomat Tie Co.,* 216 F. Supp. 565, 574 (D. Md. 1963) (motion to strike exhibits and testimony denied because "no substantial right of the" moving party was found to have been affected by the allegedly incomplete answers to interrogatories). Plaintiffs cannot show that disclosure of the documents at issue two weeks earlier (had the Hornets known of them), following the resolution of the objections to Plaintiffs' over broad discovery requests, would have made any difference in they way they would have proceeded in the last two weeks or that it will materially affect their case. In fact, the Hornets were not trying to "ambush" Plaintiffs with its supplemental disclosure of documents.  The parties went forward with Plaintiffs' depositions on the agreed to date and the Hornets agreed not to use any of the recently produced documents at issue in the depositions. The facts simply do not support the Plaintiffs' allegations or the severe sanctions sought.

**IV.    The Hornets Have Obtained and Produced Documents From Third Parties, Contrary to Plaintiffs' Allegations and Beyond Their Obligation Under the Rules**

On August 30, 2007, *after* the Court's August 3 Minute Entry and the Hornets' August 17 discovery supplementation in accordance with same, the Plaintiffs *for the first time* argued that the Hornets are obligated to obtain and produce documents from third parties such as their accountants, consultants, attorneys, and others. Although the Plaintiffs are now claiming that all along they expected the Hornets to gather documents from attorneys and other third parties across the country who might have responsive documents, this new claim is directly contradicted by the fact that in May of 2007 Plaintiffs issued 42 subpoenas to third parties across the country, including the Hornets' accountants, seeking the very documents they now claim they expected the Hornets to gather all along. The Plaintiffs' changing positions simply cannot be reconciled.

In response to Plaintiffs' new position, the Hornets, noting that this alleged discovery deficiency was being raised for the first time, responded that it would endeavor to obtain certain

specific documents (without conceding Plaintiffs' argument) to avoid yet another discovery dispute. The Hornets reiterated that it would be more productive to cooperate in identifying and obtaining specific relevant information, rather than disputing the Plaintiffs' new position. To that end, the Hornets obtained and produced on September 6, 2007, their audited financial statements from KPMG for the years 2001-2006.  Plaintiffs wrongly allege that certain financial reports from the NBA are the only documents the Hornets have previously obtained from a third party and provided to Plaintiffs in discovery. In fact, the Hornets worked with its bank to obtain complete bank statements, which it previously produced to the Plaintiffs on August 3, 2007. Thus, Plaintiffs' motion is based on misinformation and, for that reason alone, must be denied.

Plaintiffs' unsupported assertion that the Hornets are required to obtain generalized documents from unspecified third parties, such as "consultants," is not reasonable. The Hornets have responded to Plaintiffs' specific requests within reason, but should not be required to contact unspecified third parties across the country asking for broad categories of documents. Even according to the Plaintiffs, they bear the burden of demonstrating that the Hornets have control (through a special relationship, such as employment or a statute) with a specific third party such that the Hornets have the legal or practical ability to command the release of specific documents. Thus, even under the standard articulated by Plaintiffs, their request for sanctions and contempt must be denied.[3]

---

[3] Plaintiffs also claim that the Hornets have violated the Court's 2005 Minute Entry permitting expedited discovery on narrow issues related to the motion to certify this matter for a collective action. The Court's 2005 Minute Entry related to an entirely different set of discovery requests, not the requests at issue in the Court's 2007 Minute Entry. The Plaintiffs have failed to point to any specific item in the Court's 2005 Minute Entry that allegedly has been violated, much less to make any specific argument to support such an allegations. Plaintiffs' assertion in this regard thus lacks merit and should be rejected.

**V.**    **Plaintiffs Have Offered No Support For Their Assertion That the Hornets Have Caused Any Delay in Discovery or the Progress of This Action**

Plaintiffs' allegation that the Hornets have delayed discovery in this matter is unfounded. The record of this case simply fails to support the Plaintiffs' argument and, instead, reveals that the most significant delays are accounted for by (1) the 2005 Hurricane season, (2) the Plaintiffs' request for an extraordinarily long opt-in period, (3) their strategy in pursuing a motion for partial summary judgment, unsuccessfully, before a scheduling order was even entered, and (4) *their own delay of two years* in filing a motion to resolve the Hornets' objections to their over broad discovery requests, in spite of which this lawsuit has otherwise progressed at a reasonable pace in light of the number of parties, claims, defenses, and issues involved:

