UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EUGENE LIGER, ET AL, * <br>     Plaintiffs in a Collective Action * <br> * <br> * <br> versus * <br> * <br> NEW ORLEANS HORNETS NBA LIMITED * <br> PARTNERSHIP, * <br>     Defendant * <br> * | CIVIL ACTION NO. 05-1969 <br><br> SECTION C <br><br> MAGISTRATE 05 |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS' OPPOSED MOTION TO EXTEND
WITNESS LIST, EXHIBIT LIST AND EXPERT REPORT DEADLINES
AND INCORPORATED MEMORANDUM IN SUPPORT**

**NOW COME PLAINTIFFS**, Eugene Liger, et al., ("Plaintiffs"), through undersigned counsel, and respectfully request the Court for an order extending the current deadlines set for the submission of the witness list, exhibit list and expert reports in the captioned case by revising the Scheduling Order to extend the present deadlines

> for the <u>witness list</u>[1]   to   October 22, 2007,
>
> for the <u>exhibit list</u>[2]   to   October 22, 2007,
>
> for <u>Plaintiffs' expert reports</u>[3] to October 22, 2007, and
>
> for <u>Defendant's expert reports</u>[4] to November 1, 2007,

---

[1, 2] The Scheduling Order currently sets these deadlines for September 14, 2007, although the parties agreed to extend these deadlines to September 21, 2007; however, as demonstrated *infra*, additional time is required.

[3, 4] Magistrate Chasez' August 3, 2007 Minute Entry extended the expert report deadlines as set in the Scheduling Order from August 15, 2007 to September 21, 2007 for Plaintiffs, and from September 15, 2007 to October 15, 2007 for Defendant; in light of the ongoing discovery abuses the court verbally extended the deadlines again to September 21, 2007 for Plaintiffs and to October 21, 2007 for Defendant. As demonstrated *infra*, additional time is required.

Dockets.Justia.com

for the reasons that follow:

The Hornets' repeated delays in responding to discovery, which are well-known to this court, include the refusal to produce all relevant information from which exhibits may be drawn, witnesses may be developed, and which experts must review in developing their reports. *See, e.g,* Doc. No. 122, Plaintiffs' Supplemental Memorandum in Support of Motion for Contempt and Sanctions.

By way of example only, consistent with the Hornets' conduct in this case, despite repeated court orders that Hornets produce discovery responses, and despite the imminent pre-trial deadlines, only in response to yet another court order has counsel for the Hornets advised Plaintiffs' counsel this week of approximately 16,000 pages of data contained in a database relating to the individual Plaintiffs' sales activities; the existence of database was never disclosed until last week. These documents respond to outstanding discovery requests and have been in the Hornets possession since well before this suit began. On September 5, 2007, counsel for the Hornets advised Plaintiffs' counsel that the Hornets recently "discovered" a whole roomful of records and 70 boxes of documents. In addition to this grossly untimely discovery of documents, the Hornets also claimed that it located a "voluminous" section of financial records so large in size that counsel for the Hornets advised that these documents will be made available for inspection at the offices of Jones Walker.

As a result of this continuing behavior the court has entered several orders in the case requiring the Hornets to cooperate in discovery. So egregious has been the Hornets conduct that Magistrate Chasez entered the following Order on September 10, 2007, in connection with Plaintiffs' Motion for Contempt and Sanctions:

> At the upcoming Rule 30(b)(6) deposition of defendant, plaintiffs are to develop a "chain of custody" of the documents that

have thus far been produced in this case in terms of the identity of the person(s) who searched for the documents, when they were given the order to search, the parameters of the search that was undertaken, the results of the search, and the location(s) of any additional responsive documents. Plaintiffs are to report the results of their deposition inquiries back to the Court so that the hearing on their motion can be reconvened. The Court stresses that the defendant has the obligation to produce any responsive, non-privileged documents in the hands of third parties, including but not limited to accountants, lawyers, etc., as well as documents that the third-parties created at the direction of the defendant. Any documents withheld on the basis of privilege are to be identified in a privilege log.

That the court felt it necessary to enter this order is telling of the obstructions raised by the Defendant in this case; moreover, it is astonishing that the Hornets even advanced the argument that they were not obligated to produce what was not in their possession.[5]

As this motion is being filed, the ordered 30(b)(6) depositions are going forward, with Hornets' witnesses admitting to the wholesale failure to engage in any good faith efforts to respond to discovery requests. Accordingly, new material, new evidence, and new witnesses can be expected. In any event, it is not possible for the parties or their experts to evaluate and present the enormous volume of documents and information that has been produced by the Hornets in just the past few weeks. Hornets' counsel was asked for agreement to seek an extension but has declined to do so.

Wherefore, premises considered, Plaintiffs request that the noted pre-trial deadlines be extended as shown noted above, and that Hornets be assessed with all costs and fees associated with the drafting and filing of this motion.

---

[5] Note that responsive information and material continues to be in the Hornets' possession but not been produced.

Respectfully submitted,

BY:/s/ Elvige Cassard Richards
HOWARD DAIGLE (#4454)
DANIEL E. BURAS, JR. (#26226) (T.A.)
ELVIGE CASSARD RICHARDS (#19386)
DAIGLE FISSE & KESSENICH, LP
227 Highway 21
Madisonville, LA 70447
Telephone: 985.871.0800
Facsimile: 985.871.0899
**ATTORNEYS PLAINTIFFS**

STEWART E. NILES, JR. (#10004)
BRYAN J. KNIGHT (#28640)
NILES, BOURQUE & FONTANA, L.C.
909 Poydras Street, 35th Floor
New Orleans, Louisiana 70112
Telephone (504) 310-8550
Facsimile (504) 310-8595
**ATTORNEYS FOR JESSICA BERRY
AND KEVIN BUCKEL**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above motion as been sent to opposing counsel by placing a copy of same in the U.S. mail, properly addressed, postage prepaid, or by any other means authorized by law, this 13th day of September, 2007.

/s/ Elvige Cassard Richards
ELVIGE CASSARD RICHARDS

E:\905\905-01 (Hornets OT)\PLEADINGS\DISCOVERY\Mot to Extend Deadlines Sept 07\Motion To Extend Witness List, Exhibit List and Expert Report Deadlines.doc

- 4 -