# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EUGENE LIGER, ET AL.** | **CIVIL ACTION NO. 05-1969** |
| **VERSUS** | **SECTION "C"** |
| **NEW ORLEANS HORNETS NBA LIMITED PARTNERSHIP** | **MAGISTRATE 05** |

### DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND WITNESS LIST, EXHIBIT LIST AND EXPERT REPORT DEADLINES

**MAY IT PLEASE THE COURT:**

The New Orleans Hornets NBA Limited Partnership ("Hornets") submits this memorandum in opposition to the Plaintiffs' motion seeking an extension of the parties' witness list, exhibit list, and expert report deadlines. The Hornets oppose Plaintiffs' motion because the extension of these selective deadlines will disrupt other pretrial deadlines and ultimately the trial date, and will prejudice the Hornets' ability to prepare its case, including its ability to obtain discovery within the current deadline, to prepare for dispositive motions, and to prepare for trial.

Specifically, Plaintiffs seek to move the witness list, exhibit list, and Plaintiffs' expert report deadlines by two and one-half months of the original deadlines to October 22, 2007, *after* the close of discovery and *after* the time for filing and hearing dispositive motions. Granting Plaintiffs' request would open the door for the disclosure of witnesses and evidence *after* the opportunity to conduct discovery regarding those witnesses and evidence has closed, which would prejudice the Hornets. The Hornets informed Plaintiffs that they oppose the extension of these selected key deadlines without regard to the adverse effect on the rest of the case, but that the Hornets would not oppose a reasonable extension of all corresponding deadlines and the trial

{B0466681.1}                                         - 2 -

date accordingly (which have not been extended previously in this case) to avoid disrupting the Scheduling Order or prejudicing any party. Plaintiffs refused, however, to consider the effect of their request on the rest of the Scheduling Order or the Hornets.

Plaintiffs' motion is not supported by good cause and, in fact, Plaintiffs have presented a grossly inaccurate statement of the history of discovery in this matter. The Magistrate Judge has never found any discovery abuse on the part of the Hornets, and in fact has held Plaintiffs' recent motion for contempt and sanctions in abeyance because the Plaintiffs failed to present any facts to support the draconian sanctions they seek. In fact, the Plaintiffs' current "emergency" is one of their own creation. The Plaintiffs propounded admittedly over broad and otherwise improper discovery requests in 2005, which not surprisingly required the Hornets to assert objections. The Plaintiffs then waited for two years, until July of 2007, to file a motion to compel challenging the Hornets' objections.[1] The Plaintiffs were responsible for bringing the issue of their over broad requests to the Court for resolution, not the Hornets, and they are accountable for any delay in doing so or in attempting to fashion appropriately tailored requests.

The Hornets have now produced approximately 6,600 pages of documents and thousands more pages of electronic data pursuant to Plaintiffs' voluminous discovery requests.[2] The

---

[1] Plaintiffs acknowledged that their original requests were broadly drafted (not with the "reasonable particularity" required by Rule 34) and, in fact, recently issued new, more specific, discovery requests, *all after the August 3 2007 hearing on the Hornets' motion to quash and Plaintiffs' motion to compel*. See Exhibit 1 to Defendants' Opposition to Motion for Contempt and Sanctions, August 9, 2007, letter from Dan Buras to Jennifer Anderson (conceding that financial information "was broadly requested in Plaintiffs' prior discovery requests" and that "I have attached specific requests clarifying exactly what information is requested").

[2] Only three of the Plaintiffs have appeared for their depositions (and then only after the Magistrate Judge ordered them to do so). The Hornets completed all three depositions in a single day, yet the Plaintiffs are preparing to proceed with their *third day* of the Hornets' 30(b)(6) deposition on *limited discovery issues*. In fact, although the Hornets have requested the remainder of the Plaintiffs' depositions to occur before the expiration of the discovery and

Hornets have produced a significant amount of information voluntarily in the spirit of cooperation, not because it is required, relevant, or discoverable. The Plaintiffs' eleventh-hour motion to compel and does not justify disruption of this Court's entire Scheduling Order (or the prejudice it would cause the Hornets) with the extension of a few deadlines to accommodate the Plaintiffs' self-created emergency.

After waiting for two years to file a motion to compel to address the issues raised by the Hornets' objections to Plaintiffs' over broad and otherwise improper requests, the Plaintiffs complain that they are only now receiving certain discovery in the case. For example, the Plaintiffs complain that they have only recently received a database allegedly containing information regarding Plaintiffs' "sales activities" and that the existence of the database was never previously disclosed. It is absurd for the Plaintiffs to complain that a database they claim they used while employed by the Hornets and admit they knew about was only recently "disclosed" by the Hornets. If Plaintiffs believed this database, about which they knew, was remotely relevant and discoverable,[3] they could have and should have propounded a request to produce it. The never did so. Further, the database Plaintiffs are referring to is not a sales database, but instead is a prospecting database containing information about prospective customers (not completed sales), which became obsolete before this litigation was initiated. In

---

dispositive motion deadlines, but their counsel has stated on several occasions that contact has been lost with certain Plaintiffs and that many of them live in other cities and/or states. In fact, Plaintiffs' counsel has requested that the Hornets travel outside Louisiana to take certain Plaintiffs' depositions.

