UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EUGENE LIGER, ET AL, | * | CIVIL ACTION NO. 05-1969 |
| Plaintiffs in a Collective Action | * | |
| | * | SECTION C |
| | * | |
| versus | * | MAGISTRATE 05 |
| | * | |
| NEW ORLEANS HORNETS NBA LIMITED | * | |
| PARTNERSHIP, | * | |
| Defendant | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MOTION FOR EXPEDITED HEARING ON PLAINTIFFS' SECOND SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR CONTEMPT AND SANCTIONS, INCLUDING MOTION TO STRIKE DEFENSES, AND ATTORNEY'S FEES**

The Hornets are openly flaunting their disregard for this Court's orders.

On August 23, 2007, Plaintiffs filed a Motion for Contempt and Sanctions against the New Orleans Hornets NBA Limited Partnership for the Hornets' repeated practice of ignoring the Federal discovery rules and the verbal and written Orders of this Court. Plaintiffs have established that the Hornets grossly violated the Court's order to produce all responsive documents and information by August 17, 2007.

Since this motion has been filed, the Hornets have blatantly violated no fewer than two more orders of this Court and remain in contempt of the Court's August 17, 2007 Order and the August 2, 2005 Order of this Court.

Prior to September 10, 2007, the Hornets represented in writing and made multiple verbal representations to the Court that no additional documentation existed. On September 10, 2007, Magistrate Chasez conducted an expedited hearing to discuss "tens of thousands of pages" of documents that the Hornets recently "found in storage" after the Court's August 17, 2007 deadline. In fact, Hornets personnel have confirmed that these documents allegedly "found in storage" were located in 30-40 filing cabinets located in plain view in the Hornets offices until around August 1, 2007 when the Hornets transferred them to storage. In addition to these documents, Hornets personnel confirmed that electronic searches of e-mail and other computer data was not searched by the Hornets.

During the September 10, 2007 hearing, Magistrate Chasez directed the New Orleans Hornets to produce witnesses during the dates previously set aside for the 30(b)(6) depositions to testify about the Chain of Evidence regarding the investigation conducted by the Hornets and their counsel to provide responsive information.

The Hornets refuse to comply with the Court's order. Four witnesses were identified by the Hornets to respond to the Court's order. On September 12 and 13, 2007, the Hornets produced two witnesses to testify about Chain of Evidence issues. Neither witness could answer questions beyond their extremely limited involvement on specific topics. At the conclusion of the depositions on September 13, counsel for the Hornets stated that the remaining two witnesses would not be able to shed light on these topics because one was a prospective plaintiff in the overtime case until recently and the second was a newly hired CFO. Plaintiffs request an immediate stay of these Chain of Evidence depositions to avoid wasting further resources.

A letter identifying ten other former employees who allegedly assisted the Hornets with the team's investigation was provided on the day of the depositions. Neither witness had

discussed any of the issues the Court directed the Hornets to answer with any of the 10 persons identified in the Hornets' letter. None of these ten witnesses were produced for deposition.

At the conclusion of the depositions on September 13, 2007, the Hornets advised Plaintiffs that defendant would drop notice depositions for each un-deposed Plaintiff by the end of September regardless of whether the Hornets produced any witnesses for a substantive 30(b)(6) deposition. Such threats clearly violated Magistrate Chasez' order on August 29, 2007 for the Hornets to produce their corporate representative(s) for deposition before deposing additional Plaintiff witnesses.

Additional support for this motion has been provided to the Court through Plaintiffs' Second Supplemental Memorandum filed with the Court related to the Motion for Contempt and Sanctions.

Respectfully submitted,

BY: /s/ Daniel E. Buras, Jr.
HOWARD DAIGLE (#4454)
DANIEL E. BURAS, JR. (#26226) (T.A.)
ELVIGE CASSARD RICHARDS (#19386)
DAIGLE FISSE & KESSENICH, LP
227 Highway 21
Madisonville, LA 70447
Telephone: 985.871.0800
Facsimile: 985.871.0899

**ATTORNEYS DEFENDANTS**

STEWART E. NILES, JR. (#10004)
BRYAN J. KNIGHT (#28640)
NILES, BOURQUE & FONTANA, L.C.
909 Poydras Street, 35th Floor
New Orleans, Louisiana 70112
Telephone (504) 310-8550
Facsimile (504) 310-8595
**ATTORNEYS FOR JESSICA BERRY
AND KEVIN BUCKEL**

3

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above motion as been sent to opposing counsel by placing a copy of same in the U.S. mail, properly addressed, postage prepaid, or by any other means authorized by law, this 19th day of September, 2007.

/s/ Daniel E. Buras, Jr.