UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EUGENE LIGER, ET AL, <br>     Plaintiffs in a Collective Action | * <br> * <br> * <br> * | CIVIL ACTION NO. 05-1969 <br><br> SECTION C |
| versus | * <br> * | MAGISTRATE 05 |
| NEW ORLEANS HORNETS NBA LIMITED PARTNERSHIP, <br>     Defendant | * <br> * <br> * <br> * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFFS' OPPOSED SUPPLEMENTAL AND AMENDED MOTION TO CONTINUE THE TRIAL AND ALL CUTOFF DATES

The Hornets are openly flaunting their disregard for this Court's orders, and have forced Plaintiffs to move for a continuance of this trial to avoid further irreparable harm because of the Hornets' misconduct and contemptuous violations of multiple Court Orders and the rules of civil procedure. With less than 90 days before the start of the trial of this matter, Plaintiffs have been forced to file this Supplemental and Amended Motion to Continue the Trial and All Cutoff Dates. Oral Argument is requested to further discuss these matters with the Court.

This matter has been pending since May of 2005. The Hornets claimed that they were exempt from the requirement to pay overtime because of two exemptions. Plaintiffs filed numerous discovery requests to determine whether these exemptions applied. The Hornets stonewalled all attempts to discovery any facts relevant to these claims, including multiple orders

from Magistrate Chasez directing the Hornets to produce information. The Hornets have not produced a single witness for deposition to discuss multiple contradictory discovery issues, such as which of the seven sets of financial records produced by the Hornets defendant will claim are the real records.

In addition, the Hornets represented to Judge Berrigan during the 2006 Summary Judgment hearing filed by Plaintiffs that the Hornets were exempt because they were similar in nature to a golf course. On September 12-13, 2007, during a Court Ordered investigation of the Hornets' discovery investigation tactics related to multiple Motion for Contempt filed by Plaintiffs, **the Human Resources director for the Hornets admitted that the Hornets are now in compliance with the FLSA and have been paying overtime to sales, ticket operations, and receptionists since July of 2005**. This information directly contradicts all prior statements made by counsel for the Hornets in all pleadings, contradicts the discovery responses made by the Hornets for over two years, and directly contradicts the facts represented to this Court by the Hornets to avoid summary judgment.

On August 23, 2007, Plaintiffs filed a Motion for Contempt and Sanctions against the New Orleans Hornets NBA Limited Partnership for the Hornets' repeated practice of ignoring the Federal discovery rules and the verbal and written Orders of this Court. Plaintiffs have established that the Hornets grossly violated the Court's order to produce all responsive documents and information by August 17, 2007. For two years the Hornets represented that no documents existed.

Since August 23, 2007, the Hornets have blatantly violated no fewer than two more orders of this Court, produced 60% of all documents produced by Defendants after the Court's August 17, 2007 deadline – documents the Hornets denied existed for two years. The Hornets

also refused to produce witnesses in accordance with Magistrate Chasez's instructions. To date, the Hornets have not produced a single witness for deposition and admittedly have not yet reviewed their files for information responsive to Plaintiff requests first made in July and August of 2005. The Hornets are in contempt of the Court's August 3, 2007 Order, the Court's August 2, 2005 Order, the Court's September 10, 2007 Order, and the Court's August 29, 2007 Order.

On September 10, 2007, Magistrate Chasez conducted an expedited hearing to discuss "tens of thousands of pages" of documents that the Hornets recently "found in storage" after the Court's August 17, 2007 deadline. In fact, Hornets personnel have confirmed that these documents allegedly "found in storage" were located in 30-40 filing cabinets located in plain view in the Hornets offices until around August 1, 2007 when the Hornets transferred them to storage. In addition to these documents, Hornets personnel confirmed that electronic searches of e-mail and other computer data was not conducted by the Hornets.

During the September 10, 2007 hearing, Magistrate Chasez directed the New Orleans Hornets to produce witnesses during the dates previously set aside for the 30(b)(6) depositions to testify about the Chain of Evidence regarding the investigation conducted by the Hornets and their counsel to provide responsive information. The Hornets refused to comply with the Court's order. Four witnesses were identified by the Hornets to respond to the Court's order. None of the witnesses produced by the Hornets could testify on the Chain of Evidence.

In addition to these clear violations, the Hornets have now threatened to violate other Orders of Magistrate Chasez. At the conclusion of the depositions on September 13, 2007, the Hornets advised Plaintiffs that defendant would drop notice depositions for each un-deposed Plaintiff by the end of September regardless of whether the Hornets produced any witnesses for a substantive 30(b)(6) deposition. Such threats clearly violated Magistrate Chasez's order on

August 29, 2007 for the Hornets to produce their corporate representative(s) for deposition before deposing additional Plaintiff witnesses.

The aforementioned and other instances establish that the Hornets have effectively prevented Plaintiffs from meeting the Court's deadlines and prevented Plaintiffs from presenting their case to a jury. Plaintiffs have sought the protections of the Court through their Motions for Contempt and Sanctions, and must seek this Continuance to ensure that the Hornets do not further benefit from their misconduct by undermining Plaintiffs' trial preparation.

Additional support for this motion has been provided to the Court through Plaintiffs' Supplemental Memorandum and Exhibits filed with the Court.

Respectfully submitted,

BY:/s/ Daniel E. Buras, Jr.
HOWARD DAIGLE (#4454)
DANIEL E. BURAS, JR. (#26226) (T.A.)
ELVIGE CASSARD RICHARDS (#19386)
DAIGLE FISSE & KESSENICH, LP
227 Highway 21
Madisonville, LA 70447
Telephone: 985.871.0800
Facsimile: 985.871.0899

**ATTORNEYS DEFENDANTS**

STEWART E. NILES, JR. (#10004)
BRYAN J. KNIGHT (#28640)
NILES, BOURQUE & FONTANA, L.C.
909 Poydras Street, 35th Floor
New Orleans, Louisiana 70112
Telephone (504) 310-8550
Facsimile (504) 310-8595
**ATTORNEYS FOR JESSICA BERRY
AND KEVIN BUCKEL**

4

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above motion as been sent to opposing counsel by placing a copy of same in the U.S. mail, properly addressed, postage prepaid, or by any other means authorized by law, this 19th day of September, 2007.

/s/ Daniel E. Buras, Jr.