UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EUGENE LIGER, ET AL, | * | CIVIL ACTION NO. 05-1969 |
|     Plaintiffs in a Collective Action | * | |
| | * | SECTION C |
| | * | |
| versus | * | MAGISTRATE 05 |
| | * | |
| NEW ORLEANS HORNETS NBA LIMITED | * | |
| PARTNERSHIP, | * | |
|     Defendant | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR CONTEMPT AND SANCTIONS

**MAY IT PLEASE THE COURT:**

This matter is an FLSA collective action filed by various employees and former employees of the New Orleans Hornets NBA Limited Partnership ("the Hornets"). This Court is quite familiar with the Hornets' scorched earth tactic of delaying discovery through empty promises and partial disclosures. The Hornets have now disobeyed the clear and direct order of Magistrate Alma Chasez to provide documents by 17 August 2007, and must be held in contempt and sanctioned for their actions.

On 03 August 2007, Magistrate Alma Chasez held a three hour hearing to resolve a Motion to Compel filed by Plaintiffs against the Hornets. Plaintiffs included a request for an order to force the Hornets to produce a 30(b)(6) witness and other key witnesses for deposition.

Magistrate Chasez directed the Hornets to produce documents or responses to numerous discovery requests posed by Plaintiffs, nearly all of which were related to discovering the basis of several affirmative defenses raised by the Hornets. The Hornets suggested to the Court that a 30(b)(6) representative could be produced to satisfy several of the requested topics.



Dockets.Justia.com

Accordingly, the Court directed the Hornets to produce witnesses for a 30(b)(6) deposition to discuss several categories of topics. At the end of the hearing, counsel for the Hornets advised the Court that they could produce the requested documents to Plaintiffs by 17 August 2007. The Court issued a Minute Entry stating:

> The supplementation ordered above is to be provided within two (2) weeks.

See Exhibit A, Order and Reasons.

At the end of the hearing, counsel for Plaintiffs asked the Hornets for the identity of their 30(b)(6) representative and for a deposition date. Counsel for the Hornets claimed that they had not selected any representative and had no available dates at that time.

On 09 August, 2007, Plaintiff counsel reiterated their demand for a 30(b)(6) deposition.

No dates were provided. See Exhibit B, 09 Aug 2007 letter.

On 14 August 2007, Plaintiff counsel attempted to schedule a Rule 37.1 conference at 9:00 a.m. on 16 August 2007 to discuss the repeated failure to the Hornets to provide available deposition dates for a 30(b)(6) representative and to discuss the adverse effects that these delays were causing in light of the looming discovery cutoffs and expert report deadlines. See Exhibit C, 14 Aug 2007 correspondence.

The Hornets elected not to participate in the conference, claiming a scheduling conflict.

On 16 August 2007, the Plaintiffs reiterated their demand for a 30(b)(6) deposition and requested that the Hornets contact Plaintiffs to discuss the consequences of the Hornets' refusal to cooperate with the discovery process. See Exhibits D, J and K.

The Hornets failed to respond to this request.

On the night of Friday, 17 August 2007, after Plaintiffs' offices closed, the Hornets sent Plaintiffs an after-hours e-mail advising Plaintiffs that the documents ordered produced by

Magistrate Chasez had not been delivered to Plaintiffs. The e-mail was not sent until 7:00 p.m. on Friday evening and the entire weekend passed before counsel for Plaintiffs received the e-mail. See Exhibit G Anderson e-mail.

Of note, the Hornets decision not to deliver the requested production to Plaintiffs' offices marked the first time that the Hornets employed this tactic in this case. As recently as 02 August 2007, the parties would either deliver discovery to opposing counsel by an agreed upon method or the other party would be personally contacted to discuss any delays in delivery. No such communications were received from the Hornets.

On Monday, 20 August 2007, in an effort to mitigate the damages already caused by the Hornets' violation of the Court's Order to produce documents on August 17, Plaintiff counsel Bryan Knight contacted counsel for the Hornets and requested immediate delivery of the outstanding discovery and that a set be mailed immediately to Mr. Buras. The Hornets advised Mr. Knight that a second set of responses needed to be copied before the documents could be picked up by Mr. Knight.

The Hornets did not notify Mr. Knight that the documents were available for pick-up until a chance meeting between Mr. Knight and counsel for the Hornets after close of business on Monday. Mr. Knight retrieved the documents the following day. At that time, Plaintiffs learned that the Hornets mailed the documents to Madisonville, LA via regular U.S. Mail. **As of the filing of this memorandum, those documents have not yet been received.**

On 21 August 2007, Plaintiff counsel faxed correspondence to the Hornets placing the Hornets on notice that that they were in violation of Magistrate Chasez's order to produce documents by 17 August 2007. See Exhibit L.

