CONTRACT NUMBER 2002-0278

### State of Louisiana

# ORIGINAL

## BOARD OF COMMERCE AND INDUSTRY
BATON ROUGE, LOUISIANA

CONTRACT FOR THE LOUISIANA QUALITY JOBS PROGRAM FOR REBATES PURSUANT TO LA R.S. 51:2451-2462, AS AMENDED, HEREINAFTER REFERRED TO AS THE QUALITY JOBS ACT BETWEEN THE STATE OF LOUISIANA AND

### NEW ORLEANS HORNETS LIMITED PARTNERSHIP

THIS AGREEMENT, effective **June 1, 2002,** by and between the STATE OF LOUISIANA, herein represented by its Board of Commerce and Industry, (hereinafter the "Board") which executes this contract by and through its duly authorized Representative whose authority to sign for the Board is evidenced by resolution duly adopted by the Board, with approval of the Governor of the State of Louisiana, who joins herein for the purpose of giving approval, acting herein under and by virtue of the authority vested in them by the provisions of the QUALITY JOBS ACT, (La.R.S. 51-2451-2462 as amended), with the Board and Governor to be hereinafter collectively referred to as "State" and **New Orleans Hornets Limited Partnership,** a Louisiana Limited Liability Partnership in good standing and duly authorized to do and doing business in Louisiana and hereinafter referred to as "Company" having its principal business location in this state at **1501 Girod Street, New Orleans,** Louisiana.

WITNESSETH

WHEREAS, Pursuant to the express provisions of the Quality Jobs Act found in R.S. 51:2453(1)(b)(vi), the Company is a **National Basketball Association Team** formerly known as the charlotte Hornets and has relocated to this state prior to November 1, 2003; and

WHEREAS, the Company through its representations and other supporting documentation has demonstrated to the satisfaction of the Board as required by law that the Company is eligible, pursuant to La. R.S. 51:2453(1)(b)(vi) for the benefits of the Quality Jobs Act made applicable therein to a National Basketball Association team relocating in this state prior to November 1, 2003;

WHEREAS, it is the established policy of the State of Louisiana as declared by its legislature to encourage the establishment of new business and the growth of existing business through the rebates provided by the Quality Jobs Act;

AND, WHEREAS, all requirements of law of this Contract have been complied with by the Company and the Governor and the Board of Commerce and Industry deem this contract to be in conformity with the statutory requirements of the Quality Jobs Act;

NOW, THEREFORE, the parties hereto do mutually covenant and agree as follows:

1. <u>Scope of the Contract.</u> This contract is subject to the Quality Jobs Act and the Rules of the Quality Jobs Program that have been promulgated by the Department of Economic Development and approved by the Board and which are incorporated herein and made a part of this contract (LAC 13:I Chapter 42).



EXHIBIT
A, 105

PLAINTIFFS 000899

EXHIBIT
9

Dockets.Justia.com

CONTRACT NUMBER 2002-0278

2.  Representations of Company. (i) The Company is in good standing and duly authorized to do and doing business in Louisiana. (ii) The Company's representations to the Board in pursuant to and in support of its application for benefits under the Quality Jobs Act are true and correct. (iii) The Company shall create new direct jobs in the manner provided for by the Quality Jobs Act for National Basketball Association Teams locating to Louisiana prior to November 1, 2003. (iv) The Company has not defaulted, not repaid a loan or an obligation involving public funds, nor has the Company had a public loan or obligation discharged in bankruptcy, nor is the Company in default on any filing or payment to the state, or any judgment or assessment to the state or any of its agencies or political subdivisions.

3.  Payroll Rebate Benefit Rate and Sales and Use Tax Rebates. Payroll Rebates shall be payable to the Company and calculated upon a benefit rate of **five percent (5%)** of gross payroll of the New Direct Jobs of the Company, provided that the amount of the rebate to the Company shall be capped at $3,650,000 per year. The salary of any person owning more than twenty-five percent (25%) of the Company shall not be included in the gross payroll to calculate the rebate but shall include the wages of players and coaches of the Company subject to Louisiana Income Tax in the calculation of the gross payroll, even though the players and coaches may be non-residents of Louisiana. After the conclusion of the Company's fiscal year for which payroll rebates hereunder are due, the Company shall file an application for a rebate with the Department of Economic Development in conformity with the requirements of R.S. 51:2457A and the Company's compliance with the terms and conditions of this Agreement shall be subject to review at that time.

4.  Contract Term and Renewal. The term of this Contract shall be for five years, and may be renewed for an additional five years provided that the Company complies with all terms of this Contract and has not performed or failed to perform any act which has made or makes the Company liable for suspension of the Contract terms and conditions.

5.  Voidability of the Contract. This Contract shall be void upon the occurrence of the following: (i) The Company defaults, fails to repay a loan or an obligation involving public funds or upon the Company's declaration of bankruptcy and the discharge of an obligation to repay public funds; (ii) The Company is in default on any filing or payment to the state, to any of its agencies, or to any of its political subdivisions upon a final assessment or judgment. Any rebates paid to the Company following the above events but before their discovery shall be received by adding to the income tax liability for the taxable year the violation occurred and interest will be assessed from the date of the event making this Contract void.

6.  Suspension of the Contract. The Contract shall be suspended and no rebate shall be payable to the Company upon occurrence of an assessment or judgment that is final and non-appealable in favor of the state or any of its agencies or any of its political subdivisions, the contract shall be suspended pending the settlement of the assessment. No rebate shall accrue to the employer under the contract during the period of suspension.

