Liger et al v. New Orleans Hornets NBA Limited Partnership — Doc. 147 Att. 11
Case 2:05-cv-01969-HGB-ALC   Document 147-12   Filed 09/21/2007   Page 1 of 3
Case 2:05-cv-01969-HGB-ALC   Document 25   Filed 08/02/2005   Page 1 of 3

```
MINUTE ENTRY
CHASEZ, M.J.
AUGUST 2, 2005
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EUGENE LIGER, ET AL. | CIVIL ACTION |
| VERSUS | NUMBER: 05-1969 |
| NEW ORLEANS HORNETS NBA LIMITED PARTNERSHIP | SECTION: "C"(5) |

A status conference was conducted in the above matter this date.

PRESENT: Stewart Niles, Jr., Daniel Buras, Jr., Jane Heidingsfelder, Jennifer Anderson

The Court this date took up the motion filed by plaintiffs to receive <u>expedited responses</u> to requests for production.

That motion is DENIED as to the following item numbers: 1, 4, 23, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15-22, 24,25, 23 and 26. It is the understanding of the Court that defense counsel will not claim at the hearing scheduled for August 17th before the District Judge, that defendant is exempt from the provisions of the FLSA, although this will be a

MJSTAR: 1:30



EXHIBIT E

Fee_____
Process_____
Dktd_____
CtRmDep_____
Doc. No._____

defense at other stages of the proceedings.

The motion is GRANTED as to the following item numbers: 2, 3, 5, 15, 16, 20, 21, 22, 24, 25, 28, 29 and 30.

As to item 17, defendant is to provide any policy which might exist explaining why the Hornets failed to maintain records of hours worked by non-exempt employees.

As to item 18, the information sought in items (a) through (h) is to be produced but defendant is relieved of the obligation of producing the information sought in item (i). This information shall be exchanged subject to a protective order. Should the parties be unable to agree upon such a protective order, the Court shall be notified.

As to item 19, defendant is to produce all time and earnings cards or sheets, wage rate tables, work time schedules, or orders for each of the identified plaintiffs.

As to item 27, any memorandum or other written communication wherein management communicated to employees information pertaining to overtime shall be produced.

The information sought in items 24 and 28 shall be produced by Monday, August 8, 2005; all other items for which production has been ordered shall be produced on or before Friday, August 5, 2005. In addition, defendant has agreed that any documents which it will use at the hearing scheduled before the District Judge on August 17th will be produced on or before Friday, August 5th.

To the extent that the Court has declined to order defendant's response on an expedited basis to plaintiffs' requests, those requests are DENIED WITHOUT PREJUDICE. It is the understanding of the Court that plaintiffs intend to re-work and re-propound another set of discovery to defendant shortly.

The Court advised the parties that depositions will be scheduled after all written discovery has been exchanged. Plaintiffs are to issue whatever additional discovery they intend to propound on or before August 10th. Defendant is to file objections thereto on or before August 15th. Any party not receiving answers to written discovery in a timely fashion are instructed to immediately file the appropriate motion to compel.

                                              ALMA L. CHASEZ
                                   UNITED STATES MAGISTRATE JUDGE