# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EUGENE LIGER, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-1969** |
| **NEW ORLEANS HORNETS**<br>**NBA LIMITED PARTNERSHIP** | **SECTION: "C" (5)** |

## ORDER AND REASONS

This matter comes before the Court on the New Orleans Hornets NBA Limited Partnership's ("Hornet's") Motion for Review of the Magistrate Judge's November 13, 2007 order granting in part the plaintiffs' motion for contempt and sanctions (Rec. Doc. 176). The Hornets seek to have this Court reverse the Magistrate's decision because the Hornets have not engaged in any conduct that specifically violates a discovery order. In opposition, the plaintiffs argue that this Court should not only uphold the Magistrate's decision, but should further admonish the Hornets by striking some of their financially based defenses.

## I. Background

This Court has previously described the factual history of this case. *Liger v. New Orleans Hornets NBA Ltd. Partnership*, 2006 WL 2850157 (E.D.La. October 04, 2006). In brief, the

Plaintiffs brought this action to recover overtime pay, which they claim the Hornets owed them under 29 U.S.C. § 201, *et seq.* Plaintiffs form a putative class of Hornets employees who worked in the "business enterprise" of the organization, specifically in sales and fan relations. The parties have had many difficulties during discovery. The Magistrate Judge's decision to impose sanctions was based on the Magistrate's belief that the Hornets failed to disclose financial documents in accordance with the Magistrate's previous orders. Rec. Doc. 176, Transcript of Hearing November 13, 2007, p. 90-91. Specifically, the Magistrate Judge ordered that the costs and fees of certain motions to compel and 30(b)(6) depositions were to be borne by the Hornets. *Id.* at 90.

## II. Standard of Review

A district court may only reverse a Magistrate Judge's ruling where the court finds the ruling to be "clearly erroneous or contrary to law." Fed. R. Civ. Pro. 72(a); *Castillo v. Frank*, 70 F.3d 382 (5th Cir. 1995). "This highly deferential standard requires the court to affirm the decision of the Magistrate Judge unless 'on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed.'" *Benoit v. Nintendo of American*, 2001 WL 1524510, *1 (E.D.La. 2001) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364 (1948)). A motion to review is appropriate when a Magistrate Judge has obviously misapprehended a party's position, the facts, or the applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence." *Gaffney v. U.S. Dep't of Energy*, 2000 WL 1036221, *2 (E.D.La. 2000).

## III. Analysis

In this case, the Plaintiffs filed their first motion to compel on July 23, 2007. A hearing

2

on the motion was held on August 3, 2007. Following the hearing, the Magistrate Judge granted

in part the motion to compel. Additionally, on August 24, 2007, the plaintiffs filed another

motion to compel, as well as a motion for sanctions and contempt. On November 13, 2007, the

Magistrate Judge granted in part the plaintiffs' motion for contempt and sanctions. Specifically,

the Magistrate found that the Hornets had not disclosed all of the financial records as previously

ordered. Rec. Doc. 176, Transcript of Hearing November 13, 2007, p. 91.

   Motions to compel discovery responses are governed by Federal Rule of Civil Procedure

37. The Rule provides that "[i]f a party fails to make a disclosure required by Rule 26(a), any

other party may move to compel disclosure and for appropriate sanctions." Fed.R.Civ.P.

37(a)(2).  Additionally, Rule 37 mandates an award of expenses "against a party whose conduct

necessitated a motion to compel discovery." *Merritt v. International Broth. of Boilermakers*, 649

F.2d 1013, 1019 (5th Cir. 1981) (finding a Magistrate's award of expenses pursuant to Rule

37(a)(4) even after judgment was rendered neither clearly erroneous nor contrary to law). Rule

37 specifically governs the award of expenses and sanctions when a motion to compel is granted,

or granted in part:

> (C) If the motion is granted in part and denied in part, the court may enter any
> protective order authorized under Rule 26(c) and may, after affording an
> opportunity to be heard, apportion the reasonable expenses incurred in relation to
> the motion among the parties and persons in a just manner.

Fed.R.Civ.P. 37(a)(4)(C).Clearly, Part (a)(4)(C) of Rule 37 grants the Magistrate discretion to

apportion expenses among the parties because the Magistrate granted in part the Plaintiffs

motion to compel. Therefore, the Magistrate's decision to impose the costs associated with the

motion to compel on the Hornets is neither clearly erroneous, nor contrary to law.

3

**IV. Conclusion**

Consequently,

IT IS ORDERED that the Hornet's motion for review and reversal of the Magistrate

Judge's ruling is **DENIED**.

New Orleans, Louisiana, this 23rd day of January, 2008.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

4