UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EUGENE LIGER, ET AL                                    CIVIL ACTION

VERSUS                                                 NO. 05-1969

NEW ORLEANS HORNETS NBA                                SECTION: "C" (5)
LIMITED PARTNERSHIP

ORDER AND REASONS

Before this Court is a Second Motion for Partial Summary Judgment filed by Plaintiffs,

Eugene Liger, et. al. ("Plaintiffs") (Rec. Doc. 192).  The defendant, New Orleans Hornets NBA

Limited Partnership ("Hornets"), opposes the motion.  The motion is before the Court on the

briefs, without oral argument.  Having considered the memoranda and arguments of counsel, the

record, and the applicable law, the Court finds that the Second Motion for Partial Summary

Judgment is **DENIED**.


I. BACKGROUND

As previously described by this Court, the plaintiffs brought this action to recover

overtime pay, which they claim the Hornets owed them under 29 U.S.C. § 201, *et seq*.  Plaintiffs

form a putative class of Hornets employees who worked in the "business enterprise" of the

organization, specifically in sales and fan relations.  Plaintiffs filed this Second Motion for

Partial Summary Judgment to assert that the Fair Labor Standard Act ("FLSA") amusement or

recreational exemptions, 29 U.S.C. § 213(a)(3), do not apply to this case. In their motion, the plaintiffs request that the Court dismiss the defendant's exemption defenses, as well as impose liability against the Hornets.

## II.  LAW & ANALYSIS

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 247-48 (1986); *see also, Taita Chem. Co. v. Westlake Styrene Corp*., 246 F.3d 377, 385 (5th Cir. 2001).  When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).  In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations."  *See Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n*., 497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649

(5th Cir. 1992).

The "initial burden" imposed on the moving party has two parts: the burden of production and the ultimate burden of persuasion. *Celotex Corp.*, 477 U.S. at 330. The manner in which the moving party may satisfy the burden of production "depends upon which party will bear the burden of persuasion on the challenged claim at trial." *Id.* at 331. The Supreme Court identified two methods for a moving party to meet its burden of production when the burden of persuasion belongs to the non-moving party at trial. "First, the moving party may submit affirmative evidence that negates an essential element of the nonmoving party's claim." *Id.* Alternatively, "the moving party may demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Id.* In this case, the Hornets (the non-moving party) will have the burden of persuasion at trial to show that the "amusement or recreational" exemption is applicable as a defense. Thus, the plaintiffs (the moving party) must either (1) submit affirmative evidence that negates an essential element of the Hornets claim, or (2) demonstrate that the Hornets evidence is insufficient to establish an essential element of their claim to satisfy the burden of production.

In this second motion for partial summary judgment, the Plaintiffs first argue that the amusement or recreational exemption does not apply because of the Hornets "post-lawsuit compliance with the FLSA." In addition, the plaintiffs assert that the Hornets have judicially admitted that they are not exempt from the FLSA; this argument is based on a statement made by the defendant's counsel to Judge Chasez, that the Hornets "did not want to be sued again." Next, the plaintiffs preemptively asserted that compliance with the law is not a subsequent remedial measure. Finally, the plaintiffs rely on a December 1, 2006 employee handbook to argue that the

3

Hornets have legally admitted that the FLSA exemptions do not apply.

In opposition, the Hornets aver that they have consistently argued that the FLSA exemptions apply in this matter. Second, the Hornets assert that the employee handbook excerpts, as well as, the time sheets submitted by the plaintiffs to support their summary judgment motion are inadmissible hearsay. Additionally, the Hornets argue that FLSA compliance is a subsequent remedial measure, and thus, inadmissible evidence. Finally, the defendants assert that the plaintiffs' have not proven that a judicial admission occurred.

Under the FLSA, the "amusement or recreational" exemption applies if "during the preceding calendar year, [the Hornets] average receipts for any six (6) months of such year were not more than thirty-three and one third (33 1/3) per cent of its average receipts for the other six (6) months of such year." 29 U.S.C. § 213(a)(3). Clearly, an essential element of the Hornets defense is the "average receipts" for the relevant six-month periods of time during which the plaintiffs were employed by the defendant. Yet, the plaintiffs have not provided any financial data to support their motion to defeat the exemption defense. Instead, the plaintiffs have relied entirely on the Hornets post-lawsuit behavior to support their motion.

The Court finds that evidence of the Hornets post-lawsuit compliance with the FLSA is not relevant to determining whether the Hornets can claim the exemption during the period of time before the lawsuit was filed. Indeed, all of the evidence plaintiffs have submitted to support their summary judgment motion fails the burden of production because the evidence neither negates an essential element of the FLSA exemption, nor demonstrated insufficient evidence to establish the FLSA exemption. *See Celotex Corp.*, 477 U.S. at 331. Based on the FLSA, it seems that only an analysis of "average receipts" for the relevant time periods will determine whether

the exemption applies. In this matter, the plaintiffs have not provided sufficient evidence to preclude the FLSA exemptions from applying during the time period that plaintiffs were employed by the Hornets. Stated another way, the moving party has not met their initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323.

## III. CONCLUSION

For the reasons stated above,

IT IS ORDERED that the plaintiffs' Second Motion for Partial Summary Judgment is **DENIED**. Additionally, both parties are asked in the future to tone down the rhetoric, reduce the unnecessary verbiage and focus clearly, succinctly and more briefly on the merits of their arguments.

New Orleans, Louisiana, this 6th day of February, 2008.


HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE