UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EUGENE LIGER, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-1969** |
| **NEW ORLEANS HORNETS NBA LIMITED PARTNERSHIP** | **SECTION: "C" (5)** |

### ORDER AND REASONS

Before this Court is a Motion to Strike Defendant's Expert filed by Plaintiffs, Eugene Liger, et. al. ("Plaintiffs") (Rec. Doc. 276). The defendant, New Orleans Hornets NBA Limited Partnership ("Hornets"), opposes the motion. Having considered the memoranda and arguments of counsel, the record, and the applicable law, the Court finds that the Motion to Strike is **GRANTED**.

### I. BACKGROUND

Plaintiff, Eugene Liger et al ("Plaintiffs") seeks to disqualify Don Strobel ("Strobel") from participating as the Hornet's expert in this matter. Plaintiffs assert that they hired Strobel as a non-testifying expert at the beginning stages of this case, but that the Hornets have recently produced an expert report written by Strobel. Plaintiffs claim that they disclosed sensitive and confidential information about the case to Strobel in 2006. The Hornets argue that Plaintiffs have not satisfied the burden to disqualify Strobel because there is no objectively reasonable evidence that they retained Strobel, or that they had a confidential relationship with Strobel.

1

Essentially, the Hornets argue that Strobel merely had an introductory meeting with Plaintiffs.

**LAW & ANALYSIS**

In a disqualification motion, the moving party must satisfy two factors under *Koch Refining Co. v. Jennifer L. Boudreaux, MV*, 85 F.3d 1178, 1181 (5th Cir. 1996). The first element is whether it was objectively reasonable for the Plaintiffs to conclude that a confidential relationship existed with Strobel. This element may be satisfied when a "longstanding series of interactions, which have been more likely than not coalesced to create a basic understanding of [the retaining party's] modus operandi, patterns of operations, decision-making process, and the like." *Id.* (quoting *Marvin Lumber Co. v. Norton*, 113 F.R.D. 588, 591 (D. Minn. 1986)).

Plaintiffs submit the "Declaration of Elvige Cassard" which states that Plaintiffs counsel, Dan Buras and Elvige Cassard, had detailed communications with Strobel in January of 2006. (Rec. Doc. 276, Exhibit 1). Cassard states that Strobel agreed to serve as a consulting expert for $125/hour, but would not serve as a testifying witnesses because of the previous business relationship between Strobel and the Hornet's counsel. *Id.* Under these circumstances, the Court finds that it was objectively reasonable for Plaintiffs' counsel to have concluded a confidential relationship existed.

The second *Koch* element is whether any confidential or privileged information was disclosed to Strobel. This prong may be satisfied when the expert received or had reasonable access to confidential information, including discussions of the Plaintiffs' strategies in this litigation, the kinds of experts the Plaintiffs expected to retain, the Plaintiffs' views of the strengths and weaknesses of each side, and the role of each of the Plaintiffs' witnesses to be hired, and anticipated defenses. *Id.* (quoting *Mayer v. Dell*, 139 F.R.D. 1 (D.D.C. 1991)). "It is

the nature of the communications between the attorney and the expert to which they appreciate the significance or confidentiality of the communications which is the crucial focus of the court's inquiry." *Paul v. Rawlings Sporting Goods Co.*, 123 F.R.D. 271, 279-80 (S.D. Ohio 1988). The disclosure of merely technical or otherwise discoverable information warrants against disqualification. *Koch*, 85 F.3d at 1182.

The Court also finds that the second element is satisfied. The Plaintiffs provided the "Declaration of Dan Buras" for the Court's consideration. The Declaration states: "After Strobel and Sylvester agreed to serve as consulting experts [for Plaintiffs], we disclosed our thoughts, mental impressions, and concerns about various aspects of the case, including topics related to financial defenses, receipts, establishments, damages, seasonal exemptions, and the retail sales exemption." (Rec. Doc. 276, Exhibit 2). Because the Plaintiffs' counsel discussed strategy and mental impressions with Strobel, the second element is satisfied.[1]

### III. CONCLUSION

For the reasons stated above,

IT IS ORDERED that the plaintiffs' Motion to Strike Defendant's Expert is **GRANTED.** (Rec. Doc. 276).

New Orleans, Louisiana, this 11th day of June, 2008.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[1] Regardless of whether Strobel remembers the contents of the discussions.