UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EUGENE LIGER, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-1969** |
| **NEW ORLEANS HORNETS NBA LIMITED PARTNERSHIP** | **SECTION: "C" (5)** |

### ORDER AND REASONS

Before the Court is a Motion in Limine filed by the defendant, New Orleans Hornets NBA Limited Partnership ("Hornets") (Rec. Doc. 299). The plaintiffs, Eugene Liger et al ("Plaintiffs"), oppose the motion. Having considered the record, the memoranda and argument of counsel and the law, the Court has determined that the motion shall be granted in part, denied in part, and dismissed as moot in part.

**I. BACKGROUND**

As previously described by the Court, the Plaintiffs are former employees of the Hornets and are seeking compensation for allegedly unpaid overtime. In the motion *sub judice*, the Hornets seek to exclude categories of evidence and arguments, as well as several of the Plaintiffs' experts at trial. Specifically, the Hornets argue that evidence should be limited regarding the following categories: 1) the Hornets post-lawsuit practices regarding payment of

1

employees; 2) lay or expert opinion or testimony regarding the Hornets' obligations pursuant to the FLSA; 3) other NBA teams' or employers' policies and practices regarding the payment of wages; 4) the Hornets' Louisiana Quality Jobs Act applications; 5) "the draw compensation plan"; 6) any opinion or report by Donald H. Nichols.

## II. LAW & ANALYSIS

### 1. The Hornets' Post-lawsuit Policies

The Hornets argue that the Court has already ruled, finding that evidence of post-lawsuit practices is "irrelevant."[1] On that basis, the Hornets assert that all evidence of post-lawsuit practices should be excluded. The Plaintiffs note that two people, Ken Kleibert and Latousha Brown,[2] continued their employment with the Hornets after the lawsuit was filed. The Plaintiffs argue that their treatment is directly relevant to the matter.

Specifically, the Hornets argue that any evidence of post-lawsuit policies and practices should be excluded for the purpose of challenging the Hornets Fair Labor Standards Act ("FLSA") exemption defenses. The parties have recently submitted cross-motions for summary judgment regarding the Hornets' exemption defenses, Rec. Docs. 284 & 297.[3] The Court entered summary judgment in favor of the Plaintiffs, finding that the Hornets do not satisfy the statutory requirements to qualify for the exemptions. Rec. Doc. 338. Therefore, evidence regarding the

---

[1] In a prior decision regarding a motion for summary judgment filed by the Plaintiffs, the Court stated, "evidence of the Hornets post-lawsuit compliance with the FLSA is not relevant to determining whether the Hornets can claim the exemption during the period of time before the lawsuit was filed." Rec. Doc. 224.

[2] Ken Kleibert and Latousha Brown are named plaintiffs in this case.

[3] The Hornets claimed that the Amusement and Recreation exemption, and the Retail or Service Establishment exemption shielded them from liability.

exemption defenses is no longer material to this matter.  Accordingly, the Hornets' motion in limine is dismissed as moot on this ground.

### 2. Lay or Expert Opinion Regarding the FLSA

The Hornets claim that evidence regarding the applicability of FLSA exemptions should be excluded.  Specifically, the Hornets seek to exclude the testimony of Penny Middleton and Brian Farrington regarding the FLSA exemptions.  As discussed above, the Court has already determined that the Hornets cannot avail themselves of the claimed FLSA exemptions in this matter.  Again, the Hornets' motion in limine is dismissed as moot on this ground.

### 3. Policies & Practices Implemented by Other NBA Teams

The Hornets argue that the polices and practices of other NBA teams is irrelevant and should be excluded.  The Plaintiffs do not oppose this portion of the Hornets' motion, stating that they will not seek to introduce evidence regarding other teams. Rec. Doc. 313, p. 9.  Therefore, this segment of the Hornets' motion in limine is granted.

### 4. Louisiana Jobs Act

The Hornets assert that applications submitted by the Hornets pursuant to the Louisiana Quality Jobs Act tax credit is irrelevant to the underlying FLSA wage dispute.  The Plaintiffs aver that the Louisiana Quality Jobs Act application is relevant evidence because the application undermines the Hornets' ability to satisfy the FLSA exemptions.  Because the Court has already ruled that the Hornets cannot avail themselves of the FLSA exemptions, this branch of the Hornets' motion in limine is also dismissed as moot.

### 5. The Draw Compensation Plan

The Hornets compensated the Plaintiff employees, in part, under a policy called the Draw

Compensation Plan. According to the Hornets, the Draw Compensation Plan "required sales representatives to achieve a certain level of sales before earning commissions." Rec. Doc. 299, p. 8. The means by which the Hornets compensated the Plaintiffs is relevant to the Plaintiffs' underlying claims that they were not adequately compensated for their work. Therefore, the Hornets motion in limine is denied on this issue.

### 6. Donald H. Nichols

The Hornets argue that one of the Plaintiffs' experts, Donald H. Nichols ("Nichols"), should be excluded from testifying. The Hornets note that Nichols is expected to testify about discovery matters. The Hornets assert that discovery matters are governed by the Magistrate Judge, and thus, Nichol's putative testimony regarding evidence preservation, electronically stored information, e-discovery, and document destruction policies is irrelevant. The Plaintiffs note that Nichols' testimony and opinions may be relevant for determining attorney's fees. In addition, the Plaintiffs aver that Nichols' testimony may be necessary to rebut the Hornets' expert, Michael Tusa, who previously presented evidence that the Plaintiffs' attorneys billed at an "unreasonable" rate. Rec. Docs. 178, 183, and 186.[4]

The Hornets' conclusory statement that "discovery matters ... have no bearing on the merits of the case at trial" is not sufficient to exclude Nichols. The Court notes that spoliation of evidence may result in an adverse inference against the destroyer of Evidence. *St. Tammany Parish Hospital Service District No. 1 v. Travelers Property Casualty Co. of America*, 2008 WL 728948, at * 1 (E.D.La. 2008) (Berrigan, J.). Because Nichols' presumed testimony concerns,

---

[4] The Hornets initially filed an unsigned Declaration by Michael Tusa, and subsequently filed a signed declaration.

*inter alia*, e-discovery and document destruction policies, the Court finds that Nichols' testimony is relevant and admissible. Accordingly, the final basis for the Hornets' motion in limine is denied.

### III. CONCLUSION

Based on the above,

IT IS ORDERED that the Hornets' Motion in Limine is DENIED IN PART, GRANTED IN PART, AND DISMISSED AS MOOT IN PART (Rec. Doc. 299).

New Orleans, Louisiana, this 14th day of July, 2008.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE