UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EUGENE LIGER, ET AL.                         CIVIL ACTION

VERSUS                                        NO. 05-1969

NEW ORLEANS HORNETS                          SECTION: "C"(5)
NBA LIMITED PARTNERSHIP

**ORDER AND REASONS**

This matter comes before the Court on the parties' Joint Motion for Approval of Confidential Settlement Agreement ("Joint Motion"). (Rec. Doc. 405). This Court previously granted the motion and approved the settlement agreement as fair and reasonable with respect to the claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.* (2008). (Rec. Doc. 408.) This memorandum opinion provides the reasoning underlying that order.

**I.  Background**

In 2005, sixteen plaintiffs brought this action to recover overtime pay, which they claim the Hornets owed them under 29 U.S.C. § 201, *et seq.* Plaintiffs form a putative class of Hornets employees who worked in the "business enterprise" of the organization, specifically in sales and fan relations. In 2008, the parties jointly requested this Court approve a confidential settlement agreement between the parties and find the agreement fair and reasonable.

## II. FLSA Standard

The Court must approve any settlement reached by the parties which resolves the claims in this action brought under Section 16(b) of the FLSA. A court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions" in order to approve a settlement proposed by an employer and employees of a FLSA suit and enter a stipulated judgment. *Lynn's Food Stores*, 679 F.2d at 1355; *Camp v. Progressive Corp.*, 2004 WL 2149079 (E.D.La. Sep. 23, 2004) (Wilkinson, J.). The court has discussed the analysis in connection with a court's determination to approve an agreement reached to settle FLSA claims brought under Section 16(b) in a previous decision, *Collins et al. v. Sanderson Farms, Inc.*, 568 F.Supp.2d 714 (E.D.La. 2008).

### A. Bona Fide Dispute

Congress recognized that "due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency and as a result the free movement of goods in interstate commerce." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945). The provisions of Section 16(b) of the FLSA are mandatory, and not subject to bargaining and negotiation between employees and employers. *Id*. at 707; *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor, Employment Standards Admin., Wage and Hour Div.*, 679 F.2d 1350 (11th Cir.1982). Under Section 16(b), an employer who violates Section 206 or 207 is liable to the employees affected in the amount of their unpaid minimum or overtime compensation and for an additional equal amount as liquidated damages. 29 U.S.C. § 216(b).

Due to the special character of the substantive labor rights involved, the Court's role in this situation is in some ways comparable to, but in other ways quite distinguishable from, that of a court in a settlement of a class action brought pursuant to FED.R.CIV.P. 23. *Collins*, 568 F.Supp.2d at 717. The Supreme Court discussed this special character of the substantive labor rights in *O'Neil*, where the Supreme Court did not allow employees to waive their right to liquidated damages as granted under the FLSA. *O'Neil*, 324 U.S. at 706-07. In *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946), the Supreme Court further held that employees could not waive or agree to release an employer from liquidated damages in return for full payment of wages due and unpaid, even where there was a bona fide dispute as to whether the FLSA covered the employees concerned.

Therefore the primary focus of the Court's inquiry in deciding whether to approve the settlement of a FLSA collective action is not on due process concerns as it would be for a Rule 23 class action. *Collins*, 568 F.Supp.2d at 719; *see Woods v. New York Life Ins. Co.*, 686 F.2d 578, 579-80 (7th Cir.1982); *Kinney Shoe Corp. v. Vorhes*, 564 F.2d 859, 863-64 (9th Cir.1977). Rather the Court primarily focuses on ensuring that an employer does not take advantage of its employees in settling their claim for wages. *Collins*, 568 F.Supp.2d at 719; *see Lynn's Food Stores*, 679 F.2d at 1354; *Hitchcock v. Orange County, Fla.*, 2006 WL 3614925, 4 (M.D.Fla. Dec. 11, 2006). In this light, a court must approve any settlement of claims brought under Section 16(b) even if there is only one plaintiff, where analogy to Rule 23 would have limited usefulness. *Collins*, 568 F.Supp.2d at 719; *see e.g., Stalnaker v. Novar Corp.*, 293 F.Supp.2d 1260 (M.D.Ala.2003); *Walker v. Home at Last of Brevard, Inc.*, 2007 WL 2698535 (M.D.Fla. Sep. 12, 2007); *Russell v. Circle L Roofing, Inc.*, 2007 WL 1549307 (M.D.Fla. May 28, 2007).