| | |
|---|---|
| 5/27/05 | Lawsuit filed as a putative collective action |
| 7/19/05 | Preliminary conference held, referral to Magistrate Judge for discussion of a case management order |
| 7/2705 | Plaintiffs filed a motion to certify collective action |
| 7/27/05 | Plaintiffs propound interrogatories at issue |
| 8/3/05 | Plaintiffs propound requests for production at issue |
| 8/17/05 | Hearing on plaintiffs' motion to certify collective action |
| 8/29/05 | Hurricane Katrina made landfall, City of New Orleans evacuated |
| 8/10/05 | Parties and/or counsel temporarily dislocated |
| 9/15/05 | Hornets relocate operation to Oklahoma |
| 11/25/05 | Court reopened after Hurricane Katrina |
| 11/05-3/06 | Plaintiffs filed motions to substitute counsel |
| 2/6/06 | Court issued order resolving issues concerning notice to putative collective action members |

| | |
|---|---|
| 3/22/06 | Protective order entered as agreed by parties |
| 4/06 | Lead counsel for the majority of Plaintiffs is activated for duty |
| 6/27/06 | **Plaintiffs sought additional time for putative collective action members to opt-in** |
| 8/25/06 | **Plaintiffs filed motion for partial summary judgment** |
| 9/13/06 | Hearing on Plaintiffs' motion for partial summary judgment |
| 10/04/06 | Court denied Plaintiffs' motion for partial summary judgment |
| 12/11/06 | Notice of hearing of first scheduling conference |
| 1/4/07 | First scheduling order entered |
| 5-8/07 | Hornets relocated operation to City of New Orleans and move offices |
| 5/07 | **Plaintiffs issued 42 subpoenas to non-parties across the country** |
| 6/07 | Hornets filed motion for protective order, to quash subpoenas, and for other relief regarding third party subpoenas |
| 7/10/07 | Hornets' motion for protective order rescheduled to 8/3/07 |
| 7/19/07 | **Plaintiffs filed motion to compel on discovery requests propounded two years earlier** |
| 8/3/07 | Hearing on Hornets' and Plaintiffs' discovery motions |
| 8/17/07 | Hornets' supplement responses pursuant to Rule 26(e) and 8/3/07 Minute Entry |
| 8/23/07 | Plaintiffs filed motion to compel depositions and for contempt and sanctions |
| 8/29/07 | Hearing on Plaintiffs' motion to compel, depositions scheduled |

The Plaintiffs cannot legitimately complain of or attribute to Hornets any delay in the progress of

this lawsuit in light of the record facts set forth above.

**VI.    Conclusion**

The Plaintiffs are pursuing baseless sanctions against the Hornets and their requests must be denied.  It would be an abuse of discretion and miscarriage of justice to sanction a party for a good faith supplementation of discovery as required by Rule 26(e) *before* the party's deposition, *before* the close of discovery and *before* trial.  The record is void of any legal or factual support for the Plaintiffs' position, which must be rejected.

Respectfully submitted,

/s/ Jennifer L. Anderson
JENNIFER L. ANDERSON, T.A. (Bar No. 23620)
***Jones, Walker, Waechter, Poitevent,***
 ***Carrère & Denègre, L.L.P.***
Four United Plaza
8555 United Plaza Blvd.
Baton Rouge, Louisiana 70809-7000
Telephone: (225) 248-2040
Telefax: (225) 248-3040
e-mail: janderson@joneswalker.com

and

SIDNEY F. LEWIS, V (Bar No. 17026)
JANE H. HEIDINGSFELDER (Bar No. 28604)
***Jones, Walker, Waechter, Poitevent,***
 ***Carrère & Denègre, L.L.P.***
201 St. Charles Avenue, 50th Floor
New Orleans, Louisiana  70170-5100
Telephone:  (504) 582-8000
Telefax:  (504) 582-8015
e-mail:  slewis@joneswalker.com
e-mail:  jheidingsfelder@joneswalker.com
***COUNSEL FOR DEFENDANT,***
 ***NEW ORLEANS HORNETS NBA L.P.***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 10, 2007, I electronically filed the foregoing *Defendant's Memorandum in Opposition to Plaintiffs' Motion for Expedited Hearing and Plaintiffs' Supplemental Memorandum in Support of Motion for Contempt and Sanctions* with the Clerk of Court using the CM/ECF System which will send notification of such filing to all counsel of record listed below:

Howard Daigle
Daniel E. Buras, Jr.
Elvige Cassard Richards
Daigle Fisse and Kessenich, PLC
227 Highway 21
Madisonville, Louisiana 70447
Telefax:  (985) 871-0899

Stewart E. Niles, Jr.
Brian Knight
Niles, Bourque & Fontana LLC
909 Poydras Street - Suite 3500
New Orleans, Louisiana  70112
Telefax:  (504) 310-8590

/s/ Jennifer L. Anderson
JENNIFER L. ANDERSON