[3] The Hornets dispute the relevance of the database and anticipate that it will not support or be used by Plaintiffs to support their claims, but the Hornets have nonetheless produced the database (along with many other irrelevant documents) in the spirit of cooperation and in an effort to avoid further discovery complaints by Plaintiffs. However, the record is clear that the Plaintiffs, apparently as part of their litigation tactic, will claim dissatisfaction no matter how many documents are produced in this litigation, what they are, or when they are produced.

spite of their knowledge of this database but never having sought it in any specific discovery request, Plaintiffs cannot legitimately complain that they have only now received it. Further, Plaintiffs have no legitimate complaint because they received this database before the Hornets' substantive 30(b)(6) deposition, before the close of discovery, and before the dispositive motion deadline. Again, Plaintiffs, not the Hornets, are responsible for the timing of disclosures in response to their motion to compel and cannot seek an extension of selected deadlines to the detriment of the Hornets and the Court's Scheduling Order.

Plaintiffs also complain about a large amount of financial information recently made available to them following the resolution of their recent motion to compel. Although Plaintiffs were informed on September 5, 2007, of the existence of these documents, they have yet to ask to review them or make arrangements to have them reproduced and delivered to their counsels' offices. Further, the information at issue is duplicative of information reflected in financial reports and records previously produced in this case. The Hornets have previously produced financial statements reflecting revenues and other financial data on monthly and annual bases. Additional financial information being made available to Plaintiffs consists of information already reflected in or covered by previously produced reports and records. Thus, Plaintiffs suggestion that they need additional time to make the disclosures at issue for this reason lacks merit.

The Plaintiffs have grossly mischaracterized the Magistrate Judge's orders and the circumstances leading to them. The Hornets are confident that the Court can discern the truth from a review of the record, but point out that the Magistrate Judge has never found the Hornets to have engaged in any discovery abuse, and in fact has held Plaintiffs' request for draconian

discovery sanctions in abeyance for lack of factual support. Plaintiffs also misrepresent that the Hornets have asserted that they are not obligated to produce in discovery documents that are not in their physical possession. The Hornets have never made this representation. In fact, the Hornets have obtained and produced voluminous documents from third parties, including bank records, revenue information from the NBA, and financial statements from an accounting firm (all of which were produced by the Hornets prior to the Court's September 10, 2007, order). These facts refute Plaintiffs' assertion that the Hornets have refused or failed to obtain and produce documents from third parties in discovery.

Plaintiffs also imply that the Court ordered the Hornets to provide a 30(b)(6) deposition as a result of allege discovery abuses or delays. This is patently false. In fact, the Plaintiffs unilaterally and without reasonable notice set the Hornets' deposition and refused to provide their own depositions in advance. The Magistrate Judge resolved the issue by requiring several of the Plaintiffs to provide their depositions to be followed by the Hornets' deposition. Additionally, the Court's recent order directing Plaintiffs to develop a "chain of custody" regarding document production was not a sanction or penalty to the Hornets, as the record clearly shows. The order, as it clearly states, was a direction to the Plaintiffs as to the specific discovery needed in order to assess their pending discovery motion.

The Plaintiffs have failed to support their request to extend selected deadlines and, as the Hornets have demonstrated, the extensions requested will adversely affect other deadlines and the trial date, and will prejudice the Hornets. The Hornets agreed to a reasonable extension of all deadlines and the trial date as an accommodation to the Plaintiffs, but they refused this reasonable solution. Thus, the Plaintiffs' request must be denied, particularly because it will

place the disclosure of witnesses and evidence after the crucial cut-offs for discovery and for filing and hearing dispositive motions. Thus, the Plaintiffs' request should be denied.

        Respectfully submitted,

        /s/ Jennifer L. Anderson
        JENNIFER L. ANDERSON, T.A. (Bar No. 23620)
        ***Jones, Walker, Waechter, Poitevent,***
          ***Carrère & Denègre, L.L.P.***
        Four United Plaza
        8555 United Plaza Blvd.
        Baton Rouge, Louisiana 70809-7000
        Telephone: (225) 248-2040
        Telefax: (225) 248-3040
        e-mail: janderson@joneswalker.com

        and

        SIDNEY F. LEWIS, V (Bar No. 17026)
        JANE H. HEIDINGSFELDER (Bar No. 28604)
        ***Jones, Walker, Waechter, Poitevent,***
          ***Carrère & Denègre, L.L.P.***
        201 St. Charles Avenue, 50th Floor
        New Orleans, Louisiana 70170-5100
        Telephone: (504) 582-8000
        Telefax: (504) 582-8015
        e-mail: slewis@joneswalker.com
        e-mail: jheidingsfelder@joneswalker.com
        ***COUNSEL FOR DEFENDANT,***
          ***NEW ORLEANS HORNETS NBA L.P.***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 20, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to all counsel of record listed below:

Howard Daigle
Daniel E. Buras, Jr.
Elvige Cassard Richards
Daigle Fisse and Kessenich, PLC
227 Highway 21
Madisonville, Louisiana 70447
Telefax: (985) 871-0899

Stewart E. Niles, Jr.
Brian Knight
Niles, Bourque & Fontana LLC
909 Poydras Street - Suite 3500
New Orleans, Louisiana 70112
Telefax: (504) 310-8590

/s/ Jennifer L. Anderson
JENNIFER L. ANDERSON