3

In the 21 August 2007 correspondence, Plaintiffs also requested the Hornets contact Plaintiffs as soon as possible to discuss outstanding deposition requests and the problems the Hornets created by delaying actual production of the documents and in light of the looming scheduling order. Again, Plaintiffs' requests were ignored by the Hornets.

On 23 August, counsel for the Hornets sent correspondence to Plaintiffs' counsel confirming that no documents were produced on 17 August, and represented that the Court did not require the Hornets to provide those documents to Plaintiffs. See Exhibit M.

An order from a Magistrate Judge compelling production of documents trumps Federal Rule 34. Magistrate Chasez ordered the Hornets to provide the outstanding discovery responses last Friday. The Hornets ignored this order.

Pursuant to 28 U.S.C. § 636(e) and Federal Rule 37, this Court has authority to find the Hornets in contempt for disobedience and resistance to the lawful orders of this Court. The Hornets have still not delivered the discovery ordered produced by the Court by 17 August 2007 as of the filing of this memorandum. Plaintiffs request that this Court consider striking the Hornets' affirmative defenses or deeming all financial information as insufficient to support their exemption defenses as a sanction pursuant to rule 37(b)(2)(A-D).

In addition to a finding of contempt, Plaintiffs request that this Court award Plaintiffs attorneys fees and costs associated with the original filing of the Motion to Compel, attorneys fees and costs associated with the Hornets failure to produce 30(b)(6) witnesses, and attorneys fees and costs associated with the preparation and drafting of this Motion for Contempt and Sanctions.

Furthermore, Plaintiffs request that this Court modify the scheduling order as follows:

4

1)  Force the Hornets to produce a 30(b)(6) representative for deposition and to identify that party or parties immediately with leave for the Plaintiffs to continue the deposition as necessary to investigate any newly identified facts disclosed during the deposition.

2)  Revise the Scheduling Order to permit Plaintiffs to provide expert reports related to damages by 21 September 2007.

3)  Revise the Scheduling Order and require the Hornets to produce expert reports by 01 October 2007.

4)  Revise the Scheduling Order to permit Plaintiffs to produce expert reports responsive to any affirmative defenses raised by the Hornets by 29 October 2007 and to reply to any expert reports produced by the Hornets related to damages.

5)  Revise the Scheduling Order as it relates to the exchange of witness and exhibit lists.

6)  Force the Hornets to produce all witnesses identified in their Rule 26 disclosures and supplemental disclosures for deposition, including those persons whose depositions have already been requested by the Plaintiffs, at the Hornets' expense before 30 September 2007.

7)  Grant Plaintiffs leave of Court to amend their Petition by 14 September 2007 to add new parties or causes of action.

This Court cannot permit the Hornets to continue to abuse the discovery process and thwart the Orders of this Court. Immediate and consequential action must be taken to ensure that the rights and privileges of employees who have already been abused by the Hornets' decision to ignore federal and state overtime and wage to continue their abusive tactics through the discovery process. Plaintiffs request that this Honorable Court forcefully and directly send a message to the Hornets that their sharp practices will no longer be tolerated.

Respectfully submitted,

BY:/s/ Daniel E. Buras, Jr.
HOWARD DAIGLE (#4454)
DANIEL E. BURAS, JR. (#26226) (T.A.)
ELVIGE CASSARD RICHARDS (#19386)
DAIGLE FISSE & KESSENICH, PLC
227 Highway 21
Madisonville, LA 70447
Telephone: 985.871.0800
Facsimile: 985.871.0899

**ATTORNEYS FOR PLAINTIFFS**

STEWART E. NILES, JR. (#10004)
BRYAN J. KNIGHT (#28640)
NILES, BOURQUE & FONTANA, L.C.
909 Poydras Street, 35th Floor
New Orleans, Louisiana 70112
Telephone (504) 310-8550
Facsimile (504) 310-8595
**ATTORNEYS FOR JESSICA BERRY
AND KEVIN BUCKEL**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above motion as been sent to opposing counsel by placing a copy of same in the U.S. mail, properly addressed, postage prepaid, or by any other means authorized by law, this 23rd day of August 2007.

/s/ Daniel E. Buras, Jr.
DANIEL E. BURAS, JR.

6