7.  Other Events of Default. The rebates granted by the State of Louisiana pursuant to this Contract shall cease on the Company's failure to correct or remedy any default in performance, or other occurrence that operates to breach the terms and conditions of this Contract, or to result in the Company's non-compliance with the Quality Jobs Act or the Quality Jobs Program Rules and

PLAINTIFFS 000900

CONTRACT NUMBER 2002-0278

Regulations within a reasonable period of time, not to be less than ninety days, after the Company's receipt of written notice from the Board of Commerce and Industry or its designated representative to the Company, specifying such breach or non-compliance provided however, if the breach or non-compliance stated in the notice cannot be corrected within the reasonable period of time of at least ninety days as provided by the notice of breach and/or non-compliance, the Board or its designated representative will not unreasonably withhold its consent to an extension of such time if corrective action is instituted by the Company within the applicable period and documented to be diligently pursued until the breach and/or non-compliance is corrected.

8. Return of Rebate. If a Company receives a rebate pursuant to the Quality Jobs Act and it is subsequently determined that the Company did not qualify for the rebate then: (i) Future rebate payments to the Company shall be reduced by the amount of rebate wrongfully received by the Company; or, (ii) If there are no future rebates due the Company from which to deduct the amount owed the state by the Company, then the tax liability of the Company for the taxable period within which the determination was made shall be increased by the amount of such rebate monies wrongfully received by the Company. The Department of Revenue may recover any rebates previously granted to the Company but which rebates are disallowed by virtue of La. R.S. 47:1561.2. The Company waives prescription for the purposes of extending the right of the State to pursue any disallowed rebates.

9. Proof of Compliance; Right to Audit. In order to show continued eligibility, and in order to obtain its rebate for the fiscal year for which it is applying, the Company shall annually provide to the Department of Economic Development evidence of its compliance with the terms and conditions of this Contract, the Quality Jobs Act and the Quality Jobs Program Rules. The Company authorizes the Louisiana Department of Revenue and the Louisiana Department of Economic Development to conduct such audit of the Company's operations as may be reasonable and necessary to verify the Company's eligibility for the Quality Jobs Program. The Company authorizes the Louisiana Department of Revenue to disclose to the Department of Economic Development any tax information related to rebates earned or claimed pursuant to the Quality Jobs Act, Quality Jobs Program Rules and/or this Contract.

Thus done and signed in triplicate originals as witnessed hereinafter, effective on the date set forth above.

PLAINTIFFS 000901

CONTRACT NUMBER 2002-0278

Witnesses to the party of the second part:

_____
Witness One

_____
Witness Two

_1615 Poydras St. 20th Floor_
Business Physical Location (Street Address)

_New Orleans, LA  70112_
City, State, Zip

_(504) 301- 4000_

Witnesses as to the STATE OF LOUISIANA:

_____

Business Contact Person

Contractee:

By _____

Title _VP of Finance_

_1501 Girod Street_
Business Mailing Address

_New Orleans, LA  70113_
City, State, Zip

_(504) 301- 4090_
Contact Person Telephone

_____
STATE OF LOUISIANA
Board of Commerce and Industry

_____
Authorized Signatory
Office of Business Development

Approved this _21st_ Day of _October_, 20 _03_

BY _____
GOVERNOR OF THE STATE OF LOUISIANA

4

PLAINTIFFS 000902

State of Louisiana
## Department of Revenue

**M. J. "Mike" Foster, Jr.**
Governor

**Cynthia Bridges**
Secretary

October 10, 2003

Marylyn P. Friedkin
Business Incentive Division
Department of Economic Development
P.O. Box 94185
Baton Rouge, LA  70804-9185

Re:  NEW ORLEANS HORNETS NBA LIMITED PARTNERSHIP

Dear Ms. Friedkin:

Please remove the objection made by this department for the referenced company as it relates to the Enterprise Zone contract, application number 2002-0278.

We have received information sufficient to cancel the outstanding liability that had initially caused our objection.  If you have any questions concerning this matter, please contact me.

Sincerely,

Joy Shrum, Director
Collection Division

JS:jp

Post Office Box 201 • Baton Rouge 70821-0201 • Telephone 225-219-7318 • (TDD) Telephone 225-219-2114
www.rev.state.la.us
An Equal Opportunity Employer

TOTAL  P.02

PLAINTIFFS 000903

*State of Louisiana*



DEPARTMENT OF ECONOMIC DEVELOPMENT

DEC 2002

RECEIVED
Department of Revenue
Asst. Secretary
Group II

Don J. Hutchinson
Secretary

M.J. "Mike" Foster, Jr.
*Governor*

November 25, 2002

MEMORANDUM

TO:      Chairman, Members of the Board of Commerce and Industry

FROM:    Don Hutchinson, Secretary, Department of Economic Development
         Cynthia Bridges, Secretary, Department of Revenue
         Dawn Watson, Department of Labor

RE:      Memorandum of **NO OBJECTION** to the approval of the following application(s)
         Tax credits/rebates under the Louisiana Quality Jobs Program

Application(s) for tax credits/rebates under the Louisiana Quality Jobs Program Act, Title 51, Chapter 42 as amended in 2002, has/have been reviewed by the Office of Business Development, Business Resource Division, the Department of Revenue, Income and Corporate Tax Sections, and the Department of Labor. The review was performed to determine the data provided was a fair representation as to the tax credits/refunds to be claimed based on the application(s) submitted.