Consequently the Court's role is driven at least as much by the substantive labor rights underlying the claims as it is by the collective nature of the lawsuit. *Collins*, 568 F.Supp.2d at 719.

In light of the nature of the substantive labor rights, as discussed above in *O'Neil* and *Gangi*, the Court understands that the necessary inquiry into whether there is indeed a "bona fide dispute" is more robust. *Collins,* 568 F.Supp.2d at 719-20. The Court must "do more than just take at face value the parties' assertion that there is 'no doubt' that the lawsuit involves a bona fide dispute over FLSA coverage." *Id*.

### B. Fair and Reasonable

In *Hoffmann-La Roche, Inc., v. Sperling*, 493 U.S. 165 (1989), the Supreme Court held that § 216(b) "must grant the [district] court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to the statutory commands of the Federal Rules of Civil Procedure." *Id*. at 170. No reason exists to conclude that similar discretion does not lie to fashion the appropriate procedures and standards for approving settlement of actions brought under § 216(b). *See Shushan v. University of Colo., at Boulder*, 132 F.R.D. 263, 267-68 (D.Colo. 1990).

Although Rule 23 does not control FLSA collective actions, many courts have adopted many of Rule 23's procedures in such actions by analogy, in an exercise of their discretion to manage the litigation of collective actions under § 216(b). *See, e.g., Brask v. Heartland Automotive Services, Inc.*, 2006 U.S. Dist. LEXIS 62313, 2006 WL 2524212, *2 (D.Minn. 2006); *Hitchcock v. Orange County, Fla.*, 2006 U.S. Dist. LEXIS 89504, 2006 WL 3614925, *5

(M.D.Fla. 2006). This Court has adopted many of Rule 23's procedures in such actions by analogy in *Collins*, 568 F.Supp.2d at 721. Under Rule 23, a court should consider the following six factors to determine whether a settlement is "fair, adequate and reasonable": (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of class counsel, class representatives and absent class members." *Camp*, 2004 U.S. Dist. LEXIS 19172, 2004 WL 2149079 (citing *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983)). Although the Court believes that analogy to Rule 23 is generally appropriate, in accord with the numerous other courts who have considered such factors to determine whether to approve a settlement of a collective action under § 216(b), the Court will adopt or vary these factors in their application in light of the special role of the Court in settlement of FLSA claims.

**III. FLSA Analysis**

    **A.** *Bona Fide* **Dispute**

The parties first point to defendant's arguments that its practices fall within two exceptions for FLSA. While this Court at the time of settlement, had already ruled that those two exceptions were not applicable and granted plaintiffs summary judgment as to those defenses, the appellate court may well have come to a different conclusion. (See Rec. Doc. 338.)

Second, the parties dispute the applicable statute of limitations. According to plaintiffs, defendant acted recklessly when it had notice of overtime claims and failed to conduct a proper investigation or accounting. As such, plaintiffs invoked the three year statute of limitations.

5

Defendants contend that they had a good faith basis for their actions and that the two year period applies. This dispute is primarily a question of fact.

Last, the parties claim the amount and calculation of damages was hotly contested at the time of settlement. Of particular note is whether or not plaintiffs' rate of pay should be calculated based on a 40 hour work and whether the defendant is liable for liquidated damages. A 2005 Federal Claims Court decision, after examining two Supreme Court decisions, concluded that "settlements of FLSA claims must resolve a bona fide dispute over something more than the Act's coverage. In other words, they must compromise a factual dispute over hours worked or compensation due." *Hohnke v. U.S.*, 69 Fed.Cl. 170, 175 (Fed.Cl. 2005); *see also Marroquin v. Canales*, 505 F.Supp.2d 283, 296-297 (D.Md. 2007)(holding no *bona fide* dispute as to damages exists where defendants expert report states plaintiffs' owed $44K and plaintiffs claim $47K). Although the coverage was not in dispute at the time of settlement, the Court finds the dispute as to damages sufficient to find that a *bona fide* dispute existed between the parties such that genuine uncertainty as to the outcome existed for both sides.