We agree that the estimated figures provided, will result in tax credits/rebates. We hereby submit this memorandum with our initials citing an **OBJECTION or NO OBJECTION** based on our review.

| COMPANY NAME | APPL. NO. | Dawn Watson Or Designee | | Cynthia Bridges Or Designee | |
|---|---|---|---|---|---|
| | | Objection | No Objection | Objection | No Objection |
| New Orleans Hornets NBA LP. | 2002-0278 | | | ✓ | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**Please return the initialed form to Kay Wallace at 342-5367 by December 12, 2002.**
**Arrangements will be made to have the document retrieved.**

Post Office Box 94185, Baton Rouge, Louisiana 70804-9185
Capitol Annex – 1051 North Third Street - 70802
Phone (225) 342-9218 - Fax (225) 342-0142
*AN EQUAL OPPORTUNITY EMPLOYER*

PLAINTIFFS 000904

*State of Louisiana*



DEPARTMENT OF ECONOMIC DEVELOPMENT

M.J. "Mike" Foster, Jr.
Governor

Don J. Hutchinson
Secretary

December 2, 2002

MEMORANDUM

TO:     Chairman, Members of the Board of Commerce and Industry

FROM:   Don Hutchinson, Secretary, Department of Economic Development
        Cynthia Bridges, Secretary, Department of Revenue
        Dawn Watson, Department of Labor

RE:     Memorandum of **NO OBJECTION** to the approval of the following application(s)
        Tax credits/rebates under the Louisiana Quality Jobs Program

Application(s) for tax credits/rebates under the Louisiana Quality Jobs Program Act, Title 51, Chapter 42 as amended in 2002, has/have been reviewed by the Office of Business Development, Business Resource Division, the Department of Revenue, Income and Corporate Tax Sections, and the Department of Labor. The review was performed to determine the data provided was a fair representation as to the tax credits/refunds to be claimed based on the application(s) submitted.

We agree that the estimated figures provided, will result in tax credits/rebates. We hereby submit this memorandum with our initials citing an **OBJECTION** or **NO OBJECTION** based on our review.

| COMPANY NAME | APPL. NO. | Dawn Watson Or Designee | | Cynthia Bridges Or Designee | |
|---|---|---|---|---|---|
| | | Objection | No Objection | Objection | No Objection |
| New Orleans Hornets NBA LP | 2002-0278 | | ✍ | | |
| | | | | | |
| | | | | | |
| | | | | | |

Please return the initialed form to Kay Wallace at 342-5367 by <u>December 12, 2002.</u>
Arrangements will be made to have the document retrieved.

Post Office Box 94185, Baton Rouge, Louisiana 70804-9185
Capitol Annex – 1051 North Third Street - 70802
Phone (225) 342-9216 - Fax (225) 342-0142
*AN EQUAL OPPORTUNITY EMPLOYER*

PLAINTIFFS 000905

# QUALITY JOBS PROGRAM
## APPLICATION SUMMARY
December 11, 2002

COMPANY:  New Orleans Hornets NBA Limited Partnership

APPLICATION #:  2002-0278

CITY:      New Orleans                    PARISH:   Orleans

SIC / NAICS CODE:      7941 / 711211

DESCRIPTION OF PROJECT:    NBA Basketball Team

The relocation of an NBA Basketball Team to New Orleans.

INVESTMENT:          $250,000

NET BENEFIT RATE:    5.0%

NEW DIRECT JOBS:                            100

EST. 10-YEAR GROSS PAYROLL:                 $863,818,000

EST. 10-YEAR NET DIRECT STATE BENEFIT:      $51,829,080

CONSTRUCTION JOBS:              0

EST. CONSTRUCTION PAYROLL:      $0.00

BENEFITS:

EST. PAYROLL INCENTIVE REBATE (10-YEARS):      $36,500,000 (**)

EST. STATE SALES/USE TAX REBATE:               $10,000

EST. LOCAL SALES/USE TAX REBATE:               $0.00

** Cap of $3,650,000 incentive rebate per year

PLAINTIFFS 000906

**QUALITY JOBS PROGRAM**
APPLICATION
LOUISIANA DEPARTMENT OF ECONOMIC DEVELOPMENT
Office of Business Development
POST OFFICE BOX 94185, BATON ROUGE, LA 70804-9185
101 FRANCE ST., BATON ROUGE, LA 70802
(225) 342-9218

Official Use Only
Check # 020718
Deposit Date 10/17/02
Amount $ 5000
Receipt # 11146
Initials

PROJECT NO. 2002 – 0278



## BUSINESS INFORMATION

| NAME OF BUSINESS | PARENT COMPANY (IF APPLICABLE) |
|---|---|
| New Orleans Hornets NBA Limited Partnership | N/A |

| PHYSICAL ADDRESS (STREET) | MAILING ADDRESS | | |
|---|---|---|---|
| 1501 Girod Street | 1501 Girod Street | | |

| CITY | ZIP CODE | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| New Orleans | 70113 | New Orleans | LA | 70113 |

| PARISH | NAICS OR SIC CODE | TELEPHONE NUMBER | FAX NUMBER |
|---|---|---|---|
| Orleans | 7941 | 504–301–4000 | 504–301–4001 |

| CENSUS TRACT # | BLOCK GROUP # | EMAIL ADDRESS |
|---|---|---|
| | | wayned@hornets.com  johnw@hornets.com |

| FEDERAL I.D. # | LA DEPT OF REVENUE I.D. # | LA UNEMPLOYMENT INSURANCE (U.I.) # |
|---|---|---|
| 56-1951282 | 6234140-001 | 517671-6 |

| # OF PERSONS CURRENTLY EMPLOYED AT THIS LOCATION | If another location within the state has closed or lost employment as a result of this project, attach a separate sheet listing the location(s) and number of employees lost at each location. | TYPE OF BUSINESS: |
|---|---|---|
| 99 | | [ ] SUB S  [ ] PARTNERSHIP  [ ] CORPORATION  [ ] LIMITED LIAABILITY CORP (LLC)  [X] LIMITED PARTNERSHIP (LP)  [ ] SOLE PROPRIETORSHIP |
| # OF PERSONS TRANSFERRED TO THIS LOCATION | | |
| 49 | | |

| NAME OF INSURANCE HEALTH PLAN | FISCAL YEAR (ex. Jan – Dec) | |
|---|---|---|
| BC/BS of Louisiana | July – June | |

Are you affiliated with an organization that has a Quality Jobs Contract?  YES [ ]  NO [X]
(If yes, attach explanation and provide a complete list of all affiliated organizations.)

Is this company affiliated through common ownership with any other group doing business in Louisiana? YES [X]  NO [ ]
(If yes, please provide a complete list of all affiliated entities.)    See attached

## COMPANY CONTACT

| CONTACT / CONSULTANT (Name of Person to contact in reference to this project) | COMPANY NAME |
|---|---|
| Wayne J. DeBlander | New Orleans Hornets |

| TITLE | ADDRESS |
|---|---|
| Senior Vice President Finance | 1501 Girod Street |

| PHONE, FAX, EMAIL  wayned@hornets.com  504-301-4070 (Phone)  504-301-4001 (Fax) | CITY, STATE, ZIP  New Orleans, Louisiana 70113 |
|---|---|

RECEIVED
OCT 17 2002
RESOURCE SERVICES

NOTE: THE FOLLOWING SUPPORTING DOCUMENTATION **MUST** ACCOMPANY THE APPLICATION.

1. Provide a copy of the Insurance Health Plan.
2. Provide a list of existing employees, social security numbers, and job title (if applicable).
3. If applying for the sale/use tax rebate, provide a copy of the Louisiana Department of Revenue Sales Tax Certificate.

*For an electronic copy of the application – email wallace@lded.state.la.us*

PLAINTIFFS 000907    Rev: 7/02

# AFFILIATED COMPANIES

Shinn Enterprises Incorporated
Big Play Entertainment, LLC
RW Family Limited Partnership

F:\WJR\DOCS\10010.001\Quality Jobs Application.doc

PLAINTIFFS 000908

PROJECT NO. _2002 – 0278_

| PROJECT INFORMATION | |
|---|---|
| [ X ]    NEW BUSINESS | [  ]    EXPANSION OF EXISTING BUSINESS |

**BUSINESS OVERVIEW:** Provide a brief history of the company including details on all locations (intrastate, national and international) and explain the relationship (parent, subsidiary, affiliate, etc.) to one another. Provide a focus on Louisiana operations, including numbers of employees at each facility. (An attachment will be acceptable.)

See Attachment 1

DESCRIPTION OF THIS PROJECT / BUSINESS:

See Attachment 2

## ESTIMATED INVESTMENT

| | |
|---|---|
| DATE HIRING/ CONSTRUCTION BEGINS:<br><br>July 1, 2002 | ESTIMATED COST OF BUILDING & MATERIALS      $____0____ |
| ESTIMATED DATE CONSTRUCTION TO BE COMPLETED:<br><br>N/A | ESTIMATED COST OF MACHINERY & EQUIPMENT      $250,000 |
| ESTIMATED # OF CONSTRUCTION JOBS :<br><br>N/A | ESTIMATED CONSTRUCTION PAYROLL      $____0____ |
| DATE BUSINESS ESTABLISHED IN LOUISIANA :<br><br>June, 2002 | ESTIMATED TOTAL PROJECT INVESTMENT      $250,000 |

## ESTIMATED SALES / USE TAX

| | |
|---|---|
| ESTIMATED STATE SALES/USE TAX (4%)      $  -0- 10,000 | ESTIMATED LOCAL SALES/USE TAX      $____0____ |

## BREAKDOWN OF PURCHASES

| # OF BUILDINGS | BUILDINGS (INCLUDE LABOR)<br>(Description and Dimensions of Each Structure) | ESTIMATED COST |
|---|---|---|
| 0 | | $0 |

| QUANTITY | EQUIPMENT LIST<br>(Major Items of equipment only, major component parts, etc.) | ESTIMATED COST |
|---|---|---|
| | Miscellaneous furniture, fixtures and equipment | $250,000 |

PLAINTIFFS 000909    Rev: 7/02

## ATTACHMENT 1

**Business Overview:** New Orleans Hornets NBA Limited Partnership is the successor to affiliated companies which acquired an NBA Franchise and began NBA play in Charlotte, North Carolina during the 1988/89 Season. The Company at all times conducted its business in Charlotte, North Carolina until it was permitted by the NBA to relocate to New Orleans in May, 2002. Prior to relocation to New Orleans, the Company had 96 employees, 49 of which relocated with the Team to New Orleans. Since relocating to New Orleans, the Company has hired 50 employees to complete its staff. The General Partners of the Company are Shinn Enterprises Incorporated, controlled by George Shinn, and Big Play Entertainment, controlled by Raymond Wooldridge. The Limited Partners of the Company are GIS Sports of Nevada, Inc., controlled by George Shinn, and RW Family Limited Partnership, controlled by Raymond Wooldridge.

*F:\WRD\DOCS\10010.001\Attachment to Quality Jobs Application.doc*

PLAINTIFFS 000910

## ATTACHMENT 2

**Description of the Business:**  The Company has the NBA Franchise for New Orleans, Louisiana and owns and operates the New Orleans Hornets NBA Basketball Team.

F:\WIRDOCS\1001010.001\Attachment to Quality Jobs Application.doc

PLAINTIFFS 000911

PROJECT NO. __2002 - 0278__

## 4. PRO FORMA INFORMATION

| BEGIN WITH PROJECT START YEAR (1) | Year 1 / 20 03 | Year 2 / 20 04 | Year 3 / 20 05 | Year 4 / 2006 | Year 5 / 2007 | TOTAL ALL YEARS (10 Years) |
|---|---|---|---|---|---|---|
| | Year 6 / 20 08 | Year 7 / 20 09 | Year 8 / 20 10 | Year 9 / 2011 | Year 10 / 2012 | |
| NEW DIRECT JOBS* | 100 | 0 | 0 | 0 | 0 | 100 |
| | 0 | 0 | 0 | 0 | 0 | |
| NEW GROSS PAYROLL** (2) | 52,377,000 | 62,116,000 | 69,905,000 | 77,588,000 | 80,629,000 | 863,818,000 |
| (3) | 88,935,000 | 96,876,000 | 104,305,000 | 111,781,000 | 119,306,000 | |
| LOUISIANA INCOME TAX*** (4) | 2,618,850 | 3,105,000 | 3,495,250 | 3,879,400 | 4,031,450 | 43,190,100 |
| | 4,446,750 | 4,843,800 | 5,215,250 | 5,589,050 | 5,965,300 | |
| LOUISIANA FRANCHISE TAX*** (5) | 0 | 0 | 0 | 0 | 0 | 0 |
| | 0 | 0 | 0 | 0 | 0 | |

\* Incremental new jobs for each year   \*\* Total accumulated new payroll for each year   \*\*\* Estimated tax liability for each year

**For footnotes see attached page**

## 5. GAMING

The Board of Commerce and Industry has adopted rules prohibiting any business engaged in or owned by someone engaged in gaming from being eligible to participate in the Quality Jobs Program.

Has the applicant or any affiliates received, applied for, or considered applying for a license to conduct gaming activities?          YES [  ]  NO [x]

If yes, attached a detailed explanation, including the name of the entity receiving or applying for the license, the relationship to the applicant if an affiliate, the location, and the type of gaming activities.

## 6. EMISSIONS INFORMATION

1.  Are you currently under citation for any violation?    [  ] YES [x] NO
    (If **yes**, attach explanation on separate sheet.)

2.  Will you meet all applicable environmental standards in operating this business?   [x] YES [  ] NO
    (If **no**, attach explanation on separate sheet.)

## 7. CERTIFICATION

BEFORE ME, the undersigned authority, personally came and appeared __Wayne J. DeBlander__

who being first duly sworn did depose and say:

That he/~~she~~ is __Senior Vice President Finance__ of __New Orleans Hornets NBA Limited Partnership__
                       TITLE                                            COMPANY

That this affidavit is made for the specific purpose of attesting that hiring for this operation covered in this application

began / ~~xxkbxgix~~ on the ___1___ day of __July_____, 20 __02__, that all construction shown in this application

will be completed on or about the _____ day of_____, 20___, that operation of these constructed

facilities covered in this application will begin on or about the _____ day of ·_____, 20__02__ , and

that he/~~she~~ has examined the information contained in this application and found the information given to be    R E C E I V

true and correct to the best of their knowledge.                                                   OCT 1 7 2

Sworn to and subscribed before me this __11 th__ day of __October_____, 20__02__.     RESOURCE SE

_____                BY: _____
            NOTARY                                              COMPANY OFFICIAL
          YVETTE A. RIX

NOTARY PUBLIC, Fulton County, Georgia
My Commission Expires March 26, 2004

Rev: 7/02

FOOTNOTES

(1)    Based upon financial year ending June 30

(2)    Based upon gross estimated player salaries with no deduction for games played outside of Louisiana

(3)    Does not include withholding taxes on player endorsement income

(4)    Calculated at 5%

(5)    Business is a limited partnership which does not pay franchise tax

F:\W\RDOCS\10010.001\Quality Jobs Application.doc

PLAINTIFFS 000913

    b.   To in-state customers or buyers if the product or service is resold by the purchaser to an out-of-state customer or buyer for ultimate use;

    c.   To the federal government;

And, must meet **one** of the following additional provisions:

    (1)   Must be classified as an industry defined by NAICS codes that have a direct state employer multiplier of 2.0 or greater in accordance to the Regional Input/Output Multiplier System II or its successor.

    (2)   Must be a central administrative office that influences the environment in which data processing, customer service, credit accounting, telemarketing, claims processing, and other administrative functions are accomplished.

    (3)   Must have data processing, back office operations, and telephone call center operations (NAICS code 56142).

    (4)   Must be a wholesale trade business (NAICS code 42) and have a distribution center of not less than 25,000 square feet.

6.   Must be a **National Basketball Association Team**, which relocates to Louisiana and may enter into a contract provided prior to November 1, 2003. However, contracts with such teams:

    a.   Shall not be granted a tax rebate greater than $3,650,000 in any taxable year.

    b.   Shall not allow the salary of any person who owns more than twenty-five percent (25%) of such team to be included in the gross payroll to calculate the rebate.

    c.   May be renewed for an additional five (5) years, provided the team has complied with all the terms of the contract, has not performed, or failed to perform, any act which made the applicant liable for suspension.

    d.   Shall be awarded a benefit rate of no more than five percent (5%).

    e.   Shall include the wages of players and coaches of the team subject to Louisiana income tax in the calculation of the gross payroll, even though the players and coaches may be non-residents of Louisiana.

B.   The following employers or persons shall NOT be eligible for benefits provided under this chapter:

1.   Retail employers identified by NAICS code sections 44 and 45.

Rev.8/02

PLAINTIFFS 000914

resold by the purchaser to an out-of-state customer or buyer for ultimate use, or to the federal government.

(v)  Must have, or will have within one year, sales of at least fifty percent of its total sales to out-of-state customers or buyers, to in-state customers or buyers if the products or service is resold by the purchaser to an out-of-state customer or buyer for ultimate use, or to the federal government.  However, contracts with such employers must meet one of the following additional provisions:

(aa)   Must be classified as an industry, as defined by NAICS codes, that has a direct state employment multiplier of 2.0 or greater according to the Regional Input/Output Multiplier System II or its successor, which is developed and updated by the Bureau of Economic Analysis within the U.S. Department of Commerce.

(bb)   Must be a central administrative office, which means a central center that influences the environment in which data processing, customer service, credit accounting, telemarketing, claims processing, and other administrative functions are accomplished.

(cc)   Must have data processing, back office operations, and telephone call center operations, as defined in NAICS code 56142.

(dd)  Must be a wholesale trade business as defined in NAICS code 42 and have a distribution center of not less than twenty-five thousand square feet.

(vi)  Must be a National Basketball Association Team which relocates to Louisiana and may enter into a contract provided for in this Chapter prior to November 1, 2003.  However, contracts with such teams:

CODING:  Words in struck through type are deletions from existing law; words underscored are additions.

PLAINTIFFS 000915

H.B. NO.    1

*[handwritten: CAP Per Year $3,650,000]*

(aa)  Shall not grant a total tax rebate of more than three million six hundred fifty thousand dollars in any taxable year.

(bb)  Shall not allow the salary of any person who owns more than twenty-five percent of such team to be included in gross payroll used to calculate the net benefit rate or to be otherwise used to calculate the tax rebate.

(cc)  May be renewed after November 1, 2003, for an additional five years, provided that the team has complied with all the terms of the contract , has not performed, or failed to perform, any act which made the applicant liable for suspension, and has complied with the provisions of this Chapter.

(dd)  Shall be awarded with no more than a  net benefit rate of five percent.

(ee)  Shall allow players and coaches of said team to be nonresidents of the state, but their wages subject to Louisiana income tax shall be included in the calculation of gross payroll for purposes of this Chapter.

(c)  No establishment which is engaged in the gaming industry The following employers or persons engaged in the following professions or service industries shall not be considered a basic industry for the purposes of this Section. eligible for any rebate under this Chapter:

(i)  Retail employers as identified by the North American Industry Classification System code sections 44 and 45.

(ii) Business associations and professional organizations as defined in North American Industry Classification System (NAICS) code 8139.

CODING:  Words in struck through type are deletions from existing law; words underscored are additions.

PLAINTIFFS 000916

| Transaction No: | 261454 | E-Mail - Advance Notification Form | Received Date: | 6/3/2002 |
|---|---|---|---|---|
| Receipt No: | A002-0112 | | Advance Number: | 2002-0278 |

| Charlotte Hornets NBA Limited Partnership | NA | |
|---|---|---|
| **Company Name** | **Parent Company** | |

| New Orleans | Orleans | Within City Limits? ☑ applied |
|---|---|---|
| **Project Complete Physical Address** | **Parish** | **LA Unemployment Insurance #** |

| New Orleans Hornets | 7941 | 71121 | NBA Basketball team |
|---|---|---|---|
| **Name Of This Project** | **SIC Code** | **NAICS** | **Product / Type of Business** |

Gaming On Site? ☐
Other Gaming? ☐
Expansion? ☐
New Facility? ☑

The Company owns and operates the New Orleans Hornets, an NBA basketball team.

**Project Description**

State Senator 005 Bajoie, Diana E          State Representative 093 Carter, Karen R

| INVESTMENT | | DATES | | JOBS | | INCENTIVE PROGRAMS APPLIED FOR |
|---|---|---|---|---|---|---|
| Est'd Building | $0 | Est'd Beginning | 6/4/2002 | Existing Jobs | 47 | ☐ Industrial Property Tax Exemption |
| Est'd Equipment | $250,000 | Est'd Ending | 6/30/2003 | Est'd New Perm | 39 | ☐ Enterprise Zone  CT [ ]  BG [ ] |
| Est'd Labor/Engr | $0 | Date Received | 6/3/2002 | Est'd Contract | 0 | ☐ Restoration Tax Abatement |
| Estimated Total | $250,000 | Application Due | 9/30/2003 | Est'd Construction | 0 | ☑ Quality Jobs Program |
| | | | | Same Project - Other Application Number? | | ☐ Enter Previous Number [ ] |

**CONTACT INFORMATION**

| Contact Name | Mr | Wayne | J | DeBlander | Sr. VP, Finance |
|---|---|---|---|---|---|

Contact Company Charlotte Hornets NBA Limited Partnership
Street 1615 Poydras Street 20th Floor     New Orleans     LA  70112-
PO Box
Phone 704-329-4929     Fax 704-329-3894     Email wayned@hornets.com
Company Official Wayne DeBlan          Official's Title Sr. VP Finance
Company Official attesting to the truth regarding facts submitted: Craig A. Wagner

**LOCAL ECONOMIC DEVELOPER**

Developer                                      Phone
Organization
Address                                        Fee Due $100
DED Contact                                    Fee Recd $100

PLAINTIFFS 000917

CONTRACT NUMBER 2002-0278

OFFICIAL USE ONLY
Check # __117119__
Deposit Date __8-22-07__
Amount $ __50.00__
Receipt # _____
Initials __JA__

*State of Louisiana*

BOARD OF COMMERCE AND INDUSTRY
*BATON ROUGE, LOUISIANA*

**RENEWAL CONTRACT** FOR THE LOUISIANA QUALITY JOBS PROGRAM FOR BENEFITS PURSUANT TO LA R.S. 51:2451-2462, AS AMENDED, HEREINAFTER REFERRED TO AS THE QUALITY JOBS ACT BETWEEN THE STATE OF LOUISIANA AND

**New Orleans Hornets Limited Partnership**

THIS AGREEMENT, effective **June 1, 2002**, by and between the STATE OF LOUISIANA, herein represented by its Board of Commerce and Industry, (hereinafter the "Board") which executes this contract by and through its duly authorized Representative whose authority to sign for the Board is evidenced by resolution duly adopted by the Board, with approval of the Governor of the State of Louisiana, who joins herein for the purpose of giving approval, acting herein under and by virtue of the authority vested in them by the provisions of the QUALITY JOBS ACT, (La.R.S. 51-2451-2462 as amended), with the Board and Governor to be hereinafter collectively referred to as "State" and **New Orleans Hornets Limited Partnership** in good standing and duly authorized to do and doing business in Louisiana and hereinafter referred to as "Company" having its principal business location in this state at **1501 Girod Street, New Orleans**, Louisiana.

WITNESSETH

WHEREAS, Pursuant to the express provisions of the Quality Jobs Act found in R.S. 51:2453(1)(b)(vi), the Company is a **National Basketball Association Team** formerly known as the Charlotte Hornets and has relocated to this state prior to November 1, 2003; and

WHEREAS, the Company through its representations and other supporting documentation has demonstrated to the satisfaction of the Board as required by law that the Company is an eligible business, pursuant to La. R.S. 51:2453(b) for the benefits of the Quality Jobs Act and has been in compliance with the previous contract;

WHEREAS, it is the established policy of the State of Louisiana as declared by its legislature to encourage the establishment of new business and the growth of existing business through the benefits provided by the Quality Jobs Act;

AND, WHEREAS, all requirements of law necessary to the execution of this Contract have been complied with by the Company and the Governor and the Board of Commerce and Industry deem this contract to be in conformity with the statutory requirements of the Quality Jobs Act;

NOW, THEREFORE, the parties hereto do mutually covenant and agree as follows:

1. <u>Scope of the Renewal Contract.</u> This Renewal contract which begins on **June 1, 2007** is subject to the Quality Jobs Act and the Rules of the Quality Jobs Program that have been promulgated by the Department of Economic Development and approved by the Board and which are incorporated herein and made a part of this contract (LAC 13:I Chapter 42).

R E C E I V E D

AUG 2 1 2007

RESOURCE SERVICES

1

2. Representations of Company. (i) The Company is in good standing and duly authorized to do and doing business in Louisiana. (ii) The Company's representations to the Board in pursuant to and in support of its application for benefits under the Quality Jobs Act are true and correct. (iii) The Company shall create new direct jobs in the manner provided for by the Quality Jobs Act for National Basketball Association Teams locating to Louisiana prior to November 1, 2003. (iv) The Company has not defaulted, not repaid a loan or an obligation involving public funds, nor has the Company had a public loan or obligation discharged in bankruptcy, nor is the Company in default on any filing or payment to the state, or any judgment or assessment to the state or any of its agencies or political subdivisions.

3.  Payroll Rebate Benefit Rate and Sales and Use Tax Rebates.  Payroll Rebates shall be payable to the Company and calculated upon a benefit rate of **five percent (5%)** of gross payroll of the New Direct Jobs of the Company, provided that the amount of the rebate to the Company shall be capped at $3,650,000 per year.  The salary of any person owning more than twenty-five percent (25%) of the Company shall not be included in the gross payroll to calculate the rebate but shall include the wages of players and coaches of the Company subject to Louisiana Income Tax in the calculation of the gross payroll, even though the players and coaches may be non-residents of Louisiana.  After the conclusion of the Company's fiscal year for which payroll rebates hereunder are due, the Company shall file an application for a rebate with the Department of Economic Development in conformity with the requirements of R.S. 51:2457A and the Company's compliance with the terms and conditions of this Agreement shall be subject to review at that time.

4.  Renewal Contract Term, the term of this Renewal Contract shall be for five years from the effective date above. The Company has complied with all terms of the original Contract; and has met the statutory minimum hourly wage for the new direct jobs subject to the benefit rate established and the hourly wage has increased either by the percentage increase in the Consumer Price Index published by the U.S. Department of Labor for the five years of the initial term of the contract, compounded, or the wage rate has increased by two percent (2%) for each of the five years of the term of the original Contract and will continue to do so annually for the term of this Renewal contract.

5.  Voidability of the Contract.  This Renewal Contract shall be void upon the occurrence of the following:  (i)  The Company defaults, fails to repay a loan or an obligation involving public funds or upon the Company's declaration of bankruptcy and the discharge of an obligation to repay public funds; (ii)  The Company is in default on any filing or payment to the state, to any of its agencies, or to any of its political subdivisions upon a final assessment or judgment.  Any benefits paid to the Company following the above events but before their discovery shall be received by adding to the income tax liability for the taxable year the violation occurred and interest will be assessed from the date of the event making this Contract void.

6.  Suspension of the Contract.  The Renewal Contract shall be suspended and no rebate shall be payable to the Company upon occurrence of an assessment or judgment that is final and non-appealable in favor of the state or any of its agencies or any of its political subdivisions, the contract shall be suspended pending the settlement of the assessment. No rebate shall accrue to the employer under the contract during the period of suspension.

7.  Other Events of Default.  The rebates granted by the State of Louisiana pursuant to this Contract shall cease on the Company's failure to correct or remedy any default in performance, or other occurrence that operates to breach the terms and conditions of this Contract, or to result in the Company's non-compliance with the Quality Jobs Act or the Quality Jobs Program Rules and Regulations within a reasonable period of time, not to be less than ninety days, after the Company's receipt of written notice from the Board of Commerce and

2

PLAINTIFFS 000010

CONTRACT NUMBER 2002-0278

Industry or its designated representative to the Company, specifying such breach or non-compliance provided however, if the breach or non-compliance stated in the notice cannot be corrected within the reasonable period of time of at least ninety days as provided by the notice of breach and/or non-compliance, the Board or its designated representative will not unreasonably withhold its consent to an extension of such time if corrective action is instituted by the Company within the applicable period and documented to be diligently pursued until the breach and/or non-compliance is corrected.

8.  Return of Benefits.  If a Company receives a benefit pursuant to the Quality Jobs Act and it is subsequently determined that the Company did not qualify for the benefit then:  (i)  Future benefit payments to the Company shall be reduced by the amount of benefit wrongfully received by the Company; or, (ii)  If there are no future benefits due the Company from which to deduct the amount owed the state by the Company, then the tax liability of the Company for the taxable period within which the determination was made shall be increased by the amount of such benefit monies wrongfully received by the Company.  The Department of Revenue may recover any benefits previously granted to the Company but which benefits are disallowed by virtue of La. R.S. 47:1561.2.  Company waives prescription for the purposes of extending the right of the State to pursue any disallowed benefits.

9.  Proof of Compliance; Right to Audit.  In order to show continued eligibility, and in order to obtain benefits for the fiscal year for which it is applying, the Company shall annually provide to the Department of Economic Development evidence of its compliance with the terms and conditions of this Contract, the Quality Jobs Act and the Quality Jobs Program Rules.  The Company authorizes the Louisiana Department of Revenue and the Louisiana Department of Economic Development to conduct such audit of the Company's operations as may be reasonable and necessary to verify the Company's eligibility for the Quality Jobs Program.  The Company authorizes the Louisiana Department of Revenue to disclose to the Department of Economic Development any tax information related to benefits and/or rebates earned or claimed pursuant to the Quality Jobs Act, Quality Jobs Program Rules and/or this Contract.

10. If New Orleans Hornets Limited Partnership  or any of its owners apply for or obtain a gaming license for 1501 Girod Street, New Orleans, Parish of Orleans,during the term of this contract or New Orleans Hornets Limited Partnership or any of its owners begin to conduct or support gaming activities at 1501 Girod Street, New Orleans, Parish of Orleans,, the Board may, after notice, terminate the contract, and New Orleans Hornets Limited Partnership  shall repay any tax exemption, credit, rebate or other benefit received pursuant to the contract. New Orleans Hornets Limited Partnership shall, within 90 days, notify the Board of its application for or receipt of a gaming license or change in ownership, control or management

Thus done and signed in triplicate originals as witnessed hereinafter, effective on the date set forth above.

Witnesses to the party of the second part:

_____
Witness One

_____
Witness Two

1250 POYDRAS, 19th FLOOR
Business Physical Location (Street Address)

NEW ORLEANS, LA  70113
City, State, Zip

504-593-4700

**CONTRACT NUMBER 2002-0278**

Business Mailing Address

Business Contact Person

Contractee:

By _~Daniel J. Cermly_____

Title _UICE PRESIDENT~ FINANCE_____

_1250  POYDRAS, 19th FLOOR_

NEW  ORLEANS,  LA  70113
City, State, Zip

504- 593- 4850
Contact Person Telephone

Witnesses as to the STATE OF LOUISIANA:

STATE OF LOUISIANA
Board of Commerce and Industry

_____
John Jernigan

_____
Sharon B. Perez
Authorized Signatory
Office of Business Development

_____
Marylyn Friedkin

Approved this _____ Day of _____ , 20 _____

BY _____
GOVERNOR OF THE STATE OF LOUISIANA

4

PLAINTIFFS 000921

# SCHEDULE 1

| Description |
| --- |
| These items are hereby restricted for being ineligible items. A partial list of ineligible items include: Per Diem, Labor, Service Contracts, Labor, Storage, Freight, Portable Radios, Portable Computers, Utilities, Permits, Fees, Light Bulbs, Office Supplies, Construction Consumables (blades, drill bits, PVC sheeting, fuel, cups, brushes, wood, stakes, batteries, rags, tape, gloves, dusk masks, small portable hand tools, etc.), Leases* and Rentals.<br><br>*Only lease *purchases* may be eligible for sales tax rebates. Send a copy of the executed lease purchase agreement to the Department of Revenue; Sales Tax Section with your Claim for Rebate Request to verify a lease purchase. Only the Louisiana Department of Revenue shall determine if a lease is a true lease purchase. |

# SCHEDULE 2

## List of Owners
### (Sub S, LLC etc. type corporations)

| Owner Name | Identification # |
| --- | --- |
| Shinn Holdings, L.L.C. | 20-2026633 |
| Shinn Acquisitions, L.L.C. | 20-2026707 |
| Shinn Management, L.L.C. | 20-2026582 |

# SCHEDULE 3

This is a list of businesses or individuals associated with the Contractee that are allowed to make purchases only for the project stated in this contract during the construction period shown in Article V.

5

PLAINTIFFS 000922

New Orleans Hornets Basketball

| REF. NO. | INVOICE NO. | INVOICE DATE | INVOICE AMOUNT | AMOUNT PAID | DISCOUNT TAKEN | NET CHECK AMOUNT |
|----------|-------------|--------------|----------------|-------------|----------------|------------------|
| 037579 | 881520007 | 8/16/2007 | 50.00 | 50.00 | 0.00 | 50.00 |
| .00 | | | | ACCOUNTING 0 | | 0.00 |

PLAINTIFFS 000923