### B. Fair and Reasonable
**(1) The existence of fraud or collusion behind the settlement.**

The Court may presume that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary. *Camp*, 2004 WL 2149079 at *7 (citing 4 NEWBERG ON CLASS ACTIONS § 11.51 (4th ed.)). The Court finds no evidence here of any fraud or collusion. Since this case was filed in 2005, the parties have vigorously litigated discovery in this matter, including pleadings to compel discovery. The parties filed multiple substantive motions and a

30(b)(6) deposition was conducted in this matter. The Court finds that the Confidential Settlement Agreement was the result of good faith negotiations and no evidence of fraud or collusion exists.

**(2) The complexity, expense, and likely duration of the litigation.**

**(3) The stage of the proceedings and the amount of discovery completed.**

The Court concludes that these two factors weigh heavily in favor of finding that the settlement is fair and reasonable. This case involves sixteen plaintiffs and defendant alleges that their claims and work situations were significantly different as to justify decertification. Trial in this matter could quickly become uneconomical if these claims proceeded as individual suits. Even if not decertified, given the precise damages to be proven, the parties estimate that trial would last approximately two weeks.

The parties have conducted multiple depositions and in-depth discovery including the exchange of electronic and paper financial information and records. The Court has decided against defendant on whether defendant may claim certain FLSA exceptions, but several substantive issues have not yet been decided, including but not limited to the proper calculation of damages, the statute of limitations, the lawfulness of the compensation agreements, and whether the "draw" by plaintiffs constituted a salary. The Court notes these issues were raised, but not ruled upon, based on parties informing the Court that a settlement had been tentatively reached in this matter.

**(4) The probability of plaintiffs' success on the merits**

This Court's prior ruling on the parties' cross-motions for summary judgment regarding the applicability of the FLSA exceptions considerably strengthened plaintiff's case as to liability.

7

(Rec. Doc. 338). Defendants correctly note, however, that plaintiffs still bear the burden of proving both liability and damages, even taking the prior ruling into consideration. Moreover, plaintiffs lack important documentation to support their claims for damages, which may lessen their probability of success. Last, defendants claim that the Fifth Circuit has not definitively ruled on the issue of one of their FLSA exemptions and therefore their chances on appeal are high. The Court agrees that plaintiffs' case appears the more meritorious at this particular stage of the litigation, but also acknowledges that this case, depending on the outstanding substantive issues yet to be decided, could change significantly before trial.

**(5) The range of possible recovery**

There is a significant gap between the projected recovery by each party. Plaintiffs estimate their maximum recovery as approximately two million dollars, while defendant claims a more realistic estimate is zero to $500,000. While the actual settlement amounts are confidential, the Court finds the total proposed amount reasonable and within range noted by the parties. The Court also notes that under the agreement, plaintiffs' recovery is not reduced by costs or attorneys' fees, which are paid separately. If the matter proceeded to trial, however, and plaintiffs' succeeded in their claims, their awards could be reduced by costs and attorneys' fees.

**(6) The opinions of class counsel, class representatives and absent class members**

The parties join in requesting approval of the settlement, which was arrived at after extensive negotiation by counsel. The Court is entitled to rely on the judgment of experienced counsel in its evaluation of the merits of a class action settlement. *Cotton*, 559 F.2d at 1330. However, the Court must keep in mind that a potential conflict of interest always exists between an attorney and a class. *In re Employee Benefit Plans Securities Litigation*, 1993 WL 330595,

*5 (D.Minn. 1993) (citing *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2nd Cir. 1974). Counsel for plaintiffs states that each plaintiff has been advised of the terms and amount of the settlement. All have consented to participate and therefore there are no absent class members. The Court finds no evidence that plaintiffs' counsel have not worked in good faith to secure a good settlement.

## IV. Reasonable Attorney's Fees

As part of its fairness determination, the Court must also determine that the proposed attorney's fees are reasonable. *Camp*, 2004 WL 2149079 at *18 (citing *Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998). In this case, the parties have agreed to submit the issue of reasonable attorneys' fees to the Court for determination.

## V. Conclusion

Accordingly,

The above cited reasons support this Court's prior approval of the parties' Joint Motion for Approval of Confidential Settlement (Rec. Doc. 405).

New Orleans, Louisiana, this 27th day of August, 2009.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE